IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>　　　　　　　　*Plaintiff*,<br>　v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>　　　　　　　　*Defendants*. | Civil Action No.: 5:24-cv-00717 |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

　　　　1.　　What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

　　　　Plaintiff Logan Paul's June 27, 2024 Complaint [Dkt. 1] asserts three claims of libel *per se* against Defendants Stephen Findeisen and Coffee Break Productions LLC. The elements of a libel claim under Texas law are: (1) publication of a false statement to a third party; (2) that defamed the plaintiff; (3) while acting with negligence (if the plaintiff is a private figure) or actual malice (if the plaintiff is a public figure) regarding the truth of the statement; and (4) that the statement caused damages unless the statement constitutes defamation per se. *See, e.g., Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 800 (Tex. App. 2017). Defendants' August 5, 2024 Original Answer [Dkt. 9] asserts various defenses to Plaintiff's libel claims, including denying that the statements at issue are false, asserting that the statements constitute a non-actionable opinion, denying that Defendants acted with the requisite fault, and denying that Plaintiff has suffered compensable damages. Defendants have not pled to any counterclaims.

2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:

    a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

Defendants do not dispute that this Court has diversity jurisdiction over this action. Defendants dispute that Plaintiff is entitled to damages but do not dispute that Plaintiff seeks in excess of $75,000 in damages.

    b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

The parties have confirmed that there is complete diversity of the parties, including with respect to the LLC defendant.

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

There are no unserved parties.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

Defendants agree to stipulate that they published the statements at issue, and that they are of and concerning Plaintiff.

5. Are there any legal issues in this case that can be narrowed by agreement or by motion?

As set forth above, Defendants will stipulate that they published the statements at issue and that those statements are of and concerning Plaintiff.

6. Are there any issues about preservation of discoverable information?

The parties are not aware of any issues concerning preservation of discoverable information.

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

The parties are not aware of any issues regarding disclosure of ESI. The parties agree that electronic documents will be produced as TIFF files. Counsel for the parties has engaged in discussions concerning the appropriate metadata fields to be included and anticipates that the parties will be able to reach agreement on that issue.

8. What are the subjects on which discovery may be needed?

Discovery will be needed on the elements of Plaintiff's claims and on Defendants' defenses, including, but not limited to, the issues of the truth or falsity of the statements at issue, Defendants' state of mind, and whether they acted with the requisite fault, and the damages Plaintiff claims to have suffered.

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

The parties agree to make their initial disclosures by the deadline set forth in Federal Rule of Civil Procedure 26(c).

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

The parties will submit a proposed scheduling order in accordance with the Court's August 6, 2024 Order [Dkt. 12] proposing deadlines for the completion of fact and expert discovery. The parties do not see a need to conduct discovery in phases or to place any limits on the scope of discovery at this time.

11. What, if any, discovery disputes exist?

The parties do not have any discovery disputes to raise with the Court at this time.

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

The parties have discussed the desirability of a Federal Rule of Evidence 502 order, and they anticipate filing a proposed order with the Court.

13. Have the parties discussed early mediation?

The parties have not agreed to engage in early mediation.

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

The parties have discussed the desirability of a confidentiality and protective order and will continue to do so.  At this time, they have not agreed on the submission of any such proposed order to the Court.  The parties are not aware of any other scheduling or discovery items requiring the Court's attention at this time.  As stated, the parties will shortly be submitting a proposed scheduling order as required by the Court's August 6, 2024 Order.

| | |
|---|---|
| */s/ Andrew C. Phillips* | September 3, 2024 |

Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Shelby O'Brien
Enoch Kever PLLC
7600 N. Capital of Texas Highway
Building B, Suite 200
Austin, Texas 78731
Email: sobrien@enochkever.com

*Counsel for Plaintiff Logan Paul*


| | |
|---|---|
| */s/ William Ogden* | September 3, 2024 |

William Ogden
Mark Bankston
FARRAR & BALL LLP
1117 Herkimer St.
Houston, Texas 77008
Email: kyle@fbtrial.com

*Counsel for Defendants Stephen Findeisen
and Coffee Break Productions LLC*

## **CERTIFICATE OF SERVICE**

      In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system on September 3, 2024.

                                              /s *Andrew C. Phillips*
                                              Andrew C. Phillips