**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

**SAN ANTONIO DIVISION**

| | |
|---|---|
| LOGAN PAUL,<br><br>                              *Plaintiff*,<br><br>     v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>                              *Defendants*. | Civil Action No. 5:24-cv-00717 |

**DECLARATION OF ANDREW C. PHILLIPS IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL**

I, Andrew C. Phillips, declare as follows

1.       I am an attorney admitted, *pro hac vice*, to practice in this Court, and I am one of the lawyers responsible for representing Plaintiff Logan Paul in this action.  I submit this declaration in support of Mr. Paul's Motion to Compel Production of Communications Relevant to Defendants' Actual Malice (the "Motion").  The following facts are within my personal knowledge and, if called and sworn as a witness, I would testify competently as to them.

2.       On August 29, 2024, I caused to be served on Defendants—through their counsel—the requests for production reflected in Exhibit 1 to this Declaration.

3.       The email chain attached to this Declaration as Exhibit 2 is a true and correct copy of communications between myself and Defendants' counsel.  In the course of those communications, I asked Defendants to produce the communications that are the subject of the Motion.

4.    On December 4, 2024 and December 18, 2024, I participated in conference calls with Defendants' counsel, during which I asked Defendants to produce the communications that are the subject of the Motion.

5.    Attached as Exhibit 3 are true and correct copies of screenshots taken from a YouTube video that Defendants published on December 23, 2022 titled, "Ending Logan Paul's Biggest Scam."  The screenshots reflect that Defendants were then in possession of text messages between Plaintiff and others regarding the CryptoZoo project that is the subject of this litigation. The YouTube video is available at the URL: https://www.youtube.com/watch?v=8-fugWMBwCg.

6.    Defendants have declined to produce the copies of the communications in their possession that are the subject of this Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Executed on January 17, 2025                    */s/ Andrew C. Phillips*_____
                                                Andrew C. Phillips

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

### SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL, <br><br>                 *Plaintiff,* <br><br>   v. <br><br> STEPHEN FINDEISEN AND COFFEE BREAK <br> PRODUCTIONS LLC D/B/A COFFEEZILLA, <br><br>                 *Defendants.* | Civil Case No. 5:24-cv-00717-OLG |

### DEFENDANTS' RESPONSE TO PLAINTIFF LOGAN PAUL'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, DEFENDANTS hereby submits their Responses To Plaintiff's First Set of Requests for Production to Defendants Stephen Findeisen and Coffee Break Productions LLC d/b/a Coffeezilla.

### RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All documents and communications relating to Mr. Paul.

**RESPONSE: Defendant objects to this request because it lacks any and time and/or content limitations. Defendants' production to this request relates to Plaintiff in relation to Defendant's investigation into Plaintiff's involvement with cryptocurrency. Additionally, Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist. Defendants are also withholding the same materials pursuant to their First Amendment reporter's privilege which protects the refusal to disclose the identity of confidential informants. *See Miller v. Transamerican Press,* 621 F2d 721 (5th Cir. 1980). Additionally, this request seeks information protected under FRCP 26(b)(3) by the work product privilege and the common interest privilege.**

**REQUEST NO. 2**:

All documents and communications relating to CryptoZoo and your investigation into CryptoZoo.

**RESPONSE: Defendant objects to this request as overly broad and unduly burdensome in that it lacks any and time and/or content limitations. Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist. Defendants are also withholding the same materials pursuant to their First Amendment reporter's privilege which protects the refusal to disclose the identity of confidential informants.** *See Miller v. Transamerican Press,* **621 F2d 721 (5ᵗʰ Cir. 1980). Additionally, this request seeks information protected under FRCP 26(b)(3) by the work product privilege and the common interest privilege. .**

**REQUEST NO. 3:**

All documents and communications shared between you and Jake Greenbaum.

**RESPONSE: See Defendant's Production**

**REQUEST NO. 4:**

All calendar entries, calendar invitations, phone logs, notes, or recordings relating to all interviews,

meetings, videoconferences, calls, or conversations you conducted or attended during which Mr.

Paul or CryptoZoo were mentioned, referenced, or discussed.

**RESPONSE: Defendant objects to this request as overly broad and unduly burdensome in that it lacks any and time and/or content limitations. Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist. Defendants are also withholding the same materials pursuant to their First Amendment reporter's privilege which protects the refusal to disclose the identity of confidential informants.** *See Miller v. Transamerican Press,* **621 F2d 721 (5ᵗʰ Cir. 1980). Additionally, this request seeks information protected under FRCP 26(b)(3) by the work product privilege and the common interest privilege.**

**REQUEST NO. 5:**

All scripts and drafts related to the preparation of the January 27th Video, the July 11th Video, the

August 25th Video, the September 10th Video, the November 24th    Video, the

December 5th    Video, the December 16th Video, the December 20th    Video, the

December 23rd Video, the January 18th  Video, the March 9th Video, the June 30th  Video, the

October 13th  Video, the January 5th Video, and the August 5th  Video.

**RESPONSE:  Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist.**

**REQUEST NO. 6:**

All raw, unedited video footage prepared for potential inclusion in the January 27th Video, the

July 11th Video, the August 25th Video, the September 10th Video, the November 24th Video, the

December 5th    Video, the December 16th Video, the December 20th    Video, the

December 23rd Video, the January 18th  Video, the March 9th Video, the June 30th  Video, the

October 13th  Video, the January 5th Video, and the August 5th  Video, whether it was ultimately

included in a published YouTube video or not.

**RESPONSE: Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist.**

**REQUEST NO. 7:**

All notes, summaries, audio recordings, or audio-visual recordings of any interviews conducted

by you in the course of your investigation of CryptoZoo and/or for potential inclusion in the

December 16th Video, the December 20th Video, the December 23rd Video, the June 30th Video,

or the January 5th Video, whether ultimately included or not.

**RESPONSE: OBJECTION. Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist. Defendants are also withholding the same materials pursuant to their First Amendment reporter's privilege which protects the refusal to disclose the identity of confidential informants.** *See Miller v. Transamerican Press,* **621 F2d 721 (5th Cir. 1980)**

**REQUEST NO. 8:**

All documents and communications reflecting views, unique views, viewership, listenership, clicks, likes, comments, reposts, and any other metric used to measure the audience, popularity, or engagement for the January 27th Video, the July 11th Video, the August 25th Video, the September 10th Video, the November 24th Video, the December 5th Video, the December 16th Video, the December 20th Video, the December 23rd Video, the January 18th Video, the March 9th Video, the June 30th Video, the October 13th Video, the January 5th Video, and the August 5th Video.

**RESPONSE: Defendants object to this request as it seeks equally accessible information within the public forum. Purported counts of views, likes, and reposts are publicly available information. Request for all documents and communications beyond this are overly broad and burdensome, not proportional, as well as confidential, proprietary, or trade secrets.**

**REQUEST NO. 9:**

All documents and communications reflecting views, unique views, viewership, listenership, clicks, likes, comments, reposts, and any other metric used to measure the audience, popularity, or engagement for the X Post.

**RESPONSE: Defendants object to this request as it seeks equally accessible information within the public forum. Purported counts of views, likes, and reposts are publicly available information. Request for all documents and communications beyond this are overly broad and burdensome, not proportional, as well as confidential, proprietary, or trade secrets.**

**REQUEST NO. 10:**

All documents and communications reflecting and relating to the revenue you earned from the publication of the January 27th Video, the July 11th Video, the August 25th Video, the September 10th Video, the November 24th Video, the December 5th Video, the December 16th Video, the December 20th Video, the December 23rd Video, the January 18th Video, the March 9th Video, the June 30th Video, the October 13th Video, the January 5th Video, and the August 5th Video.

**RESPONSE: OBJECTION. This request seeks irrelevant information under FRCP 401, 402, and 403. The request is overly broad, burdensome, harassing, and not proportional to the needs of the case. The request improperly seeks information which is a proprietary trade secret.**

**REQUEST NO. 11:**

All documents and communications reflecting promotion or marketing of the December 16th Video, the December 20th Video, the December 23rd Video, the June 30th Video, and the January 5th Video.

**RESPONSE: NONE.**

**REQUEST NO. 12:**

All documents and communications, whether internal or with advertisers, potential advertisers, and other third parties, about the size of the audience for the CoffeeZilla YouTube account between January 1, 2021 and the present.

**RESPONSE: NONE.**

**REQUEST NO. 13:**

Documents sufficient to show the historical number of subscriptions to the "Coffeezilla" Patreon account since its inception, as well as the amount of money you have received from "patrons" of that account.

**RESPONSE: This request seeks information from an irrelevant time frame, as this Patreon account has existed since at least 2017. The information is also not relevant under FRCP 401, 402, and 403 because Patreon subscriptions are not tied to any specific video or content. Patreon is a subscription service based around supporting a particular idea -- "high effort investigative journalism" -- not a particular report such as a Logan Paul investigation. It is impossible to determine why a Patreon subscriber would have joined. Thus, such information is also not proportional to the needs of Plaintiff's case. This request is tantamount to asking the New York Times for historical number of subscriptions and total revenue, on the grounds of a defamation case based on a New York Times successful investigative series. Further, the request seeks information which constitutes a proprietary trade secret.**

**REQUEST NO. 14:**

All communications with Jeffrey Levin, whether by email, audio recording, video recording, or any other mode or medium.

**RESPONSE: Please see production.**

**REQUEST NO. 15:**

All communications with the named plaintiff in the action *Don Holland v. CrytoZoo Inc., et al.*, No. 1:23-cv-110 (W.D. Tex.), as well as all communications with any attorney for the plaintiff, including but not limited to Jarrett Ellzey, Leigh Montgomery, Alexander Kykta, and Tom Kherkher.

**RESPONSE: This request seeks information protected under FRCP 26(b)(3) by the work product privilege and the common interest privilege.**

**REQUEST NO. 16:**

All Documents referenced in, or relied upon in preparing, Defendants' Answer and Defendants' responses to Mr. Paul's interrogatories.

**RESPONSE: See Defendants' Production.**

**REQUEST NO. 17:**

Any agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a judgment in this action or to indemnify or reimburse for payments made to satisfy a judgment in this action, even if the insurance business, person, or entity disputes such liability.

**RESPONSE: See Insurance policy produced with Defendants' Initial Disclosures.**

**REQUEST NO. 18:**

All documents and communications relating to money you have received in connection with your efforts to raise funds to support your defense in this action, including the revenue you received from your "Coffeezilla Defense" merchandise sales (launched on or before August 5, 2024) and any Patreon membership purchases that were made after you published the August 5, 2024 YouTube video titled "Logan Paul Sued Me."

**RESPONSE: Defendant objects to this request because it seeks irrelevant information under FRCP 401, 402, and 403. As written, this request is overly broad and unduly burdensome in that it lacks any and time and/or content limitations. The request also seeks information that constitutes a proprietary trade secret.**

**REQUEST NO. 19:**

All documents and communications relating to any efforts by you to raise funds for your legal fees

in this action.

**RESPONSE: Defendant objects to this request because it seeks irrelevant information under FRCP 401, 402, and 403. As written, this request is overly broad and unduly burdensome in that it lacks any and time and/or content limitations. The request also seeks information that constitutes a proprietary trade secret.**

**REQUEST NO. 20:**

The Operating Agreement for Coffee Break Productions LLC.

**RESPONSE: See Defendant Production.**

**REQUEST NO. 21:**

All documents and communications that you contend support your Defense at Paragraph 10, page 18 of your Answer in this action.

**RESPONSE: See Defendants' Production.**

**REQUEST NO. 22:**

All documents and communications that you contend support your Defense at Paragraph 12, page 19 of your Answer in this action.

**RESPONSE: Defendant objects as this request seeks information that is readily available to Plaintiff through a simple search of publicly available content on the internet. Such content is within regards Plaintiff's past public controversies, including but not limited to Plaintiff's publicly detailed cryptocurrency history. See Defendants' Production.**

**REQUEST NO. 23:**

All documents on which Defendants intend to rely at any hearing or trial of this action.

**RESPONSE: Plaintiff objects as this request is premature as it seeks to require Defendants to marshal their evidence. Defendants will supplement this response pursuant to the Court's Scheduling Order and the Rules of Evidence and Civil Procedure.**

Dated:  September 27, 2024

Respectfully Submitted,

_/s/ Bill Ogden_
William R. Ogden
Mark Bankston
Kyle Farrar
FARRAR & BALL, LLP
1117 Herkimer Street
Houston, Texas 77008
bill@fbtrial.com
mark@fbtrial.com
kyle@fbtrial.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendants' Responses to Plaintiff's First Set of Requests for Production to Defendants in the above-captioned matter was served on the below counsel of record on September 27, 2024 in accordance with the Federal Rules of Civil Procedure:

> Andrew C. Phillips (*Pro Hac Vice*)
> Shannon B. Timmann (*Pro Hac Vice*)
> MEIER WATKINS PHILLIPS PUSCH LLP
> 919 18th Street NW, Suite 650
> Washington, DC 20006
> Email: andy.phillips@mwpp.com
> Email: shannon.timmann@mwpp.com
>
> Jeffrey A. Neiman (*Pro Hac Vice*)
> Jason L. Mays (*Pro Hac Vice*)
> MARCUS NEIMAN RASHBAUM & PINEIRO LLP
> 100 SE 3rd Ave., Suite 805
> Ft. Lauderdale, Florida 33394
> Email: jneiman@mnrlawfirm.com
> Email: jmays@mnrlawfirm.com
>
> Shelby O'Brien
> ENOCH KEVER PLLC
> 7600 N. Capital of Texas Highway
> Building B, Suite 200
> Austin, Texas 78731
> Email: sobrien@enochkever.com
>
> *Counsel for Plaintiff Logan Paul*

Dated: September 27, 2024                          By: */s/ Bill Ogden*
                                                          William R. Ogden

# EXHIBIT 2

**From:** Andrew Phillips <andy.phillips@mwpp.com>
**Sent:** Thursday, December 19, 2024 11:07 AM
**To:** Rachel Garza <Rgarza@dslawpc.com>; Dela Valdez
<dvaldez@dslawpc.com>; Jason Davis
<jdavis@dslawpc.com>; Shannon Timmann
<shannon.timmann@mwpp.com>;
jneiman@mnrlawfirm.com <jneiman@mnrlawfirm.com>;
jmays@mnrlawfirm.com <jmays@mnrlawfirm.com>
**Cc:** Caroline Small <csmall@dslawpc.com>; Danielle Grote
<dgrote@dslawpc.com>; Erin Green
<egreen@dslawpc.com>; Jasmine Capetillo
<jcapetillo@dslawpc.com>
**Subject:** Re: Paul v. Findeisen

Jason, Caroline:

Thanks the call last night.

As a follow up, by this Monday (December 23) you have agreed to
give us a date certain as to when you will be producing a privilege
log and making a supplemental production. You also agreed by
Monday to let us your position on whether you would agree to
produce the set of documents identified in the last paragraph of
my email of December 10 (communications to which Logan was a
party that were in the possession of your client at the time of
publication of the statements at issue in the case). Also, as
discussed, please let us know by Monday if you can produce a
smaller subset of the privilege log on an accelerated timetable.
This smaller subset would include a log of all calls recorded by Mr.
Findeisen and all communications with the class action lawyers
that are responsive to our discovery requests.

We also agreed last night to move the deadlines for expert
disclosures to February 18 and March 18 and for amendments to
the Complaint to January 21.

As discussed, we will be making a substantial document

production by tomorrow at the latest.

We look forward to hearing from you on Monday.

Andrew C. Phillips
Managing Partner
Meier Watkins Phillips
Pusch LLP

919 18th St NW, Suite 650
Washington, DC 20006
Direct: 847.951.7093
www.mwpp.com





**From:** Andrew Phillips <andy.phillips@mwpp.com>
**Date:** Wednesday, December 18, 2024 at 5:32 PM
**To:** Rachel Garza <Rgarza@dslawpc.com>, Dela Valdez <dvaldez@dslawpc.com>, Jason Davis <jdavis@dslawpc.com>, Shannon Timmann <shannon.timmann@mwpp.com>,

jneiman@mnrlawfirm.com <jneiman@mnrlawfirm.com>,
jmays@mnrlawfirm.com <jmays@mnrlawfirm.com>
**Cc:** Caroline Small <csmall@dslawpc.com>, Danielle Grote
<dgrote@dslawpc.com>, Erin Green
<egreen@dslawpc.com>, Jasmine Capetillo
<jcapetillo@dslawpc.com>
**Subject:** Re: Paul v. Findeisen

Please use the dial-in sent with the calendar invite for for this
evening's call rather than the Teams link.  Speak to you all soon.

Andrew C. Phillips

Managing Partner

Meier Watkins Phillips

Pusch LLP

919 18th St NW, Suite 650
Washington, DC 20006
Direct: 847.951.7093
www.mwpp.com





**From:** Andrew Phillips <andy.phillips@mwpp.com>
**Date:** Tuesday, December 17, 2024 at 4:55 PM
**To:** Rachel Garza <Rgarza@dslawpc.com>, Dela Valdez
<dvaldez@dslawpc.com>, Jason Davis
<jdavis@dslawpc.com>, Shannon Timmann
<shannon.timmann@mwpp.com>,
jneiman@mnrlawfirm.com <jneiman@mnrlawfirm.com>,
jmays@mnrlawfirm.com <jmays@mnrlawfirm.com>
**Cc:** Caroline Small <csmall@dslawpc.com>, Danielle Grote
<dgrote@dslawpc.com>, Erin Green
<egreen@dslawpc.com>, Jasmine Capetillo
<jcapetillo@dslawpc.com>
**Subject:** Re: Paul v. Findeisen

Ok.  Let's do 6:45 pm ET.  We can use the below dial-in:

Toll Dial-in Number:          +1 (202) 524-7986

Toll-Free Dial-in Number:     +1 (800) 309-2350

Conference ID:                **188-4310**


Andrew C. Phillips
Managing Partner
Meier Watkins Phillips
Pusch LLP
919 18th St NW, Suite 650
Washington, DC 20006
Direct: 847.951.7093
www.mwpp.com





**From:** Rachel Garza <Rgarza@dslawpc.com>
**Date:** Tuesday, December 17, 2024 at 4:34 PM
**To:** Andrew Phillips <andy.phillips@mwpp.com>, Dela
Valdez <dvaldez@dslawpc.com>, Jason Davis
<jdavis@dslawpc.com>, Shannon Timmann
<shannon.timmann@mwpp.com>,
jneiman@mnrlawfirm.com <jneiman@mnrlawfirm.com>,
jmays@mnrlawfirm.com <jmays@mnrlawfirm.com>
**Cc:** Caroline Small <csmall@dslawpc.com>, Danielle Grote
<dgrote@dslawpc.com>, Erin Green
<egreen@dslawpc.com>, Jasmine Capetillo
<jcapetillo@dslawpc.com>
**Subject:** RE: Paul v. Findeisen

Are you available after 5:30 p.m. central time tomorrow?

**From:** Andrew Phillips <andy.phillips@mwpp.com>
**Sent:** Tuesday, December 17, 2024 3:01 PM
**To:** Rachel Garza <Rgarza@dslawpc.com>; Dela Valdez
<dvaldez@dslawpc.com>; Jason Davis <jdavis@dslawpc.com>;

Shannon Timmann <shannon.timmann@mwpp.com>;
jneiman@mnrlawfirm.com; jmays@mnrlawfirm.com
**Cc:** Caroline Small <csmall@dslawpc.com>; Danielle Grote
<dgrote@dslawpc.com>; Erin Green <egreen@dslawpc.com>;
Jasmine Capetillo <jcapetillo@dslawpc.com>
**Subject:** Re: Paul v. Findeisen

<mark>*[This message came from the outside. Do not click links or open attachments unless you know the content is safe.]*</mark>

Following up – can we set a time for tomorrow afternoon?

Andrew C. Phillips
Managing Partner
Meier Watkins Phillips
Pusch LLP

919 18th St NW, Suite 650
Washington, DC 20006
Direct: 847.951.7093
www.mwpp.com





**From:** Andrew Phillips <andy.phillips@mwpp.com>
**Date:** Monday, December 16, 2024 at 9:36 PM
**To:** Rachel Garza <Rgarza@dslawpc.com>, Dela Valdez
<dvaldez@dslawpc.com>, Jason Davis
<jdavis@dslawpc.com>, Shannon Timmann
<shannon.timmann@mwpp.com>,
jneiman@mnrlawfirm.com <jneiman@mnrlawfirm.com>,
jmays@mnrlawfirm.com <jmays@mnrlawfirm.com>
**Cc:** Caroline Small <csmall@dslawpc.com>, Danielle Grote
<dgrote@dslawpc.com>, Erin Green
<egreen@dslawpc.com>, Jasmine Capetillo
<jcapetillo@dslawpc.com>
**Subject:** Re: Paul v. Findeisen

We can do Wednesday afternoon.

Get Outlook for iOS

**From:** Rachel Garza <Rgarza@dslawpc.com>
**Sent:** Monday, December 16, 2024 8:39:14 PM
**To:** Andrew Phillips <andy.phillips@mwpp.com>; Dela Valdez
<dvaldez@dslawpc.com>; Jason Davis <jdavis@dslawpc.com>;
Shannon Timmann <shannon.timmann@mwpp.com>;
jneiman@mnrlawfirm.com <jneiman@mnrlawfirm.com>;
jmays@mnrlawfirm.com <jmays@mnrlawfirm.com>
**Cc:** Caroline Small <csmall@dslawpc.com>; Danielle Grote
<dgrote@dslawpc.com>; Erin Green <egreen@dslawpc.com>;
Jasmine Capetillo <jcapetillo@dslawpc.com>
**Subject:** RE: Paul v. Findeisen

Mr. Phillips –

Apologies for the delay in getting back to you. Mr. Davis has been
traveling and was in court all day today. Do you and your team
have availability for a call tomorrow afternoon or Wednesday
afternoon?

I look forward to hearing from you.

Best regards,
Rachel

**From:** Andrew Phillips <andy.phillips@mwpp.com>
**Sent:** Monday, December 16, 2024 3:23 PM
**To:** Dela Valdez <dvaldez@dslawpc.com>; Jason Davis <jdavis@dslawpc.com>; Shannon Timmann <shannon.timmann@mwpp.com>; jneiman@mnrlawfirm.com; jmays@mnrlawfirm.com
**Cc:** Caroline Small <csmall@dslawpc.com>; Rachel Garza <Rgarza@dslawpc.com>; Danielle Grote <dgrote@dslawpc.com>; Erin Green <egreen@dslawpc.com>; Jasmine Capetillo <jcapetillo@dslawpc.com>
**Subject:** Re: Paul v. Findeisen

[This message came from the outside. Do not click links or open attachments unless you know the content is safe.]

Jason,

Following up on the below email from last week.

Andrew C. Phillips
Managing Partner
Meier Watkins Phillips
Pusch LLP
919 18th St NW, Suite 650
Washington, DC 20006
Direct: 847.951.7093
www.mwpp.com





**Andy Phillips**

**From:** Andrew Phillips <<u>andy.phillips@mwpp.com</u>>
**Date:** Tuesday, December 10, 2024 at 10:34 AM
**To:** Dela Valdez <<u>dvaldez@dslawpc.com</u>>, Jason Davis <<u>jdavis@dslawpc.com</u>>, Shannon Timmann <<u>shannon.timmann@mwpp.com</u>>, <u>jneiman@mnrlawfirm.com</u> <<u>jneiman@mnrlawfirm.com</u>>, <u>jmays@mnrlawfirm.com</u> <<u>jmays@mnrlawfirm.com</u>>
**Cc:** Caroline Small <<u>csmall@dslawpc.com</u>>, Rachel Garza <<u>Rgarza@dslawpc.com</u>>, Danielle Grote <<u>dgrote@dslawpc.com</u>>, Erin Green <<u>egreen@dslawpc.com</u>>, Jasmine Capetillo <<u>jcapetillo@dslawpc.com</u>>
**Subject:** Re: Paul v. Findeisen

Hi Jason,

I wanted to follow up on a couple of matters from our discovery discussion last week. I understood you to say that you would send an email or letter about where we landed on Defendants' issues with our RFP responses, so I will look out for that. But a

couple of other relevant matters.

One, as discussed, we are working to get document subpoenas out, hopefully this week, to the third-party deponents you identified so that the parties can depose those individuals with the benefit of having their documents.  We'll do our best to seek compliance by early to mid-January so that we can hopefully start knocking some of those depositions out in January-February.

Next, I'd mentioned a few categories of documents that we did not see in Defendants' initial production but that would seem to be responsive and not subject to a qualified privilege claim.  Those categories include viewership/engagement metrics from YouTube regarding the Coffeezilla videos at issue, communications with advertisers, defense funding communications and documents, communications with plaintiffs or counsel in the Holland case, communications with any government agencies regarding Mr. Paul or CryptoZoo, and general communications with third parties about Mr. Paul or CryptoZoo that do not constitute newsgathering materials (just by way of example, if Mr. Findeisen received comments/criticism/plaudits on his videos from third parties, those would be responsive and relevant).  Can you let me know at your earliest convenience when we can expect to receive those items, to the extent Defendants have them?

As far as our document production, we continue to work diligently to review a large volume of materials.  I expect that we will make a substantial initial production of materials next week.

Next, as you know, because Defendants appear to be withholding the vast majority of potentially responsive materials based on the qualified journalist privilege, getting that log is really essential for us to be able to meaningfully move discovery forward.  For the most part (with one exception discussed below), we're unable to consider challenges to claims of privilege, and to assess our ability to overcome the qualified privilege with respect to particular materials, without a log that gives us visibility into what Defendants are withholding.  Are you able at this point to put a timeline on when we might receive it?

Next given the current state of discovery, and the two intervening holidays, the current early January deadline for expert disclosures seems untenable. Can we agree to move that deadline to mid-February, say the 15th, by which time, hopefully, document production will be largely complete and Plaintiff will hopefully have had a privilege log and time to consider challenges to claims of privilege over particular categories of documents? That date would still allow several months for deposing experts under the discovery schedule.

Finally, as I mentioned on our call, and while we continue to await a privilege log, one category of materials that we feel is essential to our case is understanding the universe of Mr. Paul's communications about CryptoZoo that Mr. Findeisen had in his possession at the time of publication of the statements at issue. The videos themselves reveal that he had some text communications between Mr. Paul and others involved with the project, but we don't know for certain the full extent of what communications he had and with whom. Will Defendants agree to produce those materials notwithstanding the privilege claim? If so, we will agree not to argue that doing so constitutes a waiver as to any other materials. And if there are issue where production of certain materials would necessarily identify a source, we're willing to have that conversation and see if there's a way that we can work around it.

Andrew C. Phillips

Managing Partner

Meier Watkins Phillips

Pusch LLP

919 18th St NW, Suite 650

Washington, DC 20006

Direct: 847.951.7093

www.mwpp.com





**Andy Phillips**

**From:** Andrew Phillips <andy.phillips@mwpp.com>
**Date:** Wednesday, December 4, 2024 at 3:30 PM
**To:** Dela Valdez <dvaldez@dslawpc.com>, Jason Davis <jdavis@dslawpc.com>, Shannon Timmann <shannon.timmann@mwpp.com>, jneiman@mnrlawfirm.com <jneiman@mnrlawfirm.com>, jmays@mnrlawfirm.com <jmays@mnrlawfirm.com>
**Cc:** Caroline Small <csmall@dslawpc.com>, Rachel Garza <Rgarza@dslawpc.com>, Danielle Grote <dgrote@dslawpc.com>, Erin Green <egreen@dslawpc.com>, Jasmine Capetillo <jcapetillo@dslawpc.com>
**Subject:** Re: Paul v. Findeisen

We can use this dial-in:

Toll Dial-in Number:            +1 (202) 524-7986

Toll-Free Dial-in Number:       +1 (800) 309-2350

Conference ID:                **188-4310**

Andrew C. Phillips
Managing Partner
Meier Watkins Phillips
Pusch LLP
919 18th St NW, Suite 650
Washington, DC 20006
Direct: 847.951.7093
www.mwpp.com





**From:** Dela Valdez <dvaldez@dslawpc.com>
**Date:** Wednesday, December 4, 2024 at 3:27 PM
**To:** Andrew Phillips <andy.phillips@mwpp.com>, Jason
Davis <jdavis@dslawpc.com>, Shannon Timmann
<shannon.timmann@mwpp.com>,
jneiman@mnrlawfirm.com <jneiman@mnrlawfirm.com>,
jmays@mnrlawfirm.com <jmays@mnrlawfirm.com>

**Cc:** Caroline Small <csmall@dslawpc.com>, Rachel Garza
<Rgarza@dslawpc.com>, Danielle Grote
<dgrote@dslawpc.com>, Erin Green
<egreen@dslawpc.com>, Jasmine Capetillo
<jcapetillo@dslawpc.com>
**Subject:** RE: Paul v. Findeisen

Good afternoon Mr. Phillips,

Mr. Davis has requested a dial-in number be circulated for
the 5 pm (EST) call.

Many thanks,

Dela

**DAVIS/
SANTOS/**

**Dela Valdez**
**Legal Assistant to Jason Davis**

719 S. Flores Street
San Antonio, Texas
78204
dslawpc.com

**P:** (210)
853-5882
**D:** (210)
853-5852
**F:** (210)
200-8395
**C:** (210)
309-3109

**E:**
dvaldez@dslawpc.com

**CONFIDENTIALITY NOTICE:** This communication is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received it by mistake, please

immediately notify the sender and delete it from your system.

**From:** Andrew Phillips <andy.phillips@mwpp.com>
**Sent:** Wednesday, December 4, 2024 12:47 PM
**To:** Jason Davis <jdavis@dslawpc.com>; Dela Valdez
<dvaldez@dslawpc.com>; Shannon Timmann
<shannon.timmann@mwpp.com>; jneiman@mnrlawfirm.com;
jmays@mnrlawfirm.com
**Cc:** Caroline Small <csmall@dslawpc.com>; Rachel Garza
<Rgarza@dslawpc.com>; Danielle Grote
<dgrote@dslawpc.com>; Erin Green <egreen@dslawpc.com>;
Jasmine Capetillo <jcapetillo@dslawpc.com>
**Subject:** Re: Paul v. Findeisen

[This message came from the outside. Do not click links or open attachments unless you know the content is safe.]

Hi Jason,

Should we plan to call you directly at 5 pm ET, or would you like me to circulate a dial-in if you have others joining?

Andrew C. Phillips
Managing Partner
Meier Watkins Phillips
Pusch LLP
919 18th St NW, Suite 650
Washington, DC 20006
Direct: 847.951.7093
www.mwpp.com





**Andy Phillips**

**From:** Andrew Phillips <andy.phillips@mwpp.com>
**Date:** Tuesday, December 3, 2024 at 7:59 AM
**To:** Jason Davis <jdavis@dslawpc.com>, Dela Valdez
<dvaldez@dslawpc.com>, Shannon Timmann
<shannon.timmann@mwpp.com>,
jneiman@mnrlawfirm.com <jneiman@mnrlawfirm.com>,
jmays@mnrlawfirm.com <jmays@mnrlawfirm.com>
**Cc:** Caroline Small <csmall@dslawpc.com>, Rachel Garza
<Rgarza@dslawpc.com>, Danielle Grote
<dgrote@dslawpc.com>, Erin Green
<egreen@dslawpc.com>, Jasmine Capetillo
<jcapetillo@dslawpc.com>
**Subject:** Re: Paul v. Findeisen

Hi Jason,

5 pm tomorrow works.  We'll also want to discuss Defendants'
document production (including the issues raised in my Oct. 9
letter to Mr. Ogden), as well as the status of Defendants' privilege
log.

Andrew C. Phillips
Managing Partner
Meier Watkins Phillips
Pusch LLP

919 18th St NW, Suite 650
Washington, DC 20006
Direct: 847.951.7093
www.mwpp.com





**Andy Phillips**

**From:** Jason Davis <jdavis@dslawpc.com>
**Date:** Monday, December 2, 2024 at 3:25 PM
**To:** Andrew Phillips <andy.phillips@mwpp.com>, Dela
Valdez <dvaldez@dslawpc.com>, Shannon Timmann
<shannon.timmann@mwpp.com>,
jneiman@mnrlawfirm.com <jneiman@mnrlawfirm.com>,
jmays@mnrlawfirm.com <jmays@mnrlawfirm.com>
**Cc:** Caroline Small <csmall@dslawpc.com>, Rachel Garza
<Rgarza@dslawpc.com>, Danielle Grote
<dgrote@dslawpc.com>, Erin Green

<[egreen@dslawpc.com](mailto:egreen@dslawpc.com)>, Jasmine Capetillo
<[jcapetillo@dslawpc.com](mailto:jcapetillo@dslawpc.com)>
**Subject:** RE: Paul v. Findeisen

Andy,

Thanks for the response - how does this Wednesday at 5 pm
(EST) or Thursday at 9 am (EST) work for the call re discovery
objections?

I'll be on the lookout for your available  January dates for
depositions.

Best regards,

Jason



**DAVIS/**
**SANTOS/**

**Jason Davis**
**Partner**

719 S. Flores Street
San Antonio, Texas
78204
dslawpc.com

**P:** (210) 853-5882
**D:** (210) 853-5832
**F:** (210) 200-8395
C: (210) 884-5842

**E:**
[jdavis@dslawpc.com](mailto:jdavis@dslawpc.com)

**CONFIDENTIALITY NOTICE:** This communication is confidential, may be privileged and should
be read or retained only by the intended recipient.  If you have received it by mistake, please
immediately notify the sender and delete it from your system.

**From:** Andrew Phillips <[andy.phillips@mwpp.com](mailto:andy.phillips@mwpp.com)>
**Sent:** Tuesday, November 26, 2024 12:39 PM
**To:** Dela Valdez <[dvaldez@dslawpc.com](mailto:dvaldez@dslawpc.com)>; Shannon Timmann
<[shannon.timmann@mwpp.com](mailto:shannon.timmann@mwpp.com)>; [jneiman@mnrlawfirm.com](mailto:jneiman@mnrlawfirm.com);
[jmays@mnrlawfirm.com](mailto:jmays@mnrlawfirm.com)

**Cc:** Jason Davis <jdavis@dslawpc.com>; Caroline Small
<csmall@dslawpc.com>; Rachel Garza <Rgarza@dslawpc.com>;
Danielle Grote <dgrote@dslawpc.com>; Erin Green
<egreen@dslawpc.com>; Jasmine Capetillo
<jcapetillo@dslawpc.com>
**Subject:** Re: Paul v. Findeisen

<mark>*[This message came from the outside. Do not click links or open attachments unless you know the content is safe.]*</mark>

Hi Jason,

In regard to your correspondence from yesterday evening:

•   I can confirm that Mr. Paul is not responsible, either directly or indirectly, for Mr. Findeisen allegedly receiving an Amazon shipment labelled as PRIME drink powder.  Mr. Paul does not know anything about it.
•   We are happy to have a call with you after the holiday to discuss Mr. Paul's responses and objections to Defendants' document requests.  Jeff is not available on Monday or Tuesday of that week, so are there times that would work for you on Wednesday or Thursday?
•   We will get back to you ASAP on the proposed dates for depositions.  December 12-13 <u>do not</u> work for us, but we are working to confirm availability for the January dates.

Andrew C. Phillips

Managing Partner

Meier Watkins Phillips

Pusch LLP

919 18th St NW, Suite 650
Washington, DC 20006
Direct: 847.951.7093
www.mwpp.com





**Andy Phillips**

**From:** Dela Valdez <dvaldez@dslawpc.com>
**Date:** Monday, November 25, 2024 at 6:52 PM
**To:** Andrew Phillips <andy.phillips@mwpp.com>, Shannon Timmann <shannon.timmann@mwpp.com>, jneiman@mnrlawfirm.com <jneiman@mnrlawfirm.com>, jmays@mnrlawfirm.com <jmays@mnrlawfirm.com>
**Cc:** Jason Davis <jdavis@dslawpc.com>, Caroline Small <csmall@dslawpc.com>, Rachel Garza <Rgarza@dslawpc.com>, Danielle Grote <dgrote@dslawpc.com>, Erin Green <egreen@dslawpc.com>, Jasmine Capetillo <jcapetillo@dslawpc.com>
**Subject:** Paul v. Findeisen

Dear Counsel,

Please see the attached correspondence of November 25, 2024, on behalf of Mr. Jason Davis regarding the above referenced matter.

Thank you for your attention and please contact our office if
you have any questions.

Best regards,

Dela Valdez



**Dela Valdez**
Legal Assistant to Jason Davis

719 S. Flores Street
San Antonio, Texas
78204
dslawpc.com

**P:** (210)
853-5882
**D:** (210)
853-5852
**F:** (210)
200-8395
**C:** (210)
309-3109

**E:**
dvaldez@dslawpc.com

**CONFIDENTIALITY NOTICE:**  This communication is confidential, may be privileged and should
be read or retained only by the intended recipient.  If you have received it by mistake, please
immediately notify the sender and delete it from your system.

# EXHIBIT 3



**Ending Logan Paul's Biggest Scam**

 **Coffeezilla** ✓
4.14M subscribers

 Subscribe

 359K       Share    Clip   

Matt is Steve Ross's money. (Also Chairman of dolphins) Who did a SPAC with Gary Vee for 300m.

He's asking about it. He has to Spend that 350m...somewhere. Why not us.

Logan Paul

I love that idea

jake the crypto king

You know I'm in.

Jeff Levin

Let's go

**Ending Logan Paul's Biggest Scam**

 Coffeezilla ✓
4.14M subscribers

Subscribe

 359K       Share    Clip