**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |
|---|---|
| **LOGAN PAUL,** | |
| *Plaintiff*, | |
| **v.** | Civil Action No.:  **5:24-cv-00717-OLG** |
| **STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS, LLC d/b/a COFFEEZILLA,** | |
| *Defendants.* | |

## DEFENDANTS' AMENDED ANSWER

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC (collectively, "**Defendants**") file this Amended Answer to Plaintiff's Original Complaint. Defendants deny all allegations not specifically admitted to herein and further allege and state as follows:

## NATURE OF THE ACTION[1]

1. Defendants deny the allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants are without sufficient information to admit or deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

---

[1] Headings are included herein for organization purposes only. Defendants deny any allegations contained in such headings.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants deny the allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8.

9.      Defendants deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

## PARTIES

14.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 14.

15.     Defendants admit the allegations in Paragraph 15.

16.     Defendants deny the allegation that Findeisen is the sole managing member of Coffee Break Productions, LLC. Defendants otherwise admit the allegations in Paragraph 16.

## JURISDICTION & VENUE

17.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit the allegations in Paragraph 19.

## FACTUAL ALLEGATIONS

**Logan Paul Builds a Highly Successful Career and Personal Brand—and in the Process Learns a Valuable Lesson About the Importance of One's Reputation[2]**

20.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 20.

21.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 21.

22.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 22.

23.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 23.

24.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 24.

25.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 25.

26.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 26.

27.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 27.

28.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 28.

---

[2] The Court should not consider any claim or allegation contained in this un-numbered heading. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Defendants are without sufficient information to admit or deny the allegations in this heading.

29.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 29.

30.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 30.

31.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 31.

32.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 32.

33.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 33.

34.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 34.

35.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 35.

### Paul Delves into the Digital Asset Market and Develops an Idea for a Blockchain Game Called CryptoZoo that Incorporates NFTs[3]

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 37.

38.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 38.

---

[3] The Court should not consider any claim or allegation contained in this un-numbered heading. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Defendants are without sufficient information to admit or deny the allegations in this heading.

39.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 39.

40.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 40.

41.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 41.

42.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 42.

43.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 45.

46.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 46.

### Greenbaum and Ibanez Sabotage and Undermine the CryptoZoo Project, Ultimately Leading to Its Failure[4]

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

---

[4] The Court should not consider any claim or allegation contained in this un-numbered heading. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Defendants deny the allegations in this heading.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

**Findeisen Builds a Profitable Personal Brand as an Expert in Ferreting Out Supposed Scams[5]**

58.     Defendants admit the allegations in Paragraph 58.

59.     Defendants admit the allegations in Paragraph 59.

60.     Defendants admit the allegations in Paragraph 60.

61.     Defendants admit the allegations in Paragraph 61.

62.     Defendants admit the allegations in Paragraph 62.

63.     Defendants admit the allegations in Paragraph 63.

64.     Defendants admit the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

---

[5] The Court should not consider any claim or allegation contained in this un-numbered heading. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Defendants deny the allegations in this heading.

68.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 68.

69.    Defendants deny the allegations in Paragraph 69.

**Findeisen Seeks to Drum up Viewership for His Channel by Promoting and Publishing a Series of Videos About What He Claimed Was "Logan Paul's Biggest Scam"[6]**

70.    Defendants admit the allegations in Paragraph 70.

71.    Defendants deny the allegations in Paragraph 71.

72.    The allegations in Paragraph 72 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 72.

73.    The allegations in Paragraph 73 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 73.

74.    The allegations in Paragraph 74 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 74.

75.    The allegations in Paragraph 75 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 75.

76.    The allegations in Paragraph 76 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context.

---

[6] The Court should not consider any claim or allegation contained in this un-numbered heading. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Defendants deny the allegations in this heading.

To the extent a response is necessary, Defendants deny the allegations in Paragraph 76.

77.    The allegations in Paragraph 77 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 77.

78.    Defendants admit the allegations in Paragraph 78.

79.    The allegations in Paragraph 79 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 79.

80.    The allegations in Paragraph 80 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 80.

81.    The allegations in Paragraph 81 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 81.

82.    The allegations in Paragraph 82 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 82.

83.    Defendants admit the allegations in Paragraph 83.

84.    The allegations in Paragraph 84 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 84.

85.    The allegations in Paragraph 85 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context.

To the extent a response is necessary, Defendants deny the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 86.

87.     The allegations in Paragraph 87 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 87.

88.     The allegations in Paragraph 88 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations contained in Paragraph 89.

90.     The allegations in Paragraph 90 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations contained in Paragraph 91.

92.     The allegations in Paragraph 92 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context.

To the extent a response is necessary, Defendants deny the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

**Findeisen Knew All Along that His Accusations that Paul Engaged in a Scam Were Not True[7]**

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 105.

106.    The allegations in Paragraph 106 describe a video which has been produced

---

[7] The Court should not consider any claim or allegation contained in this un-numbered subheading. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Defendants deny the allegations contained in this heading.

in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 106.

107.     Defendants deny the allegations in Paragraph 107.

108.     Defendants deny the allegations in Paragraph 108.

109.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 109.

110.     The allegations in Paragraph 110 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 110.

111.     Defendants deny the allegations in Paragraph 111.

112.     Defendants deny the allegations in Paragraph 112.

113.     Defendants deny the allegations in Paragraph 113.

114.     Defendants deny the allegations in Paragraph 114.

115.     Defendants deny the allegations in Paragraph 115.

116.     Defendants deny the allegations in Paragraph 116.

117.     Defendants deny the allegations in Paragraph 117.

118.     Defendants deny the allegations in Paragraph 118.

119.     Defendants deny the allegations in Paragraph 119.

120.     Defendants deny the allegations in Paragraph 120.

**Paul Tries to Take the High Road and Focus on Doing What He Can to Help Those Affected by the Failure of CryptoZoo[8]**

---

[8] The Court should not consider any claim or allegation contained in this un-numbered heading. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Defendants deny the allegations contained in this heading.

121.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125.

126.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 126.

127.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 127.

### Despite Subjective Knowledge That the Accusation is Not True, Findeisen Continues to Falsely accuse Paul of Scamming His Fans[9]

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants deny the allegations in Paragraph 129.

130.    The allegations in Paragraph 130 describe a post which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants deny the allegations in Paragraph 132.

133.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 133.

---

[9] The Court should not consider any claim or allegation contained in this un-numbered heading. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Defendants deny the allegations contained in this heading.

134.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 134.

135.     Defendants admit the allegations in Paragraph 135.

136.     Defendants deny the allegations in Paragraph 136.

137.     The allegations in Paragraph 137 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 137.

138.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 138.

139.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 139.

140.     Defendants deny the allegations in Paragraph 140.

141.     Defendants deny the allegations in Paragraph 141.

142.     Defendants deny the allegations in Paragraph 142.

143.     The allegations in Paragraph 143 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 143.

144.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 144.

145.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 145.

146.     The allegations in Paragraph 146 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context.

To the extent a response is necessary, Defendants deny the allegations in Paragraph 146.

## Paul's NFT Buyback Was an Enormous Success[10]

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 148.

149.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150.

151.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 151.

152.    Defendants deny the allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153.

## Paul Brings This Action to Hold Findeisen Accountable for Intentionally Spreading Falsehoods[11]

154.    Defendants deny the allegations in Paragraph 154.

155.    Defendants deny the allegations in Paragraph 155.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159.

---

[10] The Court should not consider any claim or allegation contained in this un-numbered heading. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Defendants deny the allegations contained in this heading.

[11] The Court should not consider any claim or allegation contained in this un-numbered heading. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Defendants deny the allegations contained in this heading.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

## FIRST CLAIM FOR RELIEF
## LIBEL PER SE FOR STATEMENTS IN THE JUNE 29, 2023 X POST

163.    Paragraph 163 incorporates prior paragraphs. Defendants incorporate their responses to those paragraphs, as stated above, as though set forth in full.

164.    Defendants admit the allegations in Paragraph 164.

165.    The allegations in Paragraph 165 describe a post which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 165.

166.    Defendants without sufficient information to admit or deny the allegations in Paragraph 166.

167.    Defendants admit the allegations in Paragraph 167.

168.    Defendants deny the allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants deny the allegations in Paragraph 170.

171.    Defendants deny the allegations in Paragraph 171.

172.    Defendants deny the allegations in Paragraph 172.

173.    Defendants deny the allegations in Paragraph 173.

## SECOND CLAIM FOR RELIEF
## LIBEL PER SE FOR STATEMENTS IN THE JUNE 30, 2023 YOUTUBE VIDEO,
## "LOGAN PAUL'S SCAM ISN'T OVER"

174.    Paragraph 174 incorporates prior paragraphs. Defendants incorporate their

responses to those paragraphs, as stated above, as though set forth in full.

175.    Defendants admit the allegations in Paragraph 175.

176.    The allegations in Paragraph 176 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 176.

177.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 177.

178.    Defendants admit the allegations in Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179.

180.    Defendants deny the allegations in Paragraph 180.

181.    Defendants deny the allegations in Paragraph 181.

182.    Defendants deny the allegations in Paragraph 182.

183.    Defendants deny the allegations in Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184.

**THIRD CLAIM FOR RELIEF**
**LIBEL PER SE FOR STATEMENTS IN THE JANUARY 5, 2024 YOUTUBE VIDEO,**
**"LOGAN PAUL'S 'REFUND'"**

185.    Paragraph 185 incorporates prior paragraphs. Defendants incorporate their responses to those paragraphs, as stated above, as though set forth in full.

186.    Defendants admit the allegations in Paragraph 186.

187.    The allegations in Paragraph 187 describe a video which has been produced in discovery and should be referred to for a complete expression of its contents and in context. To the extent a response is necessary, Defendants deny the allegations in Paragraph 187.

188.    Defendants are without sufficient information to admit or deny the

allegations in Paragraph 188.

189.    Defendants admit the allegations in Paragraph 189.

190.    Defendants deny the allegations in Paragraph 190.

191.    Defendants deny the allegations in Paragraph 191.

192.    Defendants deny the allegations in Paragraph 192.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

195.    Defendants deny the allegations in Paragraph 195.

## PRAYER FOR RELIEF

196.    Defendants deny the allegations in Paragraph 196.

197.    Defendants deny the allegations in Paragraph 197.

198.    Defendants deny the allegations in Paragraph 198.

## DEFENSES, AFFIRMATIVE DEFENSES, AND OTHER RESPONSES

1.    The Complaint fails to state causes of action upon which relief may be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the First Amendment.

3.    Plaintiff's claims are barred, in whole or in part, by absolute privilege.

4.    Plaintiff's claims are barred, in whole or in part, by conditional or qualified privilege.

5.    Plaintiff's claims are barred, in whole or in part, by the doctrine of legal justification.

6.    Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of consent and/or excuse.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

10. The statements at issue were not false statements of fact, assertions of fact, or otherwise actionable statements.

11. The statements at issue were not capable of a defamatory meaning.

12. The statements at issue were constitutionally protected opinions.

13. The statements at issue were in all respects literally true.

14. The statements at issue were in all respects substantially true.

15. Plaintiff is a general-purpose public figure, or alternatively, a limited purpose public figure regarding his CryptoZoo project and other prior controversies involving cryptocurrency schemes, and Plaintiff cannot establish that Defendants acted with actual malice.

16. The statements at issue were about matters of public concern and immune from liability under the fair report privilege.

17. The statements at issue were privileged as a reasonable and fair comment on a matter of public concern published for general information.

18. Plaintiff ratified, approved, and consented to prior similar statements by Defendants. Plaintiff, by words and conduct, expressly or impliedly authorized or consented to the publication of subsequent statements by Defendants, or the publications were done in the manner that Plaintiff consented to, or which Defendants reasonably believed Plaintiff

had consented to.

19.    To the extent Plaintiff has suffered any damages, Plaintiff's claims are barred because he has failed to mitigate any damages he has incurred.

20.    Without conceding that Plaintiff's claims have merit or that Plaintiff has suffered any damages, Defendants affirmatively allege that Plaintiff's alleged damages are remote, contingent, speculative, and/or conjectural.

21.    Plaintiff's claims are barred, in whole or in part, because he is a "libel-proof" plaintiff due to, at least, a previously diminished reputation.

22.    Plaintiff's claims are barred, in whole or in part, because Defendants' conduct did not cause, proximately cause, solely cause, or solely proximately cause the damages claimed by Plaintiff to the extent any exist, which is denied.

23.    Plaintiff is barred from seeking exemplary damages because of his failure to comply with the Texas Defamation Mitigation Act.

24.    Further, any award of exemplary damages is controlled and limited by the Due Process Clause of the 14th Amendment of the United States Constitution, and by the Due Process clause of the Texas Constitution. Defendants affirmatively assert that Plaintiff's exemplary damages claim is limited by Texas Civil Practice and Remedies Code Section 41.008.

25.    Plaintiff's claim for attorney's fees is barred because such recovery is not available for the claims asserted.

26.    Defendants reserve the right to amend their Answer to assert additional affirmative defenses.

## JURY DEMAND

27.     Defendants demand trial by jury.

## PRAYER

WHEREFORE, Defendants pray:

(1) That Plaintiff takes nothing by this action;

(2) That the Court enter judgment in favor of Defendants;

(3) That Defendants are awarded their reasonable attorney's fees, costs, and expenses to the extent permitted by law; and

(4) For all other relief at law or in equity to which Defendants may be justly entitled.

Dated: January 21, 2025.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By:  */s/ Caroline Newman Small*
Jason M. Davis
Texas State Bar No. 00793592
Email: jdavis@dslawpc.com
Caroline Newman Small
Texas State Bar No. 24056037
Email: csmall@dslawpc.com
Rachel Garza
Texas State Bar No. 24125240
Email: rgarza@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

*Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC*

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on January 21, 2025, the foregoing document was served on all counsel of record via the Court's ECF system.


        */s/ Caroline Newman Small*
        Caroline Newman Small