IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>         *Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>         *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND MOTION TO EXTEND
DEADLINE TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL**

  Plaintiff Logan Paul hereby opposes Defendants' January 31, 2025 Second Motion to Extend Deadline to Respond to Plaintiff's Motion to Compel (ECF 30) ("Defendants' Second Motion").  Pursuant to Local Civil Rule 7.D.2, Plaintiff requests that his January 17, 2025 Motion to Compel Production of Documents Relevant to Defendants' Actual Malice (ECF 26) ("Motion to Compel") be granted as unopposed due to Defendants' failure to file an opposition by the already-extended deadline set by the Court.

**BACKGROUND**

  Defendants' Second Motion misrepresents the Parties' conferral efforts in an apparent attempt to mislead the Court about the circumstances that give rise to their second request for more time to respond to Plaintiff's Motion to Compel.  Although Plaintiff is generally agreeable to reasonable extensions when circumstances warrant, and indeed *agreed* to Defendants' first extension request, at this juncture Defendants' repeated dilatory conduct is holding up the resolution of the critical dispute underlying Plaintiff's Motion and stymying Plaintiff's ability to move the case forward.  There simply is no good cause whatsoever for Defendants' Second

1

Motion. The Court should deny their Motion and grant Plaintiff's Motion to Compel as unopposed.

Plaintiff filed this libel action after Defendants repeatedly accused him in YouTube videos of perpetrating a financial scam in connection with a troubled blockchain project called CryptoZoo. (Compl. at 1 (ECF 1).) The parties are currently engaged in discovery. While Plaintiff has produced thousands of documents and communications related to the CryptoZoo project, Defendants have produced a relatively paltry number of non-public documents and communications related to their YouTube videos. Instead, they are withholding thousands of documents and communications based on Texas's journalist privilege, Tex. Civ. Prac. & Rem. Code. Ann. § 22.023. Importantly, that privilege is qualified, not absolute, and can be overcome as to specific materials or categories of materials in a Defendant journalist's possession if Plaintiff shows that the materials are crucial to his cause of action and cannot be easily obtained elsewhere. *See id*.

During a meet and confer telephone call on December 4, 2024, Plaintiff informed Defendant that Plaintiff believed Defendants' qualified privilege claim was overcome as to the documents Plaintiff would ultimately seek in his Motion to Compel; namely, contemporaneous communications to or from Plaintiff that were in Defendants' possession at the time of the defamatory statements at issue in this case, and which thus bear on Defendants' state of knowledge as to Plaintiff's actions and intentions with respect to the CryptoZoo project as of the time of publication of Defendants' libelous statements. (*See* A. Phillips Decl. ¶ 4 (Jan. 17, 2025) (ECF 26-1).) Defendants took no firm position on the issue during that call, so Plaintiff followed up by email on December 10, 2024, again asking whether Defendants would agree to produce those materials. (Email A. Phillips to J. Davis (Dec. 10, 2024) (ECF 26-1, pp. 22-23).) When

Defendants failed to respond to that email, Plaintiff followed up again by email on December 16. (*Id*. at 21.) The parties then had another meet and confer call on the issue on Wednesday, December 18, 2024, during which Defendants committed to providing Plaintiff with a firm position on the dispute by the following Monday, December 23. When Defendants still had not agreed to produce the disputed documents, Plaintiff filed his Motion to Compel on January 17, 2025.

Under the Local Rules, Defendants' deadline for responding to the Motion to Compel was January 24, 2025. *See* Local Civil Rule 7.D.2. On January 20, 2025, Defendants requested that Plaintiff agree to a one-week extension of that deadline, to January 31, 2025. Plaintiff agreed, and Defendants filed an unopposed motion for an extension that was granted. (Unopposed Mot. to Extend Deadline to Respond to Pl.'s Mot. to Compel (Jan. 20, 2024) (ECF 27).)

In the meantime, the parties continued to engage in meet and confer efforts on other, unrelated discovery disputes. (*See* Email A. Phillips to R. Garza (Jan. 28, 2025) (Ex. A).) During a telephone call on January 28, 2025, the parties agreed to various deadlines and timetables to complete certain discovery obligations and/or to confirm their positions on various discovery disputes. (*Id*.) Those issues were unrelated to Plaintiff's already-pending Motion to Compel, which was not discussed during the January 28 call. (*See id*.)

On January 31, 2025—the day Defendants' response to the Motion to Compel was due pursuant to the Court's already-extended deadline—Defendants emailed Plaintiff requesting Plaintiff's agreement to an additional two-week extension, citing travel and trial as reasons. (Email C. Small to J. Neiman (Jan. 31, 2025) (Ex. B).) Plaintiff declined to agree to an additional extension, noting the general delay in discovery as Plaintiff allowed new counsel to get up to speed on the case, the specific delay as to the issues in the Motion to Compel while Plaintiff had to

3

repeatedly press Defendants for their position on the dispute, the fact that Defendants had already received an extension to respond, and Defendants' failure to raise any supposed conflicts or grounds for further extension until the day Defendants' response was due. (*Id.*)

## **LEGAL STANDARD**

If no opposition to a motion is filed within the prescribed time period for responding, the Court may grant the motion as unopposed. Local Civil Rule 7.D.2; *see also Aguilar v. Wells Fargo Bank, N.A.*, No. 12-cv-487-DB, 2013 WL 12182048, at *1 (W.D. Tex. Jan. 29, 2013) (granting a motion to dismiss as unopposed after plaintiff failed to file a timely response after having already received an extension). A party seeking an extension of time to file a response to a motion must demonstrate "good cause" for the issuance of an extension. *Watsky v. Williamson Cty.*, No. 1:21-cv-00374-RP, 2024 WL 2420749, at *1 (N.D. Tex. May 23, 2024).

## **ARGUMENT**

Defendants have failed to demonstrate good cause for a further extension of their deadline to respond to Plaintiff's Motion to Compel after having already received an extension of time to do so. Knowing full well that there are no grounds for a further extension, let alone good cause, Defendants seek to conflate unrelated issues by referring the Court to the Parties' recent conferrals about separate discovery matters that have nothing to do with the issues underlying the Motion to Compel.

In their Second Motion, Defendants excerpt and highlight text from a conferral email sent by Plaintiff's counsel on January 28, 2025. That conferral was about the adequacy of Defendants' privilege log—namely, whether Defendants' log of more than *16,000 entries* describes withheld materials with sufficient detail for Plaintiff to test their privilege assertions, given that most of those entries include the same generalized descriptor. That dispute is not yet ripe, which is why the Parties have been conferring about it. The Parties' dispute over whether Defendants are

4

properly withholding the materials at issue in Plaintiff's Motion to Compel, however, has nothing whatsoever to do with that privilege log dispute: The Motion to Compel relates to a discrete set of materials that have already been defined—specifically, the communications between Plaintiff and others about CryptoZoo that Defendants possessed at the time they published the libels at issue in this case. Plaintiff is seeking discovery of those highly relevant materials regardless of whether Defendants adequately describe and identify them on their privilege log. Thus, Defendants' assertions that the "discussion over resolving the privilege [log] issue necessarily included the privilege issues raised in the Motion [to Compel]" and that without a further extension of time, "Defendants would have to respond to a pending motion the parties are actively trying to resolve," (Defs.' Mot. ¶¶ 2-3), are flatly untrue and disingenuous. They appear to be an intentional effort to obscure the issues and mislead the Court. The reality is that Defendants have made <u>no effort</u> to address or resolve the issues raised in Plaintiff's pending Motion to Compel since it was filed over two weeks ago, because the Parties had already conferred about this issue and reached an impasse.

Defendants' references to claimed upcoming trial and travel obligations are similarly unavailing. (*See* Defs.' Mot. at 2.) Defendants do not claim that these obligations were unknown at the time of the original extension request, or that they suddenly arose between the original extension request and the belated second request made the day the response to the Motion to Compel was due.

Plaintiff has been seeking discovery of the highly relevant and non-privileged materials at issue in their Motion to Compel for many months, and first met and conferred with Defendants on this issue more than two months ago. Defendants' repeated delays during the conferral process hampered Plaintiff's ability to file the underlying Motion *for weeks*, even *before* Defendants then moved unopposed for their initial extension of time. There is no basis for Defendants to further

5

delay resolution of this important issue, and Defendants have offered no valid reason for why they were unable to respond to Plaintiff's Motion to Compel in the time that the Court already gave them to do so.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion seeking a second extension of time to respond to Plaintiff's Motion to Compel should be denied, and the Motion to Compel granted as unopposed given Defendants' failure to oppose it by the deadline set by the Court.

Respectfully submitted,

February 2, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the February 2, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ *Andrew C. Phillips*