IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>         *Plaintiff*,<br> v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>         *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S MOTION TO PRESERVE CONFIDENTIALITY DESIGNATIONS**

Pursuant to Paragraph 11(a) of the November 15, 2024 Confidentiality and Protective Order ("Protective Order" or "PO") [Dkt. 22] entered in the above-referenced action, Plaintiff Logan Paul moves this Court for an order preserving his designation of certain discovery materials as "Confidential":

1. On November 14, 2024, the Parties filed a Joint Motion for Entry of Protective Order [Dkt. 21]. As that Joint Motion reflects, the parties agreed to, and jointly asked the Court to enter, the proposed protective order attached to that Joint Motion.

2. On November 15, 2024, the Court entered the Protective Order as requested by the Parties.

3. The Protective Order permits the Parties to designate certain materials exchanged in discovery as "Confidential." (PO ¶ 1.) One category of materials that "may be designated" as confidential is "[c]orrespondence and other communications between the parties or with nonparties … if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public." (PO ¶ 3(a).)

1

4. Pursuant to the Protective Order, Plaintiff has designated as "Confidential" certain correspondence between Plaintiff and non-parties regarding personal and/or business matters, where such communications were made with the understanding and reasonable expectation that they would not become available to the general public.

5. On January 9, 2025, Defendants sent a letter to counsel for Plaintiff in which they requested to confer regarding confidentiality designations for sixty-nine documents produced by Plaintiff that Defendants contended were not "appropriate or warranted." (Jan. 9, 2025 Ltr. C. Small to A. Phillips (attached hereto as Ex. A).). Plaintiff's counsel responded by letter on January 16, 2025, noting that most of the discovery materials listed by Defendants consisted of "obviously private exchanges between [Plaintiff] and friends and business associates," and that those materials were properly designated because there was "no basis at all to suggest that the participants in these communications had an expectation or understanding that they would be made available to the general public…" (Jan. 16, 2025 Ltr. A. Phillips to C. Small (attached hereto as Ex. B.).) Defendants did not respond to this letter.

6. On January 28, 2025, counsel for the Parties held a meet and confer call regarding various discovery matters. With respect to the instant dispute over confidentiality designations, counsel for Plaintiff noted that the private communications at issue fall squarely within the plain language of the Protective Order, and asked Defendants' counsel if they were aware of any authority suggesting otherwise. Counsel for Defendants stated that they would provide any authority they could find that supported their position that those communications were not properly designated as Confidential. (Feb. 4, 2025 Email A. Phillips to C. Small (attached hereto as Ex. C).)

7.     Defendants never provided any such authority. Instead, that same day they sent a letter simply stating that they were challenging Plaintiff's confidentiality designations pursuant to Paragraph 11(a) of the Protective Order. (Jan. 28. 2025 Ltr. C. Small to A. Phillips (attached hereto as. Ex. D).)

8.     On February 4, 2025, counsel for Plaintiff emailed Defendants' counsel in the course of further discussion about confidentiality designations. (Ex. C.) Plaintiff's Counsel again asked Defendants' counsel if they had "some basis to suggest that private messages not intended for public consumption are not properly designated as Confidential, despite the Protective Order saying exactly that?" (*Id*.) Counsel for Defendants responded the next day, continuing to dispute the validity of Plaintiff's confidentiality designations, but without any explanation as to why the private communications in dispute were not properly designated under the language of the Protective Order. (Feb. 5, 2025 Email C. Small to A. Phillips (attached hereto as Ex. E).)

9.     On February 7, 2025, Plaintiff's counsel informed Defendants' counsel that Plaintiff would agree, in good faith, to withdraw its confidentiality designations as to forty-one of the sixty-nine documents at issue. (Feb. 7, 2025 Ltr. A. Phillips to C. Small (attached hereto as Ex. F).) Plaintiff noted that the materials at issue generally fell into two categories: (1) documents and communications where the sole focus is the CryptoZoo project or Defendants' publications regarding same, which are the subjects of this litigation; and (2) private communications between Plaintiff and friends or business associates that primarily concern other personal or business matters, but that nevertheless contain some portion that was deemed responsive to one or more of Defendants' document requests. (*Id*.) Plaintiff withdrew his confidentiality designations as to the forty-one documents that fell into the former category, and asked Defendants to advise whether

3

that would resolve the issue and make the instant Motion unnecessary. Defendants have not responded as of the deadline for filing this Motion.

10. Accordingly, pursuant to Paragraph 11(a) of the Protective Order, Plaintiff requests an order confirming and preserving Plaintiff's confidentiality designations as to the twenty-eight communications produced in discovery with the bates numbers PAUL_CZ00000001-35, PAUL_CZ00000036-40, PAUL_CZ00000045-60, PAUL_CZ00000061-90, PAUL_CZ00000102-118, PAUL_CZ00000119-121, PAUL_CZ00000122-129, PAUL_CZ00000133-156, PAUL_CZ00000157-183, PAUL_CZ00000247-258, PAUL_CZ00000259-263, PAUL_CZ00000264-275, PAUL_CZ00000283-296, PAUL_CZ00000297-302, PAUL_CZ00000327-375, PAUL_CZ00000438-446, PAUL_00000447-468, PAUL_CZ00000840, PAUL_CZ00003265-3269, PAUL_CZ00003270-3275, PAUL_CZ00003276-3281, PAUL_CZ00003449, PAUL_CZ00003547, PAUL_CZ00003548-3571, PAUL_CZ00003625, PAUL_CZ00005250, PAUL_CZ00005934, and PAUL_CZ00005968.

11. As set forth in the Declaration of Plaintiff Logan Paul attached hereto as Exhibit G, all of these materials consist of private correspondence between Plaintiff and friends and/or business associates. (Paul Decl. ¶ 3.) These communications primarily concern personal or business matters other than the CryptoZoo project or Defendants statements about same, which are the subject of this litigation. (*Id.*) All of the communications at issue were made with the understanding and reasonable expectation that they were private correspondence and would not become generally available to the public. (*Id.* ¶ 5.)

12. Plaintiff is submitting with this Motion an appendix listing and attaching the twenty-eight communications at issue.

**CONCLUSION**

Plaintiff requests that the Court grant this Motion and order that Plaintiff's confidentiality designations as to the materials at issue may be preserved as they are warranted under the plain language of Paragraph 3(a) of the Protective Order.

February 11, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the February 11, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s *Andrew C. Phillips*