# Exhibit B



**Andy Phillips**
andy.phillips@mwpp.com
847-951-7093

January 16, 2025

**Via Email**

Caroline Newman Small
Jason Davis
Davis Santos Law PC
csmall@dslawpc.com
jdavis@dslawpc.com

Re:  *Paul v. Findeisen & Coffee Break Productions, LLC,*
      *No. 5:24-cv-00717-OLG*

Dear Caroline and Jason:

I write in response to your January 9, 2025 letter.

First, I note that, as we discussed during our meet and confer call on December 18, 2024, and as I reiterated via email on December 10 and December 19, the substantial production that Plaintiff made on December 20, 2024 (over 1,700 documents totaling nearly 6,000 pages) was an initial production.  We continue to diligently review materials collected in response to Defendants' dozens of requests for production, and we anticipate making another substantial production by the end of this month, which we hope and expect will largely, if not fully, complete our production of materials that Plaintiff agreed to produce in response to Defendants' document requests.  Therefore, as to the portion of your letter claiming there are responsive materials that Plaintiff has yet to produce, we propose revisiting any such concerns—to the extent they persist— following our next production. As further discussed on our December 18 telephone call, Plaintiff has not withheld and does not intend to withhold materials on the basis of privileges other than attorney-client and work product.  Once we have completed our productions, we will provide a log of those materials as soon as possible.

As to the following specific issues raised regarding the documents Plaintiff has produced, we believe that the concerns you have expressed are unfounded.

*First*, your letter references the "ZooFounders Group Chat" text thread that Plaintiff produced and complains that a small portion of a text message on bates PAUL_CZ00004219 was cut off and illegible. This was simply a function of the collection process and not an intentional omission, but in any event, Plaintiff produced another version of the same document as PAUL_CZ00005454 (filename "ZooFounders Group Chat.mov"). The text in question is clearly viewable in that file. I expect that resolves any issue as to that particular text chain.

And *second*, your letter includes a list of documents in Plaintiff's initial production designated as "Confidential" pursuant to the Confidentiality and Protective Order [Dkt. 22] that the parties agreed to and that was entered by the Court. Your letter asserts that "it does not appear" that this designation is appropriate as to the documents listed but does not actually reference or discuss the scope of confidentiality protection provided by the Protective Order. In particular, I note that the Protective Order permits a party to designate as "Confidential" materials that include financial information, operational data, business plans, and correspondence with third parties "if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public." The documents listed in your letter appear to fit squarely within this scope. For example, PAUL_CZ00000036-40 consists of correspondence between Mr. Paul and Jeffrey Levin regarding, in part, communications with Mr. Findeisen. This was a private exchange and there is no indication that either of the participants had any expectation that it would become generally available to the public (and common sense suggests that they did not). The same is true of PAUL_CZ00000041-44, which is a text message exchange between Mr. Paul and Mike Majlak. Indeed, the majority of the documents listed in your letter consist of obviously private exchanges between Mr. Paul and friends and business associates. Absent any basis at all to suggest that the participants in these communications had an expectation or understanding that they would be made available to the general public, it is difficult to conceive of how you can take the position that these materials are not within the scope of materials for which the Protective Order permits confidentiality designations.

Finally, with regard to unproduced media files (e.g., audio, video, images, etc.) that appear to have been shared or referenced in produced Telegram threads, we are looking into this and will follow up on this point by early next week.

While I hope that your letter resolves your concerns, we of course are willing to discuss these issues further and to meet and confer by telephone if you would like.

Sincerely,

Andy Phillips

Cc: Jeffrey Neiman
    Jason Mays
    Shannon Timmann
    (Via Email)