# Exhibit E

**From:** Caroline Small csmall@dslawpc.com
**Subject:** RE: Logan Paul v. Stephen Findeisen and Coffee Break Productions, LLC
**Date:** February 5, 2025 at 10:43 AM
**To:** Andrew Phillips andy.phillips@mwpp.com, Shannon Timmann shannon.timmann@mwpp.com, Jeffrey Neiman jneiman@mnrlawfirm.com, Jason Mays jmays@mnrlawfirm.com, rcedillo@lawdcm.com
**Cc:** Jason Davis jdavis@dslawpc.com, Rachel Garza Rgarza@dslawpc.com, Erin Green egreen@dslawpc.com

Good morning, Andrew,

I think we may be approaching this from different angles. It seems like your view is that if a party designates material as confidential under the PO because they believe it is, for example, a trade secret, then the other party cannot challenge whether in fact it is a trade secret. We disagree.

In our view, and as the protective order states, it is a vehicle to permit the expedited flow of information and to put in place procedures for resolving disputes. Using my example above, one might designate a document confidential because it is a trade secret – which the PO allows – but the other party disagrees that it is in fact a trade secret. The PO would allow the document to be produced confidentially until the dispute over whether the document is a trade secret and entitled to protection is resolved.

The same is true here – the PO permits you to designate material you in good faith believe is entitled to protection, but ultimately the burden is on you to show entitled to protection under "applicable legal principles." We are not disputing your ability to designate documents under the PO, we are challenging whether the documents you have designated are entitled to such protection under the applicable law.

I hope this clarifies our position for you.

Regards,
Caroline

**From:** Andrew Phillips <andy.phillips@mwpp.com>
**Sent:** Tuesday, February 4, 2025 5:20 PM
**To:** Caroline Small <csmall@dslawpc.com>; Shannon Timmann <shannon.timmann@mwpp.com>; Jeffrey Neiman <jneiman@mnrlawfirm.com>; Jason Mays <jmays@mnrlawfirm.com>; rcedillo@lawdcm.com
**Cc:** Jason Davis <jdavis@dslawpc.com>; Rachel Garza <Rgarza@dslawpc.com>; Erin Green <egreen@dslawpc.com>
**Subject:** Re: Logan Paul v. Stephen Findeisen and Coffee Break Productions, LLC

*[This message came from the outside. Do not click links or open attachments unless you know the content is safe.]*

Hi Caroline,

The documents in question generally consist of private messages between Mr. Paul and personal friends/business associates.  As we've previously stated in a letter to which you did not respond, the Protective Order that Defendants agreed to, and the Court entered, expressly permits designation of such communications as "Confidential" if the communications were made with the understanding or reasonable expectation that they would not become available to the general public.  There is no basis to suggest that the communications for which you are challenging Confidentiality designations in the below

email and your January 28 letter were ever reasonably contemplated to be for public consumption.

During our last meet and confer call, you and Mr. Davis claimed that you don't think the plain language of the Protective Order means exactly what it says in that regard and said that you would send us some authority to support that position. You did not do so, but instead have now sent us two "notices" of your challenge to the designation of such materials.

I ask again, do you have some basis to contend that private messages not intended for public consumption are not properly designated as Confidential, despite the Protective Order saying exactly that? We do intend to file a motion with the Court on this issue if you insist on the improper challenge so I must request again that you provide some basis for requiring us to do so. Absent a satisfactory response, we expect that we will seek costs and fees for the time and expense required to ask the Court to confirm that the Protective Order says exactly what it says.

Andrew C. Phillips
Managing Partner
MEIER WATKINS PHILLIPS PUSCH LLP

919 18th St NW, Suite 650
Washington, DC 20006
Direct: 847.951.7093
www.mwpp.com




**From:** Caroline Small <csmall@dslawpc.com>

**From:** Caroline Small <csmall@dslawpc.com>
**Date:** Tuesday, February 4, 2025 at 5:43 PM
**To:** Andrew Phillips <andy.phillips@mwpp.com>, Shannon Timmann <shannon.timmann@mwpp.com>, Jeffrey Neiman <jneiman@mnrlawfirm.com>, Jason Mays <jmays@mnrlawfirm.com>, rcedillo@lawdcm.com <rcedillo@lawdcm.com>
**Cc:** Jason Davis <jdavis@dslawpc.com>, Rachel Garza <Rgarza@dslawpc.com>, Erin Green <egreen@dslawpc.com>
**Subject:** Logan Paul v. Stephen Findeisen and Coffee Break Productions, LLC

Counsel,

I write to address your designation of PAUL_CZ00006565-00009405 in your recent production as CONFIDENTIAL. These documents contain chat messages between Logan Paul and third parties and do not appear to constitute confidential or classified information as defined in the protective order.

If your position on these designations is the same as that set forth in your January 16, 2025 letter, then please consider this notice of our challenge to the designation under Section 11 of the protective order. If you have a different position, please let us know your earliest availability to confer on the same.

Regards,
Caroline

**DAVIS/SANTOS**
**Caroline Newman Small**
Partner

719 S. Flores Street
San Antonio, Texas 78204
dslawpc.com

P: (210) 853-5882
F: (210) 200-8395
C: (210) 827-3765

E: csmall@dslawpc.com

**CONFIDENTIALITY NOTICE:** This communication is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received it by mistake, please immediately notify the sender and delete it from your system.