# Exhibit F

## MWPP

MEIER
WATKINS
PHILLIPS
PUSCH

**Andy Phillips**
andy.phillips@mwpp.com
847-951-7093

February 7, 2025

**Via Email**

Caroline Newman Small
Jason Davis
Davis Santos Law PC
csmall@dslawpc.com
jdavis@dslawpc.com

   *Re:  Paul v. Findeisen & Coffee Break Productions, LLC,*
     *No. 5:24-cv-00717-OLG*

Dear Caroline and Jason:

  I write again regarding the issue of Plaintiff's confidentiality designations, first raised in your January 9 letter.

  Plaintiff continues to be of the view that all of the documents identified in your January 9 letter are properly designated as "Confidential" under the plain language of the Stipulated Protective Order [Dkt. 22], particularly Paragraph 3.a thereof, which permits a party to designate as Confidential correspondence between a party and non-parties if such communication was made with the understanding or reasonable expectation that the information would not become generally available to the public. While Defendants have made a general challenge to Plaintiff's designations pursuant to this language, they have not yet articulated any basis to suggest that this language does not mean what it says or that it does not apply to the communications Plaintiff designated pursuant to it.

  Nevertheless, Plaintiff is committed to attempting to resolve all discovery issues in good faith and to minimize the need for Court intervention where possible. The materials listed in your January 9 letter appear to us to generally fall into two broad buckets: (1) documents and communications where the sole focus is CryptoZoo or Mr. Findeisen's publications regarding same, which are the subjects of this litigation; and (2) private communications with friends or business associates that primarily concern other

personal or business matters, but that nevertheless contain some portion that was deemed responsive to one or more of your document requests.  As to the former category, while we continue to believe that such documents and communications are within the scope of materials that can be designated as Confidential under the Stipulated Protective Order, we are agreeing to de-designate those materials—which comprise most of the documents and communications identified in your letter—in the spirit of compromise and narrowing issues.  For avoidance of doubt, the discovery materials for which we are agreeing to withdraw existing confidentiality designations are:

- PAUL_CZ00000041-00000044
- PAUL_CZ00000091-00000100
- PAUL_CZ00000131-00000132
- PAUL_CZ00000190-00000205
- PAUL_CZ00000206
- PAUL_CZ00000207-00000220
- PAUL_CZ00000221-00000227
- PAUL_CZ00000228-00000241
- PAUL_CZ00000242-00000244
- PAUL_CZ00000245-00000246
- PAUL_CZ00000277-00000282
- PAUL_CZ00000303-00000304
- PAUL_CZ00000305-00000307
- PAUL_CZ00000308-00000326
- PAUL_CZ00000376-00000393
- PAUL_CZ00000394-00000425
- PAUL_CZ00000426-00000437
- PAUL_CZ00003395-00003396
- PAUL_CZ00003399
- PAUL_CZ00003403
- PAUL_CZ00003411-00003412
- PAUL_CZ00003477
- PAUL_CZ00003478-00003480
- PAUL_CZ00004105-00004124
- PAUL_CZ00004125-00004158
- PAUL_CZ00004159-4254
- PAUL_CZ00004257-00004261
- PAUL_CZ00004262-00004280
- PAUL_CZ00004313-00004610
- PAUL_CZ00004611-00005109

- PAUL_CZ00005020-00005200
- PAUL_CZ00005214-00005218
- PAUL_CZ00005256
- PAUL_CZ00005357-00005361
- PAUL_CZ00005556
- PAUL_CZ00005558-00005564
- PAUL_CZ00005565-00005622
- PAUL_CZ00005623-00005638
- PAUL_CZ00005743-00005744
- PAUL_CZ00005758-00005760
- PAUL_CZ00005937-00005938

As to the remaining communications identified in your January 9 letter, Plaintiff is maintaining his Confidentiality designation as such communications are plainly within the scope of Paragraph 3.a of the Protective Order.

To be clear, our withdrawal of confidentiality designations as to the above-listed materials is not contingent on agreement that the withdrawal of those designations will resolve any dispute as to the remaining materials identified in your January 9 letter for which we are not withdrawing our designation. Of course, if this good-faith de-designation does resolve the dispute, please let us know. If you need time to review what has and has not been de-designated in order to make that decision that would be fine from Plaintiff's perspective, and we would of course be open to an interim agreement postponing Plaintiff's deadline to file a motion pursuant to Paragraph 11.a of the Stipulated Protective Order (currently Tuesday, February 11).

Sincerely,

Andy Phillips

Cc: Jeffrey Neiman
    Jason Mays
    Shannon Timmann
    Ricardo Cedillo
    (Via Email)