IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **LOGAN PAUL,**<br><br>*Plaintiff,*<br><br>v.<br><br>**STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS, LLC d/b/a COFFEEZILLA,**<br><br>*Defendants.* | Civil Action No.: 5:24-cv-00717-OLG |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SURRESPONSE, OBJECTIONS TO EVIDENCE, AND MOTION TO STRIKE EVIDENCE**

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") submit this Motion for Leave to File Surresponse, Objections to Evidence, and Motion to Strike Evidence, and in support would respectfully show:

Logan Paul filed a motion to compel production of documents protected by Texas' broad statutory journalist's privilege and the First Amendment privilege against forced disclosure of journalists' confidential sources (ECF No. 26). Although Paul cannot overcome either privilege without making an evidentiary showing,[1] he attached *zero evidence* to his motion to compel.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 22.024 (allowing court to compel disclosure if the movant "makes a clear and specific showing" of certain facts); *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (requiring party seeking disclosure under First Amendment standard to come forward with "substantial evidence" of necessity).

1

For the first time on reply (ECF No. 35), Paul attached three exhibits purporting to support his motion. "[I]t is generally improper for a party to introduce new evidence at the reply stage of a motion proceeding because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence." *Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022); *see also* W.D. TEX. L. R. CV-7 (permitting a response, but not a reply, to include "supporting documents"). Each of Paul's exhibits is objectionable, and they together fall well short of the evidentiary standard Paul must meet to be entitled to pierce the journalist's and reporter's privileges.

Because Coffeezilla did not have an opportunity to review or address Paul's new exhibits in its response, good cause supports granting Coffeezilla leave to file its surresponse, objections, and motion to strike the new evidence which is attached hereto as **Exhibit A**.

## CERTIFICATE OF CONFERENCE

Undersigned counsel has conferred with counsel for Plaintiff regarding leave to file its surresponse, and Plaintiff indicated he is unopposed to Coffeezilla's motion for leave.

## PRAYER FOR RELIEF

For these reasons, Coffeezilla respectfully requests that the Court: (1) grant this motion for leave, (2) allow the attached Surresponse, Objections to Evidence, and Motion to Strike Evidence to be deemed filed on today's date, (3) sustain Coffeezilla's objections to Paul's belated evidence and strike that evidence from the record, and (4) deny Paul's motion to compel in its entirety. Coffeezilla requests all further relief at law or in equity to which it may be entitled.

Dated: February 13, 2025.

                        Respectfully submitted,

By:   /s/ Caroline Newman Small
**DAVIS & SANTOS, PLLC**
Jason M. Davis
Texas State Bar No. 00793592
Email: jdavis@dslawpc.com
Caroline Newman Small
Texas State Bar No. 24056037
Email: csmall@dslawpc.com
Rachel Garza
Texas State Bar No. 24125240
Email: rgarza@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

*Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC*

3

## **CERTIFICATE OF SERVICE**

I certify that on February 13, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

By: */s/ Caroline Newman Small*
Caroline Newman Small