IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **LOGAN PAUL,**<br><br>*Plaintiff,*<br><br>v.<br><br>**STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS, LLC d/b/a COFFEEZILLA,**<br><br>*Defendants.* | Civil Action No.: 5:24-cv-00717-OLG |

### DEFENDANTS' SURRESPONSE TO MOTION TO COMPEL, OBJECTIONS TO EVIDENCE, AND MOTION TO STRIKE EVIDENCE AND ARGUMENTS

TO THE HONORABLE COURT:

Subject to leave of the Court, Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") submit this Surresponse to Motion to Compel (ECF No. 26), Objections to Evidence, and Motion to Strike Evidence and Arguments, and in support would respectfully show:

### INTRODUCTION

As the party seeking documents, Logan Paul bears the burden to show those documents are within the scope of permissible discovery, which does not include privileged matters. *See* FED. R. CIV. P. 26(b).

Coffeezilla asserted the journalist's privilege under the Texas Free Flow of Information Act (the "Texas Act") and the reporter's privilege under the First Amendment. Paul's Reply argues "most (if not all)" of the documents he is seeking implicate the Texas Act standard, but he concedes the First Amendment privilege may apply as well. *See* ECF No. 35 at 3–4.

1

Because the privileges are similar and overlapping, Coffeezilla addressed both standards in its Response. ECF No. 32 ¶¶ 11–19.

Under the Texas Act, Paul must "make[ ] *a clear and specific showing*" of certain factors, including that "all reasonable efforts to obtain the information from alternative sources have been exhausted," and the information "is essential to the maintenance" of Paul's claims. TEX. CIV. PRAC. & REM. CODE § 22.024 (emphasis added). Under the First Amendment standard, Paul must establish similar factors by "*substantial evidence*." *In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) (emphasis added) (citing *Miller v. Transamerican Press*, 628 F.2d 932, 932 (5th Cir. 1980)).

Regardless of which privilege applies, Paul is required to make an evidentiary showing to overcome it. But Paul's Motion (ECF No. 26) did not attach or otherwise incorporate *any* evidence, much less clear and specific (or even substantial) evidence. Instead, Paul belatedly attached three exhibits to his Reply: (1) what appears to be a text message exchange between unidentified parties; (2) the declaration of Logan Paul, dated February 10, 2025; and (3) Exhibit A to Paul's declaration, which he claims is a group text conversation between himself and unidentified "numerous other individuals." *See* ECF No. 35-1, 35-2, 35-3. The Court should sustain the following objections to the exhibits and strike both the exhibits and Paul's belated reply arguments.

But even if the Court considers the late-filed evidence and improper arguments, Paul has fallen well short of meeting the standard required to overcome the applicable privileges. Paul is seeking his own communications with others involved in the CryptoZoo scam—documents he concedes are already in his possession. In his Motion, Paul argued Coffeezilla should turn over those same documents because they "conclusively show" Paul had no

2

intention of scamming his fans and therefore demonstrate Coffeezilla's "malice" in publishing his investigation of the scam. *See* ECF No. 26 at 2.

Since Paul purports to only want to know whether and when Coffeezilla obtained those purportedly exculpatory communications, Coffeezilla offered to answer that question in a manner that would not reveal Coffeezilla's confidential sources, *e.g.*, by answering questions about specific communications in interrogatories or a deposition. Of course, this option would require Paul to actually identify the communications he claims are so clearly exculpatory. Paul refused.

Now, for the first time in his Reply, Paul attaches and identifies the communications he claims "conclusively show" his innocence in the scam. But the only communications Paul identifies are text messages in which he appears delighted with the names and design of the animated animals used to market the scam to his fans, including children. Even if Paul's belated declaration and the communications attached to it demonstrated Paul's alleged good faith (they do not), they certainly are not clear and specific evidence of the factors relevant to piercing the privilege, such as exhaustion of alternatives to production. Paul's Motion, therefore, must be denied on the merits.

## MOTION TO STRIKE EVIDENCE AND ARGUMENTS

Arguments raised for the first time in a reply brief are generally waived. *Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022); *Dugger v. Stephen F. Austin Univ.*, 232 F. Supp. 3d 938, 957 (E.D. Tex. 2017) (compiling authorities). "Just as new arguments are inappropriate, it is generally improper for a party to introduce new evidence at the reply stage of a motion proceeding because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence." *Robles*, 619 F. Supp. 3d at 626; *see*

*also* W.D. TEX. L. R. CV-7 (permitting a response, but not a reply, to include "supporting documents").

Paul raises new arguments and attempts to introduce new evidence for the first time in his Reply. Paul's belated arguments and evidence are improper, and the Court should strike and decline to consider them.

## OBJECTIONS TO EVIDENCE

If the Court does not strike Paul's belated evidence outright, it should exclude the exhibits for the following evidentiary defects.

### A. Exhibit 1: Someone's text messages

Paul's Reply makes a single reference to Exhibit 1, which appears to be a text message conversation between two or more parties.[1] *See* ECF No. 35 at 4, 35-1. The Reply suggests the exhibit is a conversation between Stephen Findeisen and a CryptoZoo whistleblower. Notably, however, the Reply makes no attempt to authenticate or lay a foundation for the exhibit, which is also hearsay. *See* FED. R. EVID. 602, 801, 901.

The exhibit is also irrelevant to any matter of consequence. The Reply argues the exhibit somehow "puts the lie to the premise that underlies [Coffeezilla's] entire argument; namely that producing group communications in their possession cannot be done without revealing the identity of the individuals that provided them to [Coffeezilla]." ECF No. 35 at 4–5. According to Paul, the exhibit reveals Coffeezilla stating he knows how to make participants on a text thread "invisible" to protect them as whistleblowers. Even if that were true, Paul is demanding that Coffeezilla turn over all of Paul's communications in

---

[1] Paul cites "Exhibit 1 at MELLINA_00000731–32," but there is no "MELLINA" Bates-stamp or other pagination on the exhibit.

Coffeezilla's possession. He is *not* demanding that Coffeezilla modify or alter those communications by making certain participants "invisible" and then producing the doctored records.

For these reasons, Coffeezilla objects to Exhibit 1 in its entirety as unauthenticated/lacking foundation, hearsay, and irrelevant. *See* FED. R. EVID. 401, 402, 602, 801, 802, 901. Coffeezilla requests that the Court strike Exhibit 1 and decline to consider it.

**B.      Exhibits 2–3: Paul's February 10, 2025 declaration and Exhibit A thereto**

Paul's Reply makes only a single reference to Exhibit 2, which is Paul's declaration signed February 10, 2025—one week after Coffeezilla filed its Response. *See* ECF No. 35 at 6–7, 35-2.

The Supreme Court of Texas has held "[b]are, baseless opinions" are not "a sufficient substitute" for clear and specific evidence, which is the standard for piercing the privilege under the Texas Act. *In re Lipsky*, 460 S.W.3d 579, 592 (Tex. 2015). Paul's declaration is riddled with such conclusory statements:

1.   Paragraph 6 fails to identify any facts supporting Paul's bare, baseless conclusion that the people he hired to run CryptoZoo "did not have the project's best interests at heart[.]" It also fails to provide any foundation for Paul's speculative conclusions about other people's state of mind. FED. R. EVID. 602.

2.   Paragraph 8 fails to identify any facts supporting Paul's bare, baseless conclusion that his supporters who lost millions of dollars on the scam "were as frustrated as [Paul] was" or that the purported "buyback program was an enormous success[.]" It also fails to provide any foundation for Paul's speculative conclusions about other people's state of mind. FED. R. EVID. 602.

3.   Paragraph 9 fails to identify any facts supporting Paul's bare, baseless conclusion that Findeisen "has no formal education or training in journalism."

4.   Paragraph 11 fails to identify any facts supporting Paul's bare, baseless conclusion that Coffeezilla's "accusation that I orchestrated CryptoZoo as a scam is not only false but directly contradicted by the available evidence, including communications Mr. Findeisen himself possessed and not only recklessly

5

disregarded, but hid from his audience." This statement also constitutes an improper opinion with no foundation that it is based on Paul's own perceptions as opposed to his personal opinion. FED. R. EVID. 701.

5. Paragraph 12 fails to identify any facts supporting Paul's bare, baseless conclusion that "Mr. Findeisen's motivation for targeting me, a well-known celebrity, with these false accusations is self-evident." It also fails to provide any foundation for Paul's speculative conclusions about other people's state of mind. FED. R. EVID. 602.

6. Paragraph 13 fails to identify any facts supporting Paul's bare, baseless conclusion that Coffeezilla had "knowledge that [Paul] did not profit from the project in any way, that I instead lost large sums I invested in the project, and that I then committed my personal funds to buy back and make whole those who bought CryptoZoo NFTs hoping to participate in the game." It also fails to provide any foundation for Paul's speculative conclusions about other people's state of mind. FED. R. EVID. 602.

7. Paragraph 14 is both vague and conclusory in its bare, baseless conclusion that Coffeezilla "knew even more than that." It also fails to provide any foundation for Paul's speculative conclusions about other people's state of mind. FED. R. EVID. 602.

8. Paragraph 15 fails to identify any facts supporting Paul's bare, baseless conclusion that Exhibit A to his declaration "unequivocally demonstrates that my efforts with respect to CryptoZoo were taken entirely in good faith, that I never set out to scam anyone, and that I was trying my best to realize my dream of making a fun and novel blockchain game."

9. Paragraph 17 fails to identify any facts supporting Paul's bare, baseless conclusions that "[n]o reasonable reader . . . could review these communications . . . and reach the factual conclusion that I was trying to scam anyone" and Coffeezilla "selectively published only misleading portions of the communications in his possession, while intentionally omitting others, in order to convey this false impression to his audience." It also fails to provide any foundation for Paul's speculative conclusions about other people's state of mind. FED. R. EVID. 602.

10. Paragraph 13 fails to identify any facts supporting Paul's bare, baseless conclusions that he believes Coffeezilla "had other[ ]" purportedly exculpatory communications and "I am certain all such communications would reflect my good faith and honest intentions with respect to the CryptoZoo project."

Attached to Paul's declaration as Exhibit A (Exhibit 3 to the Reply) is a 600-page text message thread purportedly between Paul and multiple, unidentified others. But Paul makes

6

no effort to authenticate or lay a foundation for Exhibit 3, nor does he claim it is a true, correct, or even complete copy of the purported conversation. Further, the statements of any participants in the text message thread other than Paul are hearsay. *See* FED. R. EVID. 602, 801, 901.

For these reasons, Coffeezilla objects to Exhibits 2 and 3 to the extent they are unauthenticated/lacking foundation, improper opinions, conclusory, and/or hearsay. *See* FED. R. EVID. 401, 402, 602, 701, 801, 802, 901; *see also Lipsky*, 460 S.W.3d at 592. Coffeezilla requests that the Court strike and decline to consider the inadmissible portions of Exhibit 2 and strike Exhibit 3 in its entirety.

## SURRESPONSE

In his motion to compel, Paul claimed his communications with "others involved in the CryptoZoo project *conclusively show* the venture was legitimate and not conceived of as a scam, and that Paul in particular acted in good faith[.]" ECF No. 26 at 2 (emphasis added). Although it is Paul's burden to overcome the journalist's privilege with "clear and specific" evidence (or "substantial evidence" under the federal standard), he failed to attach *any* evidence to his motion to compel.

Now, Paul argues the declaration attached to his Reply "puts the lie" to Coffeezilla's claim that CryptoZoo was a scam orchestrated and relentlessly marketed by Paul to his own young fans. ECF No. 35 at 6. Paul's declaration claims in wholly conclusory fashion that the attached text message thread (Exhibit 3) "unequivocally demonstrates that my efforts with respect to CryptoZoo were taken entirely in good faith, that I never set out to scam anyone, and that I was trying my best to realize my dream of making a fun and novel blockchain game." ECF No. 35-2 ¶ 15.

The Court has no obligation to sift through a voluminous record in search of evidence corroborating a party's general assertions, *see Martinez v. Superior HealthPlan, Inc.*, 371 F. Supp. 3d 370, 378–79 (W.D. Tex. 2019), and Paul identifies only "a small sampling" of the six hundred pages of text messages he claims provide "unequivocal" proof of his good faith. Specifically, Paul's declaration identifies texts in which he claims he "went through and named the animals" and thinks "the hatching animations should definitely have the sound with it" in the crypto-scam game that never materialized:





ECF No. 35-2 ¶ 16.

Paul also cites texts in which he stated he wants to hire "shooters who can crush this shit" and wants to ensure the game is "FLAWLESSSSSS":



*Id.*

According to Paul, "[n]o reasonable reader . . . could review these communications . . . and reach the factual conclusion that I was trying to scam anyone." ECF No. 35-2 ¶ 17. To the contrary, Paul's apparent excitement about naming animals and giving them hatching sounds is hardly "unequivocal proof"—much less "clear and specific" proof—that he did not orchestrate a scam defrauding his fans of millions of dollars. If anything, it demonstrates his intent to dress up the scam as a fun game that could be marketed to vulnerable people, including children.

It is also notable that Paul's declaration does not directly and unequivocally deny the allegation that he knowingly co-created and promoted a crypto-scam. Instead, for instance, Paul states *his text messages* "unequivocally demonstrate[ ]" he acted in good faith. *Id.* ¶ 15. Paul also states he "truly believed in *the project*" but does not state he truly believed the CryptoZoo project was above-board based on specific facts in his personal knowledge. *Id.* ¶ 7

9

(emphasis added). Paul's inability or unwillingness to directly deny under oath that he participated in a scam is telling.

But even taking these perhaps intentionally ambiguous statements as some evidence that Paul acted in good faith, they have no bearing on the elements Paul must establish to overcome the journalist's privilege. For example, Paul does not provide "clear and specific" evidence that he has exhausted—or even attempted to make—reasonable efforts to obtain the information he claims he needs through methods that will not reveal Coffeezilla's confidential sources. *See* TEX. CIV. PRAC. & REM. CODE § 22.024(1). Paul already has all the communications he is seeking and could ask Coffeezilla under oath whether and when Coffeezilla obtained specific communications Paul claims are exculpatory. Paul refuses to do so.

Paul also does not provide "clear and specific" evidence that his request for all his own communications is "not overbroad, unreasonable, or oppressive." *See* TEX. CIV. PRAC. & REM. CODE § 22.024(2). If, as Paul's Reply and declaration suggest, the only "unequivocal" proof of his good faith can be found somewhere in the 600-page text thread attached to his Reply, his demand that Coffeezilla produce *all* Paul's communications is plainly overbroad.

Apparently recognizing his motion fell well short of what is required to meet either the Texas or federal standards, Paul attempted to fix his error by attaching a slapdash declaration and an enormous stack of text messages to his Reply. These are the very communications Paul insisted Coffeezilla must turn over because they "*conclusively show*" Coffeezilla knew Paul was innocent in the CryptoZoo scam. Turns out, the emperor has no clothes.

Even if Paul's belated exhibits were admissible evidence or met the "clear and specific showing" standard he concedes is applicable here, they simply do not support his claim that

10

production of all his communications by Coffeezilla is actually necessary for Paul to prove his case. The Court must deny Paul's Motion.

## PRAYER FOR RELIEF

For these reasons, Coffeezilla respectfully requests that the Court: (1) grant Coffeezilla's motion to strike or, alternatively, sustain his objections to Paul's belated arguments and evidence and strike them from the record, (2) deny Paul's motion to compel in its entirety, and (3) grant Coffeezilla all further relief at law or in equity to which it may be entitled.

Dated: February 13, 2025.

Respectfully submitted,

By: /s/ Caroline Newman Small
**DAVIS & SANTOS, PLLC**
Jason M. Davis
Texas State Bar No. 00793592
Email: jdavis@dslawpc.com
Caroline Newman Small
Texas State Bar No. 24056037
Email: csmall@dslawpc.com
Rachel Garza
Texas State Bar No. 24125240
Email: rgarza@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

*Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC*

## CERTIFICATE OF SERVICE

I certify that on February 13, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

By: */s/Caroline Newman Small*
Caroline Newman Small