UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 5:24-CV-00717 |
| § | |
| STEPHEN FINDEISEN and COFFEE § | |
| BREAK PRODUCTIONS, LLC, § | |
| § | |
| *Defendants.* § | |
| § | |

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE COURT:

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants Stephen Findeisen and Coffee Break Productions, LLC bring this Motion for Judgment on the Pleadings and in support respectfully show:

### INTRODUCTION

Logan Paul is an internet celebrity who co-founded and relentlessly marketed an online cryptocurrency game called "CryptoZoo" to his millions of online fans, including children. *See* ECF No. 1 ¶ 1, 3. After raising millions of dollars selling NFTs and crypto coins in connection with CryptoZoo, Paul and his co-conspirators abandoned the project, and the game never materialized. *See id.* ¶¶ 3, 5. Fans of Paul who poured their life's savings into the project lost everything.

Stephen Findeisen (known professionally as "Coffeezilla," along with his company Coffee Break Productions, LLC) is an online journalist who investigates "scams, fraudsters and fake gurus that are preying on desperate people with deceptive advertising." *See id.* ¶ 1.

Coffeezilla publishes the results of his investigations on his popular YouTube channel. *See id.* ¶ 2.

In December 2022, Coffeezilla published a three-part YouTube series exposing the CryptoZoo scam and Paul's leading role in it. *See id.* ¶¶ 2, 7, 70. In response, Paul publicly thanked Coffeezilla for his investigative work, apologized for his role in the scam, and promised to partially refund victims—*if* they agreed not to sue him. *See id.* ¶¶ 10, 28, 143. Coffeezilla later posted follow-up videos reporting on the status of Paul's promise. *See id.* ¶¶ 12, 142.

Paul then filed this lawsuit against Coffeezilla, devoting the bulk of his Complaint to describing the December 2022 YouTube series and the purportedly detrimental impact it had on Paul's reputation. *See id.* ¶¶ 70–97. But because the statute of limitations barred suit for statements pre-dating June 2023, Paul instead alleged libel per se based on three statements Coffeezilla made after the December 2022 YouTube series was published and the CryptoZoo scam came to light. *See id.* ¶¶ 163–195.

None of those purportedly defamatory statements, however, are actionable libel. Paul specifically complains that Coffeezilla accused him of participating in a "scam" and described him as a "serial scammer" and a "con." *See id.* It is well-settled in Texas and this circuit that statements like these are statements of opinion and/or rhetorical hyperbole—neither of which can be defamatory as a matter of law. Indeed, even more extreme accusations such as calling someone a "murderer," a "crook," a "liar," a "fraud," and even a "sex predator" have all been held to be non-libelous statements. Accordingly, because Paul has not pleaded libel claims that are plausible on their face, the Court must dismiss Paul's Complaint with prejudice.

BACKGROUND

Although Coffeezilla disputes many of the factual allegations in Paul's Complaint, those allegations must be accepted as true for purposes of this Rule 12(c) motion for judgment on the pleadings. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (requiring a court reviewing a Rule 12 motion to dismiss to accept the plaintiff's well-pleaded allegations as true).

Relevant here, the Complaint charges Coffeezilla with making three purportedly libelous statements (the "Statements").

Statement No. 1: Coffeezilla posted the first Statement to the social media website X (formerly Twitter) on June 29, 2023:



ECF No. 1 ¶ 130. According to Paul, the X post "was intended to convey, and was understood by readers of ordinarily intelligence as conveying, the factual accusation that Paul created CryptoZoo to engage in a financial scam, *i.e.*, fraudulent financial conduct." *Id.* ¶ 168. Paul claims the post is libelous per se because it affects him in his profession or occupation and accuses him of illegal conduct. *Id.* ¶ 170.

Statement No. 2: The second Statement is a video posted by Coffeezilla on his YouTube channel on June 30, 2023. *Id.* ¶ 135. The video, titled "Logan Paul's Scam Isn't Over," refers to CryptoZoo as "a scam created by Logan Paul" and referred to "his [Paul's] victims." *Id.* ¶ 176. Like the X post, Paul alleges the video "was intended to convey, and was understood by viewers of ordinarily intelligence as conveying, the factual accusation that Paul created CryptoZoo to engage in a financial scam, *i.e.*, fraudulent financial conduct." *Id.* ¶ 179.

Statement No. 3: The third Statement is another YouTube video posted to Coffeezilla's channel on January 5, 2024, entitled "Logan Paul's Refund." *Id.* ¶ 142. Paul claims the video accuses him of orchestrating a "massive con," refers to Paul as a "serial scammer," and refers to Paul's fans who invested in the game as "people he [Paul] scammed." *Id.* ¶ 187. Paul also claims this video is libelous per se and reasonably conveys that Paul engaged in a financial scam. *Id.* ¶ 190.

Paul's Complaint contains hyperlinks to both YouTube videos, which are still publicly available online. *Id.* ¶¶ 177, 188. The following explicit disclaimer is posted beneath both videos:

> *This video is an opinion and in no way should be construed as statements of fact.* Scams, bad business opportunities, and fake gurus are subjective terms that mean different things to different people.

*See id.* (emphasis added).[1]

## ARGUMENT AND AUTHORITIES

### I. Standard for judgment on the pleadings

The same standard applicable to a Rule 12(b)(6) motion applies to a motion for judgment on the pleadings under Rule 12(c). *Doe*, 528 F.3d at 418. Under this standard, courts consider whether the complaint states a valid claim for relief. *Id.* Even accepting the factual allegations in the complaint as true, judgment on the pleadings is required if those allegations do not state a claim to relief that is plausible on its face. *Id.*

A motion for judgment on the pleadings may be based on an affirmative defense, such as limitations, if it is apparent from the face of the complaint that the claim is time-barred. *See Pedersen v. Kinder Morgan, Inc.*, 622 F. Supp. 3d 520, 536 (S.D. Tex. 2022) (citing *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 196 (5th Cir. 2021)); *see also Cantu v. Bexar Cnty.*, No. SA17CV306XRHJB, 2018 WL 3301710, at *2–5 (W.D. Tex. Feb. 21, 2018) (Bemporad, M.J.) (recommending dismissal under Rule 12(c) because the plaintiff's complaint as time-barred), *report and recommendation adopted*, No. SA-17-CA-306-XR, 2018 WL 1419345 (W.D. Tex. Mar. 22, 2018).

### II. Standard for pleading a libel claim under Texas law

Texas recognizes the tort of defamation, which may occur through slander or libel. *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623 (Tex. 2018). At issue in this case is

---

[1] When considering a Rule 12 motion to dismiss, the Court may consider the complaint, any documents attached to the complaint, and anything referenced by the complaint that is central to the plaintiff's claims. *See Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

libel, which is a defamatory statement expressed in written or other graphic form. *Id.* at 624. (citing TEX. CIV. PRAC. & REM. CODE § 73.001).

The essential elements of a libel claim are the publication of a false statement of fact that is defamatory concerning the plaintiff. *Id.* at 623. Defamation may be per quod or, as alleged here, per se. *Id.* at 624. "Defamation per se occurs when a statement is so obviously detrimental to one's good name that a jury may presume general damages, such as for loss of reputation or for mental anguish." *Id.*

### III. Any claims based on the 2022 YouTube series are time-barred.

The statute of limitations for a defamation claim in Texas is one year from the date the defamatory matter was published. TEX. CIV. PRAC. & REM. CODE § 16.002(a). Publication on the Internet occurs on the date the information is originally made publicly available. *Glassdoor, Inc. v. Andra Grp.*, 575 S.W.3d 523, 528–29 (Tex. 2019); *see also Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141–146 (5th Cir. 2007) (making a correct *Erie*-guess, prior to *Glassdoor*, that "the Texas Supreme Court would likely adopt the single publication rule for Internet publications."). A publication's continued availability online after its initial publication does not reset the limitations accrual date. *Glassdoor*, 575 S.W.3d at 529.

Paul filed his Complaint on June 27, 2024. ECF No. 1. Any alleged defamatory statements published before June 27, 2023, therefore, are time-barred as a matter of law. *See* TEX. CIV. PRAC. & REM. CODE § 16.002(a); *Glassdoor*, 575 S.W.3d at 528–29.

Paul devotes most of the first 127 paragraphs of his Complaint to statements predating June 27, 2023. ECF No. 1 ¶¶ 1–11, 58–127. For instance, Paul's Complaint is particularly focused on a three-part YouTube series from December 2022, in which Coffeezilla discussed his investigation of the CryptoZoo scam and Paul's starring role in it. *Id.* ¶¶ 70–97. It is

apparent the December 2022 YouTube series is the primary basis for Paul's claims, despite his attempt to artfully plead around limitations.

To the extent Paul bases his claims on the December 2022 YouTube series, or any other purported statements published before June 27, 2023, they are barred by limitations and must be dismissed. *Cantu*, 2018 WL 3301710, at *2–5. As discussed below, Paul's remaining claims are based on statements that are not libelous.

IV. **The Statements are not actionable as a matter of law.**

Because he is time-barred from complaining about any prior statements, Paul is limited to challenging the three Statements published on or after June 29, 2023 identified in his Complaint. None of the Statements are actionable libel.

The threshold inquiry in a libel case is whether the words used "'are reasonably capable of a defamatory meaning.'" *Tatum*, 554 S.W.3d at 624 (quoting *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 655 (Tex. 1987)). This inquiry is objective. *Id.* In other words, "the question is not whether some actual readers [or viewers] were misled, as they inevitably will be, but whether the hypothetical reader [or viewer] could be." *New Times, Inc. v. Issacks*, 146 S.W.3d 144, 157 (Tex. 2004).

If a statement is reasonably capable of giving rise to the meaning ascribed to it by the plaintiff, then the question becomes whether the statement is reasonably capable of defaming him. *Tatum*, 554 S.W.3d at 625. A court considering a Rule 12 motion to dismiss may determine whether an unambiguous statement is capable of defamation as a matter of law. *See, e.g., Parker v. Spotify USA, Inc.*, 569 F. Supp. 3d 519, 528–29 (W.D. Tex. 2021).

Here, assuming solely for the sake of argument that the Statements are reasonably capable of giving rise to the meaning Paul ascribes to them, the Statements nevertheless are not reasonably capable of defaming him.

### A. Statements of opinion and rhetorical hyperbole are not defamatory.

Opinions and statements that cannot be proven true or false cannot be defamatory. *Tatum*, 554 S.W.3d at 624, 639. Even a statement that is verifiably false is not defamatory if the "'entire context in which it was made'" demonstrates it is "merely an opinion masquerading as a fact." *Id.* at 624 (quoting *Bentley v. Bunton*, 94 S.W.3d 561, 581 (Tex. 2002)).

For example, accusing someone of being "hard to reach" is a statement of opinion. *Garcia v. Delta Cos.*, No. 3:20-CV-3194-X-BH, 2023 WL 2597896, at *1 (N.D. Tex. Mar. 22, 2023). The opinion stems from use of the adjective "hard," which is a matter of subjective opinion. *Id.* ("What constitutes 'hard to reach'? Missing three phone calls? Missing four? Five?"). Even though the speaker did not say "I think" or "In my opinion" the plaintiff is "hard to reach," the district court held the statement, viewed in the context of a communication between a recruiter and a client employer, was merely opinion masquerading as fact. *Id.*

"Rhetorical hyperbole" is also not objectively verifiable and therefore not actionable as defamation. *Am. Broad. Cos., Inc. v. Gill*, 6 S.W.3d 19, 29 (Tex. App.—San Antonio 1999, pet. denied). Rhetorical hyperbole is "extravagant exaggeration" used for rhetorical effect or "vigorous epithets." *Greenbelt Coop. Pub. Ass'n v. Bresler*, 398 U.S. 6, 14 (1970); *Gill*, 6 S.W.3d at 30. A statement of rhetorical hyperbole is the type of statement an ordinary observer would view as an overstatement or mere rhetorical flourish not meant to be taken literally. *Dickson*

*v. Lilith Fund for Reproductive Equity*, 647 S.W.3d 410, 414 (Tex. App.—Amarillo 2021), *aff'd sub nom. Lilith Fund for Reproductive Equity v. Dickson*, 662 S.W.3d 355 (Tex. 2023).

For example, a Texas court of appeals explained that pro-life advocates referring to abortion providers as "murderers" is opinion or rhetorical hyperbole even though "many uttering these words believe in their accuracy, advocate for others to believe it, and have the ability to rationally explain the basis of their belief." *Id.* at 416. What makes such statements non-actionable is the fact that, given their context, no reasonable person would understand them to be stating actual fact. *Id.*

Whether a statement is opinion, rhetorical hyperbole, or a verifiable statement of fact is a question of law. *Id.* at 414.

B.   **The Statements are not capable of defaming Paul.**

Here, the first two Statements accuse Paul of engaging in a "scam," and the third accuses Paul of orchestrating a "massive con" and being a "serial scammer." ECF No. 1 ¶¶ 165, 176, 187. Paul alleges the Statements are per se defamatory because (he claims) they accuse him of engaging in "fraudulent financial conduct" and/or illegal conduct.[2] *Id.* ¶¶ 168–170, 179, 190. Each of the Statements, however, are unambiguously statements of opinion and/or rhetorical hyperbole—not statements of verifiable fact.

Courts have observed the term "scam" does not have a precise meaning and can mean different things to different people. *E.g., McCabe v. Rattiner*, 814 F.2d 839, 842 (1st Cir. 1987). Because "some connotations of the word may encompass criminal behavior, [and] others do not," the word's "lack of precision makes the assertion 'X is a scam' incapable of bring proven

---

[2] Notably, Paul expressly alleges only the first Statement (the June 29, 2023 X post) accuses him of engaging in actually "illegal" conduct. *Id.* ¶ 170.

true or false." *Id.*[3] In other words, calling something a "scam" is a statement of opinion or rhetorical hyperbole.

Similarly, the words "sleazy," "crook," and "rip-off" are mere name-calling and therefore non-defamatory. *Catalfo v. Jensen*, 657 F. Supp. 463, 468 (D.N.H. 1987) (holding the word "sleazy," even assuming it generally means "marked by low ethical standards," does not have a precise meaning capable of verification); *Church of Scientology of Cal. v. Cazares*, 638 F.2d 1272, 1288–89 (5th Cir. 1981) (holding reference to church as a "rip-off, money motivated operation" was not statement of verifiable fact); *Moore v. Waldrop*, 166 S.W.3d 380, 386–87 (Tex. App.—Waco 2005, no pet.) (holding use of the word "crook" is "mere 'name calling'" and "general disparagement" but not defamation); *see also Whitelock v. Stewart*, 661 S.W.3d 583, 599 (Tex. App.—El Paso 2023, pet. denied) (holdings statements assailing the plaintiffs as "total idiots" and "nothing but liars and a bunch of frauds" were mere statements of opinion).

Even statements referring to a plaintiff as a "sex predator" or variations thereof have been held to be nonactionable statements of opinion. *E.g., Mogged v. Lindamood*, No. 02-18-00126-CV, 2020 WL 7074390, at *16 (Tex. App.—Fort Worth Dec. 3, 2020, pet. denied) (compiling authorities). As one Texas court of appeals reasoned, unlike "convicted felon,"

---

[3] *See also Safex Found., Inc. v. Safeth, Ltd.*, 531 F. Supp. 3d 285, 312 (D.D.C. Mar. 26, 2021) ("[D]efendants' warnings that Safex … [is] a scam are the kind of 'interpretation' of 'ambiguous materials' for which the First Amendment dictates 'latitude.'"); *Wexler v. Dorsey & Whitney, LLP*, No. 18-CV-3066-SJB, 2019 WL 5485265, at *7 (E.D.N.Y. Oct. 25, 2019) (holding use of the term "scam" is "incapable of being the basis of a defamation claim"); *RainSoft v. MacFarland*, 350 F. Supp. 3d 49, 58 (D.R.I. Sept. 30, 2018) (recognizing "scam" has many meanings); *Yeager v. Nat'l Pub. Radio*, No. 18-4019-SAC-GEB, 2018 WL 5884596, at *4 (D. Kan. July 31, 2018) (collecting cases and concluding "[v]ague language that is subject to multiple interpretations is generally not actionable").

which has an objective verifiable meaning, "sex predator" is merely "loose, figurative or hyperbolic language that is immunized from defamation claims." *Id.*

Here, too, Coffeezilla's use of the terms "scam" and "con" to refer to Paul does not accuse him of having committed a specific crime. *See Moore*, 166 S.W.3d at 386–87 (holding terms not imputing a specific crime are not slander per se). Like "sex predator" or "crook," the terms "serial scammer" and "con" are hyperbolic, generalized terms that can mean different things to different people. *See Mogged*, 2020 WL 7074390, at *16; *Moore*, 166 S.W.3d at 386–87. Further, Coffeezilla's statement that Paul is a particular "type of dude" in his June 29, 2023 X post is an assessment of Paul's character—a matter of opinion. *See Whitelock*, 661 S.W.3d at 599 (holding assessments of a plaintiff's character are not objectively verifiable).

The context surrounding the Statements further demonstrates they are merely Coffeezilla's opinions. *See Dickson*, 647 S.W.3d at 414 ("We reemphasize that the obligatory viewpoint is that of the ordinary prudent person considering the *entire context* of the words." (emphasis added)). Each of the two allegedly defamatory YouTube videos contains the following explicit disclaimer:

> This video is an opinion and in no way should be construed as statements of fact. Scams, bad business opportunities, and fake gurus are subjective terms that mean different things to different people.

*See* ECF No. 1 ¶¶ 177, 188 (emphasis added). Because Coffeezilla expressly cautions his viewers that the statements in his YouTube videos are merely his opinions, no objective viewer could reasonably construe them as defamatory statements of verifiable fact. *See Tatum*, 554 S.W.3d at 624 (explaining whether words are reasonably capable of defaming the plaintiff is an objective inquiry) (citing *Issacks*, 146 S.W.3d at 157).

**C.    The Court must dismiss the Complaint with prejudice.**

Because the face of Paul's Complaint does not allege Coffeezilla made any statements of fact that are actionable libel, the Court must grant Coffeezilla judgment on the pleadings. *See* FED. R. CIV. P. 12(c). Where a defamation claim is insufficiently pleaded and there is no basis to believe amendment would be anything but futile, the Court must dismiss the claim with prejudice and without allowing amendment. *See Burke v. Ocwen Loan Servicing, LLC*, 855 Fed. App'x 180, 187 (5th Cir. 2021); *Immanuel v. CNN, Inc.*, 618 F. Supp.3d 557, 567 (S.D. Tex. 2022).

## REQUESTED RELIEF

For these reasons, Coffeezilla respectfully requests that the Court grant this motion, dismiss all of Paul's claims with prejudice and without allowing leave to amend, and award Defendants all other relief at law or in equity to which they are entitled.

Dated: February 17, 2025

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ Carolin Newman Small*
Jason M. Davis
Texas State Bar No. 00793592
E-mail: *jdavis@dslawpc.com*
Caroline Newman Small
Texas State Bar No. 24056037
E-mail: *csmall@dslawpc.com*
Rachel Garza
Texas State Bar No. 24125240
E-mail: *rgarza@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC***

**CERTIFICATE OF SERVICE**

      I certify that on February 17, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

                                                      */s/ Caroline Newman Small*
                                                      Caroline Newman Small