IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>　　　　　　　*Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>　　　　　　　*Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S SECOND MOTION TO PRESERVE CONFIDENTIALITY DESIGNATIONS**

Pursuant to Paragraph 11(a) of the November 15, 2024 Confidentiality and Protective Order ("Protective Order" or "PO") [Dkt. 22] entered in the above-referenced action, Plaintiff Logan Paul moves this Court for an order preserving his designation of certain discovery materials as "Confidential":

1. On November 14, 2024, the Parties filed a Joint Motion for Entry of Protective Order [Dkt. 21]. As that Joint Motion reflects, the parties agreed to, and jointly asked the Court to enter, the proposed protective order attached to that Joint Motion.

2. On November 15, 2024, the Court entered the Protective Order as requested by the Parties.

3. The Protective Order permits the Parties to designate certain materials exchanged in discovery as "Confidential." (PO ¶ 1.) One category of materials that "may be designated" as confidential is "[c]orrespondence and other communications between the parties or with nonparties … if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public." (PO ¶ 3(a).)

1

4. Pursuant to the Protective Order, Plaintiff has designated as "Confidential" certain correspondence between Plaintiff and non-parties regarding personal and/or business matters, where such communications were made with the understanding and reasonable expectation that they would not become available to the general public.

5. On February 11, 2025, Plaintiff filed his first Motion to Preserve Confidentiality Designations (Dkt. 36) ("First Motion"). As set forth therein, Plaintiff filed his First Motion after Defendants challenged Plaintiff's designation of sixty-nine documents produced in discovery as Confidential under the Protective Order. (1st Mot. ¶ 5.) In response and in a good faith effort to minimize disputes before the Court, Plaintiff agreed to withdraw his designations as to most of those materials. (*Id.* ¶ 9.) Plaintiff did, however, seek to preserve his Confidential designations as to a limited subset of materials consisting of private correspondence between Plaintiff and friends and/or business associates, which primarily concern personal or business matters other than the CryptoZoo project or Defendants' statements about same, which are the subject of this litigation. (*Id.* ¶ 11.)

6. On February 4, 2025, Defendants' counsel informed Plaintiff's counsel that Defendants were further challenging the designation of 189 documents from a supplemental Plaintiff's production as Confidential, necessitating this Second Motion. Consistent with the approach in his First Motion, Plaintiff is seeking approval to preserve his designations as to only 97 of the disputed documents, which again consist of private correspondence between Plaintiff and friends and/or business associates, which primarily concern personal or business matters other than the CryptoZoo project or Defendants' statements about same.

7. Accordingly, pursuant to Paragraph 11(a) of the Protective Order, Plaintiff requests an order confirming and preserving Plaintiff's confidentiality designations as to the

communications produced in discovery with the bates numbers PAUL_CZ00006566, PAUL_CZ00006575, PAUL_CZ00006599, PAUL_CZ00006635, PAUL_CZ00006680, PAUL_CZ00006706, PAUL_CZ00006730, PAUL_CZ00006758, PAUL_CZ00006762, PAUL_CZ00006790, PAUL_CZ00006794, PAUL_CZ00006814, PAUL_CZ00006825, PAUL_CZ00006855, PAUL_CZ00006943, PAUL_CZ00006955, PAUL_CZ00006961, PAUL_CZ00006998, PAUL_CZ00007065, PAUL_CZ00007078, PAUL_CZ00007103, PAUL_CZ00007124, PAUL_CZ00007142, PAUL_CZ00007174, PAUL_CZ00007179, PAUL_CZ00007271, PAUL_CZ00007320, PAUL_CZ00007329, PAUL_CZ00007381, PAUL_CZ00007389, PAUL_CZ00007417, PAUL_CZ00007432, PAUL_CZ00007474, PAUL_CZ00007484, PAUL_CZ00007530, PAUL_CZ00007538, PAUL_CZ00007567, PAUL_CZ00007594, PAUL_CZ00007613, PAUL_CZ00007615, PAUL_CZ00007621, PAUL_CZ00007633, PAUL_CZ00007666, PAUL_CZ00007684, PAUL_CZ00007695, PAUL_CZ00007699, PAUL_CZ00007723, PAUL_CZ00007774, PAUL_CZ00007783, PAUL_CZ00007815, PAUL_CZ00007891, PAUL_CZ00007908, PAUL_CZ00007959, PAUL_CZ00007965, PAUL_CZ00008044, PAUL_CZ00008063, PAUL_CZ00008083, PAUL_CZ00008107, PAUL_CZ00008164, PAUL_CZ00008183, PAUL_CZ00008233, PAUL_CZ00008274, PAUL_CZ00008279, PAUL_CZ00008330, PAUL_CZ00008347, PAUL_CZ00008426, PAUL_CZ00008558, PAUL_CZ00008575, PAUL_CZ00008580, PAUL_CZ00008595, PAUL_CZ00008623, PAUL_CZ00008672, PAUL_CZ00008676, PAUL_CZ00008694, PAUL_CZ00008725, PAUL_CZ00008826, PAUL_CZ00008844, PAUL_CZ00008890, PAUL_CZ00008898, PAUL_CZ00008922, PAUL_CZ00008957, PAUL_CZ00008961, PAUL_CZ00008971, PAUL_CZ00008995, PAUL_CZ00009046, PAUL_CZ00009075, PAUL_CZ00009107, PAUL_CZ00009147, PAUL_CZ00009157,

PAUL_CZ00009162, PAUL_CZ00009180, PAUL_CZ00009219, PAUL_CZ00009253, PAUL_CZ00009262, PAUL_CZ00009272, PAUL_CZ00009333, PAUL_CZ00009362.

8. As set forth in the Declaration of Plaintiff Logan Paul attached hereto as Exhibit A, all of these materials consist of private correspondence between Plaintiff and friends and/or business associates. (Paul Decl. ¶ 3.) These communications primarily concern personal or business matters other than the CryptoZoo project or Defendants statements about same, which are the subject of this litigation. (*Id.*) All of the communications at issue were made with the understanding and reasonable expectation that they were private correspondence and would not become generally available to the public. (*Id.* ¶ 5.)

9. Plaintiff is submitting with this Second Motion an appendix listing and attaching the communications at issue.

## CONCLUSION

Plaintiff requests that the Court grant this Motion and order that Plaintiff's confidentiality designations as to the materials at issue may be preserved as they are warranted under the plain language of Paragraph 3(a) of the Protective Order.

February 18, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com

Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the February 18, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s *Andrew C. Phillips*