## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LOGAN PAUL** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **STEPHEN FINDEISEN and COFFEE** | § | |
| **BREAK PRODUCTIONS, LLC,** | § | |
| | § | **Civil Action No. 5:24-CV-00717** |
| *Defendants.* | § | |
| | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO PRESERVE CONFIDENTIALITY DESIGNATIONS

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") submit this Response to Plaintiff's Motion to Preserve Confidentiality Designations and in support respectfully show:

### INTRODUCTION

Logan Paul alleges Coffeezilla defamed him by investigating and publicly exposing Paul's central role in cofounding and relentlessly marketing an online cryptocurrency scam known as "CryptoZoo." ECF No. 1. At the parties' joint request, the Court entered the Western District's standard Confidentiality and Protective Order (the "Protective Order"). ECF Nos. 21, 22.

Paul has since produced and selectively designated as "confidential" a series of highly relevant communications between himself and third parties, including Paul's business partners and others intimately involved in the CryptoZoo scam. Upon review of those communications, Coffeezilla determined many were improperly designated "confidential"

without any legal basis. Paul later voluntarily de-designated some of the challenged designations and maintained his claim of confidentiality for the remaining documents (the "Documents"). Paul then filed a Motion to Preserve Confidentiality Designations (the "Motion"). ECF No. 36.

In reality, Paul is weaponizing the Protective Order to control the public narrative. Paul has filed pleadings in this case with clips of his own communications Paul apparently thinks support his position, while at the same time deliberately designating as confidential the communications that are less flattering (to say the least). Like this lawsuit itself, Paul's designation strategy is just another effort by Paul to silence his critics and strip them of their First Amendment rights.

As the party seeking to preserve the Documents' confidentiality, Paul has "the fundamental responsibility to show cause" for continued protection. *Oncology Tech, L.L.C. v. Elekta, Inc.*, No. CV SA-12-CA-314-H, 2013 WL 12169359, at *5 (W.D. Tex. Feb. 5, 2013) (cleaned up). This "good cause" standard requires Paul to make a particularized factual showing of the harm to be avoided by maintaining confidentiality. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418–19 & n.30 (5th Cir. 2021).

Paul's Motion falls well short of this standard. Accordingly, the Court should deny Paul's Motion and order the Documents be immediately and automatically de-designated as "confidential" under the Protective Order.

## ARGUMENT AND AUTHORITIES

### I.    Standard for protection of confidential documents and information

Courts may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by signing protective orders allowing the parties to

designate documents exchanged in discovery as "confidential" without an initial showing of good cause. FED. R. CIV. P. 26(c)(1); *Oncology Tech*, 2013 WL 12169359, at *5 (quoting FED. R. CIV. P. 26(c)(1)(G)).

But, as the Fifth Circuit recently affirmed: "'Providing public access to judicial records is the duty and responsibility of the Judicial Branch.'" *Binh Hoa Le*, 990 F.3d at 417 (quoting *In re Leopold*, 964 F.3d 1121, 1134 (D.C. Cir. 2020)). The presumption of access and openness is "vital" to administration of justice. *Id.*

Accordingly, even where courts allow documents to be produced subject to a "confidentiality" designation without an initial showing of good cause, the party asserting confidentiality has the burden to justify "good cause" for continued protection from disclosure. *Id.* at 418–19 & n.30; *Oncology Tech*, 2013 WL 12169359, at *5. "Certainly, some cases involve sensitive information that, if disclosed, could endanger lives or threaten national security." *Binh Hoa Le*, 990 F.3d at 417. But it is insufficient that the parties "simply prefer to keep things under wraps." *Id.*

## II.    No "good cause" supports continued confidentiality.

The Protective Order in this case protects only those items otherwise entitled to protection by law. ECF No. 22. Paul has not identified any applicable law requiring the Documents to remain confidential, and there is none. The motion should be denied on this basis alone.

Importantly, Paul does not allege the Documents are subject to any recognized privilege against disclosure, such as the attorney-client privilege. Paul also does not allege the Documents contain sensitive financial information like social security numbers or bank

account information, nor does he allege the Documents contain trade secrets or other proprietary business information.[1]

Instead, the Documents consist of contemporaneous communications between Paul and other CryptoZoo insiders, which are highly relevant and, as evidenced by Paul's selective use of such communications in his own filings, not entitled to any protection. For example, PAUL_CZ00000247–58 includes communications between Paul and others discussing Coffeezilla and/or this very lawsuit. ECF No. 37 at 185, 188; *see also id.* at 67–96, 218–20, 345.

Tellingly, while Paul has refused to de-designate communications that undercut his case and benefit Coffeezilla, he did agree to de-designate communications he believes are helpful to him. For example, Paul's Complaint cites communications he claims show he pushed for "transparency" in connection with CryptoZoo. *See* ECF No. 1 ¶ 54. Paul initially designated the remaining part of that *same text thread* (which occurred within a 45-minute window on a single day) as "Confidential," thereby providing the public with only those portions of the communications curated by Paul himself.

Eventually, only after Coffeezilla called Paul out on the discrepancy, Paul de-designated the entire text chain. In a portion of the text thread Paul had attempted to conceal, one of CryptoZoo's team members explained Paul did *not* lose his investment and was "unscathed," completely undermining the public narrative Paul has been spinning and his

---

[1] *See Forbes v. San Gabriel Recovery Ranch*, No. 1:21-CV-00851-DII-SH, 2023 WL 3467783, at *2 (W.D. Tex. May 15, 2023) (holding personal information about third parties, such as social security numbers, home addresses, and banking information, is entitled to a confidential designation); *Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768, 2015 WL 1758079, at *2–4 (W.D. Tex. Apr. 17, 2015) (holding plaintiff failed to meet burden of showing broad statements about company-wide matters were trade secrets entitled to confidentiality).

allegations in this lawsuit, *see* ECF No. 1 ¶ 56 ("Paul lost hundreds of thousands of dollars"),

¶ 150 (Paul "lost well over $1 million on the project"):

Ophir

I am 100% against saying you recouped expenses. If you'd like to know why I'd be happy to explain.

In summary it looks like this: Logan recouped his investment and is unscathed. Everyone is down 99%.

06:11:35 pm

*See* Exhibit 1 at PAUL_CZ00005564. The Court should not allow Paul to continue to use the

"confidentiality" designation as both sword and shield.[2]

The only argument Paul makes for preserving confidentiality is his bare, unsupported

claim that the Documents concern "personal and/or business matters, where such

communications were made with the understanding and reasonable expectation that they

would not become available to the general public." ECF No. 36 ¶ 4. But Paul does not cite

any authority that an "understanding and reasonable expectation" that *unprivileged*

communications will not become public justifies their confidentiality in litigation—

particularly litigation initiated by the person whose communications are at issue.[3] Paul also

makes no attempt to explain why any such understanding and expectation was reasonable in

---

[2] For example, while attorney-client communications are entitled to confidentiality, it is well settled in this circuit that "when a party entitled to claim [a] privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege." *Willy v. ARB*, 423 F.3d 483, 497 (5th Cir. 2005).

[3] Even communications that might otherwise be privileged, such as attorney-client communications, are not confidential unless the assertor of the privilege has a "reasonable" expectation of confidentiality. *See United States v. Robinson*, 121 F.3d 971, 976 (5th Cir. 1997) (holding criminal defendant had no reasonable expectation of confidentiality in government-generated document addressed and delivered to him in county jail).

the first place. Or why it was reasonable to expect some communications (the unflattering ones) to be private while other communications (the ones in Paul's complaint, for example) to be made public.

In fact, Paul's claim that he reasonably expected the communications to remain confidential is belied by the communications themselves. For example, in one de-designated document, Paul acknowledged his and Coffeezilla's communications would be "ammo" for the lawsuit he intended to file against Coffeezilla. *See* Exhibit 2 at PAUL_CZ00000316–7 ("Cuz I'm filing a defamation lawsuit as well . . . yeah its def get a follow up response but again the more he says, the more ammo I have for the lawsuit so run it."). Paul also admitted: "Everyone will be publicly held accountable for any errors, blunders, or missteps or betrayals that took place for this project[.]" ECF No. 1 ¶ 52.[4] Yet Paul seeks to avoid precisely that accountability by hiding his relevant communications from public view.

Finally, Paul does not even attempt to demonstrate how maintaining the Documents' confidentiality will avoid any particular harm. *See Binh Hoa Le*, 990 F.3d at 418–19 & n.30 (holding "good cause" standard requires particularized factual showing of the harm to be avoided by maintaining confidentiality); *see also United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-022-Z, 2022 WL 19010531, at *4 (N.D. Tex. Dec. 15, 2022) (refusing to confirm confidential designations where the designating party relied only on "general conclusory assertions about future competitive harm").

"The secrecy of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of openness that can be rebutted only by compelling

---

[4] In another exchange, designated confidential, Paul's own statements support de-designation and undermine Paul's feigned claim of a privacy expectation. *See* PAUL_CZ00000058–9 at ECF No. 37, p. 36–37.

countervailing interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 421. Paul has not identified any such compelling interests here, and there are none. The Court should deny his Motion.

## REQUESTED RELIEF

For these reasons, Coffeezilla respectfully requests the Court deny Paul's Motion in its entirety, order the Documents be de-designated as "confidential," and grant Coffeezilla all further relief at law or in equity to which he may be entitled.

Dated: February 18, 2025

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: _/s/ Caroline Newman Small_
Jason M. Davis
Texas State Bar No. 00793592
E-mail: jdavis@dslawpc.com
Caroline Newman Small
Texas State Bar No. 24056037
E-mail: csmall@dslawpc.com
Rachel Garza
Texas State Bar No. 24125240
E-mail: rgarza@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendants Stephen Findeisen
and Coffee Break Productions, LLC***

**CERTIFICATE OF SERVICE**

I certify that on February 18, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.


By: *_/s/ Caroline Newman Small_____*
Caroline Newman Small