UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| STEPHEN FINDEISEN and COFFEE § | |
| BREAK PRODUCTIONS, LLC, § | Civil Action No. 5:24-CV-00717 |
| § | |
| *Defendants.* § | |
| § | |

## DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY PENDING A RULING ON THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE COURT:

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants Stephen Findeisen and Coffee Break Productions, LLC (collectively, "Coffeezilla") bring this Opposed Motion to Stay Discovery pending a ruling on their Motion for Judgment on the Pleadings (ECF No. 41), and in support respectfully show:

### BACKGROUND

Internet celebrity Logan Paul filed this suit against Coffeezilla, an investigative YouTube journalist, for reporting Paul's involvement in a failed cryptocurrency project. Defendants have filed a motion for judgment on the pleadings because, even accepted as true, the facts alleged in Paul's Complaint do not state a claim for relief as a matter of law. *See* ECF No. 41. As explained in that pending motion, while Paul may not appreciate or agree with Defendants' reporting that he participated in a "massive con" and is a "serial scammer," those are statements of opinion and rhetorical hyperbole, which are not actionable libel.

Defendants' motion for judgment will be fully briefed by March 10, 2025. *See* W.D. TEX. L. R. CV-7(d). If granted, the motion will dispose of the entire case.

There is a reason Paul filed this action despite such flimsy grounds. One such reason, which has been evident from the beginning, is to find out who among his inner circle leaked damaging information to Defendants about Paul's role in the crypto-scam.[1] Indeed, almost immediately upon filing this case, Paul served document requests for Defendants' privileged communications with their confidential sources. Two days after Defendants served their privilege log, Paul filed a motion to compel the communications despite conceding the communications are privileged under both Texas law and the First Amendment. ECF No. 26. Paul's motion is set for hearing on March 24, 2025. *See* ECF No. 34.

In the meantime, the parties continue to expend significant time and resources on discovery, including depositions of non-parties scheduled for March 7, 2025 (in New Jersey) and March 18, 2025 (in Ohio), which will require counsel and the parties to incur substantial travel costs. That discovery, as well as litigating Paul's entitlement to privileged communications that are the subject of his motion to compel, will be rendered wholly unnecessary if the Court grants Defendants' motion for judgment on the pleadings.

Accordingly, the best use of the parties' and the Court's judicial resources is to defer ruling on the discoverability of Defendants' constitutionally and statutorily protected communications and to abate all discovery and hearings until after the Court has determined

---

[1] While many other news outlets have reported on Paul's involvement in the CryptoZoo scam, such as the BBC (https://www.bbc.com/news/articles/cze386d3enpo), Bloomberg (https://news.bloomberglaw.com/litigation/logan-paul-ignored-partners-fraud-in-crypto-game-investor-says), NBC News (https://www.nbcnews.com/tech/logan-paul-announces-buy-back-nfts-cryptozoo-rcna132390), and *Time Magazine* (https://time.com/6252093/logan-paul-cryptozoo-liquid-marketplace/), Paul chose to sue Coffeezilla (who is unquestionably without the resources of the BBC or Bloomberg) in hopes to intimidate him into turning over his sources.

whether Paul's case will survive the motion for judgment. Because the motion for judgment will be fully briefed in three weeks, any delay caused by a stay will be minimal and certainly not prejudicial to Paul.

## ARGUMENT AND AUTHORITIES

### I. Standard for staying discovery

"[C]ontrol of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). This includes discretion to stay all discovery while potentially dispositive issues are pending: "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). A court's exercise of its "broad discretion . . . will not be disturbed [absent] unusual circumstances showing a clear abuse." *Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022).

District courts have broad discretion to stay discovery for good cause. *Lowery v. Mills*, No. 1:23-CV-129-DAE, 2023 WL 9958230, at *1 (W.D. Tex. Aug. 9, 2023) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006); Fed. R. Civ. P. 26(c)). Good cause exists if the party seeking the stay demonstrates "annoyance, embarrassment, oppression, or undue burden or expense" would result absent the stay. *Id*. A stay of discovery is also appropriate where the disposition of a motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). To determine whether a stay is appropriate, courts generally should balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely.

*Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

Courts in this district routinely stay discovery when a motion to dismiss is pending. *See, e.g., Lowery*, 2023 WL 9958230, at *2 (granting motion to stay discovery pending ruling on Rule 12 motion); *Thomas v. Smoke Shack BBQ,* No. SA-23-CV-00130-DAE, 2023 WL 4167757, at *1 (W.D. Tex. June 23, 2023) (permitting initial disclosures but staying written discovery and depositions pending ruling on Rule 12 motion); *Bickford*, 2016 WL 1430063, at *2 (granting motion to stay discovery pending ruling on Rule 12 motion where disposition of motion may preclude the need for discovery altogether); *Conquest v. Camber Corp., No.* 5:13-CV-1108-DAE, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014) (same).

This appears to be the practice of other district courts sitting in the Fifth Circuit. *Ideus v. Deer & Co.*, No. 2:22-CV-00132, 2023 WL 3040303, at *1–2 (S.D. Tex. Feb. 16, 2023) (staying discovery where responding would create an undue burden and expend unnecessary resources); *Owens v. Transunion, LLC*, No. 4:20-cv-665, 2022 WL 17732319, at *1–2 (E.D. Tex. May 17, 2022) (granting motion to stay discovery because resolving pending motion to dismiss may reduce and/or preclude the need for discovery altogether); *Badon v. U.S. Dep't of Agric.,* No. CV 20-460-BAJ-RLB, 2021 WL 3201367, at *1–2 (M.D. La. July 28, 2021); *Armstrong v. Cumberland Academy*, No. 6:20-cv-00526, 2021 WL 2784296, at *2 (E.D. Tex. Mar. 22, 2021) (granting stay of discovery where issues in the motion to dismiss were purely legal); *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1–2 (N.D. Tex. May 20, 2004) (granting motion to stay discovery pending motion to dismiss where "a cursory review of the motion reveal[ed] that defendants ha[d] substantial arguments for dismissal of many, if not all, of plaintiff's claims").

## II.     Good cause exists to stay discovery

Good cause exists to stay discovery because a favorable ruling on Defendants' motion for judgment will dispose of the entire case and obviate the need for any discovery. Any prejudice to Paul due to a stay would be minimal because the motion for judgment will be fully briefed in just three weeks. If the Court's order on the motion for judgment does anything short of dispose of the entire case, the parties can promptly resume discovery.

In contrast, the prejudice to Defendants in not granting a stay is of constitutional proportions. Absent a stay, Defendants may be compelled to disclose privileged information revealing their confidential sources to a person with endless resources and a proven appetite for revenge against whistleblowers. As the Fifth Circuit has long recognized, "forced disclosure of journalists' sources might deter informants from giving their stories to newsmen," particularly in civil defamation cases where "a defamed plaintiff might relish an opportunity to retaliate against the informant." *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 725 (5th Cir. 1980), *modified on reh'g*, 628 F.2d 932 (5th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981).[2]

Therefore, to avoid making unnecessary determinations on constitutional questions of privilege and other related issues, the Court should stay all discovery until it rules on Defendants' pending motion for judgment.

## REQUESTED RELIEF

For these reasons, Defendants respectfully request that the Court grant this motion, stay all discovery and discovery hearings until it issues a ruling on the pending motion for

---

[2] Underscoring this point, the Fifth Circuit recently acknowledged the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *X Corp. v. Media Matters for Am.*, 120 F.4th 190, 196 (5th Cir. 2024).

5

judgment (ECF No. 41), and award Defendants all other relief at law or in equity to which they are entitled.

Dated: February 18, 2025

                                                                         Respectfully submitted,

                                                                         **DAVIS & SANTOS, PLLC**

                                                          By:  */s/ Caroline Newman Small*
                                                                 Jason M. Davis
                                                                 Texas State Bar No. 00793592
                                                                E-mail: *jdavis@dslawpc.com*
                                                                Caroline Newman Small
                                                               Texas State Bar No. 24056037
                                                               E-mail: *csmall@dslawpc.com*
                                                               Rachel Garza
                                                               Texas State Bar No. 24125240
                                                               E-mail: *rgarza@dslawpc.com*
                                                               719 S. Flores Street
                                                               San Antonio, Texas 78204
                                                               Tel: (210) 853-5882
                                                               Fax: (210) 200-8395

                                                               ***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC***

## CERTIFICATE OF CONFERENCE

I certify that on February 18, 2025, I conferred with counsel for Logan Paul regarding the relief requested in this motion to stay. Counsel for Plaintiff has indicated they are opposed to the motion.

By: */s/Caroline Newman Small*
Caroline Newman Small

## CERTIFICATE OF SERVICE

I certify that on February 18, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

By: */s/Caroline Newman Small*
Caroline Newman Small