IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>                              *Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>                             *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTIONS TO EVIDENCE AND MOTION TO STRIKE EVIDENCE AND ARGUMENT**

Plaintiff Logan Paul, by and through undersigned counsel, hereby submits his Opposition to Defendants' February 13, 2025 "Objections to Evidence" and "Motion to Strike Evidence and Arguments" that were included as part of Defendants' Surresponse to Motion to Compel [Dkt. 40] ("Surreply"), rather than filed as a separate motion for relief.

1. On January 17, 2025, Plaintiff filed his Motion to Compel Production of Communications Relevant to Defendants' Actual Malice [Dkt. 26] ("Motion to Compel"), which sought an order compelling Defendants to produce all communications between Plaintiff and others, regarding Plaintiff's involvement with the CryptoZoo project, that Defendants possessed at the time they published the libelous statements that are at issue in this case.

2. In his Motion to Compel, Paul argued that Texas's statutory, qualified journalist privilege, Tex. Civ. Prac. & Rem. Code Ann. § 22.023, was overcome with respect to the materials at issue. (*Id*. at 5-8.) With respect to the separate, qualified First Amendment privilege relating to compelled disclosure of a journalist's sources, Plaintiff's Motion to Compel argued that this more

1

limited privilege does not even apply to this dispute because Plaintiff was not directly seeking an order compelling the disclosure of any of Defendants' sources. (*Id*. at 8-10.)

3. On February 3, 2025, Defendants filed their Response to Plaintiff's Motion to Compel Production of Communications Relevant to Defendants' Actual Malice [Dkt. 32] ("Response"). In their Response, Defendants argued that the qualified First Amendment privilege ***does*** apply to Plaintiff's Motion to Compel because, Defendants argued, disclosure of the communications Plaintiff sought would necessarily disclose the source who provided said communications to Defendants. (Resp. ¶¶ 4, 16-19.) In doing so, Defendants acknowledged, and disputed, Plaintiff's argument that "this [First Amendment privilege] test does not apply here." (*Id*. ¶ 18.) Defendants further argued that because, in their view, the First Amendment privilege does apply, Plaintiff can only overcome it by submitting evidence of the falsity of the statements at issue—such as, they argued, a declaration from Paul to that effect, which was accepted as sufficient by the court in *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 726-27 (5th Cir. 1980) (Id. ¶¶ 36-37.)

4. In his Reply in Support of Plaintiff's Motion to Compel Production of Communications Relevant to Defendants' Actual Malice [Dkt. 35] ("Reply"), Plaintiff continued to dispute that the First Amendment privilege is applicable to the Motion to Compel, but in "[a]ddressing [Defendants'] argument" in their Response that it does, Plaintiff submitted a declaration attesting in detail to the falsity of Defendants' statements that are at issue in this case. (Reply at 6-7; Decl. of Logan Paul (Feb. 10, 2025) [Dkt. 35-2].)

5. Similarly, in responding to ***Defendants' argument*** in their Response that producing group text messages in their possession would necessarily require Defendants to disclose the source who provided those text threads to Defendants (Resp. ¶ 26), Plaintiff's Reply disputed that

this was the case—and in support of that responsive argument, attached a text chain between Defendant Findeisen and one of his sources that Plaintiff obtained via third-party discovery. (Reply at 4-5, *id*. at Ex. 1 [Dkt. 35-1].) In that text discussion, Defendant Findeisen explained to his source, Maureen Mellina, that he knows how to anonymize a group text chain so that the identity of the source who provided a particular copy of the text chain is "invisible." (*Id*.)

6. With that context, Defendants' argument that both Exhibit 1 to Plaintiff's Reply and Plaintiff's Declaration should be struck as arguments and evidence "raised for the first time in a reply brief" is nonsensical. (Mot. to Strike at 3-4.) These arguments and evidence were presented in response to, and in order to rebut, arguments that **Defendants** raised in their Response—which is the very purpose of a reply brief. *See Perez v. Genesco, Inc.*, No. EP-09-CV-22-PRM, 2010 WL 11602142, *2 (W.D. Tex. Jan. 8, 2010) ("The Court finds that Defendants have not raised new arguments in their Reply, and the evidence attached to the Reply serves in part to rebut arguments offered by Plaintiff in his Response.")

7. Moreover, even where a reply truly contains new arguments and evidence in an impermissible fashion, it is well-established that offering the non-movant an opportunity for a surreply moots the issue and any potential prejudice to the non-movant. *See, e.g., Pennsylvania Gen. Ins. Co. v. Story*, No. Civ.A.3:03-CV-0330-G, 2003 WL 21435511, *1 (N.D. Tex. June 10, 2003) (granting non-movant leave to file a surreply and denying motion to strike because "no 'palpable injustice' exists where the nonmovants are given a chance to respond, as would be the situation if the court were to grant the instant motion for leave to file a surreply"). Here, Defendants sought leave to file a surreply—which Plaintiff did not oppose—and the Court granted leave. (*See* Feb. 13, 2025 Text Order Granting Defendants' Unopposed Motion for Leave to File SurResponse, Objections to Evidence, and Motion to Strike Evidence.)

8. Accordingly, Defendants have offered no valid basis whatsoever for striking the arguments and evidence in Plaintiff's Reply that were directly responsive to arguments Defendants raised in their Response.

9. Defendants' "objections" to Exhibit 1 of Plaintiff's Reply and the Declaration of Logan Paul in support thereof fare no better. Fundamentally, Defendants do not cite a single case, statute, or any other authority remotely suggesting that the rules of evidence applicable to summary judgment or trial evidence are strictly applied to material submitted in connection with a discovery dispute in federal court, whether in the specific context of a journalist privilege dispute or otherwise.[1] *See, e.g., State Farm Mut. Auto. Ins. Co. v. Duval Imaging, LLC*, No. 3:07-CV-627-J-20JRK, 2009 WL 10705787, *5 (M.D. Fla. May 22, 2009) (denying motion to strike evidence attached to discovery motion because "[a]t this stage of the proceedings, the Court is concerned with resolving the parties' discovery disputes, not with applying the Rules of Evidence to exhibits attached to discovery motions"); *Rounds v. Hartford*, No. 4:20-CV-04010-KES, 2021 WL 4150838, *14 (D.S.D. Sept. 13, 2021) (rejecting objection to discovery based on FRE 411 because "the Federal Rules of Evidence do not apply to discovery disputes").

10. Defendants' objections to the text string attached as Exhibit 1 to Plaintiff's Reply are thus not only illogical, but also patently disingenuous. Defendants feign ignorance over the provenance of the text chain, referring to it as "someone's text messages" that "appears to be a text message between two or more parties." (Surreply at 4.) Defendants know very well that this text chain was produced by non-party Maureen Mellina in discovery, and that the text messages ***are***

---

[1] Defendants misleadingly cite *In re Lipsky*, 460 S.W.3d 579, 592 (Tex. 2015), a state court case that did not involve a motion to compel but rather an anti-SLAPP motion to dismiss. And even in that context, the Texas Supreme Court held that the "evidence" a plaintiff needed to submit to overcome an anti-SLAPP motion was ***not*** limited to evidence admissible at trial and could include not only "affidavits" but also averments made in "pleadings." *Id*. at 590.

4

***between Ms. Mellina and Defendant Findeisen***.  Plaintiff had to obtain the text chain from a third-party because Defendant Findeisen has refused to produce it, claiming it is privileged.  For Defendant Findeisen to use this privilege claim as both a shield and a sword to refuse to produce the same texts in his possession, while coyly refusing to even acknowledge they are his texts and complaining that they are "unauthenticated," (Surreply at 4-5), is too cute by half.

11. As for Plaintiff Paul's Declaration submitted with his Reply [Dkt. 35-2], Defendants' arguments fare no better.  Defendants baselessly object based on Federal Rule of Evidence 602 as to nearly every paragraph in the Declaration, confusingly claiming that objectively factual statements within Paul's personal knowledge and sworn to under penalty of perjury are somehow deficient because they "fail[] to identify any [additional] facts" supporting Paul's factual contentions.  (Surreply at 5-6.)  FRE 602, where it applies, requires only that a witness offer evidence sufficient to demonstrate that he has firsthand knowledge of the matter he is testifying to.  Paul's Declaration plainly does so.  (*See generally* Paul. Decl. [Dkt. 35-2] (explaining Paul's involvement in, and knowledge of, the CryptoZoo project).)

12. Finally, Defendants' objection to the text thread attached to Paul's Declaration is equally as disingenuous as their objection to consideration of Mr. Findeisen's own text messages.  Paul's Declaration itself "authenticate[s]" and describes the text thread between Paul and others regarding the CryptoZoo project, (*see* Paul Decl. ¶¶ 14-18), and ***also*** explains that Defendant Findeisen is plainly in possession of the text thread because Findeisen included screenshots of the text thread in the YouTube videos that are at issue in this litigation.  (*Id*. ¶ 14.)  As with his own text messages with his source Ms. Mellina, Defendant Findeisen has refused to produce this text thread he possesses, while insincerely griping in his Surreply that the "purported" text thread is not authenticated. (Surreply at 6-7.)

**CONCLUSION**

Plaintiff requests that the Court Deny Defendants' Objections to Evidence[] and Motion to Strike Evidence and Arguments.

February 20, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

## CERTIFICATE OF SERVICE

I hereby certify that, on the February 20, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s *Andrew C. Phillips*