IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

LOGAN PAUL,

                        *Plaintiff*,

        v.

STEPHEN FINDEISEN AND COFFEE BREAK
PRODUCTIONS LLC D/B/A COFFEEZILLA,

                        *Defendants*.

Civil Action No. 5:24-cv-00717

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY DISCOVERY PENDING
A RULING ON THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Logan Paul ("Plaintiff") files this Response in Opposition to Defendants' Motion

to Stay Discovery Pending a Ruling on their Motion for Judgment on the Pleadings [Dkt. 46], and

submits that for the reasons set forth herein, Defendants Stephen Findeisen and Coffee Break

Productions LLC d/b/a Coffeezilla (together, "Defendants") have failed to show good cause for an

order staying discovery until the Court rules on their Motion for Judgment on the Pleadings [Dkt.

41], and as such the Court should deny their Motion.

**INTRODUCTION**

Plaintiff filed this action in June 2024, asserting libel claims against Defendants for

repeatedly accusing him of perpetrating a financial scam in connection with a troubled blockchain

project called CryptoZoo. [Dkt. 1]. Defendants did not move to dismiss the Complaint.  Instead,

on August 5, 2024, Defendants filed their Answer, in which they raised, among other defenses, the

defenses that form the basis of their just-filed Motion for Judgment on the Pleadings (the "Motion

1

for Judgment")—*i.e.*, that the statements underlying Plaintiff's libel claims constitute non-actionable opinion or are otherwise incapable of a defamatory meaning [Dkt. 9, at Defenses ¶¶ 3–4]. For reasons that are summarized herein and that will be detailed at length in Plaintiff's forthcoming opposition to that Motion for Judgment, Defendants are flat-out wrong, and they are not entitled to judgment in their favor. But Defendants nevertheless filed this contemporaneous Motion to Stay, asking the Court to grind all discovery to a halt and cancel scheduled discovery hearings until the Court rules on their dispositive motion. The Court should decline to do so.

Although courts have broad discretion to control and oversee the discovery process, including the discretion to stay discovery altogether upon a showing of good cause, staying discovery pending the outcome of a dispositive motion is "very rare, and almost never wise." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 16-CIV-00663, 2016 WL 10571903, *1 (W.D. Tex. Oct. 19, 2016) (Austin, Mag. J.). Here, Defendants have not made any showing of undue burden or expense that transcends the costs and inconveniences associated with normal discovery practice. And Defendants' assertions regarding the prejudice they might experience unless discovery is stayed—which are premised on supposed concerns of being compelled to reveal their confidential sources to a Plaintiff whose motives they question—are completely baseless. Plaintiff is not even seeking those sources. And in any event Defendants are ignoring mechanisms and other safeguards that already exist to address those supposed concerns.

The Court should view Defendants' assertions of burden and prejudice with great skepticism given that they have been actively participating in discovery since last summer and are only now bringing their Motion for Judgment based on defenses they have known about all along. The reality is that Defendants are not motivated by these supposed burdens and prejudices, but rather by a tactical desire to indefinitely postpone a discovery process that has been yielding

evidence highly unfavorable to them, and that appears destined to only get worse in short order as the weakness of some of their discovery positions are subjected to the Court's scrutiny. Regardless of their motivations, however, Defendants simply have not come anywhere close to the requisite showing of good cause that would warrant a stay of discovery. The Court should deny their Motion and allow discovery to continue moving forward as contemplated by the Federal Rules.

## LEGAL STANDARD

For good cause shown, a court may limit discovery and "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). When a party moves for an order staying discovery until the court rules on a pending dispositive motion, as Defendants have done here, they must "show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *YETI Coolers, LLC*, 2016 WL 10571903, at *1. Courts consider the following factors, among others, in determining whether a stay of discovery is warranted: (1) the breadth of discovery sought; (2) the burden of responding to that discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay. *Griffin v. Am. Zurich Ins. Co.*, No. 14-CIV-02470, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015). Courts also consider the parties' competing interests "and the interests of the Court in efficiently managing its docket." *See Ashford Inc. v. Unite Here*, No. 15-CIV-00262, 2015 WL 11121019, *2 (N.D. Tex. May 12, 2015).

Although Plaintiff does not dispute that courts have broad discretion in determining whether to stay discovery, Defendants falsely assert that it is "routine" for courts in this District and throughout the Fifth Circuit to do so when a dispositive motion is pending. *See* Mot. at 4. The truth, as Defendants surely are well aware, is that staying discovery under such circumstances is

*anything but* routine; it is "the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 08-CIV-00774, 2008 WL 2930482, *1 (N.D. Tex. July 23, 2008).  As one court has bluntly put it, and as noted above, "such stays are very rare, and almost never wise." *YETI Coolers, LLC*, 2016 WL 10571903, at *1.  In fact, some courts in this District view these stays with such "disfavor" that they have denied them *even when they are unopposed. See Fund Texas Choice v. Deski*, No. 22-CIV-00859, 2024 WL 3223685, *2 (W.D. Tex. May 1, 2024).

## ARGUMENT

Given that it is not "routine" for courts to stay discovery when confronted with a potentially case-dispositive motion—but rather, "very rare, and almost never wise"—it is hardly surprising that the cases Defendants rely upon are readily distinguishable.  On those "very rare" occasions when courts *do* exercise their discretion to stay discovery, it is often because the underlying case involves certain "special circumstances"—namely, an immunity defense and/or a challenge to subject matter jurisdiction. *See Ramirez v. Dep't of Justice*, No. 22-CIV-00462, 2023 WL 3485995, *2 (W.D. Tex. May 12, 2023) ("[T]he arguments raised in the Motion to Dismiss are not jurisdictional.  Nor has Defendant asserted any form of immunity from suit.  Therefore, this matter falls within the ordinary class of cases for which a stay pending resolution of a 12(b)(6) motion is typically unwarranted."); *N.H. v. Castilleja*, No. 22-CIV-00436, 2023 WL 149989, *4 (E.D. Tex. Jan. 10, 2023) (declining to stay discovery where defendant's dispositive motion was "not based on any jurisdictional or immunity defenses").  Many of the supporting cases Defendants cite in their Motion fall within that bucket,[1] even though the threshold issues that create the "special

---

[1] *E.g., Lowery v. Mills,* No. 23-CIV-00129, 2023 WL 9958230, *2 (W.D. Tex. Aug. 9, 2023) (staying discovery where MTD raised jurisdictional challenges); *Ideus v. Deere & Co.*, No. 22-CIV-00132, 2023 WL 3040303, *2 (S.D. Tex. Feb. 16, 2023) (jurisdictional challenges); *Badon v. U.S. Dep't of Agric.*, No. 20-CIV-00460, 2021 WL 3201367, *1-2 (M.D. La. July 28, 2021) (jurisdictional challenges); *Armstrong v. Cumberland Acad.*, No. 20-CIV-00526, 2021 WL

circumstances" for a stay in that body of cases are completely absent here.  Even the cases

Defendants cite that fall *outside* that bucket present highly unique, fact-specific grounds for a stay

that render them just as inapposite.[2]

When courts find a stay of discovery is warranted based on the strength of the movant's

dispositive motion, such cases feature clear-cut threshold issues that the court can tell, from even

a "cursory review" of the motion, are destined to be resolved in the movant's favor. *See X Corp.*

*v. Media Matters for Am.*, No. 23-CIV-01175, 2024 WL 1895255, *2 (N.D. Tex. Apr. 26, 2024)

(finding "none of the[] arguments regarding the merits of Defendants' motion to dismiss warrant

a stay of discovery, and explaining this review standard is a "demanding one" because a stay "is

an intrusion into the ordinary processes of administration and judicial review") (internal citation

and quotation marks omitted).  This is not such a case.  Defendants are unlikely to prevail on their

Motion for Judgment, *at all*, let alone do they set forth the kind of substantial, clear-cut arguments

in their favor that would justify a stay.

---

2784296, *2 (E.D. Tex. Mar. 22, 2021) (jurisdictional challenges *and* a sovereign immunity defense); *Bickford v. Boerne Indep. Sch. Dist.*, No. 15-CIV-01146, 2016 WL 1430063, *2 (W.D. Tex. Apr. 8, 2016) (sovereign immunity defense); *Conquest v. Camber Corp.*, No. 13-CIV-01108, 2014 WL 172500, *1–2 (W.D. Tex. Jan. 13, 2014) (jurisdictional challenges).

[2] *E.g.*, *Thomas v. Smoke Shack BBQ*, No. 23-CIV-00130, 2023 WL 4167757, *1 (W.D. Tex. June 23, 2023) (granting stay of discovery because of the large number of different defendants and causes of action involved); *Owens v. Transunion*, No. 20-CIV-00665, 2022 WL 17732319, *2 (E.D. Tex. May 17, 2022) (granting stay in part because the parties disputed whether the plaintiff's Fourth Amended Complaint "raise[d] claims outside the scope of the Court's order granting Plaintiff leave to amend," and thus "it would be premature to allow discovery" until the issue was resolved); *Von Drake v. Nat'l Broad. Co.*, No. 04-CIV-00652, 2004 WL 114142, *1–2 (N.D. Tex. May 20, 2004) (granting stay where the *pro se* plaintiff had been engaged in harassing discovery and other abusive litigation tactics and had recently been chastised for "attempting to make a mockery of the federal system").

In their Motion for Judgment, Defendants argue, in summary, that Plaintiff's Complaint fails to state viable causes of action because the statements underlying Plaintiff's libel claims are premised on non-actionable "statements of opinion and rhetorical hyperbole." Mot. at 1. As will be detailed in Plaintiff's forthcoming opposition to that Motion, however, Defendants' contention that statements accusing a defamation plaintiff of operating a business as a scam are non-actionable is simply wrong. Defendants' superficial treatment of the statements at issue completely ignores the context in which they were made—which is the key inquiry for determining whether statements alleged to be defamatory constitute pure, nonactionable opinion. *See Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). Defendants also ignore clear-cut Texas authority holding that exactly these types of statements are actionable. *See Allied Mktg. Grp., Inc. v. Paramount Pictures Corp.*, 111 S.W.3d 168, 175–77 (Tex. Ct. App. 2003) (the trial court erred in granting summary judgment as to statements accusing plaintiff of operating a sweepstakes "scam" because such statements were "reasonably capable of a defamatory meaning").

Thus, the issues in Defendants' Motion for Judgment are not at all the kind for which a cursory review would support a stay of discovery. *See Glazer's Wholesale Drug Co.,* 2008 WL 2930482, at *1–2 (declining to stay discovery where the pending motion to dismiss was "not as 'clear cut' as defendant alleges," and where the court "cannot say with any degree of certainty that the defendant likely will prevail"); *see also LeCroy v. Canon, USA, Inc.*, No. 21-CIV-00035, 2021 WL 5284135, *1 (N.D. Tex. Apr. 7, 2021) ("The Court declines to stay discovery merely because the defendant believes it has a strong motion for judgment on the pleadings."); *Edge196 LLC v. Jointer, Inc.*, No. 20-CIV-03417, 2021 WL 4027696, *1 (S.D. Tex. Jan. 22, 2021) (declining to stay discovery and reasoning in part that, "[t]he court will not express any opinion on the ultimate merits of the pending motion to dismiss but notes, after a brief review of the filings, that the

outcome of the motion is not obvious"); *Ashford Inc.*, 2015 WL 11121019, at *2–3 (declining to stay discovery and reasoning in relevant part that "[t]he Court is not initially persuaded that Defendant's Motion [] is meritorious enough to warrant a stay of discovery, and that the Court's interest in efficiently managing its docket is "rarely served by staying discovery pending the outcome of an arguably meritorious dispositive motion").

Still, according to Defendants, good cause exists because if they prevail on their Motion for Judgment, the ruling "will dispose of the entire case and obviate the need for any discovery." Mot. at 5. But without significantly more, that does not come anywhere close to rising to the level of good cause. This exact scenario presents itself in almost every case when a litigant files a motion to dismiss or any other dispositive motion, and the presumption under the Federal Rules is that the pendency of such motions does not impact the progression of discovery. *See YETI Coolers, LLC*, 2016 WL 10571903, at *1 ("[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.") (internal citation and quotation marks omitted).

The supposed discovery burdens that Defendants would face in the absence of a stay are similarly uncompelling. Defendants submit that they would have to incur the costs of traveling to two non-party depositions that are scheduled in March 2025, and would also have to proceed with litigating Plaintiff's Motion to Compel [Dkt. 26], which the Court has scheduled for an in-person hearing (along with other motions) on March 24, 2025 [Dkt. 34, 38, 47]. *See* Mot. at 2–3. These obligations are not unique, nor do they reflect any undue burden, expense, or legitimate hardship whatsoever; to the contrary, they reflect the "usual inconveniences and costs that are associated with discovery practice." *Ashford Inc.*, 2015 WL 11121019, at *2.

Defendants falsely characterize Plaintiff's pending Motion to Compel (and indeed, the entire case) as brought by a retaliation-hungry Plaintiff driven to uncover the identity of Defendants' confidential sources. This argument is pure fiction. It is nothing more than an attempt to manufacture the spectre of possible prejudice where none actually exists. Plaintiff's Motion to Compel does not even seek the identity of Defendants' sources; it seeks the CryptoZoo-related communications to which Plaintiff was a party that Defendants had in their possession at the time they published the allegedly defamatory statements at issue—as the information Defendants had access to at the time of publication is critical to proving their actual malice. In any event, discovery has revealed that Defendants have a mechanism for anonymizing communications, which they made use of when excerpting communications to feature in their YouTube series on CryptoZoo. Thus, as Plaintiff explained in the briefing of his Motion to Compel, if Plaintiff ultimately prevails on that Motion, presumably Defendants could simply avail themselves of this same mechanism when producing any responsive materials that would tend to reveal confidential sources.[3]

Of course, if Defendants' request to stay discovery were *truly* motivated by a concern over potentially being ordered to reveal their sources, they would only be seeking a stay of Plaintiff's Motion to Compel—which to be clear, would still be unwarranted—not a wholesale stay of all discovery. But taking their concern at face value, this case is governed by a multi-tiered Confidentiality and Protective Order, jointly proposed by the Parties, that includes an "Attorneys' Eyes Only" provision. [Dkt. 22]. Defendants offer no explanation for why the robust protections afforded by this Order would be inadequate to protect any sensitive information disclosed in

---

[3] Plaintiff explains in further detail why Defendants' argument about unveiling confidential sources is a red herring in his Reply in support of his Motion to Compel. [Dkt. 35 at 3–4].

discovery—especially considering the discovery Defendants take issue with was propounded months before the Parties jointly agreed to the terms of the Order.

The timing of Defendants' Motion for Judgment reflects a lack of diligence that further undermines any suggestion that they would be prejudiced in the absence of a stay. The arguments advanced in their Motion for Judgment are not based on some new revelation or case development; they have known about them since this case was filed last June—indeed, they are reflected in Defendants' affirmative defenses. Defendants elected to forgo filing a motion to dismiss under Rule 12(b), which was their right. Instead, they chose to move forward with discovery, propounding wide-ranging document requests and interrogatories to Plaintiff and issuing *more than 20 non-party subpoenas* to Plaintiff's friends and business associates, among others with suspected knowledge of the CryptoZoo project. They have been diligently following up on all of that discovery through regular conferrals about pending and contested items. In fact, *it was Defendants*, not Plaintiff, who initially insisted on scheduling depositions before any document discovery had even been conducted, requesting dates for Plaintiff's deposition and five non-party depositions last November.

Thus, although Defendants lament the "significant time and resources" that have been spent on discovery, Mot. at 2, much of that has been driven *by them*. And yet, it was only when Defendants started to realize that the fruits of that discovery were eviscerating their defenses that they decided to proceed with filing a Motion for Judgment—at which time Plaintiff's Complaint, from one day to the next, supposedly became so deficient that according to Defendants all discovery should now be stopped in its tracks.[4] The Court should have little patience for this

---

[4] For example, discovery has revealed that one of the developers who worked closely with Plaintiff and his team on the CryptoZoo project spoke at length with Defendant Findeisen during the latter's reporting on the project. That developer told Defendant Findeisen that, based on his first-hand

blatant gamesmanship.  "[T]he fact that [] Defendant[s] delayed so long in filing [their] Motion

for Judgment on the Pleadings and in the meantime engaged in extensive discovery does not

indicate good cause on [their] part in now seeking a stay of discovery." *Methodist Health Servs.*

*Corp. v. OSF Healthcare Sys.*, No. 13-CIV-01054, 2014 WL 1797674, *2 (C.D. Ill. May 6, 2014)

(denying stay of discovery, and reasoning in part that "after vigorously pursuing discovery for

nearly a year . . . the process is well under way and should continue"); *see also Fund Texas Choice*,

2024 WL 3223685, at *2 ("Having filed their motion to dismiss a year into litigation, the []

Defendants do not meet the high threshold to justify a stay pending resolution of their motion.");

*Inland Am. (LIP) SUB, LLC v. Lauth*, No. 09-CIV-00893, 2010 WL 670546, *2 (S.D. Ind. Feb.

19, 2010) ("Defendants waited until almost six full months into this litigation before challenging

the sufficiency of the Complaint.  If the Complaint is so obviously deficient, as Defendants appear

to claim, that delay represents a lack of diligence inconsistent with the finding of 'good cause'

necessary under Federal Rule [] 26(c)(1)(D) to authorize the requested stay.").

Finally, Defendants are incorrect to claim that Plaintiff will not be prejudiced by a stay of

discovery.  Plaintiff has a legitimate interest in the expeditious resolution of his case, which aligns

with the interest of the Court in "efficiently managing its docket." *Ashford Inc. v.* 2015 WL

11121019, at *2.  The legitimacy of this interest is perhaps especially pronounced where, as here,

Plaintiff is seeking to clear his name from the immense reputational harm caused by defamatory

---

observations, Plaintiff had only the "best intentions" with respect to the project.  Although
Defendant Findeisen **agreed** with that assessment in an audio-recorded telephone call that Plaintiff
has obtained in discovery, he nonetheless proceeded to repeatedly claim to the public that the entire
project was just an effort by Plaintiff to scam people out of money.  Likely because Defendants
know the responsive materials in their own possession similarly undermine their defenses, to date
they have resisted producing almost any of their communications with third parties.  Instead, they
served a privilege log of *more than 16,000 entries*, prompting ongoing conferrals about the
propriety of many of their wide-ranging privilege designations.

statements made by Defendants. A stay would necessarily disrupt Plaintiff's prosecution of his claims by forcing him to pause mid-stream and drop various discovery matters that are already underway. Defendants observe that their Motion for Judgment will be briefed in three weeks, but that does not account for the indefinite period the Motion will then be ripe and under consideration before the Court issues a ruling.

## CONCLUSION

For the foregoing reasons, Plaintiff submits that Defendants have failed to show good cause for their requested stay of discovery, and as such the Court should deny their Motion to Stay Discovery Pending a Ruling on their Motion for Judgment on the Pleadings [Dkt. 46].

February 25, 2025

/s/ *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

11

## CERTIFICATE OF SERVICE

I hereby certify that, on the February 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s *Andrew C. Phillips*