IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>         *Plaintiff*,<br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>         *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PRESERVE CONFIDENTIALITY DESIGNATIONS**

Plaintiff Logan Paul hereby files this Reply in support of his previously filed Motion to Preserve Confidentiality Designations [Dkt. 36] ("Motion") in order to address the arguments raised in Defendants' February 18, 2025 Response to Plaintiff's Motion to Preserve Confidentiality Designations [Dkt. 45] ("Response"):

  1.  Defendants' Response devotes almost no effort to actually discussing the nature and content of the disputed discovery materials for which Plaintiff seeks to maintain Confidentiality designations—all of which were submitted as an appendix to Plaintiff's Motion.[1] Most importantly, Defendants do not meaningfully dispute that the communications at issue all consist of "[c]orrespondence and other communications between the parties or with nonparties … made with the understanding or reasonable expectation that the information would not become generally available to the public," and thus that they are properly designated as "Confidential"

---

[1] Strangely, the Response mostly focuses on documents that are <u>not</u> designated as Confidential because Plaintiff agreed, in good faith, to withdraw the prior designation. (Resp. at 4-6.)

1

under the plain language of the Confidentiality and Protective Order that Defendants agreed to and the Court entered.  (Protective Order [Dkt. 22] ¶ 3(a).)

2.      Defendants also do not dispute that, as set forth in Plaintiff's Motion and accompanying declaration, the relatively small subset of materials at issue consist of communications between Plaintiff and his friends and/or business associates that primarily concern personal or business matters *other than* the CryptoZoo project or Defendants' statements about same, which are the actual subjects of this litigation.  (Mot. ¶ 11; *id*. at Ex. G, ¶¶ 3-4.)  Indeed, Defendants do not even attempt to argue that *any* of the materials Plaintiff seeks to have preserved as Confidential have any notable relevance to the issues in this case.

3.      Given that the materials at issue consist of private correspondence of tangential (at best) relevance, given that Plaintiff has submitted a sworn declaration affirming that the communications at issue were made without expectation that they were for public consumption, and given that this Court's form protective order expressly allows such materials to be designated as Confidential, Plaintiff has more than demonstrated good cause to preserve those designations. *See Forbes v. San Gabriel Recovery Ranch*, No. 1:21-cv-00851-DII-SH, 2023 WL 3467783, *2 (W.D. Tex. May 15, 2023) (granting motion to preserve confidentiality designations where "[t]he Court finds that the Designated Documents contain information that falls within the Protective Order's definition of Confidential Information").  Defendants notably do not cite any authority that casts doubt on the validity of confidentiality designations properly made pursuant to the language in this Court's form protective order.

4.      Defendants' principal authority supports preservation of Plaintiff's designations. In *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021), the Fifth Circuit held that there is a distinct difference between designation of materials as confidential at the "*discovery* stage"

and shielding of materials from public view via sealing at the "*adjudicative* stage." *Id*. at 420. As the Fifth Circuit explained, when the parties are merely exchanging information among themselves, "secrecy has its place" as to this "unfiled discovery," because it fosters the goals of "honoring legitimate privacy interests and facilitating the efficient exchange of information." *Id*. The standard for designating such materials as confidential subject to a protective order is thus a "low bar" in those circumstances. *See id*. at 421. The analysis is different when materials exchanged between the parties have actually been submitted into the Court record for the purpose of persuading the Court to make an order "adjudicating the litigants' substantive rights." *See id*. at 420. Once that occurs, the public right of access becomes a paramount consideration, and the burden on the party insisting on secrecy becomes "far more arduous." *Id*. at 420-21.

5. Here, Defendants simply made a blanket challenge to Plaintiff's designation of "unfiled discovery" materials exchanged between the parties. Defendants have not indicated to Plaintiff or to the Court that they have any present need or intention to file any of the disputed materials with the Court for any purpose; indeed, as noted, Defendants have not even argued that any of the communications at issue have any particular relevance to this case. It appears that Defendants are challenging Plaintiff's designations simply because they can, or because they mistakenly believe the issue creates some sort of leverage for them.

6. At bottom, Defendants have not articulated to Plaintiff or the Court any reason at all why they elected to challenge Plaintiff's designations and bring this dispute before the Court at this time, particularly when they do not appear to have any present need to file any of the disputed materials for any purpose. If Defendants had ever approached Plaintiff with an articulable interest in utilizing any of the designated materials for the purpose of litigating this case, Plaintiff would have responded in good faith and considered withdrawing its designation as to particular

3

documents in order to allow materials to be filed publicly rather than under seal. That has not happened.

7.     As set forth in the Motion and accompanying declaration, Plaintiff has satisfied the "low bar" of demonstrating good cause for preserving his confidentiality designations as to the discovery materials at issue. *See Binh Hoa Le*, 990 F.3d at 420. The Protective Order expressly permits such materials to be designated as Confidential and Defendants do not argue otherwise. *See Forbes*, 2023 WL 3467783 at *2 (granting motion to preserve confidentiality designations where the designations were consistent with the language and scope of the protective order).

## CONCLUSION

Plaintiff requests that the Court grant his Motion and order that Plaintiff's confidentiality designations as to the materials at issue be preserved.

February 25, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

        Ricardo G. Cedillo (Texas Bar No. 04043600)
        DAVIS, CEDILLO & MENDOZA, INC.
        755 E. Mulberry Ave., Ste. 250
        San Antonio, TX 78212
        (210) 822-6666
        Email: rcedillo@lawdcm.com

        *Counsel for Plaintiff Logan Paul*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on the February 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

      /s *Andrew C. Phillips*