UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| STEPHEN FINDEISEN and COFFEE § | |
| BREAK PRODUCTIONS, LLC, § | Civil Action No. 5:24-CV-00717 |
| § | |
| *Defendants.* § | |
| § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION TO PRESERVE CONFIDENTIALITY DESIGNATIONS**

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") submit this Response to Plaintiff's Second Motion to Preserve Confidentiality Designations (the "Second Motion") (ECF No. 42) and in support respectfully show:

**INTRODUCTION**

Logan Paul has now filed his second motion to preserve a legally baseless "confidential" designation for documents that are highly relevant—and extremely damaging—to his case. Paul identified 28 such documents addressed in his first motion (ECF No. 36). In his Second Motino, he identifies another 97 disputed documents (the "Documents") he claims should be kept out of the public record.

Coffeezilla's response (ECF No. 45) to Paul's first motion addressed the "good cause" standard the Fifth Circuit requires courts to apply whenever a party seeks to keep documents

produced in litigation confidential.[1] Under this standard, Paul has the burden to make a particularized factual showing of the harm to be avoided by maintaining confidentiality. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418–19 & n.30 (5th Cir. 2021). He made no attempt to do so in his first motion, nor has he done so in his Second Motion.

Further, the Court's protective order allows the parties to mark documents "confidential" only if there is a legal basis for doing so. But Paul had no legal basis to designate the Documents "confidential." Instead, Paul simply marked "confidential" all the communications he believes *undermine* his case, while including screenshots of communications he believes *support* his case in his pleadings.

It is clear what Paul is trying to do. Paul filed this lawsuit to bully and silence Coffeezilla and anyone else who might report on Paul's key role in creating and promoting an online cryptocurrency scam. Knowing there is a presumption of openness in federal courts, Paul is putting ostensibly helpful documents into the public record while fighting to keep plainly damning (or embarrassing) documents secret.

Because Paul cannot meet the test for maintaining confidentiality of the Documents, the Court should deny his Second Motion and order the Documents be immediately and automatically de-designated as "confidential" under the protective order.

## ARGUMENT AND AUTHORITIES

### I.   Standard for protection of confidential documents and information

Where, as here, a protective order allows documents to be produced subject to a "confidentiality" designation without an initial showing of good cause, the party asserting

---

[1] Coffeezilla adopts that response and incorporates it by reference in its entirety. *See* FED. R. CIV. P. 10(c).

confidentiality has the burden to justify "good cause" for continued protection from disclosure. *Binh Hoa Le*, 990 F.3d at 418–19 & n.30; *Oncology Tech, L.L.C. v. Elekta, Inc.*, No. CV SA-12-CA-314-H, 2013 WL 12169359, at *5 (W.D. Tex. Feb. 5, 2013). It is insufficient that the parties "simply prefer to keep things under wraps." *Binh Hoa Le*, 990 F.3d at 417.

"Good cause" to maintain confidentiality exists where, for example, documents contain "sensitive information that, if disclosed, could endanger lives or threaten national security." *Id.* "Good cause" also supports keeping documents confidential that contain trade secrets or personal information about third parties, such as social security numbers, home addresses, and banking information. *E.g.*, *Forbes v. San Gabriel Recovery Ranch*, No. 1:21-CV-00851-DII-SH, 2023 WL 3467783, at *2 (W.D. Tex. May 15, 2023); *Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768, 2015 WL 1758079, at *2–4 (W.D. Tex. Apr. 17, 2015).

Paul's reply in support of his first motion appears to concede the good cause standard applies here. *See* ECF No. 50 ¶ 3 (". . . [Paul] has more than demonstrated *good cause* to preserve those designations." (emphasis added)). But Paul's reply also attempts to distinguish *Binh Hoa Le*, arguing that perhaps something less than good cause is required. *See id.* ¶ 4. Paul misreads the case.

In *Binh Hoa Le*, the Fifth Circuit reviewed a final summary judgment where three-quarters of the record was "troublingly sealed from the public" and sharply criticized the trial court's decision to allow the parties to file the majority of their pleadings under seal without good cause. 990 F.3d at 412, 420–21. The court recognized that at the discovery phase, protective orders like the one in place here serve the important function of facilitating the efficient exchange of information. *Id.* at 420. But while a protective order may set a "low bar" for an initial "confidential" designation, good cause is still required to *maintain* that

3

confidentiality. *Id.* at 420–21. "Legal arguments, *and the documents underlying them*, belong in the public domain." *Id.* at 421 (emphasis added).

## II. No "good cause" supports continued confidentiality.

Like the documents at issue in the first motion, the Documents at issue here also consist of highly relevant, contemporaneous communications between Paul and other CryptoZoo insiders. The protective order in this case only protects the confidentiality of documents otherwise entitled to protection *by law*. ECF No. 22. As with his prior motion, Paul again fails to identify any such law, and there is none.

Paul also does not argue or show the Documents contain national security information, trade secrets, or sensitive personal or financial information. Instead, Paul relies entirely on his own brief declaration stating: "All [the Documents] consist of private correspondence between me and friends, and/or business associates. These communications primarily concern personal or business matters other than the CryptoZoo project . . . ." ECF No. 42-1 ¶ 3. According to Paul, the *only* purported basis for keeping the Documents confidential is that "they were made with the understanding and reasonable expectation that they were private correspondence and would not become generally available to the public." *Id.* ¶ 5.

An "understanding and reasonable expectation" that unprivileged communications will not become public is not a legal basis for confidentiality. That a party expected or preferred his communications not become public is not enough to overcome the presumption that court records are public. *See Binh Hoa Le*, 990 F.3d at 417. Further, it was Paul—not Coffeezilla—who initiated this litigation and placed his own communications squarely at issue.

In his reply in support of his first motion, Paul baldly claims he "has more than demonstrated good cause," citing only *Forbes v. San Gabriel Recovery Ranch*. The documents in that case, however, were vastly different from those at issue here.

In *Forbes*, the parties' protective order specifically defined "confidential" information as, among other things, "trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, [and] personal information that is protected by law[.]" 2023 WL 3467783, at *1–2. The court found the defendant's employee handbook and training manuals were "proprietary" and therefore properly designated "confidential." *Id.* at *2. The court also found the paystubs of the defendant's past employees who were not parties to the case were entitled to remain "confidential," since they contained personal and confidential information, including Social Security numbers, home addresses, and banking information. *Id.* Here, in contrast, Paul does not identify anything in the Documents akin to proprietary business materials "developed at great time and expense," like the handbook and manuals at issue in *Forbes. See id.*

Paul also appears to argue, obliquely, that the documents should remain confidential because they are not relevant—or at least not relevant *enough*. Of course, Paul produced these documents in response to discovery requests, so even he must concede they are at least discoverable. Also, no authority suggests Paul's conclusory assertion that the Documents are wholly or partially irrelevant is "good cause" for maintaining their confidentiality. Nor does any authority support Paul's suggestion that it is somehow *Coffeezilla's* burden to show why documents that were already produced should maintain their confidentiality designation, especially when the protective order expressly creates a procedure for challenging that designation.

5

In addition, Paul selectively publicized the portions of the Documents he thinks reflect positively on him in his own pleadings. *See, e.g.,* ECF No. 1 ¶¶ 112, 113. Tellingly, it is only the portions he thinks are harmful to his case (and helpful to Coffeezilla) or plainly embarrassing that he claims should remain under seal based solely on his own "understanding and reasonable expectation." For example, several documents designated "confidential" (including PAUL_CZ00006773, PAUL_CZ00007299–7301, and PAUL_CZ00006762–6772) consist of Paul's conversations referring to his plan to sue Coffeezilla to discourage others from publicly discussing Paul's scam.

Paul makes no attempt to demonstrate how maintaining these Documents' confidentiality will avoid any particular harm to him or others. *See Binh Hoa Le*, 990 F.3d at 418–19 & n.30 (holding "good cause" standard requires particularized factual showing of the harm to be avoided by maintaining confidentiality); *see also United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-022-Z, 2022 WL 19010531, at *4 (N.D. Tex. Dec. 15, 2022) (refusing to confirm confidential designations where the designating party relied only on "general conclusory assertions about future competitive harm"). Rather, the only harm in disclosing the Documents is harm to Paul's litigation positions (or his public image).

Accordingly, the Court should deny Paul's Second Motion.

## REQUESTED RELIEF

For these reasons, and all of the reasons discussed in the response to Paul's first motion, Coffeezilla respectfully requests the Court deny Paul's Second Motion in its entirety, order the Documents be de-designated as "confidential," and grant Coffeezilla all further relief at law or in equity to which he may be entitled.

Dated: February 25, 2025

                                              Respectfully submitted,

                                              **DAVIS & SANTOS, PLLC**

                                              By: _/s/ Caroline Newman Small_
                                                      Jason M. Davis
                                                      Texas State Bar No. 00793592
                                                      E-mail: _jdavis@dslawpc.com_
                                                      Caroline Newman Small
                                                      Texas State Bar No. 24056037
                                                      E-mail: _csmall@dslawpc.com_
                                                      Rachel Garza
                                                      Texas State Bar No. 24125240
                                                      E-mail: _rgarza@dslawpc.com_
                                                      719 S. Flores Street
                                                      San Antonio, Texas 78204
                                                      Tel: (210) 853-5882
                                                      Fax: (210) 200-8395

                                              ***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC***

## CERTIFICATE OF SERVICE

I certify that on February 25, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

                                              By: _/s/ Caroline Newman Small_
                                                      Caroline Newman Small