IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>         *Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>         *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXPEDITED HEARING ON DEFENDANTS' MOTION TO STAY DISCOVERY PENDING A RULING ON THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Logan Paul hereby responds in opposition to Defendants' Opposed Motion for Expedited Hearing on Defendants' Motion to Stay Discovery Pending a Ruling on Their Motion for Judgment on the Pleadings [Dkt. 51] ("Mot. to Expedite"). The Motion to Expedite should be denied, for the following reasons:

1. Motions to expedite hearings "should be used sparingly, rather than as a matter of course," as they pose an "imposition" on not only the Court, but "on other parties who are seeking their day in court but are not insisting on special treatment." *In re Villareal*, 160 B.R. 786, 788 (W.D. Tex. 1993). Moreover, the requisite "[c]ause is not shown when the cause for expedited hearing is one of the movant's own making." *Id*. at 787.

2. Defendants' Motion to Expedite does not describe any real exigency warranting expedited relief, and to the extent that Defendants mistakenly believe such exigency exists, the situation is entirely of their own making. Moreover, Defendants' request for a blanket stay of discovery pending adjudication of their belated Motion for Judgment on the Pleadings [Dkt. 41]

1

fundamentally lacks merit, as explained in Plaintiff's Opposition to Defendants' Motion to Stay Discovery [Dkt. 49].

3. As Defendants acknowledge, their Motion to Stay Discovery [Dkt. 46] is already set for hearing on March 24, 2025, less than a month from now. Defendants' only grounds for insisting that the Court go out of its way to move that hearing up by a couple of weeks is that (1) two depositions are scheduled to take place in this case between now and March 24; and (2) Defendants' expert report is due between now and March 24. (Mot. to Expedite at 2.) Defendants cite no authority suggesting that the pendency of long-scheduled depositions and discovery deadlines amount to an emergency requiring expedited attention from the Court, particularly where this case has been in active discovery for months.

4. The latter point bears emphasis as it demonstrates that Defendants' claimed "cause" for expedited relief is entirely of their own making. Plaintiff filed this action in June 2024. (See Compl. [Dkt. 1].) Defendants elected not to file a motion to dismiss, and thus the case has been in active discovery for many months. Defendants have participated fully in discovery, including issuing dozens of broad requests for production, in response to which Plaintiff has produced thousands of documents; engaging in numerous meet-and-confer discussions regarding discovery issues; and, recently, asking the Court to disapprove of Plaintiff's designation of certain discovery materials as confidential. (See Defs.' Resp. to Pl.'s Mot. to Preserve Confidentiality Designations [Dkt. 45].)

5. Although Defendants asserted in their original Answer [Dkt. 9] in August 2024 that the statements at issue in this case constitute non-actionable opinions—the argument on which Defendants base their recent Motion for Judgment on the Pleadings—Defendants not only chose not to present that argument in a timely motion to dismiss but, for whatever reason, also elected

not to move for judgment on the pleadings until February 17, 2025—*six months* after the pleadings closed, and well into active discovery in which they have been zealous participants.

6. Given that timeline and Defendants' own delay in presenting what they (erroneously) claim are case-dispositive issues to the Court, it is nonsensical for Defendants to contend that a few more weeks of continuing discovery prior to March 24 now constitutes an emergency that merits expedited attention from the Court.

7. Finally, for the reasons set forth in Plaintiff's Opposition to Defendants' Motion to Stay Discovery, Defendants' stay request lacks merit in any event, making expedited consideration of that request futile. Defendants have failed to demonstrate good cause to justify the "very rare, and almost never wise" remedy of staying all discovery pending the outcome of a dispositive motion. *See YETI Coolers, LLC v. Magnum Solace, LLC*, No. 16-CIV-00663, 2016 WL 10571903, *1 (W.D. Tex. Oct. 19, 2016).

## CONCLUSION

Defendants' Opposed Motion for Expedited Hearing on Defendants' Motion to Stay Discovery Pending a Ruling on Their Motion for Judgment on the Pleadings [Dkt. 51] should be denied.

February 26, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805

      Ft. Lauderdale, Florida 33394
      Email: jneiman@mnrlawfirm.com
      Email: jmays@mnrlawfirm.com

      Ricardo G. Cedillo (Texas Bar No. 04043600)
      DAVIS, CEDILLO & MENDOZA, INC.
      755 E. Mulberry Ave., Ste. 250
      San Antonio, TX 78212
      (210) 822-6666
      Email: rcedillo@lawdcm.com

      *Counsel for Plaintiff Logan Paul*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the February 26, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s *Andrew C. Phillips*