IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>         *Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>         *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S REPLY IN SUPPORT OF SECOND MOTION TO PRESERVE CONFIDENTIALITY DESIGNATIONS**

Plaintiff Logan Paul hereby files this Reply in support of his previously filed Second Motion to Preserve Confidentiality Designations [Dkt. 42] ("Second Motion") in order to address the arguments raised in Defendants' February 25, 2025 Response to Plaintiff's Second Motion to Preserve Confidentiality Designations [Dkt. 45] ("Response"):

1. As the title of Plaintiff's Second Motion to Preserve Confidentiality Designations suggests, Plaintiff has now filed two separate motions seeking to preserve, over Defendants' challenges, Plaintiff's designation of certain discovery materials as "Confidential" pursuant to the Court's Confidentiality and Protective Order [Dkt. 22]. The first, Plaintiff's Motion to Preserve Confidentiality Designations ("First Motion") [Dkt. 36] was filed on February 11, and the Second Motion was filed on February 18.

2. The reason Plaintiff has two pending motions that both seek the same relief is due to the timing of Defendants' two separate challenges to Plaintiff's designations of discovery materials in two separate productions, which Plaintiff had to separately address by filing motions to preserve within 14 days of each challenge, per Paragraph 11(a) of the Protective Order.

1

3. Both the First Motion and Second Motion essentially address identical issues. Plaintiff contends that the documents at issue in the First Motion consist of private correspondence that is expressly within the scope of materials that Paragraph 3(a) of the Protective Order allows to be designated as Confidential. Although the specific documents at issue in the Second Motion are different, they consist of the same types of materials and Plaintiff takes the same position with respect to them.

4. Defendants have opposed both the First and Second Motion, raising identical arguments as to why they contend the materials at issue in the First and Second Motions are not properly designated as Confidential. (*See generally* Feb. 18, 2025 Defs.' Resp. to Pl.'s Mot. to Preserve Confidentiality Designations [Dkt. 45]; Feb. 25, 2025 Defs.' Resp. to Pl.'s 2d Mot. to Preserve Confidentiality Designations [Dkt. 52].)

5. Plaintiff has already filed his reply brief with respect to the First Motion, in which Plaintiff addresses Defendants' arguments regarding Plaintiff's designations and contends that (1) Plaintiff's designations are proper under the plain language of the Protective Order and Defendants do not argue otherwise; and (2) good cause exists for Plaintiff's designations, particularly where none of the materials at issue have been filed with the Court, nor do Defendants claim any present need or desire to file any materials designated as Confidential with the Court—and thus, there is no issue of sealing materials presented to the Court for adjudication, but simply proper use of materials exchanged between the parties in discovery. (*See generally* February 25, 2025 Pl.'s Reply in Support of Mot. to Preserve Confidentiality Designations [Dkt. 50].)

6. Because the issues and arguments raised by the Parties are essentially identical as between the First Motion and the Second Motion, and Plaintiff has already addressed Defendants'

arguments in opposition to Plaintiff's designations in his Reply in support of the First Motion, filing yet another lengthy reply as to the Second Motion would be unnecessary and inefficient.

7.   Accordingly, with respect to the arguments raised in Defendants' Response to Plaintiff's Second Motion to Preserve Confidentiality Designations, Plaintiff incorporates and relies upon the arguments made previously in Plaintiff's February 25, 2025 Reply in Support of [First] Motion to Preserve Confidentiality Designations [Dkt. 50].

### **CONCLUSION**

Plaintiff requests that the Court grant his Second Motion and order that Plaintiff's confidentiality designations as to the materials at issue be preserved.

February March 4, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on the March 4, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                                                          /s *Andrew C. Phillips*