UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL § <br> § <br> *Plaintiff,* § <br> § <br> § <br> v. § <br> § <br> § <br> STEPHEN FINDEISEN and COFFEE § <br> BREAK PRODUCTIONS, LLC, § <br> § <br> *Defendants.* § <br> § | Civil Action No. 5:24-CV-00717 |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
PENDING A RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS**

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC (jointly, "Coffeezilla") file this Reply in support of their Motion to Stay Discovery Pending a Ruling on Their Motion for Judgment on the Pleadings (ECF No. 46), and in support respectfully show:

**INTRODUCTION**

The Fifth Circuit consistently holds good cause supports staying discovery while a dispositive motion is pending, particularly when additional discovery will not uncover facts necessary to respond to the pending motion. Courts in this district frequently grant motions to stay in cases where a well-founded motion for judgment is pending. This is precisely such a case.

Coffeezilla filed a motion for judgment on the pleadings, which must be decided on the face of the pleadings alone. Paul does not need *any* additional discovery to respond to Coffeezilla's motion for judgment, and he does not argue otherwise. In fact, Paul filed his

response to the motion for judgment yesterday and did not argue he needed additional discovery and evidence to prepare it. *See* ECF No. 55.

Paul, however, misstates the standard applicable here, claiming another court in this district held staying discovery pending resolution of *dispositive motions* is "very rare, and almost never wise." To the contrary, that court actually held staying discovery pending resolution of *Rule 12(b)(6) motions* is uncommon and typically unnecessary. *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 16-CIV-00663, 2016 WL 10571903, at *2 (W.D. Tex. Oct. 19, 2016) ("While, in theory, a court may find good cause to stay discovery when there is a *pending 12(b)(6) motion*, in practice such stays are very rare, and almost never wise." (emphasis added)). Coffeezilla's motion is not a Rule 12(b)(6) motion.

While Paul relies entirely on cases in which a stay of discovery was denied, he does not—and cannot—dispute that the district court has "broad discretion and inherent power" to stay discovery. Ample good cause supports doing so here.

## REPLY

**A.   Good cause for a stay exists when no additional discovery is needed to respond to a pending dispositive motion.**

The Fifth Circuit has made clear that district courts have "'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). Further, "[a] plaintiff's entitlement to discovery prior to a ruling on a [dispositive motion] is not unlimited and may be cut off when . . . the requested discovery is not likely to produce the facts needed . . . to withstand" the motion. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (cleaned up); *see also Endure Indus., Inc. v. Vizient, Inc.*, No. 3:20-CV-3190-E, 2021 WL 3771770, at *1 (N.D. Tex. Apr. 9, 2021) ("The Court believes that discovery should

2

be stayed given the burden to Defendants . . . and because Plaintiff has not demonstrated a need for the documents prior to this Court's ruling on the pending Motion to Dismiss.").

For example, the Fifth Circuit held a district court had good cause to stay burdensome discovery that had no bearing on a pending motion for summary judgment that raised only legal issues. *Fujita*, 416 F. App'x at 402. Similarly, the Fifth Circuit held the district court had good cause to stay discovery where pending summary judgment motions "were purely legal and . . . discovery would therefore not aid in their resolution." *Landry*, 901 F.2d at 435.

Contrary to Paul's argument, courts in this district frequently stay discovery while potentially case-dispositive motions are pending. *E.g., Gaudette v. Angel Heart Hospice, LLC*, No. 1:23-CV-00769-DII, 2024 WL 1558162, at *8 (W.D. Tex. Apr. 10, 2024) (Hightower, M.J.) ("The Court finds that a limited stay of discovery is warranted pending the District Court's ruling on [a] Rule 12(c) Motion to conserve the parties' and the court's resources."); *Thomas v. Smoke Shack BBQ*, No. SA-23-CV-00130-DAE, 2023 WL 4167757, at *1 (W.D. Tex. June 23, 2023) (Chestney, M.J.) ("If the District Court dismisses even some of the causes of action or parties, significant resources of both the parties and the Court are likely to be conserved by waiting to commence full-blown discovery until after the District Court's ruling."); *Clay v. Wagner*, No. SA-18-CV-360-FB(ESC), 2018 WL 10810007, at *1 (W.D. Tex. Oct. 9, 2018) (Chestney, M.J.) ("In balancing the harm caused by the delay in discovery against the possibility that the motion will be granted, thereby eliminating the need for discovery, the Court finds good cause exists to grant Defendants' motion."); *Tostado v. Citibank (S.D.), N.A.*, No. SA-09-CV-549-XR, 2009 WL 4774771, at *1 (W.D. Tex. Dec. 11, 2009) (Rodriguez, J.) (granting stay pending motion to dismiss).

The Court should do so here too. Coffeezilla filed a motion for judgment on the pleadings (ECF No. 41), which the Court will decide on the face of the pleadings alone. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Paul does not need *any* additional discovery to respond to Coffeezilla's motion for judgment, and he does not argue otherwise. *See Landry*, 901 F.2d at 436 (affirming order staying discovery pending summary judgment where parties opposing stay "asserted no facts they hoped to adduce, no genuine issues of material fact they hoped to create, [and] no showing they hoped to rebut"). Paul has now filed that response. *See* ECF No. 55.

Accordingly, the Court would be well within its discretion to order a stay of discovery in this case, and it should do so.

B.   **Paul misstates the standard for a stay.**

Paul admits the Court has "broad discretion and inherent power" to order a stay. *See* ECF No. 49 at 2 ("[C]ourts have broad discretion to oversee the discovery process, including the discretion to stay discovery altogether upon a showing of good cause[.]"); *see also Fujita*, 416 F. App'x at 402 ("The district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'"); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) ("District courts have broad discretion in all discovery matters.").

Paul nevertheless relies entirely on cases in which a stay of discovery was denied and flatly misstates the relevant standard. Citing an order signed by U.S. Magistrate Judge Austin, Paul claims "staying discovery pending the outcome of *a dispositive motion* is 'very rare, and almost never wise.'" ECF No. 49 (emphasis added) (quoting *YETI Coolers*, 2016 WL 10571903, at *1). But that is not what Judge Austin said. Rather, his order noted that while a

district court may stay discovery pending resolution of a *Rule 12(b)(6) motion*, actually doing so is both unusual and unnecessary. *YETI Coolers*, 2016 WL 10571903, at *2. The court reasoned that if Rule 12(b)(6) motions were intended to stay discovery in every case, the rules would say so. *Id.* at *1 (citation omitted).

This case is not at the Rule 12(b)(6) stage, when courts commonly grant the plaintiff leave to amend his complaint. *See* FED. R. CIV. P. 15(a)(2) ("The Court should freely give leave [to amend] when justice so requires."); *Cassone v. Austin Chron. Corp.*, No. 1:23-CV-1197-RP, 2024 WL 2031713, at *10 (W.D. Tex. May 7, 2024) (recognizing courts typically should grant leave to amend at the Rule 12(b)(6) stage). At that stage, halting all discovery likely would not spare the parties any ultimate expense.

Here, in contrast, Coffeezilla's motion for judgment on the pleadings seeks dismissal of the entire case *with prejudice*. *See* ECF No. 41.[1] Tellingly, Paul's response does not (and, indeed, cannot) argue that amendment would cure the fundamental deficiencies of his defamation claims—namely that the allegedly libelous statements are statements of opinion or rhetorical hyperbole, rather than actionable statements of fact. *See* ECF No. 55.

Courts in this circuit frequently stay discovery while Rule 12(c) motions for judgment on the pleadings are pending. *E.g., Gaudette*, 2024 WL 1558162, at *8 (Hightower, M.J.); *Ricks v. DMA Cos.*, No. 1:22-CV-00773-RP, 2023 WL 7103271, at *5 (W.D. Tex. Oct. 27, 2023) (Hightower, M.J.); *Am. Gen. Life Ins. Co. v. Hannah*, No. 1:12-CV-00087-GHD-DAS, 2012

---

[1] Paul appears to suggest there is something nefarious about Coffeezilla's choice not to file a Rule 12(b)(6) motion but admits that was Coffeezilla's right. *See* ECF No. 49 at 9. The Rules do not require a party to file a 12(b)(6) motion before filing a Rule 12(c) motion, which may only be filed "*after the pleadings have closed*." FED. R. CIV. P. 12(c) (emphasis added). Further, contrary to Paul's suggestion, Coffeezilla did not delay in filing a Rule 12(c). The parties mutually agreed to extend the pleading deadline to January 21, 2025; Coffeezilla's motion was filed on February 17, 2025.

WL 6132507, at *2 (N.D. Miss. Dec. 10, 2012); *Dowdy & Dowdy P'ship v. Arbitron, Inc.*, No. 2:09-CV-253-KS-MTP, 2010 WL 3893915, at *2 (S.D. Miss. Sept. 30, 2010).

While Paul argues staying discovery is only appropriate when a pending motion for judgment on the pleadings involves jurisdictional or immunity issues, *see* ECF No. 49 at 4, none of these cases involve those issues.

### C. Paul's authorities are unpersuasive.

Paul argues staying discovery is disfavored, but the cases he cites in support are mostly limited to their unique facts. In fact, one of the out-of-circuit cases Paul cites acknowledges courts "often" exercise discretion to stay discovery when a defendant challenges the sufficiency of a complaint. *Inland Am. (LIP) SUB, LLC v. Lauth*, No. 109-CV-00893-SEB-JMS, 2010 WL 670546, at *1–2 (S.D. Ind. Feb. 19, 2010).

In *Inland*, a court in Indiana denied a stay because the defendants first sought an extension of time to respond to discovery and then sought a stay in a move that "smack[ed] of . . . gamesmanship." *Id*. Similarly, in *Deski*, Judge Pitman denied a stay where defendants first flouted an order compelling discovery for four months before seeking a stay on the eve of their responsive deadline. *Fund Texas Choice v. Deski*, No. 1:22-CV-859-RP, 2024 WL 3223685 (W.D. Tex. May 1, 2024). Paul also relies on *Methodist Health*, where a court in Illinois denied a stay because the defendant delayed *years* in filing a motion for judgment and engaged in extensive discovery in the meantime. *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13-CIV-01054, 2014 WL 1797674, *2 (C.D. Ill. May 6, 2014).

This case is dissimilar. Rather here, Coffeezilla is not ignoring his discovery obligations (but trying to avoid unnecessary expenditure of his and the Court's resources) nor did he delay in pursuing his motion for judgment less than one month after the pleadings

6

deadline expired.[2] This is precisely the type of case where good cause supports a stay, and the Court should grant one.

    **D.    A stay is warranted because Coffeezilla's motion for judgment has merit, and discovery will be extensive and burdensome.**

Paul also cites *Von Drake*, an oft-cited decision from the Northern District in which the court articulated several factors to inform courts' exercise of the broad discretion to stay discovery while a dispositive motion is pending. *See* ECF No. 49 at 5 n.2 (citing *Von Drake v. NBC, Inc.*, No. 3:04-CV-0652R, 2004 WL 1144142, at *1–2 (N.D. Tex. 2004)). Those factors include the (1) breadth of discovery sought; (2) the burden of responding to discovery; and (3) the strength of the pending motion. *Id.* at *1.

Here, as Paul admits, the breadth of discovery he seeks is unlimited. Paul even notes in his response that he seeks to compel Coffeezilla to produce "more than 16,000" privileged documents and communications identified on its privilege log. ECF No. 49 at 9–10 n.4; *see also* ECF No. 26 (Paul's motion to compel production). In addition, between now and the hearing on Coffeezilla's motion for judgment, the parties are scheduled to take two depositions of non-parties, which extends the burden of additional discovery to non-litigants as well as Coffeezilla.

Further, the burden of responding to discovery falls more heavily on Coffeezilla than Paul. Paul is, in his own words, "a globally recognized entertainer, athlete, and entrepreneur[.]" ECF No. 1 ¶ 1. Coffeezilla, in contrast, is a self-employed, online journalist. As many of the communications that are the subject of Paul's multiple motions to preserve confidentiality reveal, *see* ECF No. 52 at 6, Paul filed this lawsuit for the express purpose of

---

[2] The parties mutually agreed to extend the deadline to amend pleadings from December 18, 2024 to January 21, 2025. *See* ECF No. 18.

threatening and intimidating Coffeezilla and anyone else who might dare to report on Paul's misconduct. For this reason, public policy supports a stay of discovery while the Court determines whether this frivolous suit against a journalist exercising his First Amendment rights can move forward.

Finally, the strength of Coffeezilla's pending motion for judgment supports a stay. When considering a motion to stay, the Court may perform a "cursory review" of the pending dispositive motion if it is not yet ripe. *See Von Drake*, 2004 WL 1144142, at *2; *see also Primesource Bldg. Prods., Inc. v. Lee Grp. Int'l, Inc.*, No. 3:19-CV-02878-X, 2020 WL 6140462, at *2 (N.D. Tex. Aug. 12, 2020) (granting stay where defendant's motion was "not frivolous," "merit[ed] serious consideration," and, if granted, would dispose of the entire case).

The face of Coffeezilla's motion demonstrates conclusively that Paul's own pleading alleges only nonactionable statements of opinion. *See* ECF No. 41 at 7–11. Paul complains that Coffeezilla accused him of engaging in a "scam" and a "massive con" and referred to him as a "serial scammer." ECF No. 1 ¶¶ 165, 176, 187. But even referring to a plaintiff as a "murderer" or "sex predator" have been held nonactionable in this circuit. *See, e.g., Dickson v. Lilith Fund for Reproductive Equity*, 647 S.W.3d 410, 416 (Tex. App.—Amarillo 2021), *aff'd sub nom. Lilith Fund for Reproductive Equity v. Dickson*, 662 S.W.3d 355 (Tex. 2023); *Mogged v. Lindamood*, No. 02-18-00126-CV, 2020 WL 7074390, at *16 (Tex. App.—Fort Worth Dec. 3, 2020, pet. denied). (Accurately) calling Paul a "scammer" is no different.

Accordingly, the relevant factors—particularly the strength of Coffeezilla's pending motion for judgment—weigh heavily in favor of a stay.

## REQUESTED RELIEF

For these reasons, Coffeezilla respectfully requests that the Court grant his motion to stay discovery (ECF No. 46), stay all discovery and discovery hearings until it issues a ruling on the pending motion for judgment (ECF No. 41), and award him all other relief at law or in equity to which he is entitled.

Dated: March 4, 2025                                    Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ Caroline Newman Small*
Jason M. Davis
Texas State Bar No. 00793592
E-mail: *jdavis@dslawpc.com*
Caroline Newman Small
Texas State Bar No. 24056037
E-mail: *csmall@dslawpc.com*
Rachel Garza
Texas State Bar No. 24125240
E-mail: *rgarza@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC***

## CERTIFICATE OF SERVICE

      I certify that on March 4, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

                                        By: */s/ Caroline Newman Small*
                                                Caroline Newman Small