IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOGAN PAUL, | § § § | |
| Plaintiff, | § § | CASE NO. 5:24-CV-717 |
| vs. | § § § § § § | |
| STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA, | § § § § § | |
| Defendant. | § | |

## NON-PARTY THOMAS KHERKHER'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS AND MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

Non-Party Thomas Kherkher files this *Motion to Quash Subpoena to Produce Documents in a Civil Action and Motion for Protective Order*, and in support thereof, respectfully shows the Court the following:

### I.     BACKGROUND

1. On February 27, 2025, Plaintiff Logan Paul's counsel served a Subpoena to Produce Documents in a Civil Action ("Subpoena") on Non-Party Thomas Kherkher ("Kherkher"). The Subpoena purports to require production of "All communications between [Kherkher] and Stephen Findeisen a/k/a Coffeezilla, or any other person purporting to act on behalf of Mr. Findeisen or the Coffeezilla YouTube series, concerning CryptoZoo and/or Logan Paul." The Subpoena required compliance by February 28, 2025 at 5:00 p.m., less than one business day after service. *See Subpoena attached hereto as Exhibit A.*

2. Kherkher is an attorney of record in the case of *Holland v. Cryptozoo Inc.*, 1:23-cv-110 (W.D. Tex.), filed on February 2, 2023. Plaintiff Logan Paul is a named defendant in the *Holland* case, and the Subpoena represents an inappropriate attempt by Paul to obtain Kherkher's protected work product.

3. Because the Subpoena is overbroad and unduly burdensome in that it requests materials and information protected by the work product doctrine and consulting expert information, Kherkher respectfully requests that the Subpoena be in all things quashed and stayed.

4. Kherkher further requests that the Court enter a protective order protecting Kherkher from disclosure and production of the materials identified in the Subpoena

## II.   ARGUMENT AND AUTHORITES

5. Pursuant to F.R.C.P. 45(d), a court may quash a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden.

6. Under F.R.C.P. 45(d)(1), the party issuing the subpoena has an obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and may be subject to sanctions for failing to do so. *MetroPCS v. Thomas*, 327 F.R.D. 600, 606 (N.D. Tex. 2018).

7. The work product doctrine serves to protect materials prepared in anticipation of litigation or for trial. *Doe 1 v. Baylor Univ.*, 335 F.R.D. 476, 487 (W.D. Tex. 2020). Determining whether a document has been prepared in anticipation of litigation has been described as a "slippery task," but the privilege does not require that litigation be imminent so long as the "primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

8. Work product protection may be established by the following elements: (1) the materials sought are documents or tangible things; (2) the materials sought were prepared in anticipation of litigation or for trial; (3) the materials were prepared by or for a party's

representative; (4) for opinion work product, the material contains the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party. *S.E.C. v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2006).

9. In addition, F.R.C.P. 26(b)(4)(D), which states that "Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."

10. The Subpoena in this case requests communications between Kherkher and Stephen Findeisen which are protected by the work product doctrine and F.R.C.P. 26(b)(4)(D)'s rule against consulting expert disclosures. Kherkher retained the services of Stephen Findeisen as a consulting expert in anticipation of litigation, and Kherkher's primary motivating purpose in communicating with Stephen Findeisen was to prepare for possible future litigation and to prepare for trial in existing litigation. Any communication between Kherkher and Stephen Findeisen concerning CryptoZoo and/or Logan Paul, as requested by the Subpoena, is related to the anticipated litigation or trial of *Holland v. Cryptozoo Inc.*, 1:23-cv-110 (W.D. Tex.), in which Logan Paul is a current named defendant. Further, Stephen Findeisen is not expected to be called as a witness at trial in the *Holland* litigation. Accordingly, the communications requested under the Subpoena are protected by the work product doctrine and Rule 26(b)(4).

11. The materials requested in the Subpoena are protected by the work product doctrine and are subject to protection under F.R.C.P. 26(b)(4), and Kherkher should not be required to respond to the request.

12. For the foregoing reasons, the Court should quash Plaintiff's Subpoena.

### III.   MOTION FOR PROTECTIVE ORDER

13.   Pursuant to F.R.C.P. 26(c), "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Further, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding the requested disclosure or discovery. F.R.C.P. 26(c).

14.   The Court should protect Kherkher from the Subpoena and the disclosure and production of the materials identified in the Subpoena. Producing the materials requested in the Subpeona would subject Kherkher to burden, expense, annoyance and harassment, and will result in the disclosure of protected materials as described above. Kherkher respectfully requests that this Court enter a protective order prohibiting the disclosure of the materials requested by the Subpoena and prohibit any discovery by Plaintiff of such materials.

### IV.   PRAYER

WHEREFORE PREMISES CONSIDERED, undersigned counsel and non-party, Tom Kherkher prays that this Motion be granted, that the aforesaid Subpoena be in all things quashed, that the Court issue a protective order regarding the materials requested in the Subpoena, together with such other and further relief to which Non-Party Tom Kherkher may be justly entitled.

        Respectfully Submitted,

        */s/ Jarrett Ellzey*
        Jarrett Ellzey
        Texas Bar No. 24040864
        Leigh S. Montgomery
        Texas Bar No. 24052214
        **ELLZEY KHERKHER SANFORD MONTGOMERY, LLP**
        4200 Montrose Blvd, Suite 200
        Houston, Texas 77006
        Phone (713) 244-6363
        jellzey@eksm.com
        lmontgomery@eksm.com

        **ATTORNEY FOR NON-PARTY TOM KHERKHER**

## **CERTIFICATE OF SERVICE**

      I certify that on March 4, 2025, a copy of the foregoing document was filed and served on all parties in accordance with the protocols for e-filing in the Federal Rules of Civil Procedure.

                                              */s/ Jarrett Ellzey*
                                              Jarrett Ellzey