# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the

Western District of Texas ▼

| | |
|---|---|
| Logan Paul ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 5:24-cv-717 |
| Stephen Findeisen and Coffee Break Productions ) | |
| LLC d/b/a Coffeezilla ) | (If the action is pending in another district, state where: |
| *Defendant* ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Thomas Kherkher, 5909 West Loop South, Suite 525, Houston, Texas 77401, tom@attorneytom.com

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment - Exhibit A

| Place: Electronic, see instructions in Exhibit A | Date and Time: February 28, 2025 at 5:00 p.m. CT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: February 11, 2025

*CLERK OF COURT*

OR

/s/ Andrew C. Phillips

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Logan Paul , who issues or requests this subpoena, are:
Andrew C. Phillips, MWPP LLP, 919 18th Str. NW, Washington, D.C. 20006, andy.phillips@mwpp.com 847.951.7093

AO 88B (Rev. 06/16) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:24-cv-717

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*.

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $         for travel and $         for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Case 5:24-cv-00717-OLG-HJB    Document 58-1    Filed 03/04/25    Page 4 of 8

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A
## INSTRUCTIONS

1. You shall produce, in their original form or in copies that are the exact duplicates of the originals all Documents, Communications and things requested that are responsive to the requests set forth below.

2. All Electronically Stored Information shall be produced in accordance with the Federal Rules of Civil Procedure unless the parties have otherwise agreed.

3. Produce all responsive Documents, Communications and things requested in Your possession, custody or control, regardless of whether responsive Documents, Communications and things requested are currently in Your immediate possession, including Documents and Communications obtained on Your behalf by Your counsel, employees, agents, or any other persons acting on Your behalf.

4. If You object to any portion of any request, identify the portion to which You object and respond to the remainder. All objections to the requests herein shall be made in writing and delivered via email to the undersigned counsel, on or before the date set for production.

5. These requests do not seek documents protected by the attorney-client privilege or by the work product doctrine.

6. In the event that any responsive Document or Communication, or any portion of any responsive Document or Communication, within the scope of a request is withheld or redacted from production upon any claim of privilege, You shall provide a list identifying each Document or Communication so withheld, as follows:

   (a) a brief description of the document;

   (b) the type of document, e.g., letter or memorandum;

   (c) the general subject matter of the document;

   (d) the date of the document;

   (e) the author of the document;

   (f) the addressees of the document;

1

(g) any other recipients of the document; and

(h) the relationship of the author, addressees and recipients to each other.

(i) identification of the privilege or privileges claimed for that Document or Communication.

7. The use of the singular form of any word includes the plural and vice versa. The past tense of any verb used herein includes the present tense, and the present tense includes the past tense. Each request and subparagraph or subdivision thereof shall be construed independently, and no other request or subparagraph or subdivision thereof shall be referred to or relied on for the purpose of limiting its scope except insofar as the request or subparagraph or subdivision construed expressly refers to another request or subparagraph or subdivision thereof.

8. Produce all Documents, Communications and things requested as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.

9. All Documents and Communications requested should be produced electronically by email, FTP site, flash drive, or as otherwise agreed to Andrew C. Phillips at Meier Watkins Phillips Pusch LLP, 919 18th Street NW, Suite 650, Washington, D.C. 20006, andy.phillips@mwpp.com.

## **DEFINITIONS**

1. "All" means all or any, and the term "any" shall be construed to mean all or any.

2. "And" and "or" are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request any document or response that might otherwise be construed to be outside of its scope.

3. "Communication" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

4. "Concerning" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

5. "Document" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

6. "Stephen Findeisen" refers to Stephen Findeisen, also known as Coffeezilla, and any of his representatives, agents, employees, or former employees.

7. "You" refers to Thomas Kherkher.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All communications between you and Stephen Findeisen a/k/a Coffeezilla, or any other person purporting to act on behalf of Mr. Findeisen or the Coffeezilla YouTube series, concerning CryptoZoo and/or Logan Paul.