# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

## SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>*Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>*Defendants*. | Civil Action No. 5:24-cv-00717 |

## PLAINTIFF LOGAN PAUL'S RESPONSE IN OPPOSITION TO NON-PARTY THOMAS KHERKHER'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS AND MOTION FOR PROTECTIVE ORDER

Plaintiff Logan Paul files this Response in Opposition to Non-Party Thomas Kherkher's Motion to Quash Subpoena to Produce Documents and Motion for Protective Order [Dkt. 58 (the "Motion to Quash")], which the Court has set for hearing on March 24, 2025 [Dkt. 59], and states that for the reasons set forth herein and in Plaintiff's contemporaneously filed Motion to Compel the Production of Defendant Stephen Findeisen's Communications with Non-Party Thomas Kherkher (the "Motion to Compel"), the Court should deny Kherkher's Motion and compel him to fully comply with Plaintiff's subpoena within seven (7) days of its Order.

Kherkher's Motion to Quash concerns a document subpoena containing a single document request. That request seeks Kherkher's communications with Defendant Stephen Findeisen (or anyone acting on Findeisen's behalf) "*concerning CryptoZoo and/or Logan Paul*." Kherkher asks the Court to quash the subpoena and issue a protective order because, he claims, (1) the requested

1

communications are "consulting expert disclosures" that are protected under Federal Rule 26(b)(4)(D), (2) the communications are protected work product, and (3) the subpoena "would subject Kherkher to burden, expense, annoyance and harassment." Contemporaneous with the filing of this Response, Plaintiff is filing a Motion to Compel, which asks the Court to compel *Defendants* to produce the materials at issue here, as Defendants have withheld these same materials from their productions on grounds that largely overlap with the arguments raised by Kherkher. The arguments set forth in Plaintiff's Motion to Compel therefore are applicable here, as well, and Plaintiff incorporates them by reference. In short, Kherkher has no legitimate basis for refusing to comply with the subpoena, and as such his Motion should be denied.

As detailed in Plaintiff's Motion to Compel, Kherkher's communications with Findeisen (1) fall outside the scope of Rule 26(b)(4)(D) because, among other reasons, the Rule does not extend to (supposed) experts whose knowledge and observations were formed outside the scope of their expert consultation, and (2) do not constitute work product because no showing has been made that they were made in anticipation of litigation or trial, as opposed to in the ordinary course (or, in the case of Findeisen's communications, that they were made *for*, or *at the direction of*, counsel). As to Kherkher's work product claim, this latter point is underscored by the insufficiency of his Motion, which fails to provide any information for Plaintiff to even test the legitimacy of his claim, as required by Federal Rule 45(e)(2)(A).[1]

---

[1] Federal Rule 45(e)(2)(A) requires "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material" to "describe the nature of the withheld documents in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Kherkher has failed to do so. He has not produced *any* materials, and his Motion to Quash suggests that *all* of his responsive communications with Findeisen are privileged or otherwise protected—even though, as explained in Plaintiff's Motion to Compel, some of those responsive communications have already been produced by Findeisen and disprove any such notion.

2

On a more fundamental level, however, "[f]ederal courts have repeatedly held that a non-party witness may not invoke work product protection to preclude production of materials prepared by or for that witness, even if created in contemplation of the witness's own pending or anticipated litigation." *Lee v. City of Midland*, No. 22-CV-00185-BL, 2024 WL 4005959, at *8 (W.D. Tex. Feb. 15, 2024) (quoting *Smith v. Fifthian*, No. 03-CV-02076, 2006 WL 548529, at *1 (W.D. La. Mar. 2, 2006)). Indeed, "[t]he language of [Federal Rule 26(b)(3)] limits protection to one who is a party (or a party's representative) to the litigation in which discovery is sought." *Hawkins v. S. Plains Int'l Trucks, Inc.*, 139 F.R.D. 682, 683–84 (D. Colo. 1991) (denying non-party's motion to quash and for protective order where the subpoena sought work product materials—specifically an attorney's investigative report) ("To qualify for protection under Rule 26(b)(3), documents must be prepared by or for another party or that party's representative. Plaintiff [] argues that the rule does not protect materials prepared by [the non-party] because [the non-party] is not a party to the litigation. This Court agrees. . . . All recent case law is in accord.").

Therefore, even in the unlikely event that Kherkher is able to cure his complete failure to substantiate that the communications at issue actually constitute legitimate work product, it would not matter in the slightest: Kherkher, as a non-party, simply is not entitled to invoke the work product doctrine in this case as a basis for withholding materials—and this is true even though the *Holland* litigation in which he is counsel also arises from the CryptoZoo project and thus deals with a similar subject matter. *See* 8 Wright & Miller, *Federal Practice & Procedure* § 2024 (3d ed.) (June 2024 update) ("Documents prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit."); *Loustalet v. Refco*, 154 F.R.D. 243, 247 (C.D. Cal. 1993) (finding a non-party could not invoke the work

product protection even though he had been "a party to extensive civil and criminal litigation arising from the same facts: "Because [he] is not a party to the present suit, documents prepared on his behalf are wholly unprotected despite the fact that he was a party in closely related lawsuits.").

Moreover, a party moving to quash a subpoena under Federal Rule 45 "has the burden of proof to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (internal citation and quotation marks omitted). To determine whether a subpoena presents an undue burden, courts in the Fifth Circuit consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* "The moving party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Lee*, 2024 WL 4005959, at *6 (internal citation and quotation marks omitted); *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (explaining that in order to meet his burden, "the party resisting discovery [must] show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden").

Here, Kherkher has failed to meet his burden because not only has he failed to submit "affidavits or other evidence," as required, he has not offered anything but conclusory assertions about how it would be burdensome or otherwise unreasonable to comply. And although not entirely clear, his assertions of burden and overbreadth appear to stem only from the alleged invasiveness of the subpoena given his unsubstantiated claim that the targeted materials are

4

protected. This is insufficient. *See SEC v. Reynolds*, No. 08-CV-00438-B, 2016 WL 9306255, at *3 (N.D. Tex. Apr. 29, 2016) (finding non-party failed to carry its burden when it merely provided a "conclusory affidavit" and failed to "present specific evidence of the time or expense that would be involved in responding to the discovery request, as is required to establish undue burden"); *Schmidt, Trustee of Estate of Border Anesthesia Servs., PC v. McKee*, No. 10-CV-00020, 2011 13324525, at *2 (S.D. Tex. Mar. 4, 2011) ("[The non-party movant] generally alleges none of the requests are relevant and they are all overly burdensome, but such conclusory statements are insufficient.").

In any event, all of the *Wiwa* factors demonstrate why compliance with Plaintiff's subpoena is actually *not* unreasonable or oppressive: The subpoena is narrowly tailored to Kherkher's communications with Findeisen about Plaintiff and/or CryptoZoo, and Plaintiff needs those materials to prove his claims because Findeisen's contemporaneous communications on these topics are the clearest (and indeed, likely among the *only*) evidence of whether Findeisen made the statements underlying Plaintiff's libel claims with *actual malice*—a critical, contested element of Plaintiff's claims in this case.

Finally, Kherkher asks the Court to enter a protective order under Federal Rule 26(c)(1). A court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). A party seeking a protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *EEOC v. BDO USA, LLP*, 876 F.3d, 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal citation omitted). For the same reasons as set forth above, the Court should deny this request, as Kherkher has offered nothing more than

"stereotyped and conclusory statements" that the subpoena would cause him "burden, expense, annoyance and harassment." *In re Terra Int'l*, 134 F.3d at 306–07 (district court abused its discretion where party made nothing more than a conclusory allegation of speculative harm, unsupported by affidavits or other evidence).

For the foregoing reasons, and for the reasons set forth in Plaintiff's Motion to Compel the Production of Defendant Stephen Findeisen's Communications with Non-Party Thomas Kherkher, Plaintiff respectfully requests that the Court deny Kherkher's Motion to Quash and order him to comply with Plaintiff's subpoena within seven (7) days of its Order.

March 11, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the March 11, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s *Andrew C. Phillips*