IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOGAN PAUL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action No. 5:24-cv-717-OLG-HJB |
| | § | |
| STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA, | § § § | |
| | § | |
| *Defendant*. | § | |

### REPLY IN SUPPORT OF NON-PARTY THOMAS KHERKHER'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; MOTION FOR PROTECTIVE ORDER

In his Response in Opposition to Non-Party Thomas Kherkher's Motion to Quash Subpoena to Produce Documents and for Protective Order ("Response"), Plaintiff Logan Paul fundamentally asks this Court to disregard the law and evidence before it and to require a non-party to produce evidence that Plaintiff has already requested from a party to the lawsuit and that is clearly privileged. Non-Party Thomas Kherkher ("Kherkher") respectfully requests that this Court recognize Plaintiff's harassing tactics for what they are and quash the Subpoena at issue and issue a protective order prohibiting disclosure of the materials requested by the Subpoena.

Plaintiff relies heavily on *Lee v. City of Midland*, No. 22-CV-00185-BL, 2024 WL 4005959 (W.D. Tex.Feb. 15, 2024), for the proposition that "a nonparty witness may not invoke work product protection" to avoid production of materials. However, in *Lee*, the individual seeking to avoid production raised "no federal law privilege," and the court refused to "gratuitously grant relief on the basis of any privilege not asserted." 2024 WL 4005959 at *7. Further, courts recognize non-party status as a factor in determining whether to permit discovery.

*See Free Stream Media Corp. v. Alphonso Inc.*, No. 17-CV-02107-RS (KAW), 2017 WL 6209309, at *3 (N.D. Cal. Dec. 8, 2017) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts."); *Pinehaven Plantation Properties, LLC v. Mountcastle Fam. LLC*, No. 1:12-CV-62 WLS, 2013 WL 6734117, at *2 (M.D. Ga. Dec. 19, 2013) ("Non-party status is a factor courts may consider when analyzing whether a subpoena is unduly burdensome."). This is particularly true where, as here, Plaintiff is seeking information from a non-party that is cumulative or duplicative of information sought from a party. *See In Re CenturyLink Sales Pracs. & Sec. Litig.*, No. CV 18-296 (MJD/KMM), 2020 WL 8256364, at *7 (D. Minn. Oct. 28, 2020) ("The plaintiffs' attempt to obtain such information from Great Place to Work would result in discovery that is duplicative or cumulative of the discovery the plaintiffs already obtained or could have obtained from the defendants.").

In this case, not only are the items sought under the Subpoena privileged, but the request is duplicative and unduly burdensome on Kherkher. In Plaintiff's Motion to Compel the Production of Defendant' Stephen Findeisen's Communications with Non-Party Thomas Kherkher (ECF No. 62), Plaintiff asks this Court to compel Defendant's "to produce Findeisen's communications with non-party Thomas Kherkher." These are the *same documents* Plaintiff seeks from Kherkher. Courts have "broad discretion to limit discovery" where the, as here, discovery sought is duplicative or more readily obtained from another source. *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, No. SA-15-CV-00330-RCL, 2018 WL 11422449, at *1–2 (W.D. Tex. Mar. 28, 2018) (citing F.R.C.P. 26(b)(2)(C)). This Court should exercise that discretion to quash the subpoena to Kherkher in this case, particularly in light of Kherkher's non-party status.

Plaintiff should not be permitted to place an undue burden on Kherkher, a non-party, to

produce documents that Plaintiff is already seeking from Defendants. On the other hand, if Plaintiff is unable to obtain the documents from Defendants due to the applicability of a privilege claimed by Defendants, then Plaintiff should clearly not be permitted to side-step the privilege by seeking the same documents from Kherkher.

The fact that Plaintiff is seeking the same information from Kherkher as Plaintiff seeks from Defendants also demonstrates that Plaintiff's primary purpose in issuing the Subpoena to Kherkher is simply to harass Kherkher, who is an attorney of record in *Holland v. Cryptozoo Inc.*, 1:23-cv-110 (W.D. Tex.), in which Plaintiff is a defendant. In *Holland*, Plaintiff opposed the *Holland* plaintiff's efforts to make a first amendment to the complaint in the case by, in part, making allegations of bad faith, including allegations regarding Kherkher's relationship with Defendant in the current case. *See Holland*, Response in Opposition to Plaintiff's Amended Opposed Motion for Leave to File First Amended Class Action Complaint, Dkt. No. 62, filed Jan. 29, 2024. The *Holland* court rejected these arguments outright. *See Holland*, Order Granting Plaintiff's Opposed Motion for Leave to File First Amended Class Action Complaint, p. 7–8, Dkt. No. 80, filed Aug. 19, 2024.

Tellingly, within the *Holland* case, Plaintiff specifically stated that he "intends to seek third-party discovery from Coffeezilla on an expedited basis, with specific regard to his communications with Plaintiff's counsel and potential violations of this Court's Local Rules." *See Holland*, Response in Opposition to Plaintiff's Amended Opposed Motion for Leave to File First Amended Class Action Complaint, p. 8, Dkt. No. 80, filed Jan. 29, 2024. This underscores the fact that the Subpoena served on Kherkher is not only specifically intended to harass Kherkher, but is also an attempt by Plaintiff to find an alternate route to accomplish his improper goals in the *Holland* case.

For the foregoing reasons, the Court should quash Plaintiff's Subpoena and issue a protective order protecting Kherkher from the Subpoena and the disclosure and production of the materials identified in the Subpoena.

        Respectfully Submitted,

*/s/ Jarrett Ellzey*
Jarrett Ellzey
Texas Bar No. 24040864
Leigh S. Montgomery
Texas Bar No. 24052214
**ELLZEY KHERKHER SANFORD MONTGOMERY, LLP**
4200 Montrose Blvd, Suite 200
Houston, Texas 77006
Phone (713) 244-6363
jellzey@eksm.com
lmontgomery@eksm.com

**ATTORNEYS FOR NON-PARTY TOM KHERKHER**

## CERTIFICATE OF SERVICE

I certify that on March 18, 2025, a copy of the foregoing document was filed and served on all parties in accordance with the protocols for e-filing in the Federal Rules of Civil Procedure.

*/s/ Jarrett Ellzey*
Jarrett Ellzey