UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 5:24-CV-00717 |
| § | |
| STEPHEN FINDEISEN and COFFEE § | |
| BREAK PRODUCTIONS, LLC, § | |
| § | |
| *Defendants.* § | |
| § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO COMPEL
PRODUCTION OF KHERKHER COMMUNICATIONS**

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC file response in opposition to Plaintiff Logan Paul's Motion to Compel the Production of Defendant Stephen Findeisen's Communications with Non-Party Thomas Kherkher (ECF No. 62) and in support respectfully show:

**INTRODUCTION**

In this defamation suit, Logan Paul is seeking to compel all of Stephen Findeisen's communications with an attorney representing a class of plaintiffs who are suing Paul in another case—*Don Holland v. CryptoZoo Inc., et al.*, No. 1:23-CV-110 (W.D. Tex.) (the "*Holland* case"). Under applicable Texas law, those communications (the "Communications") are exempt from disclosure under both the attorney work product privilege and the consulting expert privilege.

The Communications consist of only three documents. Communication No. 104 on Defendants' e-mail privilege log is e-mail correspondence from the plaintiffs' attorney in the

*Holland* case (Thomas Kherkher) to Findeisen. Communication No. 105 is attached to Communication No. 104 and is an agreement for Findeisen to serve as a non-testifying consulting expert for the plaintiffs in the *Holland* case. *See* ECF No. 62-1 ¶ 11(h), ECF No. 62-2. Communication No. 16 on Defendants' text message privilege log is a text message conversation between Findeisen and Kherkher.

Even if Findeisen is also a fact witness in the *Holland* case, Texas courts recognize his mental impressions and opinions formed from his conversations with Kherkher (rather than during his independent investigation of Paul's CryptoZoo scam) are privileged from disclosure. Defendants carefully reviewed the Communications and withheld and/or redacted only those portions that are clearly privileged.

The Communications also reveal Kherkher's mental processes, conclusions, and legal theories, which are core attorney work product exempt from disclosure. The work product privilege belongs to Kherkher and his clients, so it is not Findeisen's privilege to waive by disclosure here. Paul's motion to compel these absolutely privileged Communications from Findeisen is nothing more than an attempt to gain an unfair advantage against his adversary in another matter.

Kherkher invoked both the attorney work product and the consulting expert privileges in his own motion to quash Paul's subpoena and for protection from producing the same Communications, which is pending. *See* ECF No. 58. Defendants also have carefully complied with applicable Texas law by redacting only the portions of the Communications that are privileged and disclosing those redactions on detailed privilege logs. The Court should grant Kherkher's motion for protection and deny Paul's unfounded motion to compel.

## ARGUMENT AND AUTHORITIES

**I.      Texas law governs the applicability of privilege in this diversity case.**

In a diversity case like this one, the law of the forum state governs privileges.[1] FED. R. CIV. P. 501; *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 299 n.26 (5th Cir. 2005). Notably, Paul's motion to compel makes no attempt whatsoever to address governing Texas law.

Two privileges recognized in Texas are applicable here: the consulting expert privilege and the attorney work product privilege.

**II.     The consulting expert privilege protects the Communications from disclosure.**

Findeisen is a consulting expert for Kherkher's clients in the *Holland* case. Under applicable Texas law, the Communications are protected from disclosure because they contain Findeisen's mental impressions and opinions formed exclusively in his role as a consulting expert.[2]

### A.     Scope of the consulting expert privilege under Texas law

Texas' consulting expert privilege grants parties and their attorneys "a sphere of protection and privacy in which to develop their case." *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 474 (Tex. 1997). The policy behind the privilege is to "'encourage parties to seek expert advice in evaluating their case and to prevent a party from receiving undue benefit from an adversary's efforts and diligence.'" *Id.* (quoting *Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 559 (Tex. 1990)); *accord Castellanos v. Littlejohn*, 945 S.W.2d 236, 239 (Tex. App.—San

---

[1] The *Holland* case is also a diversity case.

[2] Paul repeatedly suggests it is "dubious" whether Findeisen is actually a consulting expert in the *Holland* case. But rather than raise that argument in the *Holland* case where it belongs, he does so here in an attempt to gain an unfair advantage in the *Holland* case without giving the *Holland* plaintiffs an opportunity to be heard.

Antonio 1997, orig. proceeding). Absent the privilege, parties would be reluctant to test uncertain theories for fear of providing evidence for the other side. *Castellanos*, 945 S.W.2d at 239 (citing *Gayle*, 951 S.W.2d at 474).

A consulting expert may be a fact witness as well—*i.e.*, a "dual-capacity" consulting expert. *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 554 (Tex. 1990). While a consulting-only expert's identity, mental impressions, and opinions are exempt from disclosure, a dual-capacity consulting expert's mental impressions, opinions, and factual knowledge are discoverable only to the extent they were formed or acquired outside of his role as a consulting expert. *Id.*; *accord Segovia v. Lloyd*, No. 01-91-00786-CV, 1991 WL 179630, at *3 (Tex. App.—Houston [1st Dist.] 1991, no writ) (per curiam). The rule allowing discovery of a consulting expert's factual knowledge has its genesis in the attorney work product privilege, which similarly protects a lawyer's mental impressions, opinions, and conclusions—but not the facts. *Axelson*, 798 S.W.2d at 554 n.8.

      **B.**    **The Communications are privileged.**

Findeisen is a consulting expert for Kherkher's clients in the *Holland* case. *See* ECF No. 62-1 ¶ 11(h). Communication No. 104, for example, is an e-mail from Kherkher to Findeisen attaching the consulting expert engagement and defining its scope and its goals. *See id.*

To the extent he is a dual-capacity consulting expert, Findeisen's mental impressions, opinions, and factual knowledge are discoverable only to the extent he formed or acquired them outside of his role as a consulting expert. *See Axelson*, 798 S.W.2d at 554. Communication No. 104 and its attachment (Communication No. 105) do not contain such opinions or facts and are therefore not discoverable on this basis.

4

Communication No. 16 is a text exchange between Findeisen and Kherkher, who were friends before the consulting expert engagement. *See* ECF No. 62-1 ¶ 11(h); ECF No. 62-2. Because much of their conversation pre-dating that engagement is not relevant to this case, those portions of the conversation have been redacted for non-responsiveness. *See* ECF No. 62-2.

The pre-engagement portions of the conversation that discuss Findeisen's factual knowledge of the case were not redacted. For example, on December 20, 2022, Kherkher sent Findeisen screenshots from what appears to be the Delaware Secretary of State website about entities called "Cryptozoo Investments, LLC" and "Cryptozoo, Inc." *See* ECF No. 62-2 at D003938–39. Findeisen responds:



*Id.* at D003939. This portion of the conversation was produced un-redacted precisely because Findeisen is discussing his knowledge about CryptoZoo obtained independently, not as part of his consulting expert engagement.

Other portions of the conversation, however, were redacted because they consist of Findeisen's mental impressions and opinions formed in response to information provided by Kherkher. *See* ECF No. 62-2. Because those impressions and opinions were not based on Findeisen's independent investigation of CryptoZoo, they are privileged. *See Axelson*, 798

5

S.W.2d at 554. Paul's argument to the contrary, which is based exclusively upon the federal Rules and federal authorities, is simply without merit.

    **III.**    **The attorney work product privilege also protects the Communications from disclosure.**

Under applicable Texas law, the Communications are also protected from disclosure because they contain Kherkher's attorney work product, which is not Findeisen's privilege to waive by disclosure.

    **A.**    **Scope of the attorney work product privilege under Texas law**

Texas also recognizes the attorney work product privilege, which protects "material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representative, including the party's attorneys, [and] consultants[.]" TEX. R. CIV. P. 192.5(a)(1). The privilege also protects "a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the parties' attorneys [and] consultants[.]" *Id.* R. 192.5(a)(2).

The primary purpose of the privilege is to "'shelter the mental processes, conclusions, and legal theories of the attorney, providing a privileged area within which the lawyer can analyze and prepare his or her case.'" *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 803 (Tex. 2017) (quoting *Owens-Corning Fiberglas Corp. v. Caldwell*, 818 S.W.2d 749, 750 (Tex. 1991) (orig. proceeding)). "Core work product" (*i.e.*, an attorney's work product containing his mental impressions, opinions, conclusions, or legal theories) is absolutely protected from disclosure. TEX. R. CIV. P. 192.5(b)(1). Disclosure of non-core work product is allowed only if the requesting party shows "substantial need and undue hardship." *Nat'l Lloyds Ins.*, 532 S.W.3d at 804.

B.     **Findeisen cannot waive the attorney work product privilege.**

Communication No. 104 is an e-mail from Kherkher to Findeisen attaching the consulting expert engagement agreement (Communication No. 105). ECF No. 62-1 ¶ 11(h). The e-mail is a communication between the *Holland* plaintiffs' representatives—their attorney (Kherkher) and their consulting expert (Findeisen), and Kherkher's draft agreement is material prepared by an attorney during and in furtherance of litigation. *See* TEX. R. CIV. P. 192.5(a)(1), (2). Communication Nos. 104 and 105, therefore, are protected from disclosure under the attorney work product privilege.

Communication No. 16 is a text exchange between Findeisen and Kherkher. ECF No. 62-1 ¶ 11(h). The portions of that conversation made in anticipation and in furtherance of the pending *Holland* litigation, which include Kherkher's mental processes, conclusions, and legal theories, are redacted because they are non-discoverable, core work product. *See* ECF No. 62-2; TEX. R. CIV. P. 192.5(a)(2).

Importantly, the attorney work product privilege belongs to Kherkher and his clients—not Findeisen. *See Pope v. State*, 207 S.W.3d 352, 358 (Tex. Crim. App. 2006) ("The attorney work-product doctrine . . . belongs to and protects the attorney.") (citing *United States v. Nobles*, 422 U.S. 225, 239 (1975)); *Kennedy v. Gulf Coast Cancer & Diagnostic Ctr. at Se., Inc.*, 326 S.W.3d 352, 360 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (Bland, J.) ("As the client's agent, the work product generated by the attorney in representing the client belongs to the client."). "Under Texas law, discovery privileges are waived by *voluntary* disclosure by the *holder* of the privilege." *In re Ford Motor Co.*, 211 S.W.3d 295, 301 (Tex. 2006) (emphases in orig.).

Because the attorney work product privilege belongs to Kherkher and his clients, Findeisen cannot waive it by disclosure. *See id.* Kherkher has asserted that privilege in this case, on behalf of himself and his clients, by filing a motion to quash and for protection from a subpoena seeking the same categories of documents at issue here. *See* ECF No. 58. Paul's attempt to compel these privileged documents from Findeisen is merely an attempted end-run around a privilege Paul knows is not Findeisen's to waive.

## REQUESTED RELIEF

For these reasons, Defendants respectfully request that the Court deny Paul's motion to compel and award Defendants all other relief at law or in equity to which they are entitled.

Dated: March 18, 2025

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: /s/ *Caroline Newman Small*
Jason M. Davis
Texas State Bar No. 00793592
E-mail: jdavis@dslawpc.com
Caroline Newman Small
Texas State Bar No. 24056037
E-mail: csmall@dslawpc.com
Rachel Garza
Texas State Bar No. 24125240
E-mail: rgarza@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC***

## CERTIFICATE OF SERVICE

      I certify that on March 18, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/Caroline Newman Small*
Caroline Newman Small
