IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL, <br><br> *Plaintiff*, <br><br> v. <br><br> STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA, <br><br> *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF LOGAN PAUL'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL THE PRODUCTION OF DEFENDANT STEPHEN FINDEISEN'S COMMUNICATIONS WITH NON-PARTY THOMAS KHERKHER**

1

Plaintiff Logan Paul submits this Reply in Support of His Motion to Compel the Production of Defendant Stephen Findeisen's Communications with Non-Party Thomas Kherkher, and states as follows:

On March 18, 2025, Defendants filed a Response in Opposition to Plaintiff's Motion to Compel. [Dkt. 66]. Apparently recognizing the futility of even *attempting* to rebut the arguments in Plaintiff's Motion, Defendants decided not to bother. Instead, they have made a clumsy attempt to shift the goalposts altogether: In their Response, Defendants argue that Plaintiff's Motion erroneously applies *federal* law instead of the *state* "privilege" laws that supposedly govern the dispute. Not only are Defendants wrong, but Plaintiff's Motion addresses the very Rules and standards that both Defendant Findeisen *and* his friend, non-party Kherkher, cited as justification for refusing to produce their communications with each other. Defendants fail to appreciate that *they*—not Plaintiff—bear the burden of demonstrating the applicability of the privileges and protections they invoke. They have failed to do so, and Plaintiff's Motion should be granted.

### Federal Rule 26(b)(4) — Discovery from Consulting Experts

In order to understand the disingenuousness of Defendants' Response, the Court need look no further than the redactions that Defendants applied to their withheld communications with Kherkher, in which they cite Federal Rule 26(b)(4):



Dkt. 62-2 at 18 of 48 (D 003953)

2

In fact, on March 14, 2025—*after* the instant Motion was filed and a mere two business days before Defendants filed their Response—Findeisen served Responses and Objections to Plaintiff's Second Set of Interrogatories, which comprised two Interrogatories targeting basic information about Findeisen's supposed expert engagement in the *Holland* litigation. Findeisen responded to those Interrogatories by *again* invoking Rule 26(b)(4) in refusing to provide the requested information:

> **INTERROGATORY NO. 10:** Please state whether you have ever been retained as an expert, whether testifying or non-testifying, in any legal proceeding involving Mr. Paul. If you have been retained as an expert in any legal proceeding involving Mr. Paul, for each proceeding please (a) identify the proceeding by case name and number and state which party or parties retained you; (b) state the date you were retained; (c) describe the scope of your engagement, including if applicable matters on which you have been retained to testify; (d) state the hourly fee you are charging for your services or, if you are not charging an hourly fee, describe the financial terms of your retention; and (e) state the total amount that you have been compensated to date pursuant to that expert retention.
>
> **RESPONSE:**
> Mr. Findeisen objects to this request on the grounds of work-product privilege and the privileges afforded under Fed. R. Civ. P. 26(b)(4)(D), and further because a Motion for Protection has been filed by Tommy Kherkher regarding this subject matter. *See* ECF No. 58.
>
> Subject to and without waiving the forgoing objections, Mr. Findeisen refers Plaintiff to his declaration dated February 14, 2025, previously provided to counsel.

**Exhibit 1**, Defendant Stephen Findeisen's Responses and Objections to Plaintiff's Second Set of Interrogatories, at Interrogatory No. 10 (highlighting added)[1]

And yet, despite repeatedly invoking this specific Rule—and indeed, despite Kherkher similarly invoking the Rule in his Motion to Quash [*see* Dkt. 58 at ¶¶ 9–11]—Defendants now suggest that the Rule and the line of cases interpreting it are inapposite, and that Plaintiff's arguments are "without merit" given that they are derived from such authorities. *See* Resp. at 6 (top). Of course, Defendants are only making this argument because in the interim they realized that the Rule will not shield their communications from discovery, as they had planned.

---

[1] For the same reasons set forth in Plaintiff's Motion, Findeisen's Interrogatory objections that are based on Rule 26(b)(4)(D) should be overruled given that the Rule is inapplicable to him.

Defendants claim that the "consulting expert privilege" recognized under Texas law is applicable here because, "[i]n a diversity case like this one, the law of the forum state governs privileges." Resp. at 3. What Defendants refer to as a "privilege," however, is just a state procedural rule governing discovery. *See* Tex. R. Civ. P. 192.3(e).[2] And "[b]ecause the work product doctrine and protection accorded to non-testifying experts are not evidentiary privileges but rather, procedural limitations on discovery, the scope of these asserted protections is determined by federal law, *even when the federal court sits in diversity.*" *U.S. Inspection Servs., Inc. v. NL Eng'd Solutions, LLC*, 268 F.R.D. 614, 617 n.2 (N.D. Cal. 2010) (emphasis added).

Moreover, assuming for argument's sake that certain discovery limitations imposed by Texas procedural rules may qualify as "privileges" in this context, that does not help Defendants in this case. The supposed expert engagement at issue does not stem from this case, but rather from *Holland*. And contrary to what Defendants claim in their Response (*see* Resp. at 3 n.1), *Holland* is \*not\* a diversity case. *See Holland v. CryptoZoo*, No. 23-CV-00110-ADA (W.D. Tex.), Dkt 81, Amended Class Action Complaint, at ¶ 32 (alleging federal question jurisdiction under Section 22 of the Securities Act and Section 27 of the Exchange Act). As such, federal privilege law applies. *See* Fed. R. Evid. 501, Advisory Comm. Notes ("In nondiversity jurisdiction civil cases, federal privilege law will generally apply."); *Wi-Lan, Inc. v. Acer, Inc.*, No. 07-CV-00473, 2010 WL 4118625, at *2 (E.D. Tex. Oct. 18, 2010) ("Because the [] claims at issue in this case arise under federal law and are before the court on federal question jurisdiction, the federal common law governing attorney-client, work product, and common interest privileges will apply.").

---

[2] The cases cited by Defendants are older cases that interpret Texas Rule of Civil Procedure 166b, the predecessor to Rule 192.3.

4

**Federal Rule 26(b)(3) — The Work Product Privilege**

For similar reasons, Defendants' focus on Texas's work product doctrine under Texas Rule of Civil Procedure 192.5 is misplaced. "[T]he work product doctrine is governed, *even in diversity cases*, by a uniform federal standard embodied in Federal Rule of Civil Procedure 26(b)(3)." *Soto v. Liberty Mutual Fire Ins. Co.*, No. 06-CV-00819, 2007 WL 9710181, at *2 (W.D. Tex. May 23, 2007) (emphasis added). Regardless, Defendants acknowledge that any work product privilege does not belong to them, but rather to Kherkher and his clients. And as noted, *Holland* is not even a diversity case. These reasons explain why Kherkher, as the purported privilege-holder, relies upon cases interpreting Rule 26(b)(3)—just as Plaintiff does in his Motion. *See* Dkt. 58 at ¶ 7–8.

Curiously, Defendants have failed to explain how any differences between the scopes and standards that define the federal and state work product doctrines would even impact the arguments set forth in Plaintiff's Motion as to why the doctrine does not protect the Kherkher communications from discovery. If Defendants' position is that there are meaningful, outcome-determinative differences that are relevant here, it was their burden to explain them. *Cf. Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 202 (Tex. 1993) ("There is nothing to indicate that the Texas concept of 'work product' was intended to be different from that of the federal courts. We have in the past looked to federal precedent in deciding work product questions." (internal citations omitted)).

*****

In short, Defendants have simply ignored almost all of the arguments in Plaintiff's Motion, which together demonstrate that (1) Defendants are not entitled to the protections of Federal Rules 26(b)(3) or 26(b)(4), and that in any event (2) there is both (i) a substantial need for the materials and an inability to obtain them or their substantial equivalent through other means, within the meaning of Rule 26(b)(3)(A)(ii), and (ii) exceptional circumstances within the meaning of Rule 26(b)(4)(D)(ii), such that the Court should compel production of the materials, anyway, even if the

Rules *did* apply to Defendants and Defendants *had* met their burden. The Court should consider Plaintiff's arguments unopposed.

Apparently hoping the Court will forgive their failure to demonstrate the applicability of the privileges and protections they invoked, Defendants claim they have redacted only those portions of Findeisen's communications with Kherkher that contain "Findeisen's mental impressions and opinions formed in response to information provided by Kherkher," Resp. at 5, and "Kherkher's mental processes, conclusions, and legal theories," *id.* at 7. Even if they were entitled to the protections of the Rules at issue, however, these assertions are conclusory, as Defendants (and Kherkher) still have failed to provide any information about the nature and scope of the supposed expert engagement,[3] leaving Plaintiff and the Court with no way of evaluating their claims.[4] The Court should grant Plaintiff's Motion to Compel and order Defendants to produce Findeisen's withheld communications with Kherkher.

---

[3] The evidence developed in the case even in the days since Plaintiff's Motion was filed undermines the legitimacy of the supposed expert engagement at issue. For example, one of Findeisen's sources was a developer named Luciano Schipelliti who worked on the CryptoZoo project. During his testimony on March 18, 2025, Schipelliti testified that Findeisen contacted him by phone in April 2023—three months after Findeisen was supposedly engaged as an expert—to ask about Schipelliti's willingness to speak with counsel for the plaintiffs in *Holland* (*i.e.*, either Kherkher or his co-counsel). At that time, Findeisen not only did not disclose himself as an expert in the case, but to the contrary represented that he had no affiliation with the case. A recording of this call has been produced by Schipelliti.

[4] Because Federal Rules 26(b)(3) and 26(b)(4) are only applicable if the alleged opinions or work product at issue were prepared for or in anticipation of *this action*, and for a party in *this action*—which is not the case here—Plaintiff submits that an *in-camera* review of the withheld materials is unnecessary since the Motion should be granted regardless of their substance. If, however, the Court disagrees and is otherwise inclined to deny the Motion, the Court should undertake an *in-camera* review. It is revealing that neither Defendants nor Kherkher have proposed such a review.

| | |
|---|---|
| March 21, 2025 | /s *Andrew C. Phillips* <br> Andrew C. Phillips (*Pro Hac Vice*) <br> Shannon B. Timmann (*Pro Hac Vice*) <br> MEIER WATKINS PHILLIPS PUSCH LLP <br> 919 18th Street NW, Suite 650 <br> Washington, DC 20006 <br> (202) 318-3655 <br> Email: andy.phillips@mwpp.com <br> Email: shannon.timmann@mwpp.com <br><br> Jeffrey A. Neiman (*Pro Hac Vice*) <br> Jason L. Mays (*Pro Hac Vice*) <br> MARCUS NEIMAN RASHBAUM & PINEIRO LLP <br> 100 SE 3rd Ave., Suite 805 <br> Ft. Lauderdale, Florida 33394 <br> Email: jneiman@mnrlawfirm.com <br> Email: jmays@mnrlawfirm.com <br><br> Ricardo G. Cedillo (Texas Bar No. 04043600) <br> DAVIS, CEDILLO & MENDOZA, INC. <br> 755 E. Mulberry Ave., Ste. 250 <br> San Antonio, TX 78212 <br> (210) 822-6666 <br> Email: rcedillo@lawdcm.com <br><br> *Counsel for Plaintiff Logan Paul* |

7

## CERTIFICATE OF SERVICE

  I hereby certify that, on the March 21, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                   /s *Andrew C. Phillips*