# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>                   *Plaintiff*,<br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>                   *Defendants*. | Civil Case No. 5:24-cv-00717-OLG |

**DEFENDANTS' RESPONSE TO PLAINTIFF LOGAN PAUL'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, DEFENDANTS hereby submits their Responses To Plaintiff's First Set of Requests for Production to Defendants Stephen Findeisen and Coffee Break Productions LLC d/b/a Coffeezilla.

**RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All documents and communications relating to Mr. Paul.

**RESPONSE: Defendant objects to this request because it lacks any and time and/or content limitations. Defendants' production to this request relates to Plaintiff in relation to Defendant's investigation into Plaintiff's involvement with cryptocurrency. Additionally, Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist. Defendants are also withholding the same materials pursuant to their First Amendment reporter's privilege which protects the refusal to disclose the identity of confidential informants.** *See Miller v. Transamerican Press,* **621 F2d 721 (5th Cir. 1980). Additionally, this request seeks information protected under FRCP 26(b)(3) by the work product privilege and the common interest privilege.**

**REQUEST NO. 2**:

All documents and communications relating to CryptoZoo and your investigation into CryptoZoo.

**RESPONSE: Defendant objects to this request as overly broad and unduly burdensome in that it lacks any and time and/or content limitations. Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist. Defendants are also withholding the same materials pursuant to their First Amendment reporter's privilege which protects the refusal to disclose the identity of confidential informants.** *See Miller v. Transamerican Press,* **621 F2d 721 (5th Cir. 1980). Additionally, this request seeks information protected under FRCP 26(b)(3) by the work product privilege and the common interest privilege. .**

**REQUEST NO. 3:**

All documents and communications shared between you and Jake Greenbaum.

**RESPONSE: See Defendant's Production**

**REQUEST NO. 4:**

All calendar entries, calendar invitations, phone logs, notes, or recordings relating to all interviews,

meetings, videoconferences, calls, or conversations you conducted or attended during which Mr.

Paul or CryptoZoo were mentioned, referenced, or discussed.

**RESPONSE: Defendant objects to this request as overly broad and unduly burdensome in that it lacks any and time and/or content limitations. Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist. Defendants are also withholding the same materials pursuant to their First Amendment reporter's privilege which protects the refusal to disclose the identity of confidential informants.** *See Miller v. Transamerican Press,* **621 F2d 721 (5th Cir. 1980). Additionally, this request seeks information protected under FRCP 26(b)(3) by the work product privilege and the common interest privilege.**

**REQUEST NO. 5:**

All scripts and drafts related to the preparation of the January 27th Video, the July 11th Video, the August 25th Video, the September 10th Video, the November 24th Video, the December 5th Video, the December 16th Video, the December 20th Video, the December 23rd Video, the January 18th Video, the March 9th Video, the June 30th Video, the October 13th Video, the January 5th Video, and the August 5th Video.

**RESPONSE: Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist.**

**REQUEST NO. 6:**

All raw, unedited video footage prepared for potential inclusion in the January 27th Video, the July 11th Video, the August 25th Video, the September 10th Video, the November 24th Video, the December 5th Video, the December 16th Video, the December 20th Video, the December 23rd Video, the January 18th Video, the March 9th Video, the June 30th Video, the October 13th Video, the January 5th Video, and the August 5th Video, whether it was ultimately included in a published YouTube video or not.

**RESPONSE: Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist.**

**REQUEST NO. 7:**

All notes, summaries, audio recordings, or audio-visual recordings of any interviews conducted by you in the course of your investigation of CryptoZoo and/or for potential inclusion in the December 16th Video, the December 20th Video, the December 23rd Video, the June 30th Video, or the January 5th Video, whether ultimately included or not.

**RESPONSE: OBJECTION. Defendants are withholding materials pursuant to the privilege in Section 22.023 of the Texas Civil Practice & Remedies Code against producing any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist. Defendants are also withholding the same materials pursuant to their First Amendment reporter's privilege which protects the refusal to disclose the identity of confidential informants.** *See Miller v. Transamerican Press,* **621 F2d 721 (5th Cir. 1980)**

**REQUEST NO. 8:**

All documents and communications reflecting views, unique views, viewership, listenership, clicks, likes, comments, reposts, and any other metric used to measure the audience, popularity, or engagement for the January 27th Video, the July 11th Video, the August 25th Video, the September 10th Video, the November 24th Video, the December 5th Video, the December 16th Video, the December 20th Video, the December 23rd Video, the January 18th Video, the March 9th Video, the June 30th Video, the October 13th Video, the January 5th Video, and the August 5th Video.

**RESPONSE: Defendants object to this request as it seeks equally accessible information within the public forum. Purported counts of views, likes, and reposts are publicly available information. Request for all documents and communications beyond this are overly broad and burdensome, not proportional, as well as confidential, proprietary, or trade secrets.**

**REQUEST NO. 9:**

All documents and communications reflecting views, unique views, viewership, listenership, clicks, likes, comments, reposts, and any other metric used to measure the audience, popularity, or engagement for the X Post.

**RESPONSE**: **Defendants object to this request as it seeks equally accessible information within the public forum. Purported counts of views, likes, and reposts are publicly available information. Request for all documents and communications beyond this are overly broad and burdensome, not proportional, as well as confidential, proprietary, or trade secrets.**

**REQUEST NO. 10:**

All documents and communications reflecting and relating to the revenue you earned from the publication of the January 27th Video, the July 11th Video, the August 25th Video, the September 10th Video, the November 24th Video, the December 5thVideo, the December 16th Video, the December 20th Video, the December 23rd Video, the January 18th Video, the March 9th Video, the June 30th Video, the October 13th Video, the January 5th Video, and the August 5th Video.

**RESPONSE: OBJECTION. This request seeks irrelevant information under FRCP 401, 402, and 403. The request is overly broad, burdensome, harassing, and not proportional to the needs of the case. The request improperly seeks information which is a proprietary trade secret.**

**REQUEST NO. 11:**

All documents and communications reflecting promotion or marketing of the December 16th Video, the December 20th Video, the December 23rd Video, the June 30th Video, and the January 5th Video.

**RESPONSE: NONE.**

**REQUEST NO. 12:**

All documents and communications, whether internal or with advertisers, potential advertisers, and other third parties, about the size of the audience for the CoffeeZilla YouTube account between January 1, 2021 and the present.

**RESPONSE: NONE.**

**REQUEST NO. 13:**

Documents sufficient to show the historical number of subscriptions to the "Coffeezilla" Patreon account since its inception, as well as the amount of money you have received from "patrons" of that account.

**RESPONSE: This request seeks information from an irrelevant time frame, as this Patreon account has existed since at least 2017. The information is also not relevant under FRCP 401, 402, and 403 because Patreon subscriptions are not tied to any specific video or content. Patreon is a subscription service based around supporting a particular idea -- "high effort investigative journalism" -- not a particular report such as a Logan Paul investigation. It is impossible to determine why a Patreon subscriber would have joined. Thus, such information is also not proportional to the needs of Plaintiff's case.  This request is tantamount to asking the New York Times for historical number of subscriptions and total revenue, on the grounds of a defamation case based on a New York Times successful investigative series. Further, the request seeks information which constitutes a proprietary trade secret.**

**REQUEST NO. 14:**

All communications with Jeffrey Levin, whether by email, audio recording, video recording, or any other mode or medium.

**RESPONSE: Please see production.**

**REQUEST NO. 15:**

All communications with the named plaintiff in the action *Don Holland v. CrytoZoo Inc., et al.*, No. 1:23-cv-110 (W.D. Tex.), as well as all communications with any attorney for the plaintiff, including but not limited to Jarrett Ellzey, Leigh Montgomery, Alexander Kykta, and Tom Kherkher.

**RESPONSE: This request seeks information protected under FRCP 26(b)(3) by the work product privilege and the common interest privilege.**

**REQUEST NO. 16:**

All Documents referenced in, or relied upon in preparing, Defendants' Answer and Defendants' responses to Mr. Paul's interrogatories.

**RESPONSE: See Defendants' Production.**

**REQUEST NO. 17:**

Any agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a judgment in this action or to indemnify or reimburse for payments made to satisfy a judgment in this action, even if the insurance business, person, or entity disputes such liability.

**RESPONSE: See Insurance policy produced with Defendants' Initial Disclosures.**

**REQUEST NO. 18:**

All documents and communications relating to money you have received in connection with your efforts to raise funds to support your defense in this action, including the revenue you received from your "Coffeezilla Defense" merchandise sales (launched on or before August 5, 2024) and any Patreon membership purchases that were made after you published the August 5, 2024 YouTube video titled "Logan Paul Sued Me."

**RESPONSE: Defendant objects to this request because it seeks irrelevant information under FRCP 401, 402, and 403. As written, this request is overly broad and unduly burdensome in that it lacks any and time and/or content limitations. The request also seeks information that constitutes a proprietary trade secret.**

**REQUEST NO. 19:**

All documents and communications relating to any efforts by you to raise funds for your legal fees in this action.

**RESPONSE: Defendant objects to this request because it seeks irrelevant information under FRCP 401, 402, and 403. As written, this request is overly broad and unduly burdensome in that it lacks any and time and/or content limitations. The request also seeks information that constitutes a proprietary trade secret.**

**REQUEST NO. 20:**

The Operating Agreement for Coffee Break Productions LLC.

   **RESPONSE: See Defendant Production.**

**REQUEST NO. 21:**

All documents and communications that you contend support your Defense at Paragraph 10, page 18 of your Answer in this action.

   **RESPONSE: See Defendants' Production.**

**REQUEST NO. 22:**

All documents and communications that you contend support your Defense at Paragraph 12, page 19 of your Answer in this action.

**RESPONSE: Defendant objects as this request seeks information that is readily available to Plaintiff through a simple search of publicly available content on the internet. Such content is within regards Plaintiff's past public controversies, including but not limited to Plaintiff's publicly detailed cryptocurrency history. See Defendants' Production.**

**REQUEST NO. 23:**

All documents on which Defendants intend to rely at any hearing or trial of this action.

**RESPONSE: Plaintiff objects as this request is premature as it seeks to require Defendants to marshal their evidence. Defendants will supplement this response pursuant to the Court's Scheduling Order and the Rules of Evidence and Civil Procedure.**

Dated:  September 27, 2024

Respectfully Submitted,

>*/s/ Bill Ogden*
>William R. Ogden
>Mark Bankston
>Kyle Farrar
>FARRAR & BALL, LLP
>1117 Herkimer Street
>Houston, Texas 77008
>bill@fbtrial.com
>mark@fbtrial.com
>kyle@fbtrial.com
>
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Responses to Plaintiff's First Set of Requests for Production to Defendants in the above-captioned matter was served on the below counsel of record on September 27, 2024 in accordance with the Federal Rules of Civil Procedure:

>Andrew C. Phillips (*Pro Hac Vice*)
>Shannon B. Timmann (*Pro Hac Vice*)
>MEIER WATKINS PHILLIPS PUSCH LLP
>919 18th Street NW, Suite 650
>Washington, DC 20006
>Email: andy.phillips@mwpp.com
>Email: shannon.timmann@mwpp.com
>
>Jeffrey A. Neiman (*Pro Hac Vice*)
>Jason L. Mays (*Pro Hac Vice*)
>MARCUS NEIMAN RASHBAUM & PINEIRO LLP
>100 SE 3rd Ave., Suite 805
>Ft. Lauderdale, Florida 33394
>Email: jneiman@mnrlawfirm.com
>Email: jmays@mnrlawfirm.com
>
>Shelby O'Brien
>ENOCH KEVER PLLC
>7600 N. Capital of Texas Highway
>Building B, Suite 200
>Austin, Texas 78731
>Email: sobrien@enochkever.com
>
>*Counsel for Plaintiff Logan Paul*

Dated: September 27, 2024         By: */s/ Bill Ogden*
                                          William R. Ogden