IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL, *Plaintiff*, v. STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS, LLC d/b/a COFFEEZILLA, *Defendants*. | Civil Action No.: 5:24-cv-00717 |

**DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(2), Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla file these Objections to the Report and Recommendation of the United States Magistrate Judge (ECF No. 74) (the "R&R") and in support respectfully show:

**INTRODUCTION**

Several federal courts across the nation have addressed the issue before this Court: whether the term "scam" is a statement of objective, verifiable fact that is actionable as defamation. The First Circuit explained: "[T]he assertion 'X is a scam' [is] incapable of being proven true or false." *McCabe v. Rattiner*, 814 F.2d 839, 842 (1st Cir. 1987). A Florida district court recently agreed and held the terms "scam" and "public opinion fraud" were nonactionable because their "lack of precision makes the two assertions incapable of being

proven true or false." *Akai Custom Guns, LLC v. KKM Precision, Inc.*, 707 F. Supp. 3d 1273, 1297 (S.D. Fla. 2023). The court explained:

> For example, where Defendants say that Plaintiffs are "perpetrating a scam," Plaintiffs are left to imagine how exactly they would prove this statement to be false. Would Plaintiffs need to prove that they are not perpetrating a scam? What, precisely, is the scam? Would Plaintiffs need to prove that Defendants believed that the threatened lawsuit was not a scam? Or that the threat of litigation was not false? These statements represent instances of rhetorical hyperbole that cannot be proven as false and thus cannot be the basis for any of Plaintiffs' defamation claims.

*Id.*

Other federal courts have reached a similar conclusion:

- "[D]efendants' warnings that Safex … [is] a scam are the kind of 'interpretation' of 'ambiguous materials' for which the First Amendment dictates 'latitude.'" *Safex Found., Inc. v. Safeth, Ltd.*, 531 F. Supp. 3d 285, 312 (D.D.C. Mar. 26, 2021).

- "In the context of these statements, readers would understand the use of the terms 'fraud' and 'scam' as exaggerated language expressing strong disapproval of [plaintiff's] efforts to raise money online, not as a charge of criminally fraudulent activity." *Nunes v. Rushton*, 299 F. Supp. 3d 1216, 1232 (D. Utah 2018).

- "[U]se of the words 'scam,' 'magic show,' 'bad logic,' and the like similarly fall into the First Amendment's safe harbor for imaginative expression and rhetorical hyperbole." *RainSoft v. MacFarland*, 350 F. Supp. 3d 49, 58 (D.R.I. Sept. 30, 2018).

For what appears to be the first time in this circuit, however, the R&R equates the term "scam" with "fraud." The R&R then concludes that because "fraud" is an objective term with a definitive, verifiable meaning, accusing someone of participating in a "scam" is a statement of objective fact that may form the basis of a defamation claim. That conclusion was based solely on two cases equating a "Ponzi scheme" with fraud. Had Defendants published

statements that Plaintiff orchestrated a "Ponzi scheme," the R&R's conclusion may have been warranted. But because this case involves no such statements, the R&R's conclusion is error, and this Court should follow other federal courts that have addressed this issue.

It does not appear that any court in Texas has considered the meaning of the word "scam" in this context. But Texas courts have held similar terms like "crook" and "rip-off," while potentially defamatory, are not actionable because they are merely name-calling and generally disparaging. There is no objective test for whether something is a "rip-off," just as there is no objective test for whether something is a "scam." In fact, even calling someone a "sex predator" is not actionable in Texas, since unlike "convicted felon" or "rapist," "sex predator" has no objective, verifiable meaning. Neither does "scam."

Here, Logan Paul's Complaint for defamation is based entirely on statements accusing him of participating in a "scam" and being a "serial scammer." These statements are not actionable as a matter of law. Because the R&R erroneously conflated "scam" with fraud and, therefore, a verifiable statement of fact, this Court should decline to adopt the R&R's recommendation and dismiss this case with prejudice.

## BACKGROUND

I. **Logan Paul created and marketed a cryptocurrency venture that cost his fans millions.**

Logan Paul is an internet celebrity who co-founded and relentlessly marketed an online cryptocurrency game called "CryptoZoo" to his millions of online fans, including children. *See* ECF No. 1 ¶ 1, 3. After raising millions of dollars selling NFTs and crypto coins in connection with CryptoZoo, Paul and his co-conspirators abandoned the project, and the game never materialized. *See id.* ¶¶ 3, 5. Fans of Paul who poured their life's savings into the project lost everything.

3

Stephen Findeisen (known professionally as "Coffeezilla," along with his company Coffee Break Productions, LLC) is an online journalist who investigates "scams, fraudsters and fake gurus that are preying on desperate people with deceptive advertising." *See id.* ¶ 1. Coffeezilla publishes his reporting on his popular YouTube channel. *See id.* ¶ 2. Beginning in December 2022, Coffeezilla published several YouTube videos exposing the CryptoZoo scam and Paul's complicity in it. *See id.* ¶¶ 2, 7, 70.

At first, Paul publicly thanked Coffeezilla for his investigative work, apologized for his role in the scam, and promised to partially refund victims—*if* they agreed not to sue him. *See id.* ¶¶ 10, 28, 143. Coffeezilla later posted follow-up videos reporting that Paul had failed to keep his promise. *See id.* ¶¶ 12, 142.

## II. Paul brought this lawsuit to silence and intimidate his critics.

Enraged, Paul filed this lawsuit against Coffeezilla for the admitted purpose of "[s]uing this mfker into the ground" and to "let others know it's not worth coming at" him:

```
{
    "id": "e5df77d7-847a-493f-8737-03aedbf144e4",
    "participant": "04408230573",
    "type": "message",
    "timestamp": "2022-12-21T02:07:06.000",
    "deleted": false,
    "blocks": [
        {
            Paul    "Lawyering up. Suing this mfker into the ground"
        }
    ]
}
```
PAUL_CZ00006773



Paul brought this suit to silence and punish an online critic.

Paul's Complaint accused Coffeezilla with making three purportedly libelous statements (the "Statements").

Statement No. 1: Coffeezilla posted the first Statement to the social media website X (formerly Twitter) on June 29, 2023:



ECF No. 1 ¶ 130. According to Paul, the X post "was intended to convey, and was understood by readers of ordinarily intelligence as conveying, the factual accusation that Paul created CryptoZoo to engage in a financial scam, *i.e.*, fraudulent financial conduct." *Id.* ¶ 168.

Statement No. 2: The second Statement is a video posted by Coffeezilla on his YouTube channel on June 30, 2023. *Id.* ¶ 135. The video, titled "Logan Paul's Scam Isn't Over," refers to CryptoZoo as "a scam created by Logan Paul" and referred to "his [Paul's] victims." *Id.* ¶ 176. Like the X post, Paul alleges the video "was intended to convey, and was understood by viewers of ordinarily intelligence as conveying, the factual accusation that Paul created CryptoZoo to engage in a financial scam, *i.e.*, fraudulent financial conduct." *Id.* ¶ 179.

Statement No. 3: The third Statement is another YouTube video posted to Coffeezilla's channel on January 5, 2024, entitled "Logan Paul's Refund." *Id.* ¶ 142. Paul claims the video accuses him of orchestrating a "massive con," refers to Paul as a "serial scammer," and refers to Paul's fans who invested in the game as "people he [Paul] scammed." *Id.* ¶ 187.

## ARGUMENT AND AUTHORITIES

### I. Standard for objections to the R&R

This Court reviews the portions of the R&R to which objection is made *de novo*. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). This standard requires the Court to conduct an independent review of the applicable facts and legal standards and does not require any deference to the R&R. *See Hernandez v. Wilsonart, LLC*, No. SA-17-CV-00897-JKP-HJB, 2019 WL 4849203, at *1 (W.D. Tex. Oct. 1, 2019) (citing *United States v. Raddatz*, 447 U.S. 667, 690 (1980); *Shiimi v. Asherton Indep. Sch. Dist.*, 983 F.2d 233, 1993 WL 4732, at *2 n.18 (5th Cir. Jan. 8, 1993)); *accord J&J Sports Prods., Inc. v. Sw. Tex. Entertainment, Inc.*, No. DR-17-CV-045-AM, 2019 WL 2565255, at *2 (W.D. Tex. Mar. 27, 2019).

The Court may accept, reject, or modify the R&R, in whole or in part, and may receive further evidence or recommit the matter to the U.S. Magistrate Judge with instructions if needed. *See* 28 U.S.C. § 636(b)(1).

### II. Standard for judgment on the pleadings

The same standard applicable to a Rule 12(b)(6) motion applies to a motion for judgment on the pleadings under Rule 12(c). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Under this standard, courts consider whether the complaint states a valid claim for relief. *Id.* Even accepting the factual allegations in the complaint as true, judgment on the

7

pleadings is required if those allegations do not state a claim to relief that is plausible on its face. *Id.*

A motion for judgment on the pleadings may be based on an affirmative defense, such as limitations, if it is apparent from the face of the complaint that the claim is time-barred. *See Pedersen v. Kinder Morgan, Inc.*, 622 F. Supp. 3d 520, 536 (S.D. Tex. 2022) (citing *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 196 (5th Cir. 2021)); *see also Cantu v. Bexar Cnty.*, No. SA17CV306XRHJB, 2018 WL 3301710, at *2–5 (W.D. Tex. Feb. 21, 2018) (Bemporad, M.J.) (recommending dismissal under Rule 12(c) because the plaintiff's complaint was time-barred), *report and recommendation adopted*, No. SA-17-CA-306-XR, 2018 WL 1419345 (W.D. Tex. Mar. 22, 2018).

### III.   Standard for pleading a libel claim under Texas law

Texas recognizes the tort of defamation, which may occur through slander or libel. *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623 (Tex. 2018). At issue in this case is libel, which is a defamatory statement expressed in written or other graphic form. *Id.* at 624. (citing TEX. CIV. PRAC. & REM. CODE § 73.001).

The essential elements of a libel claim are the publication of a false statement of fact that is defamatory concerning the plaintiff. *Id.* at 623. Even statements that are reasonably capable of defaming a plaintiff are non-actionable if they are statements of opinion. *Id.* at 638. In a recent, seminal opinion (*Tatum*), the Supreme Court of Texas articulated two tests for whether a statement is actionable. *Id.* First, statements that are not verifiable as false are not defamatory. *Id.* Second, even a statement that is verifiable as false is not defamatory if the entire context in which it was made discloses it was not intended to assert a fact. *Id.* "A

statement that fails *either* test—verifiability or context—is called an opinion." *Id.* (emphasis added).

Here, even assuming the Statements are capable of defaming Paul, they are nevertheless non-actionable statements of opinion under the first test. The R&R's conclusion to the contrary was error.

### A. The Statements are not factually verifiable.[1]

The allegation that something is a "scam" is not factually verifiable because "scam" has no definitive meaning. "Scamming" is neither a criminal offense nor a recognized tort in Texas. Indeed, the First Circuit observed that because "some connotations of [scam] may encompass criminal behavior, [and] others do not, . . . the assertion 'X is a scam' [is] incapable of being proven true or false." *McCabe*, 814 F.2d at 842.

It does not appear that any court in Texas or the Fifth Circuit has analyzed whether the specific term "scam" has an objective, verifiable meaning.[2] Relying upon Merriam-Webster's Collegiate Dictionary, the R&R concludes Coffeezilla accused Paul of fraud: "[Coffeezilla] accuses [Paul] of having orchestrated a 'scam' through his CryptoZoo project—in other words, that [Paul] *committed fraud.*" ECF No. 74 at 11 (emphasis added).

The R&R then cites the El Paso Court of Appeals' holding that "statements to the effect that [someone] committed *specific acts of fraud* . . . [are] objectively verifiable, making them actionable as defamation." *Id.* at 11 (emphasis added) (quoting *Whitelock v. Stewart*, 661 S.W.3d 583, 600 (Tex. App.—El Paso 2023, pet. denied)). Having equated "fraud" with

---

[1] If the Court disagrees, Coffeezilla reserves all defenses, including truth.

[2] The one case Paul cited did not address (and was not tasked with addressing) the issue here—whether the "scam" allegation was a statement of opinion or fact. *See Allied Mktg. Grp., Inc. v. Paramount Pictures Corp.*, 111 S.W.3d 168 (Tex. App.—Eastland 2003, pet. denied). The R&R rightfully disregarded it.

9

"scam," the R&R then concludes statements to the effect that someone committed a "scam" are also objectively verifiable and actionable as defamation.

The R&R appears to be the first decision in this circuit to conclude "scam" has a definitive, objective meaning. But even if "scam" can be fairly conflated with fraud, the *Whitelock* opinion does not support the R&R's conclusion.

In *Whitelock*, the plaintiff accused the defendants of accusing her of *specific acts of fraud*, including "tampering with the organization's computer, using her board position to benefit herself and others, committing '*residency fraud*, *elections fraud* [and] *membership fraud*,'" being subject to "multiple tax liens, judgments, and repossessions," as well as being the "subject to animal cruelty charges." 661 S.W.3d at 600 (emphases added). The court of appeals held "these statements went beyond mere opinion statements and were instead objectively verifiable, making them actionable as defamation." *Id.* In contrast, Defendants did not use the term "fraud," much less allege any specific acts of fraud.

In fact, the *Whitelock* court held several other allegedly defamatory statements were not objectively verifiable. For instance, "opinions about the [plaintiffs'] character . . . may not have been objectively verifiable, such as the statement that [the plaintiffs] were 'total idiots,' and that they were 'nothing but liars and *a bunch of frauds*.'" *Id.* at 599 (emphasis added). The court also recognized generally calling the plaintiffs "'horse abuser[s],' standing alone, might simply be interpreted as being the type of 'loose, figurative or hyperbolic language that is immunized from defamation claims.'" *Id.* at 600 (quoting *Mogged v. v. Lindamood*, No. 02-18-00126-CV, 2020 WL 7074390, at *15 (Tex. App.—Fort Worth Dec. 3, 2020, pet. denied) (en banc) (calling the plaintiff a "sex predator" was not actionable)).

Similarly, here, calling the CryptoZoo project a "scam" orchestrated by Paul is not objectively verifiable. Much like calling the plaintiffs "nothing but liars and a bunch of frauds" was not actionable in *Whitelock*, neither is calling Paul a "serial scammer," a "massive con," or "the type of dude to thank you when you expose his scam, then block you when you remind him to pay up." *See id.* at 599.

Aside from *Whitelock*, the R&R relies on just one other case, a bankruptcy court decision recognizing "Texas courts have determined that statements . . . synonymous with fraud . . . [a]re verifiable factual assertions." ECF No. 74 at 12 (quoting *In re Nw. Senior Housing Corp.*, No. 22-30659-MLV11, 2024 WL 2822148, at *7 (Bankr. N.D. Tex. June 3, 2024) (citing *Bass v. United Dev. Funding, LP*, No. 05-18-00752-CV, 2019 WL 3940976, at *18–19 (Tex. App.—Dallas Aug. 21, 2019, pet. denied))). But like *Whitelock*, neither the bankruptcy court decision nor the Texas case it relied upon considered the term "scam" or found it "synonymous with fraud." Those cases instead held calling something "Ponzilike" or "ponzi-esque" was a verifiable factual assertion. *See Nw. Senior Housing*, 2024 WL 2822148, at *7; *Bass*, 2019 WL 3940976, at *18–19.[3]

In a footnote, the R&R also claims Coffeezilla did not cite any opinions from Texas or the Fifth Circuit compelling a different result. ECF No. 74 at 12 n.10 (citing ECF No. 41 at 10). To the contrary, Coffeezilla cited Fifth Circuit and Texas decisions holding words akin to "scammer"—like "crook" and "rip-off"—are merely name-calling and not verifiable

---

[3] Black's Law Dictionary, which defines only legal terms, does not define "scam" at all. *See* BLACK'S LAW DICTIONARY (12th ed. 2024). But it does define "Ponzi scheme" as "a *fraudulent* investment scheme in which money contributed by later investors generates artificially high dividends or returns for the original investors, whose example attracts even larger investments. . . . This scheme takes its name from Charles Ponzi, who in the late 1920s was *convicted for fraudulent schemes* he conducted in Boston." *Ponzi scheme*, BLACK'S LAW DICTIONARY (12th ed. 2024) (emphases added). Unlike "scam," it is understood that a Ponzi scheme is a particular species of fraud.

11

statements of fact. *See* ECF No. 41 at 10 (compiling authorities); *see also Church of Scientology of Cal. v. Cazares*, 638 F.2d 1272, 1288–89 (5th Cir. 1981) (holding reference to church as a "rip-off, money motivated operation" was not statement of verifiable fact); *Moore v. Waldrop*, 166 S.W.3d 380, 386–87 (Tex. App.—Waco 2005, no pet.) (holding use of the word "crook" is "mere 'name calling'" and "general disparagement," not defamation).

Texas courts have held that even statements referring to a plaintiff as a "sex predator" or variations thereof are nonactionable statements of opinion. *E.g., Mogged*, 2020 WL 7074390, at *16 (compiling authorities). As one Texas court of appeals reasoned, unlike "convicted felon," which has an objective verifiable meaning, "sex predator" is merely "loose, figurative or hyperbolic language that is immunized from defamation claims." *Id.*

And while it does not appear that any other court in this circuit or Texas has analyzed the specific term "scam" in this context, several courts in other jurisdictions agree "scam" is simply too ambiguous to support a defamation claim. *See, e.g., McCabe*, 814 F.2d at 842 ("[T]he assertion 'X is a scam' [is] incapable of being proven true or false."); *Akai Custom Guns*, 707 F. Supp. 3d at 1297 (holding allegations that something was a "scam" and "public opinion fraud" were not actionable); *Safex Found.*, 531 F. Supp. 3d at 312; *Wexler v. Dorsey & Whitney, LLP*, No. 18-CV-3066-SJB, 2019 WL 5485265, at *7 (E.D.N.Y. Oct. 25, 2019) (holding use of the term "scheme" is like the word "scam," which is "incapable of being the basis of a defamation claim"); *Nunes*, 299 F. Supp. 3d at 1232; *RainSoft*, 350 F. Supp. 3d at 58. *Cf. Old Indian Tricks, LLC v. Sparks,* No. 1:22-CV-00212, 2022 WL 4551896, at *6–7 (W.D. La. Sept. 6, 2022) (on motion for remand, holding plaintiff plausibly alleged a claim for defamation based on statement that he commits specific acts of fraud when he "buys Lucky

12

7 deer urine and rebottles it and claims he did all the work" and is therefore "a scam and a liar").

The R&R erred by conflating the ambiguous term "scam" with the objectively verifiable term "fraud" to conclude the Statements pass the verifiability test for defamation. Coffeezilla objects to this erroneous determination. Because the Statements are not verifiable, they are not actionable and Paul's Complaint must be dismissed.

Importantly, because a statement that fails *either* the verifiability test *or* the context test is a non-actionable opinion, the Court's analysis should end here. *See Tatum*, 554 S.W.3d at 638 ("A statement that fails either test—verifiability or context—is called an opinion.").

## REQUESTED RELIEF

For these reasons, Defendants respectfully request that the Court sustain these objections, decline to adopt the R&R, grant Defendants' motion for judgment on the pleadings (ECF No. 41), and award Defendants all other relief at law or in equity to which they are entitled.

Dated: April 9, 2025

                            Respectfully submitted,

                            **DAVIS & SANTOS, PLLC**

                            By: */s/ Caroline Newman Small*
                                  Jason M. Davis
                                  Texas State Bar No. 00793592
                                  E-mail: *jdavis@dslawpc.com*
                                  Caroline Newman Small
                                  Texas State Bar No. 24056037
                                  E-mail: *csmall@dslawpc.com*
                                  Rachel Garza
                                  Texas State Bar No. 24125240
                                  E-mail: *rgarza@dslawpc.com*
                                  719 S. Flores Street
                                  San Antonio, Texas 78204
                                  Tel: (210) 853-5882
                                  Fax: (210) 200-8395

                            *Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla*

## CERTIFICATE OF SERVICE

I certify that on April 9, 2025 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

                            By: */s/ Caroline Newman Small*
                                  Caroline Newman Small