# Exhibit L

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

## SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>                           *Plaintiff*,<br>   v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>                          *Defendants*. | Civil Action No.: 5:24-cv-00717 |

## **NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Plaintiff Logan Paul intends to serve serve the attached subpoena commanding the production of documents, electronically stored information, or tangible things to Dani Strobel c/o Lindsay Gerdes, Dinsmore & Shohl LLP, 255 E. Fifth Street, Suite 1900, Cincinnati, OH 45202, lindsay.gerdes@dinsmore.com.

| | |
|---|---|
| December 11, 2024 | /s/ *Andrew C. Phillips*<br>Andrew C. Phillips (*Pro Hac Vice*)<br>Shannon B. Timmann (*Pro Hac Vice*)<br>MEIER WATKINS PHILLIPS PUSCH LLP<br>919 18th Street NW, Suite 650<br>Washington, DC 20006<br>Email: andy.phillips@mwpp.com<br>Email: shannon.timmann@mwpp.com<br><br>Jeffrey A. Neiman (*Pro Hac Vice*)<br>Jason L. Mays (*Pro Hac Vice*)<br>MARCUS NEIMAN RASHBAUM & PINEIRO LLP<br>100 SE 3rd Ave., Suite 805<br>Ft. Lauderdale, Florida 33394 |

1

Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Shelby O'Brien
Enoch Kever PLLC
7600 N. Capital of Texas Highway
Building B, Suite 200
Austin, Texas 78731
Email: sobrien@enochkever.com

*Counsel for Plaintiff Logan Paul*

2

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the Notice of Subpoena to Dani Strobel in the above-captioned matter was served on the below counsel of record on December 11, 2024 in accordance with the Federal Rules of Civil Procedure:

Jason M. Davis
Caroline Newman Small
Rachel Garza
DAVIS & SANTOS PLLC
719 S. Flores Street
San Antonio, Texas 78204
Telephone: (210) 853-5882
Facsimile: (210) 200-8395
E-mail: jdavis@dslawpc.com
E-mail: csmall@dslawpc.com
E-mail: rgarza@dslawpc.com

*Attorneys for Defendants*

Dated: December 11, 2024            By: */s/ Andrew C. Phillips*
                            Andrew C. Phillips

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| Logan Paul *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 5:24-cv-717 |
| Stephen Findeisen and Coffee Break Productions LLC D/B/A Coffeezilla *Defendant* | ) ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Dani Strobel c/o Lindsay Gerdes, Dinsmore & Shohl LLP, 255 E. Fifth Street, Suite 1900, Cincinnati, OH 45202, lindsay.gerdes@dinsmore.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment- Exhibit A

| Place: Electronic, see attached Exhibit A instructions | Date and Time: 01/15/2025 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/11/2024

*CLERK OF COURT*

OR

_____   /s/ Andrew C. Phillips
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Logan Paul , who issues or requests this subpoena, are:

Andrew C. Phillips, MWPP LLP, 919 18th Street NW, Washington, D.C. 20006, andy.phillips@mwpp.com, 847.951.7093

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:24-cv-717

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

## **INSTRUCTIONS**

1. You shall produce, in their original form or in copies that are the exact duplicates of the originals all Documents, Communications and things requested that are responsive to the requests set forth below.

2. All Electronically Stored Information shall be produced in accordance with the Federal Rules of Civil Procedure unless the parties have otherwise agreed.

3. Produce all responsive Documents, Communications and things requested in Your possession, custody or control, regardless of whether responsive Documents, Communications and things requested are currently in Your immediate possession, including Documents and Communications obtained on Your behalf by Your counsel, employees, agents, or any other persons acting on Your behalf.

4. If You object to any portion of any request, identify the portion to which You object and respond to the remainder. All objections to the requests herein shall be made in writing and delivered via email to the undersigned counsel, on or before the date set for production.

5. These requests do not seek documents protected by the attorney-client privilege or by the work product doctrine.

6. In the event that any responsive Document or Communication, or any portion of any responsive Document or Communication, within the scope of a request is withheld or redacted from production upon any claim of privilege, You shall provide a list identifying each Document or Communication so withheld, as follows:

    (a)    a brief description of the document;

    (b)    the type of document, e.g., letter or memorandum;

    (c)    the general subject matter of the document;

    (d)    the date of the document;

    (e)    the author of the document;

    (f)    the addressees of the document;

  (g) any other recipients of the document; and

  (h) the relationship of the author, addressees and recipients to each other.

  (i) identification of the privilege or privileges claimed for that Document or Communication.

  7. The use of the singular form of any word includes the plural and vice versa. The past tense of any verb used herein includes the present tense, and the present tense includes the past tense. Each request and subparagraph or subdivision thereof shall be construed independently, and no other request or subparagraph or subdivision thereof shall be referred to or relied on for the purpose of limiting its scope except insofar as the request or subparagraph or subdivision construed expressly refers to another request or subparagraph or subdivision thereof.

  8. Produce all Documents, Communications and things requested as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.

  9. All Documents and Communications requested should be produced electronically by email, FTP site, flash drive, or as otherwise agreed to Andrew C. Phillips at Meier Watkins Phillips Pusch LLP, 919 18th Street NW, Suite 650, Washington, D.C. 20006, andy.phillips@mwpp.com.

## **DEFINITIONS**

1. "All" means all or any, and the term "any" shall be construed to mean all or any.

2. "And" and "or" are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request any document or response that might otherwise be construed to be outside of its scope.

3. "Communication" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

4. "Concerning" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

5. "Document" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

6. "Stephen Findeisen" refers to Stephen Findeisen, also known as Coffeezilla, and any of his representatives, agents, employees, or former employees.

7. "You" refers to Dani Strobel.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All documents and communications concerning CryptoZoo and/or Logan Paul's involvement with CryptoZoo.

**DOCUMENT REQUEST NO. 2:**

All communications between you and Stephen Findeisen a/k/a Coffeezilla, or any other person purporting to act on behalf of Mr. Findeisen or the Coffeezilla YouTube series, concerning CryptoZoo and/or Logan Paul.