# Exhibit N

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

### SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>　　　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>　　　　　　　　　*Defendants*. | Civil Action No.: 5:24-cv-00717 |

### PLAINTIFF LOGAN PAUL'S INITIAL DISCLOSURES

Plaintiff Logan Paul submits the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

These disclosures are based on information reasonably available to Plaintiff at this time and represent a good faith effort to identify information Plaintiff reasonably believes is required by Rule 26(a)(1). Plaintiff does not represent that he is identifying every document, tangible thing, insurance agreement, or witness possibly relevant to all issues that may eventually be raised in this lawsuit. Pursuant to Rule 26(e), Plaintiff reserves the right to supplement and amend these disclosures. Pursuant to Rule 26(a)(1) and other applicable rules, Plaintiff is not disclosing documents or information protected by the attorney-client privilege or work-product immunity. Plaintiff's disclosures are made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy, and materiality, hearsay, or other proper ground; (2) the right to object to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in these actions or any other action; and (3) the right to object on any and all grounds,

at any time, to any other discovery request or proceeding involving or relating to the subject matter

of these disclosures.

1.    <u>The name and, if known, the address and telephone number of each individual likely to
have discoverable information—along with the subjects of that information—that the
disclosing party may use to support its claims or defenses.</u>

     Plaintiff identifies the following individuals known to Plaintiff at this time to likely have

discoverable information that he may use to support his claims.

| Name | Contact Information | Topic |
|---|---|---|
| Logan Paul | c/o Andrew Phillips<br>Meier Watkins Phillips Pusch LLP<br>919 18th St NW, Suite 650<br>Washington, DC 20006<br>847-951-7093 | Falsity of Defendants' statements about him; harm he suffered as a result of Defendants' statements. |
| Stephen Findeisen | c/o Counsel for Defendants | Falsity of Defendants' statements about Plaintiff; Defendants' fault in publishing those statements. |
| Jeffrey Levin | c/o Benjamin E. Strauss<br>Manatt, Phelps & Phillips, LLP<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>310-312-4118 | Falsity of Defendants' statements about Plaintiff; harm Plaintiff suffered as a result of Defendants' statements. |
| Eduardo Ibanez | 20 Greene St., Apt. #4<br>New York, NY 10013 | Falsity of Defendants' statements about Plaintiff. |
| Jake Greenbaum | Unknown | Falsity of Defendants' statements about Plaintiff; Defendants' fault in publishing those statements. |

| Name | Contact Information | Topic |
|------|---------------------|-------|
| Harry Bagg | Unknown | Identified as the "Video Editor" for Defendants' YouTube videos; expected to have information concerning the falsity of Defendants' statements about Plaintiff and Defendants' fault in publishing those statements. |
| Danielle Strobel | c/o Lindsay Gerdes Dinsmore & Shohl LLP 255 E. Fifth St., Suite 1900 Cincinnati, Ohio 45202 513-832-5473 | Falsity of Defendants' statements about Plaintiff; harm Plaintiff suffered as a result of Defendants' statements. |
| Ophir Bentov | c/o Benjamin E. Strauss Manatt, Phelps & Phillips, LLP 2049 Century Park East, Suite 1700 Los Angeles, CA 90067 310-312-4118 | Falsity of Defendants' statements about Plaintiff. |

2.     <u>A description by category and location of all documents, electronically stored information, and tangible things that Plaintiff has in his possession, custody, or control and may use to support his claims.</u>

By providing the following description of documents pursuant to Rule 26(a)(1)(A)(ii), Plaintiff does not waive his right to withhold production of any document in his possession that is protected by the attorney-client privilege, the work-product immunity, or any other claim of privilege or immunity, or which Plaintiff is prohibited from producing due to legal confidentiality restrictions, or where production of such a document would be otherwise unlawful. Plaintiff further states that most of the documents that will support Plaintiff's claims are not in his possession, custody or control but are in the possession, custody and control of Defendants.

| Category | Type of documents | Location |
|----------|-------------------|----------|
| Electronic Documents | Text messages relating to the CryptoZoo project. | In Plaintiff's possession |

3

| Category | Type of documents | Location |
|---|---|---|
| Electronic documents | Documents and emails relating to the genesis and development of the CryptoZoo project and Plaintiff's frustration that the project failed to come to fruition as intended. | In Plaintiff's possession |

3.    <u>A computation of each category of damages and the documents on which each computation is based, including the materials bearing on the nature and extent of injuries suffered</u>.

Plaintiff seeks presumed damages and compensatory damages for loss of reputation, shame, humiliation, embarrassment, mental anguish, and suffering.  These types of damages are not subject to mathematical computation.  *See, e.g., Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D. Tex. 1997) (holding a plaintiff is not required to provide a computation of emotional distress damages under Rule 26(a)(1)(C) because a trier of fact must determine the appropriate level of damages); *Gray v. Fla. Dep't of Juvenile Justice*, 2007 WL 295514, *2 (M.D. Fla. Jan. 30, 2007) (holding that a calculation of emotional distress damages is not required under Rule 26 because such damages "may not be susceptible to computation and thus, it is within the jurors ability to determine a reasonable amount").  Plaintiff further states that while discovery is just beginning and Plaintiff expects to have expert testimony related to the issue of damages, publicly available information suggests that Defendants' defamatory statements were viewed at least seventeen million times.  Plaintiff intends to rely upon the sheer scale and reach of Defendants' defamatory statements to establish presumed damages and harm to Plaintiff's reputation.

4.    <u>Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment</u>.

Not applicable to Plaintiff.

Dated: September 3, 2024                    Respectfully submitted,


                                           */s/ Andrew C. Phillips*
                                           _____

                                           Andrew C. Phillips (*Pro Hac Vice*)
                                           Shannon B. Timmann (*Pro Hac Vice*)
                                           MEIER WATKINS PHILLIPS PUSCH LLP
                                           919 18th Street NW, Suite 650
                                           Washington, DC 20006
                                           Email: andy.phillips@mwpp.com
                                           Email: shannon.timmann@mwpp.com

                                           Jeffrey A. Neiman (*Pro Hac Vice*)
                                           Jason L. Mays (*Pro Hac Vice*)
                                           MARCUS NEIMAN RASHBAUM & PINEIRO LLP
                                           100 SE 3rd Ave., Suite 805
                                           Ft. Lauderdale, Florida 33394
                                           Email: jneiman@mnrlawfirm.com
                                           Email: jmays@mnrlawfirm.com

                                           Shelby O'Brien
                                           Enoch Kever PLLC
                                           7600 N. Capital of Texas Highway
                                           Building B, Suite 200
                                           Austin, Texas 78731
                                           Email: sobrien@enochkever.com

                                           *Counsel for Plaintiff Logan Paul*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Plaintiff's Initial Disclosures in the above-captioned matter was served on all counsel of record via email on September 3, 2024, in accordance with the Federal Rules of Civil Procedure.


Dated:  September 3, 2024                    By:  <u>/s/ *Andrew C. Phillips*        </u>
                                                         Andrew C. Phillips