# Exhibit O

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>                    *Plaintiff*,<br>    v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>                    *Defendants*. | Civil Case No. 5:24-cv-00717-OLG |

**PLAINTIFF LOGAN PAUL'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff hereby submits his First Set of Requests for Production to Defendants Stephen Findeisen and Coffee Break Productions LLC d/b/a Coffeezilla. In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendants shall submit separate responses to the following requests within thirty (30) days after service of these Requests. These Requests for Production shall be read, interpreted, and responded to in accordance with the definitions and instructions set forth below.

**DEFINITIONS**

1. "Mr. Findeisen," "Coffeezilla," "Defendants," "you," and "your" mean Stephen Findeisen and Coffee Break Productions LLC d/b/a Coffeezilla, Defendants in the above-captioned action, and any present or former agents, representatives, attorneys, interns, employees, and any person acting or purporting to act on your behalf or for your benefit. The terms "you" and "your" include but are not limited to any website, social media account, video-sharing account, or other digital content or platform that you directly or indirectly own, operate, or control.

2. "Mr. Paul" and "Plaintiff" mean Logan Paul, Plaintiff in the above-captioned

action.

3. "Person" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

4. The "January 27th Video" means the January 27, 2019 YouTube video titled "How to Survive a Public Shaming (ft. Kevin Hart, Logan Paul, Pewdiepie and Bill Maher)."

5. The "July 11th Video" means that July 11, 2021 YouTube video titled "Logan Paul's New Crypto Coin is an Embarrassment."

6. The "August 25th Video" means the August 25, 2021 YouTube video titled "The Influencer NFT Craze."

7. The "September 10th Video" means the September 10, 2021 YouTube video titled "Exposing Logan Paul's New Crypto 'Art'."

8. The "November 24th Video" means the November 24, 2021 YouTube video titled "The Crypto Brothers Are Back At It Again."

9. The "December 5th Video" means the December 5, 2021 YouTube video titled "YouTube Rewind 2021: CRYPTO SCAMS."

10. The "December 16th Video" means the December 16, 2022 YouTube video titled "Investigating Logan Paul's Biggest Scam."

11. The "December 20th Video" means the December 20, 2022 YouTube video titled "The Biggest Fraud in Logan Paul's Scam."

12. The "December 23rd Video" means the December 23, 2022 YouTube video titled "Ending Logan Paul's Biggest Scam."

13. The "January 18th Video" means the January 18, 2023 YouTube video titled "Logan Paul Apologized To Me."

14. The "March 9th Video" means the March 9, 2023 YouTube video titled "Exposing Scams on Joe Rogan."

15. The "June 30th Video" means the June 30, 2023 YouTube video titled "Logan Paul's Scam Isn't Over."

16. The "October 13th Video" means the October 13, 2023 YouTube video titled "Exposing Logan Paul v. Dillon Danis."

17. The "January 5th Video" means the January 5, 2024 YouTube video titled "Logan Paul's Refund."

18. The "August 5th Video" means the August 5, 2024 YouTube video titled "Logan Paul Sued Me."

19. "X Post" means the June 29, 2023 post Defendants published about Mr. Paul on X.com (formerly Twitter), a copy of which is attached as Exhibit A to the Complaint in the above-captioned action.

20. "Document" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

21. "Communication" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

22. The term "concerning" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

**INSTRUCTIONS**

1. To bring within the scope of these Requests for Production all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (a) the singular shall include the plural and vice versa; (b) the connectives "and" and "or" shall be

read either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production all responses that might otherwise be construed to be outside their scope; (c) the terms "any," "all," or "each" shall be read to mean any, all, each, and every; (d) the word "including" shall be read to mean including without limitation; and (e) the present tense shall be construed to include the past tense and vice versa.

2. These Requests for Production call for the production of documents that are in the actual or constructive possession, custody, or control of Defendants, regardless of location, including in the possession, custody, or control of any current or former attorneys, consultants, interns, volunteers, investigators, editors, researchers, financial advisors, and accountants, and anyone else acting on Defendants' behalf or for Defendants' benefit, whether or not employed by Defendants. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. When searching for responsive material, Defendants should search all personal and business ESI and hard-copy document repositories.

3. Mr. Paul requests that Defendants produce the documents electronically via FTP site (or comparable technology) accessible to andy.phillips@mwpp.com, shannon.timmann@mwpp.com, paralegals@mwpp.com, jneiman@mnrlawfirm.com, jmays@mnrlawfirm.com, and sobrien@enochkever.com, or in another manner agreed upon in advance.

4. Each request contemplates the production of all documents in their entirety. If a portion of a document is responsive to one or more requests, produce the document in its entirety.

5. If a copy of a requested document is not identical to any other copy of the same document, by reason of alterations, marginal notes, comments, etc., all non-identical copies shall

be produced.

6. All Documents that are attached to each other when located for production shall be left so attached.

7. Documents stored electronically in the ordinary course of business must be collected in a manner that preserves all characteristics of the documents, including metadata and parent/child relationships, to the maximum possible extent. ESI should be produced in single page .TIFF or multi-page .PDF formats with .DAT and Opticon (.OPT) load files, with the exception of those file types for which content would be lost or access impaired by conversion to TIFF or PDF format (e.g., audio, video, csv, PowerPoint, Excel, or Microsoft Access files), which should be produced in native format. All documents must be produced in fully text-searchable format, when technologically feasible. To the maximum extent possible, the metadata load file should include the following:

    a. Bates Start

    b. Bates Stop

    c. Beg Attach

    d. End Attach

    e. Beg Family

    f. End Family

    g. Parent ID

    h. Custodian or Custodians

    i. File Name

    j. File Extension

    k. Email Subject

  l. To

  m. From

  n. CC

  o. BCC

  p. Date and Time Sent

  q. Date and Time Received

  r. File Created Date and Time

  s. File Author

  t. File Last Modified Date and Time

  u. MD5 Hash

  v. OCRPATH

  w. Link

8. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents must be produced in a manner that preserves contextual information.

  a. <u>Hard Copies</u>: Pursuant to Rule 34(b), all hard-copy documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business. All documents, other than electronically stored information, shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks which may be present on the container.

  b. <u>ESI</u>: Pursuant to Rule 34(b), all ESI must be produced in a manner that allows Plaintiff to identify each distinct document and where it was filed in Defendant's

systems. All emails must be produced with their attachments, and the relationship between the email and attachment must be clear.

9. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement: (a) identifying the document; (b) describing where the document is now; (c) identifying who has control of the document; (d) describing how the document became lost or destroyed or was transferred; and (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

10. If you object to any part of a Request, you must set forth your basis for the objection and respond to all parts of the Request to which you do not object.

11. If you encounter any ambiguity in the Requests, definitions, or instructions, explain what you find to be ambiguous and what construction you used in providing your answer.

12. If production of any requested document is objected to on the grounds that production is unduly burdensome, describe the undue burden.

13. If any information called for by any Request herein is withheld because you claim that such information is protected from discovery by the attorney work-product doctrine or by any privilege or protection from disclosure, provide a description of the basis of the claimed privilege or protection and all information necessary for the Court and Plaintiff to assess the claim of privilege in accordance with applicable federal and local rules, including: (a) the author of such document; (b) to whom such document is addressed; (c) the date upon which the document was prepared; (d) the title or heading of such document; (e) the type of document (e.g. hand-written note, memorandum, tape recording, journal, desk calendar, books of account, etc.); (f) any other information which might be necessary to describe such document sufficiently for a designation

thereof; (g) its present location and custodian; and (h) the basis for the claim of privilege.

14.     These Requests for Production are continuing in nature, up to and during the course of trial. In the event that you obtain additional documents that are responsive to these Requests for Production, you shall supplement your response to each such Request for Production and produce the additional documents promptly.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents and communications relating to Mr. Paul.

**REQUEST NO. 2**:

All documents and communications relating to CryptoZoo and your investigation into CryptoZoo.

**REQUEST NO. 3:**

All documents and communications shared between you and Jake Greenbaum.

**REQUEST NO. 4:**

All calendar entries, calendar invitations, phone logs, notes, or recordings relating to all interviews, meetings, videoconferences, calls, or conversations you conducted or attended during which Mr. Paul or CryptoZoo were mentioned, referenced, or discussed.

**REQUEST NO. 5:**

All scripts and drafts related to the preparation of the January 27th Video, the July 11th Video, the August 25th Video, the September 10th Video, the November 24th Video, the December 5th Video, the December 16th Video, the December 20th Video, the December 23rd Video, the January 18th Video, the March 9th Video, the June 30th Video, the October 13th Video, the January 5th Video, and the August 5th Video.

**REQUEST NO. 6:**

All raw, unedited video footage prepared for potential inclusion in the January 27th Video, the July 11th Video, the August 25th Video, the September 10th Video, the November 24th Video, the December 5th Video, the December 16th Video, the December 20th Video, the December 23rd Video, the January 18th Video, the March 9th Video, the June 30th Video, the October 13th Video, the January 5th Video, and the August 5th Video, whether it was ultimately included in a published YouTube video or not.

**REQUEST NO. 7:**

All notes, summaries, audio recordings, or audio-visual recordings of any interviews conducted by you in the course of your investigation of CryptoZoo and/or for potential inclusion in the December 16th Video, the December 20th Video, the December 23rd Video, the June 30th Video, or the January 5th Video, whether ultimately included or not.

**REQUEST NO. 8:**

All documents and communications reflecting views, unique views, viewership, listenership, clicks, likes, comments, reposts, and any other metric used to measure the audience, popularity, or engagement for the January 27th Video, the July 11th Video, the August 25th Video, the September 10th Video, the November 24th Video, the December 5th Video, the December 16th Video, the December 20th Video, the December 23rd Video, the January 18th Video, the March 9th Video, the June 30th Video, the October 13th Video, the January 5th Video, and the August 5th Video.

**REQUEST NO. 9:**

All documents and communications reflecting views, unique views, viewership, listenership, clicks, likes, comments, reposts, and any other metric used to measure the audience, popularity, or

engagement for the X Post.

**REQUEST NO. 10:**

All documents and communications reflecting and relating to the revenue you earned from the publication of the January 27th Video, the July 11th Video, the August 25th Video, the September 10th Video, the November 24th Video, the December 5thVideo, the December 16th Video, the December 20th Video, the December 23rd Video, the January 18th Video, the March 9th Video, the June 30th Video, the October 13th Video, the January 5th Video, and the August 5th Video.

**REQUEST NO. 11:**

All documents and communications reflecting promotion or marketing of the December 16th Video, the December 20th Video, the December 23rd Video, the June 30th Video, and the January 5th Video.

**REQUEST NO. 12:**

All documents and communications, whether internal or with advertisers, potential advertisers, and other third parties, about the size of the audience for the CoffeeZilla YouTube account between January 1, 2021 and the present.

**REQUEST NO. 13:**

Documents sufficient to show the historical number of subscriptions to the "Coffeezilla" Patreon account since its inception, as well as the amount of money you have received from "patrons" of that account.

**REQUEST NO. 14:**

All communications with Jeffrey Levin, whether by email, audio recording, video recording, or any other mode or medium.

**REQUEST NO. 15:**

All communications with the named plaintiff in the action *Don Holland v. CrytoZoo Inc., et al.*, No. 1:23-cv-110 (W.D. Tex.), as well as all communications with any attorney for the plaintiff, including but not limited to Jarrett Ellzey, Leigh Montgomery, Alexander Kykta, and Tom Kherkher.

**REQUEST NO. 16:**

All Documents referenced in, or relied upon in preparing, Defendants' Answer and Defendants' responses to Mr. Paul's interrogatories.

**REQUEST NO. 17:**

Any agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a judgment in this action or to indemnify or reimburse for payments made to satisfy a judgment in this action, even if the insurance business, person, or entity disputes such liability.

**REQUEST NO. 18:**

All documents and communications relating to money you have received in connection with your efforts to raise funds to support your defense in this action, including the revenue you received from your "Coffeezilla Defense" merchandise sales (launched on or before August 5, 2024) and any Patreon membership purchases that were made after you published the August 5, 2024 YouTube video titled "Logan Paul Sued Me."

**REQUEST NO. 19:**

All documents and communications relating to any efforts by you to raise funds for your legal fees in this action.

**REQUEST NO. 20:**

The Operating Agreement for Coffee Break Productions LLC.

**REQUEST NO. 21:**

All documents and communications that you contend support your Defense at Paragraph 10, page 18 of your Answer in this action.

**REQUEST NO. 22:**

All documents and communications that you contend support your Defense at Paragraph 12, page 19 of your Answer in this action.

**REQUEST NO. 23:**

All documents on which Defendants intend to rely at any hearing or trial of this action.

Dated:  August 29, 2024                                     Respectfully Submitted,

*/s/ Andrew C. Phillips*

Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Shelby O'Brien
ENOCH KEVER PLLC
7600 N. Capital of Texas Highway
Building B, Suite 200
Austin, Texas 78731
Email: sobrien@enochkever.com

*Counsel for Plaintiff Logan Paul*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's First Set of Requests for Production to Defendants in the above-captioned matter was served on the below counsel of record on August 29, 2024 in accordance with the Federal Rules of Civil Procedure:

William R. Ogden
FARRAR & BALL LLP
1117 Herkimer St.
Houston, Texas 77008
bill@fbtrial.com

Mark Bankston
FARRAR & BALL LLP
1117 Herkimer St.
Houston, Texas 77008
mark@fbtrial.com

Kyle Farrar
FARRAR & BALL LLP
1117 Herkimer St.
Houston, Texas 77008
kyle@fbtrial.com

*Attorneys for Defendants*

Dated: August 29, 2024           By: */s/ Andrew C. Phillips*
                                                              Andrew C. Phillips