IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>         *Plaintiff*,<br> v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>         *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S THIRD MOTION TO PRESERVE CONFIDENTIALITY DESIGNATIONS**

Pursuant to Paragraph 11(a) of the November 15, 2024 Confidentiality and Protective Order ("Protective Order") [Dkt. 22] entered in the above-referenced action, Plaintiff Logan Paul moves this Court for an order preserving his designation of certain discovery materials as "Confidential":

  1. On November 14, 2024, the Parties filed a Joint Motion for Entry of Protective Order [Dkt. 21]. As that Joint Motion reflects, the parties agreed to, and jointly asked the Court to enter, the proposed protective order attached to that Joint Motion.

  2. On November 15, 2024, the Court entered the Protective Order as requested by the Parties.

  3. The Protective Order permits the Parties to designate certain materials exchanged in discovery as "Confidential" if the designating party in good faith believes that the information therein is in fact confidential. (Protective Order ¶ 1.) The Protective Order sets forth a non-exhaustive list of materials that qualify for confidential treatment, including confidential information, information protected by law, and other sensitive information. (*Id*. ¶ 3(a).)

1

4. Pursuant to the Protective Order, Plaintiff has designated as "Confidential" three documents he produced in discovery that are the subject of this Motion.

5. The first, identified with the bates label PAUL_CZ00012023-12024, is a ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████████████████████████████████ was filed under seal by Defendants as Exhibit A to their Motion to Transfer and Stay Proceedings [Dkt. 82-1]. A copy is attached hereto as **Exhibit A**.

6. The second, identified with the bates label PAUL_CZ00012016-12022, is an ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ The document was filed under seal by Defendants as Exhibit B to their April 15, 2025 Motion to Transfer and Stay Proceedings [Dkt. 82-2]. A copy is attached hereto as **Exhibit B**.

7. The third, identified with the bates label PAUL_CZ00012025-12042, is a ███ ███████████████████████████████████████████████████████████ ██████████████████████████████████████████ was filed under seal by Defendants as Exhibit C to their Motion to Transfer and Stay Proceedings [Dkt. 82-3]. A copy is attached hereto as **Exhibit C**.

8. These materials are properly designated as "Confidential" under the Protective Order and are of the types of materials that qualify for confidential treatment and filing under seal.

For example, the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

9.  Moreover, the context here further militates in favor of these documents continuing to be treated as confidential and maintained under seal. It is anticipated that Defendants will argue that these materials, by virtue of having been filed by Defendants in connection with their recent Motion to Stay or Transfer Proceedings, are now judicial records that should be unsealed due to the presumption of public right of access to court records. But the Fifth Circuit and the Supreme Court have recognized that this right of access must be balanced against other competing interests in a case-by-case analysis, and that sealing may be particularly warranted where court files have

become "a vehicle for improper purpose." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (quoting *Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 598 (1978).

10. That is precisely the case here. Although the ▮▮▮▮▮ ▮▮▮▮▮ were attached as exhibits to Defendants' recent motion, it is apparent that those materials have no relevance to the motion or Defendants' arguments, and instead were almost certainly filed for the sole and improper purpose of providing Defendants with an excuse to advocate for their public disclosure in order to harm and embarrass Plaintiff. Indeed, the argument that Defendants advance in that motion is that the case should be stayed or transferred ***due to the pendency of a related civil suit***. The ▮▮▮▮▮ has no relevance at all to Defendants' legal argument, and it is conspicuous that neither the ▮▮▮▮▮ ▮▮▮▮▮ generally, are ever referred to throughout the argument section of Defendants' motion. (*See* Dkt. 82 at 14-19.) ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮, it is apparent that Defendants' motivating purpose for introducing these materials into the judicial record was to cause harm and prejudice to Plaintiff ▮▮▮▮▮ ▮▮▮▮▮.

11. Accordingly, pursuant to Paragraph 11(a) of the Protective Order, Plaintiff requests an order confirming and preserving Plaintiff's confidentiality designations as to the ▮▮▮▮▮ (PAUL_CZ00012016-12022), the ▮▮▮▮▮ (PAUL_CZ00012023-12024), and the ▮▮▮▮▮ (PAUL_CZ00012025-12042).

## **CONCLUSION**

Plaintiff requests that the Court grant this Motion and order that Plaintiff's confidentiality designations as to the materials at issue be preserved.

April 28, 2025                                    /s *Andrew C. Phillips*
                                                                Andrew C. Phillips (*Pro Hac Vice*)
                                                                Shannon B. Timmann (*Pro Hac Vice*)
                                                                MEIER WATKINS PHILLIPS PUSCH LLP
                                                                919 18th Street NW, Suite 650
                                                                Washington, DC 20006
                                                                (202) 318-3655
                                                                Email: andy.phillips@mwpp.com
                                                                Email: shannon.timmann@mwpp.com

                                                                Jeffrey A. Neiman (*Pro Hac Vice*)
                                                                Jason L. Mays (*Pro Hac Vice*)
                                                                MARCUS NEIMAN RASHBAUM & PINEIRO LLP
                                                                100 SE 3rd Ave., Suite 805
                                                                Ft. Lauderdale, Florida 33394
                                                                Email: jneiman@mnrlawfirm.com
                                                                Email: jmays@mnrlawfirm.com

                                                                Ricardo G. Cedillo (Texas Bar No. 04043600)
                                                                DAVIS, CEDILLO & MENDOZA, INC.
                                                                755 E. Mulberry Ave., Ste. 250
                                                                San Antonio, TX 78212
                                                                (210) 822-6666
                                                                Email: rcedillo@lawdcm.com

                                                                *Counsel for Plaintiff Logan Paul*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on April 28, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                   /s *Andrew C. Phillips*