UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LOGAN PAUL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:24-CV-00717** |
| | § | |
| **STEPHEN FINDEISEN and COFFEE** | § | |
| **BREAK PRODUCTIONS, LLC,** | § | |
| **d/b/a COFFEEZILLA,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S THIRD MOTION TO PRESERVE CONFIDENTIALITY DESIGNATIONS

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") submit this Response to Plaintiff's Third Motion to Preserve Confidentiality Designations (the "Third Motion") (ECF No. 87) and in support respectfully show:

## INTRODUCTION

Throughout his Complaint, Logan Paul accuses Coffeezilla of purposefully omitting information from his YouTube videos because they contradict Coffeezilla's statements that CryptoZoo is a "scam" and that Paul is a "serial scammer." *See, e.g.,* ECF No. 1 ¶¶ 2, 9, 91, 101–103, 106–107, 110, 131, 146. Now Paul seeks to do the exact thing he complains of— omit evidence from the public record that *supports* the truth of these statements.

Paul seeks to preserve the confidential designation for the following three documents:



1) ████████████████████████████████████████
████████████████████████████████████████
██████████];"

2) ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████"; and

3) ████████████████████████████████████████
████████████████████████████."

*See* ECF No. 83, Exs. A, B, and C to Ex. 1 (*under seal*) (the "Documents"). Together, the Documents corroborate Coffeezilla's statements ████████████████████████████ ████████████████████████████████████████ ██████████████.[1]

Paul does not want the Documents in the public record for the obvious reason that they undermine and contradict the public narrative in Paul's Complaint. But by choosing to "clear his name" in a judicial forum, Paul has subjected himself to the strict standard for sealing public records and the heavy burden to overcome the presumption of openness.

The Confidentiality and Protective Order serves that presumption of openness. It expressly entitles Coffeezilla to challenge a confidential designation where the documents designated confidential are not the type of documents the order was designed to protect. *See* ECF No. 22 ¶ 11(a). The Documents are precisely such documents, and Paul does not

---

[1] Paul argues (without evidentiary support) that ████████████████████████. *See* ECF No. 88 ¶ 10. ███████████████████████████████████████████ ██████████████████████████████████████████. *See* ECF No. 1 ¶¶ 47–56.

demonstrate otherwise. Further, because the documents are now filed, Paul is subject to a heightened burden to show they should remain sealed—a burden he all but ignores.

Accordingly, the Court should deny Paul's Third Motion, order the Documents to be immediately and automatically de-designated as confidential under the protective order, and order the Documents unsealed.[2]

## ARGUMENT AND AUTHORITIES

### I.    Paul has not established the Documents were properly designated confidential.

The Confidentiality and Protective Order specifically describes documents and information that may be designated "Confidential" as including: "trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted . . . may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties." ECF No. 22 ¶ 3(a).

Paul appears to argue the Documents fall under the umbrella of ███████████ ██████████ *See* ECF No. 88 Ex. 1 (*under seal*) ¶ 3. But Paul submits zero evidence or testimony to support this theory. ████████████████████████████████████ ████████████████ But Paul confuses the standard for whether Paul's designation of the Documents should be preserved with the more stringent standard for whether the Documents should remain sealed.[3] As Paul's own authority recognizes, courts must weigh a

---

[2] If the Court deems it necessary, Coffeezilla reserves the right to request unsealing by separate motion.

[3] *See 8FIG, Inc. v. Stepup Funny, LLC*, No. 1:23-CV-943-RP, 2023 WL 12073193, at *5 (W.D. Tex. Nov. 6, 2023) ("[T]he parties' decision to designate documents as confidential does not mandate that the Court seal the record. The standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order. To the contrary, the Fifth Circuit has held that the district court's discretion to seal records is to be exercised charily given the public's

variety of circumstances and make factual findings to determine whether a party has satisfied

his burden to keep a document sealed. In other words, even if Paul's rationale for designating

the Documents confidential is because they can *under certain circumstances* be sealed, he makes

no showing to establish those circumstances exist here.[4]

**II.     Paul has not established the Documents should remain sealed.**

Because the Documents have been filed and made part of the judicial record, the

question is no longer whether they were properly designated confidential in the first place

(they were not), but whether they should remain under seal. Paul does not argue or present

any evidence of a compelling interest favoring continued secrecy or any harm to be avoided

by maintaining secrecy—and there is none. As the Fifth Circuit has made clear, "courts

should be *ungenerous* with their discretion to seal judicial records[.]" *See Binh Hoa Le,* 990 F.3d

at 418 (emphasis added). "The secrecy of judicial records, including stipulated secrecy, must

be justified and weighed against the presumption of openness that can be rebutted only by

compelling countervailing interests favoring nondisclosure." *Id.* at 421.

Whether to maintain a filing under seal lies within the sound discretion of the Court.

*June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). The Court should undertake

a document-by-document, line-by-line balancing of the public's right to access against the

interests, if any, favoring nondisclosure. *Id.* at 521. █████████████████████████

████████████████████████████████████████████████████████████████

---

common law right of access.") (citing *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d
182, 203 (5th Cir. 2015)), *aff'd,,*2025 WL 1144570 (5th Cir. Apr. 18, 2025).

[4] As Paul acknowledged during the March 24, 2025 hearing on his prior motions to preserve
confidentiality designations, the standard for marking documents "confidential" at the discovery stage
is much lower than the standard for shielding documents from the public record once filed—as they
have been here. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021).

██████████████. *Trans Tool, LLC v. All State Gear, Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) (quoting *June Med. Servs.*, 22 F.4th at 520). As the party seeking to keep the Documents under seal, Paul has the arduous burden of making a "particularized factual showing of the harm" to be avoided by sealing. *Binh Hoa Le*, 990 F.3d at 418–19 n.30. It is insufficient that he "simply prefer[s] to keep things under wraps." *Id.* at 417.

The public's interest in access to the documents "is further heightened" in defamation cases where "the fate of Plaintiff's claims hinges to some extent on the truth or falsity of Defendant's statements," particularly where ██████████████. *See Ferrari v. Francis*, 685 F. Supp. 3d 410, 413 (N.D. Tex. 2023) (citing *Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378, 384 (5th Cir. 2019) ("Truth is a defense against a charge of defamation.")).

A.    **Paul fails to meet his burden to keep the** ████████████ **sealed.**

Paul's motion focuses on the ██████████████████████
████████████████████████████████████████████
████████████████████████." ECF No. 88, Ex. 1 (*under seal*) ¶¶ 8–10.

This claim is unfounded. Paul put his reputation at issue when he filed this suit. Paul also opened for public discussion whether Coffeezilla's statements that CryptoZoo is a "scam" and Paul is a "serial scammer" are true or false, and whether those statements were made maliciously. ██████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████ ECF No. 83 Ex. B to Ex. 1 (*under seal*).

    Paul's citation to ████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████

      ██████████████████████████████████████████████

██████████████████████████████████████ ████████████

██████████████████████████████████████████████████████████

███████████████████████████████ *See* ECF No. 88 at Ex. 1 ¶ 10. Accepting Paul's

unsubstantiated claims as true weighs in favor of disclosure, not sealing. Paul also makes no

showing that any of the other factors are present here. Paul provided the Court with no

evidence whatsoever to make "detailed, clear, and specific findings" required by the Fifth

Circuit. *Sealed Search Warrants*, 868 F.3d at 397.[5]

    **B.**    **Paul fails to meet his burden to keep the ████████████████ sealed.**

---

[5] It is not surprising that Paul did not address the factor discussed in the ████████████████
case of whether the unsealed materials ████████████ 868 F.3d at 395. (emphasis added). Assuming arguendo
disclosure of ████████████████ would reflect poorly on Paul's (already poor) reputation, Paul has
already selected this forum to publicly argue he did nothing wrong.

Paul argues the ███████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Paul again relies on authority while omitting relevant context from it.

████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████    █████████████████████████████████████████████████

██████

Here, there is no such danger. ██████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████████



And, as demonstrated by the Supreme Court's balancing analysis in ████████████ they need not remain sealed where the risks of disclosure do not outweigh their probative value.

**C. Paul fails to meet his burden to keep the ██████████ sealed.**

In short shrift, Paul argues the ████████████████████████████████████ . These arguments lack merit.

### III. Conclusion.

Paul placed the Documents at issue by filing this lawsuit publicly accusing Coffeezilla of lying about Paul's role in the CryptoZoo scam. But now Paul wants to prevent Coffeezilla from publicly rebutting Paul's claims with evidence indicating Coffeezilla told the truth. Paul did not even attempt to meet his burden to make a particularized factual showing of the harm to be avoided by maintaining the Documents under seal, which serves as the entire basis for Paul's confidential designation. Paul's Third Motion should be denied.

## REQUESTED RELIEF

For these reasons, Coffeezilla respectfully requests the Court deny Paul's Third Motion in its entirety, order the Documents be de-designated as confidential, and grant Coffeezilla all further relief at law or in equity to which he may be entitled.

Dated: May 5, 2025

                        Respectfully submitted,

                        **DAVIS & SANTOS, PLLC**

                    By: */s/ Caroline Newman Small*
                        Jason M. Davis
                        Texas State Bar No. 00793592
                        E-mail: *jdavis@dslawpc.com*
                        Caroline Newman Small
                        Texas State Bar No. 24056037
                        E-mail: *csmall@dslawpc.com*
                        Rachel Garza
                        Texas State Bar No. 24125240
                        E-mail: *rgarza@dslawpc.com*
                        719 S. Flores Street
                        San Antonio, Texas 78204
                        Tel: (210) 853-5882
                        Fax: (210) 200-8395

                        ***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC, d/b/a Coffeezilla***

**CERTIFICATE OF SERVICE**

I certify that on May 5, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Caroline Newman Small*
Caroline Newman Small