FILED
May 08, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____BT_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL § § § *Plaintiff,* § § v. § § STEPHEN FINDEISEN and COFFEE § BREAK PRODUCTIONS, LLC, § § *Defendants.* § § | Civil Action No. 5:24-CV-00717 |

**DEFENDANTS' MOTION TO TRANSFER AND STAY PROCEEDINGS**

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla bring this Motion to Transfer and Stay Proceedings and in support respectfully show:

**INTRODUCTION**

In 2023, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[1]. *See* Exs. A, B, C. Around the same time, investors in the failed project brought a class action lawsuit against Paul, *Don Holland v. CryptoZoo Inc., et al.*, No. 1:23-CV-110 (W.D. Tex., Austin Division). Unable to obtain discovery ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with the *Holland* case effectively stayed while the court considered motions to dismiss, Paul strategically filed this lawsuit to punish the reporter who helped to uncover his cryptocurrency scam and gain discovery to defend himself in the pending ▮▮▮▮▮▮▮▮ civil proceedings.

---

[1] In 2022, Coffeezilla was communicating with Government agencies regarding ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ Paul, CryptoZoo, and other cryptocurrency projects involving Paul. *See* ECF No. 62-1, p. 5.

Although this is a defamation suit, truth is an absolute defense. Accordingly, the issues in this case are nearly identical to the issues in the *Holland* case—*i.e.*, whether and to what extent CryptoZoo was a scam and the scope of Paul's culpability in developing and promoting it. Accordingly, as the second-filed suit, this case should be transferred to the Austin Division for further consideration.

## BACKGROUND

In 2021, Paul publicly announced his newest cryptocurrency project, CryptoZoo. Like other cryptocurrency projects previously endorsed by Paul,[2] this project turned out to be a scam leaving investors with nothing but worthless cryptocurrency and non-fungible tokens.

### I. CryptoZoo ▌

In connection with CryptoZoo and Paul's other cryptocurrency scams, ▌ ▌ related to CryptoZoo and any virtual currency transaction:

▌

---

[2] David Yaffe-Bellany, *How Influencers Hype Crypto, Without Disclosing Their Financial Ties*, NEW YORK TIMES (updated May 28, 2022), https://www.nytimes.com/2022/05/27/technology/crypto-influencers.html (discussing the "crash" of Dink Doink cryptocurrency and stating "promoters like Mr. Paul have admitted that they failed to disclose personal or financial ties to projects advertised on their feeds, a potential violation of federal marketing regulations").



Ex. A (emphases added). Around the same time,





Ex. B (emphases added). A few weeks after the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ related to a cryptocurrency Paul previously promoted (Dink Doink), Paul's CryptoZoo project, and Paul's podcast (Impaulsive):





Ex. C (emphases added).

## II. The *Holland* lawsuit

Around the same time ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Don Holland, on behalf of himself and others similarly situated, filed a class action lawsuit against CryptoZoo, Inc., Paul, and several of Paul's associates, alleging fraud, breach of contract, unjust enrichment, violations of the Texas Deceptive Trade Practices Act, negligence, fraudulent misrepresentation, and conspiracy to commit fraud. *Holland* ECF No. 1.[3] The *Holland* plaintiffs include individuals and entities who purchased Zoo Tokens or CryptoZoo Non-Fungible Token ("CryptoZoo NFTs") from June 11, 2021 through February 2, 2023. *Holland* ECF No. 81 ¶ 10.

In May 2023, Danielle Strobel (Paul's longtime assistant), Jeffrey Levin (Paul's manager), and Ophir Bentov (the community manager of the CryptoZoo project) all filed motions to dismiss in the class action, alleging the court lacks personal jurisdiction. *Holland*

---

[3] The *Holland* plaintiffs amended their Complaint to include additional causes of action. *Holland* ECF No. 81.

ECF Nos. 22, 23. The *Holland* plaintiffs' First Amended Complaint alleges, among other things, that Paul enticed them to invest in his scam cryptocurrency project:

> 27. Defendants' false and materially misleading statements appeared in press releases, CryptoZoo's website, online chat rooms or forums located on websites such as Reddit.com/r/CryptoZooCo ("Reddit"), white papers, postings on social media websites such as Twitter, promotional videos posted on websites such as YouTube, internet podcast interviews and other materials relating to CryptoZoo, Zoo Tokens, or CZ NFTs, which were disseminated widely to the investing public.

> 28. Each of Defendants' misrepresentations and omissions were material because they were designed to, and did, entice the public into purchasing unregistered securities (Zoo Tokens or CZ NFTs) which were nothing more than a vehicle for the individual Defendants' personal enrichment. As detailed *infra*, when the magnitude of Defendants' failure to support the project and build the game was revealed, the trading prices of Zoo Tokens, or CZ NFTs plummeted.

> 29. Plaintiffs allege that Defendants acted with scienter in connection with their claims under the Exchange Act. Proof of Defendants' scienter comes, in part, from text messages between the Founder Defendants. These text messages show, among other things, that CryptoZoo was a fraudulent scheme since its inception, Zoo Tokens and CZ NFTs have at all times been patently worthless, and that no investor would have purchased any Zoo Tokens or CZ NFTs absent Defendants' fraudulent acts.

6

> 30. Plaintiffs and others similarly situated deserve redress from Defendants for their ==fraudulently promoting and selling products that did not function as advertised, failing to support the CryptoZoo project, and manipulating the digital currency.== Defendants operated this fraudulent venture to ==exploit and steal from Plaintiffs and other customers who trusted Paul's false representations.== As a result, Defendants defrauded Plaintiffs and thousands of other consumers, and unjustly enriched themselves by profiting off Plaintiffs and others without delivering on their promises.

*Holland* ECF No. 81 ¶¶ 27–30 (emphases added).

Paul, Strobel, Levin, and Bentov filed motions to dismiss the First Amended Complaint for different reasons. *Holland* ECF Nos. 85, 86, 87. Paul's motion sought to dismiss the *Holland* First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). *Holland* ECF No. 85. Strobel, Levin, and Bentov again sought dismissal for lack of personal jurisdiction. *Holland* ECF Nos. 86, 87. The *Holland* court has not ruled on the motions, and discovery has been effectively stayed while the motions are pending.

Paul, however, wanted to take matters into his own hands to obtain discovery. Before Paul filed this suit against Coffeezilla, he admitted in a pleading in the *Holland* case that he intended to obtain discovery from Coffeezilla:

> discovery will be further delayed pursuant to the requirements of the PSLRA. Nevertheless, if discovery does commence in this case, Mr. Paul intends to seek third-party discovery from Coffeezilla on an expedited basis, with specific regard to his communications with Plaintiff's counsel and potential violations of this Court's Local Rules.

*Holland* ECF No. 62 at p. 8 (emphasis added).

### III. The defamation lawsuit

Ultimately, Paul decided to avoid the hurdles of obtaining permission to conduct third-party discovery in the *Holland* case and instead filed this suit against Coffeezilla. Paul promptly sought the very discovery he identified in the *Holland* case:

> **REQUEST NO. 15:**
> All communications with the named plaintiff in the action *Don Holland v. CrytoZoo Inc., et al.*, No. 1:23-cv-110 (W.D. Tex.), as well as all communications with any attorney for the plaintiff, including but not limited to Jarrett Ellzey, Leigh Montgomery, Alexander Kykta, and Tom Kherkher.

Ex. O; *see also* ECF Nos. 58, 62 (emphases added).

This workaround served other goals. For example, Paul was able to obtain Coffeezilla's communications with the Government ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Paul is also using this lawsuit to punish Coffeezilla, whom Paul perceives as his online nemesis, and make him a cautionary tale to other critics. Paul's own messages with friends and associates explicitly confirm his motive:

8

```
{
    "id": "e5df77d7-847a-493f-8737-03aedbf144e4",
    "type": "message",
    "timestamp": "2022-12-21T02:07:06.000",
    "deleted": false,
    "blocks": [
        {
            Paul  "Lawyering up. Suing this mfker into the ground"
        }
    ]
},
{
    "id": "b9cbed21-2a45-4a2a-9718-9ca38101c44f",
    "type": "message",
    "timestamp": "2022-12-21T02:11:37.000",
    "deleted": false,
    "blocks": [
        {
            Friend  "Then everything will come out, court docs Public"
        }
    ]
},
{
    "id": "e4aa9817-5836-480b-b2a3-06b6bf7fa5de",
    "type": "message",
    "timestamp": "2022-12-21T02:11:47.000",
    "deleted": false,
    "blocks": [
        {
            Paul  "So everyone will see what happened for better or for worse"
        }
    ]
},
```

Ex. D (emphases added).

```
            Friend  "To let others know it\u2019s not worth coming at you"
        }
    ]
},
{
    "id": "cad42893-94b6-4f10-9dac-60e0152e2a47",
    "type": "message",
    "timestamp": "2022-12-27T04:37:34.000",
    "deleted": false,
    "blocks": [
        {
            Friend  "There\u2019s a price to pay"
        }
    ]
},
{
    "id": "a87fbe7c-dbe2-4fd8-9f8a-a915178f797c",
    "type": "message",
    "timestamp": "2022-12-27T04:37:50.000",
    "deleted": false,
    "blocks": [
        {
            Paul  "That\u2019s the idea. I see the momentum building cuz the throne is being shook rn"
        }
    ]
},
{
    "id": "b5fd01c0-8086-41e0-be97-cfbd95a52bc3",
    "type": "message",
    "timestamp": "2022-12-27T04:37:53.000",
    "deleted": false,
    "blocks": [
        {
            Paul  "Need to shut it down"
        }
```

9

```
{
    "id": "47489234-b24b-47d4-8761-58992caf16f0",
    ███████████████████████████████
    "type": "message",
    "timestamp": "2022-12-27T04:38:43.000",
    "deleted": false,
    "blocks": [
        {
            Friend   "Public humiliation is always more affective"
        }
    ]
},
{
    "id": "88289880-bccd-4302-8bb3-7f3df57e1fe9",
    ███████████████████████████████
    "type": "message",
    "timestamp": "2022-12-27T04:39:13.000",
    "deleted": false,
    "blocks": [
        {
            Paul   "Totally agree"
```

Ex. E (emphases added). Paul admitted he is suing Coffeezilla "just to make his life difficult":

```
Paul   :   "Just to make his life difficult"
```

Ex. F (emphasis added).

Paul also admitted he wants to make sure Coffeezilla "pays" for his reporting about Paul:

```
        Paul   :   "Zilla will pay, one way or another"
        }
    ]
},
{
    "id": "89685dfe-7b52-4c25-ba67-0c0e4abdbe08",
    ███████████████████████████████
    "type": "message",
    "timestamp": "2023-01-06T05:21:02.000",
    "deleted": false,
    "blocks": [
        {
            Paul   :   "I\u2019ll make sure of it"
        }
```

10

Ex. G (emphases added).

When Paul's friends tried to talk him off the ledge stating, "Bro you're a billionaire" (implying Paul does not need to spend his time trying to punish Coffeezilla), Paul responded that he is a "petty billionaire." Ex. H. Paul also acknowledges Coffeezilla would have a difficult time paying any alleged damages.[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. I. Paul admitted he just wants to make Coffeezilla "suffer" along with anyone else he feels has "wronged" him:

```
    "id": "861742d8-a65d-4212-9679-14d8960ede0c",
    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
    "type": "message",
    "timestamp": "2023-01-06T07:02:46.000",
    "deleted": false,
    "blocks": [
        {
            "Paul": "I want people who wronged me to suffer"
        }
    ]
},
{
    "id": "faa8e675-2d87-4ad4-a5d5-6ed0485b096a",
    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
    "type": "message",
    "timestamp": "2023-01-06T07:02:56.000",
    "deleted": false,
    "blocks": [
        {
            "Paul": "while I continue getting wins on their grave"
        }
```

Ex. J (emphases added).

---

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. I.

## IV. The allegations in the defamation lawsuit

Paul filed this defamation suit on June 27, 2024, alleging Coffeezilla defamed him in three separate statements.[5] The first statement was published on Coffeezilla's X account:



ECF No. 1-1. Paul alleges this statement is defamatory because it conveys "the factual accusation that Paul created CryptoZoo to engage in a financial scam:"

---

[5] Paul does not sue Coffeezilla for his original reporting regarding the CryptoZoo scam. The only statements for which Paul sues Coffeezilla are those Coffeezilla made *after* and *while* Coffeezilla was ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ of Paul and CryptoZoo.

12

> 168. The June 29, 2023 X post was intended to convey, and was understood by readers of ordinary intelligence as conveying, the factual accusation ==that Paul created CryptoZoo to engage in a financial scam, i.e., fraudulent financial conduct.==
>
> 169. The June 29, 2023 X post is false and defamatory. The accusation that Paul operated a financial scam is one that tends to harm his reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.

ECF No. 1 ¶¶ 168–69 (emphasis added).

The second allegedly defamatory statement is a video Coffeezilla posted on YouTube titled, "Logan Paul's Scam Isn't Over." *Id.* ¶ 176. Paul alleges Coffeezilla is accusing him of intentionally defrauding individuals who bought CryptoZoo NFTs and Zoo Tokens:

> 176. The video was titled, "Logan Paul's Scam Isn't Over." In addition to the title directly accusing Logan Paul of intentionally defrauding people via a scam business, the opening lines of the ==video refer to CryptoZoo as "a scam created by Logan Paul."== Findeisen left no doubt that he was accusing ==Paul of intentionally defrauding individuals who bought Egg NFTs or ZOO Tokens by referring to those people as "his [Logan Paul's] victims,"== declaring to his audience that Paul was "guilty" and his offer to reimburse buyers of Egg NFTs was an "admission" of guilt, and stating that Paul was just "pretending [he'd] changed."

*Id.* (emphases added).

Finally, Paul alleges Coffeezilla defamed him in a second YouTube video titled, "Logan Paul's Refund":

13

> 187. The video was titled, "Logan Paul's 'Refund.'" In the video, Findeisen accused Paul of orchestrating a "massive con," referred to Paul as a "serial scammer," and referred those who bought ZOO Tokens or CryptoZoo Egg NFTs as the "people he [Logan Paul] scammed."

*Id.* ¶ 187 (emphasis added).

Among other defenses, Coffeezilla asserts truth as an absolute defense to the defamation claims:

> 13. The statements at issue were in all respects literally true.
>
> 14. The statements at issue were in all respects substantially true.

ECF No. 28 ¶¶ 13–14 (emphases added).

In summary, this suit and the *Holland* suit involve the same Logan Paul scam, the same allegations regarding Paul's involvement, and much of the same witnesses and evidence.[6] The cases therefore satisfy the first to file rule because they "substantially overlap," and the Court should transfer this case to the Austin Division.

## ARGUMENT AND AUTHORITIES

### I. The purpose of the "first to file" rule

The Fifth Circuit follows the longstanding "first to file" rule, which provides that where two cases involve substantially similar issues, the court in which the first case was filed is the appropriate court to determine whether and how the second-filed case should proceed. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

---

[6] For example, Paul identified all the defendants in the *Holland* case as witnesses in his disclosures in this case and Coffeezilla identified all the plaintiffs in the *Holland* case as witnesses in its disclosures in this case. *See* Exs. K, N.

14

"The 'first to file' rule is grounded in principles of comity and sound judicial administration." *Id*. Comity requires "courts of coordinate jurisdiction and equal rank to exercise care to avoid interference with each other's affairs." *Id*. The "first to file" rule seeks to avoid the waste caused by duplication, avoid rulings that may run afoul of sister courts, and avoid piecemeal resolution of issues that call for uniform results. *Id*.

The "first to file" rule can be applied where related cases have been filed in different districts or where, as here, related cases are pending before two judges in the same district. *Id*.

## II. "First to file" procedure

"[W]hen related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). Although the "first to file" rule is discretionary, courts in this district often apply it when two cases substantially overlap. *Id*.; *see, e.g., Gonzalez v. Unitedhealth Grp., Inc.*, No. 6:19-CV-00700-ADA, 2020 WL 2992174, at *1–2, 5 (W.D. Tex. June 3, 2020); *Lopez v. Spartan Energy Servs., LLC*, No. CV SA-15-CA-1053-DAE, 2016 WL 11582848, at *5–6 (W.D. Tex. Mar. 4, 2016), *report and recommendation adopted*, No. 5:15-CV-1053-DAE, 2016 WL 11582845 (W.D. Tex. Mar. 17, 2016); *Yeti Coolers, LLC v. Beavertail Prods., LLC*, No. 1-15-CV-415 RP, 2015 WL 4759297, at *2–4 (W.D. Tex. Aug. 12, 2015); *Needbasedapps, LLC v. Robbins*, 926 F. Supp. 2d 919, 931–34 (W.D. Tex. 2013); *Lear Siegler Services v. Ensil Int'l. Corp.*, No. SA-05-CA-0679-XR, 2005 WL 2645008, at *2–3 (W.D. Tex. Sept. 20, 2005).

The "first to file" rule consists of two steps. First, the court in which the second-filed case determines whether there is a *likelihood* of substantial overlap between the first-filed and second-filed cases. *Save Power Ltd.*, 121 F.3d at 951–52. Second, if there is a likelihood of

15

substantial overlap exists, the court in which the second-filed case is pending transfers it to the court in which the first-filed case is pending to determine whether the second-filed case should be dismissed, stayed, or transferred and consolidated. *Id.*; *Yeti Coolers*, 2015 WL 4759297, at *2.

### III. The "first to file" rule applies here because a likelihood of substantial overlap exists between this case and the *Holland* case.

Application of the "first to file" rule is appropriate here because it would be inefficient for two courts to determine whether Paul scammed investors in his CryptoZoo project. *See Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 631 (W.D. Tex. 2018) ("Application of the ["first to file"] rule. . . is sound because it is inefficient for two courts to determine one defendant's liability to the same class of plaintiffs based on the same conduct.").

To determine whether substantial overlap exists, the Court should consider whether the core issues in both cases are the same and whether "much of the proof adduced . . . would likely be identical." *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). The cases and the parties involved need not be identical for substantial overlap to be present. *Save Power Ltd.*, 121 F.3d at 950. Where cases and parties are not identical, the court should consider: (1) overlap of the substantive issues, (2) likelihood of conflict between the cases, and (3) "the comparative advantage and interest of each forum in resolving the dispute." *Sweet Little Mex. Corp.*, 665 F.3d at 678.

The core issue in both the *Holland* case and this case is whether Paul scammed his fans by promoting his CryptoZoo project and enticing fans to purchase Zoo Tokens and CryptoZoo NFTs:

16

| *Holland* Case Allegations | Defamation Case Allegations |
|---|---|
| Paul was involved in other **"cryptocurrency and NFT related rug-pulls**, pump-and-dumps, insider trading schemes—scams generally—including Dink Doink, Liquid Marketplace, F*** Elon, EMAX, OMI, and Elon Gate." *Holland* ECF No. 81 ¶ 16 (emphasis added). | Coffeezilla referred to Paul as a "**serial scammer.**" ECF No. 1 ¶ 187 (emphasis added). |
| "**CryptoZoo was a fraudulent scheme** since its inception, Zoo Tokens and CryptoZoo NFTs have at all times been patently worthless, and no investor would have purchased any Zoo Tokens or CryptoZoo NFTs absent [Paul's] fraudulent acts." *Holland* ECF No. 81 ¶ 29 (emphasis added). | Coffeezilla accused Paul of **defrauding** individuals who bought Egg NFTs or Zoo Tokens. ECF No. 1 ¶ 176.[7] |
| Paul's **"buy-back" program also includes misrepresentations**. *Holland* ECF No. 81 ¶ 6. | **Coffeezilla criticized the buy-back program** in his YouTube video "Loan Paul's 'Refund,'" which is the basis for Paul's third allegation of defamation. ECF No. 1 ¶ 187. |

Because the allegations and issues in the *Holland* case and this case are so similar, there is a substantial likelihood of conflict between the cases. *See Save Power*, 121 F.3d at 951. Further, the *Holland* plaintiffs and Coffeezilla will have to prove the same facts to succeed on their respective claims and affirmative defense of truth. *See* ECF No. 28 ¶¶ 13–14.

Finally, Paul and Coffeezilla together have identified every *Holland* plaintiff and defendant as a potential witness in this case, and subpoenas have been issued to several defendants in the *Holland* case. *See* Exs. K, L, M, N. In fact, Paul subpoenaed the *Holland* plaintiffs' lawyer in this suit. ECF No. 58-1. The overlap of witnesses and discovery between

---

[7] This is Paul's characterization of Coffeezilla's accusations. As discussed in Defendants' Objections to the Magistrate's Report and Recommendation, ECF No. 78, Coffeezilla never stated Paul committed "fraud."

17

the two cases demonstrates, at a minimum, a likelihood of substantial overlap between the two cases.

Accordingly, because a likelihood substantial overlap exists between this case and the *Holland* case, the "first to file" rule should apply.

**IV.   This Court should stay this case pending the ruling on whether a likelihood of substantial overlap exists.**

While this Court decides whether a likelihood of substantial overlap exists between this case and the *Holland* case, the Court should stay these proceedings.

The Court has inherent power to control its own docket, including the power to stay or abate proceedings. *See Hill v. Frito-Lay, Inc.*, No. 4:22-CV-518, 2023 WL 2759764, at *3 (E.D. Tex. Apr. 3, 2023); *see also Elham v. State Farm Mut. Auto. Ins. Co.*, No. 4:24-CV-02235, 2024 WL 4219745, at *3 (S.D. Tex. Sept. 17, 2024). Where, as here, a party has invoked the "first to file" rule, the Fifth Circuit has endorsed a stay "to permit the court of first filing to rule on the motion to transfer." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, n.1 (5th Cir. 1985); *see also Monahan v. Sw. Airlines Co.*, No. W21CV00887ADADTG, 2022 WL 18585969, at *3 (W.D. Tex. July 5, 2022) (staying a case pending the ruling on a related case pending at the Fifth Circuit pursuant to the "first to file" rule).

Decisions regarding "[h]ow to best manage the court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Hill*, 2023 WL 2759764, at *3. Further, in deciding whether to stay a case, the court should consider the interests of each party and how to conserve judicial resources. *Id.*

A stay is warranted here because Paul is using this case to punish Coffeezilla for his reporting. *See* Exs. D, E, F, G, H, I, J. Even Paul acknowledges a defamation suit, like this

18

one, will hurt Coffeezilla financially. *See* Ex. I ███████████████████████

████████████████████████. Further, Paul filed another motion to compel this week which will require Coffeezilla to spend additional resources briefing a response and this Court will need to spend additional resources ruling on the same. *See* ECF No. 77. So, evaluating the interests of the parties and judicial resources, staying these proceedings pending the Court's determination as to whether a likelihood of substantial overlap exists between the two cases is the equitable solution.

## REQUESTED RELIEF

For these reasons, Defendants respectfully request that the Court (i) grant this motion, (ii) transfer this case to the Austin Division so the *Holland* court can decide whether it should be abated or consolidated, (iii) stay this case in this Court pending the ruling on whether a likelihood of substantial overlap exists, and (iv) award Defendants all other relief at law or in equity to which they are entitled.

Dated: April 15, 2025

                                  Respectfully submitted,

                                  **DAVIS & SANTOS, PLLC**

                       By: */s/ Caroline Newman Small*
                                  Jason M. Davis
                                  Texas State Bar No. 00793592
                                  E-mail: *jdavis@dslawpc.com*
                                  Caroline Newman Small
                                  Texas State Bar No. 24056037
                                  E-mail: *csmall@dslawpc.com*
                                  Rachel Garza
                                  Texas State Bar No. 24125240
                                  E-mail: *rgarza@dslawpc.com*
                                  719 S. Flores Street
                                  San Antonio, Texas 78204
                                  Tel: (210) 853-5882
                                  Fax: (210) 200-8395

                                  *Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC*

## CERTIFICATE OF CONFERENCE

      I certify that on April 10–11, 2025, I conferred with counsel for Logan Paul regarding the relief requested in this Motion. Counsel for Plaintiff indicated that they are opposed to the Motion.

                                  */s/ Caroline Newman Small*
                                  Caroline Newman Small

## CERTIFICATE OF SERVICE

      I certify that on April 15, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

                                  */s/ Caroline Newman Small*
                                  Caroline Newman Small