IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>*Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND<br>COFFEE BREAK PRODUCTIONS, LLC<br>d/b/a COFFEEZILLA,<br><br>*Defendants.* | Civil Action No.: 5:24-cv-00717 |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER AND STAY PROCEEDINGS**

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") file this Reply in support of their Motion to Transfer and Stay Proceedings (ECF No. 82), and in support would respectfully show:

**INTRODUCTION**

Courts within this district and the Fifth Circuit consistently apply the first to file rule where a *likelihood* of substantial overlap exists between two cases. Instead of addressing the undisputed overlap between this case and the *Holland* case, Paul dedicates his response to (i) half-truths and misleading statements about the ongoing Government investigations of him and CryptoZoo; (ii) arguments that are more appropriate for the *Holland* court to consider after transfer; and (iii) complaints that discovery has already occurred even though Paul opposed Coffeezilla's motion to stay discovery.

1

Given the likelihood of overlap and Paul's failure to establish "compelling circumstances" to avoid transfer, the Court should grant Defendants' motion and transfer the case to the *Holland* court for further proceedings.

### RESPONSE TO PAUL'S "BACKGROUND"

Paul's response includes a self-serving and false narrative that, while not necessarily relevant to the first to file rule analysis, cannot go unanswered since it accuses Coffeezilla of committing a federal crime and providing misleading information to the United States Government.[1] With little reverence for the Government's investigatory competence, Paul blames Coffeezilla for the opening of three Government investigations (by at least two difference agencies) by claiming Coffeezilla failed to provide allegedly exonerating information to the Government. In fact, it is Paul who has omitted information. For example, Paul's inaccurate and misleading timeline omits the following:

- **October 19, 2022.** Coffeezilla makes contact with an FBI agent and provides information about the entire CryptoZoo team.[2] *Contrary to the false narrative in Paul's response, Coffeezilla specifically includes information about Jake Greenbaum. See* Ex. A.

- **October 20, 2022.** Coffeezilla tells Luciano "Skip" Schipelliti that he thinks Paul and his manager may "want to have good intentions" but also states, *in a portion of the conversation omitted by Paul*, "they end up dropping a bunch of balls and hurting people."

- **October 23, 2022.** Coffeezilla submits an initial whistleblower report to the SEC. *See* Ex. B. *Contrary to the false narrative in Paul's response, Coffeezilla's initial report suggests Paul and the CryptoZoo team "recklessly cause[ed]* **millions of dollars in damages**," *id.* (emphasis added), which is consistent with what Coffeezilla actually told Skip.

---

[1] It is impracticable to point out every misstatement of fact, misleading assertion, or inaccuracy due to the sheer number of them in Paul's response. Coffeezilla therefore addresses only some by way of example.

[2] Paul is not unique, Coffeezilla has routinely provided whistleblower reports to the FBI and SEC in the hopes of stopping cryptocurrency scams. While not publicized, Coffeezilla's reports have led to multiple arrests and guilty pleas. *See* Ex. M. ("Stephen – Thank you for the information collected and synthesized in your report . . . Personally, I have found *your reports in the other matter very helpful and well done*, and **this appears to be from the same mold**. So, I wanted to say we appreciate it.") (emphases added).

- **October 25-27, 2022.** Coffeezilla receives the CryptoZoo founders' group chat and meeting notes from a confidential source revealing intentional market manipulation by all of the founders, including Paul. *See* Ex. C (receipt of group chat); Ex. D (receipt of meeting minutes). Thus, while Coffeezilla initially gave Paul the benefit of the doubt and suggested his conduct was merely "reckless," Coffeezilla now had evidence suggesting Paul knowingly scammed his investors. <u>*Contrary to the false narrative in Paul's response, Coffeezilla immediately notifies the FBI of this new information and provides his evidence once he ensured his source's confidentiality*</u>. Ex. E; Ex. F.

- **December 16, 22, 23, 2022.** Having already provided a whistleblower report to the SEC and other information to the FBI, Coffeezilla publishes his three-part series exposing the CryptoZoo scam. <u>*Contrary to the false narrative in Paul's response, Coffeezilla's reporting to the Government was not for "click-bait." In fact, Coffeezilla never mentioned his whistleblower report and discussions with the Government in his series (or in any other subsequent publication). Ironically, it was* **Paul** *who made the Government investigations and Coffeezilla's whistleblower report public—in his response to the Motion to Transfer*</u>.

- **February 2, 2023.** The *Holland* case—a class action securities fraud case against Paul based on the CryptoZoo scam—is filed.

- **February 13, 2023.** The SEC reaches out to Coffeezilla asking him whether he will speak with the SEC "on a voluntary basis in connection with this investigation." Ex. G.

- **February 14, 2023.**

    - The SEC issues a formal request for documents regarding CryptoZoo and Dink Doink (SEC Form 1662) to Coffeezilla in connection with its investigation. Ex. H.

    - Coffeezilla submits supplemental information to the SEC and the FBI including a more thorough cryptocurrency analysis. <u>*Contrary to the false narrative in Paul's response, Coffeezilla notes on the very first page that Logan "never sold" his $ZOO*</u>. *See* Ex. I. <u>*The supplemental information provided also directly implicates Paul's co-conspirators Ibanez and Greenbaum as having sold millions*</u>. *See id*. at D004086–4096 (Greenbaum); *see also id*. at D004097–4098 (Ibanez).

    - Paul receives a subpoena to testify regarding CryptoZoo before a grand jury in the Eastern District of New York.



*See* Ex. J.

- Upon demonstration of probable cause that a crime had been committed, the Central District of California issued an *amended* search warrant for Paul's electronic devices for evidence of securities fraud, wire fraud, money laundering, and conspiracy related to CryptoZoo.



*See* Ex. K.

- **March 7, 2023.** The SEC subpoenas Paul for information regarding CryptoZoo and other crypto token scams Paul has been involved with, including Dink Doink.



*See* Ex. L.[3]

- Thus, by spring 2023, Coffeezilla has received a formal request for documents from the SEC regarding two of Paul's cryptocurrency projects, Dink Doink and CryptoZoo, and is aware of an FBI investigation into the same projects. He is also aware that a class action securities fraud case has been filed against Paul. With this and other information he has gathered, Coffeezilla then publishes the statements at issue:

    o **June 29, 2023.** *First Statement at Issue*, Coffeezilla mentioning Paul's "Scam" in a post on X. ECF No. 1 at ¶¶ 163–173.

    o **June 30, 2023.** *Second Statement at Issue*, Coffeezilla's YouTube video titled "Logan Paul's Scam Isn't Over." ECF No. 1 at ¶¶ 174–184.

    o **January 5, 2024.** *Third Statement at Issue*, Coffeezilla referring to Paul as a "serial scammer" in a YouTube video titled "Logan Paul's 'Refund.'" ECF No. 1 at ¶¶ 185–195.

---

[3] Since the filing of his response, Paul has withdrawn his third motion to preserve confidentiality and agreed to de-designate the grand jury subpoena, the amended search warrant, and the SEC subpoena. *See* ECF No. 99; Ex. N.

- o *Once again, and contrary to the false narrative in Paul's response that Coffeezilla's whistleblower reporting was simply to maximize clicks, Coffeezilla does not mention the Government or its active investigations of Paul.*

- **June 10, 2024.** Paul is deposed in the SEC investigation.

- **June 27, 2024**. Paul files this lawsuit against Coffeezilla to not only punish Coffeezilla for blowing the whistle on him, but also in a transparent attempt to secure a civil defamation judgment before the Government's investigation or the class action case have time to reach the factfinder.

- **March 14, 2025.** As part of the new administration's broader policy to scale back crypto enforcement action, the SEC issues a closing letter to Paul (and many others).[4]

- **Ongoing.** The FBI continues to express interest in Paul as recently as early 2025. Upon information and belief, the FBI investigation is ongoing. *This is contrary to the false narrative in Paul's response that the investigations have "fizzled out" and "gone nowhere."* ECF No. 94 at 6.

The above timeline identifies some, but not all, of the half-truths and misstatements that Paul makes in his response. It also makes clear that Coffeezilla was aware of ongoing investigations at the time he made the statements at issue in this case thereby directly negating the element of actual malice required for Paul to succeed on his defamation claim. Further, once presented to the *Holland* court upon transfer, the full and accurate timeline of events will demonstrate Paul's improper motive for filing this suit in order to front-run an adverse fraud finding or criminal charges, which will weigh in favor of an abatement.

# REPLY

### A. A likelihood of substantial overlap exists.

To determine whether substantial overlap exists the Court should consider factors such as "the extent of the overlap, the likelihood of conflict, the comparative advantage, and the

---

[4] *See* "Justice Department Scales Back Crypto Cases in Line with Trump Directives," *available at* https://www.washingtonpost.com/national-security/2025/04/08/trump-crypto-fraud-doj-enforcement/ (last visited May 13, 2025); *see also* https://www.sec.gov/newsroom/press-releases/2025-47 (last visited May 13, 2025); https://www.sec.gov/newsroom/press-releases/2025-30 (last visited May 13, 2025).

interests of each forum in resolving the dispute." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Paul concedes there is overlap ("Plaintiff's intent with regard to CryptoZoo is *an* issue that could arise in both cases," ECF No. 94 at 18) but argues the overlap is not significant enough to warrant transfer.

The Fifth Circuit has held where two cases center on the same question substantial overlap exists. *SavePower Ltd.*, 121 F.3d at 951. Here, the two cases would not exist but for the following common issue — "*Was CryptoZoo a scam?*"[5] Inconsistent rulings on this common issue are exactly what the first to file rule is intended to prevent. *See id*. Paul does not dispute, nor can he, that the answer to the question — *"Was CryptoZoo a scam?"* — in both cases is based on the same documents, the same witnesses, and the same facts and circumstances.

Instead, Paul complains the elements of each of the claims in the *Holland* case do not mirror the elements of the claims in this case. *See* ECF No. 94 at 18. There is no such requirement and Paul cites no authority to show otherwise. *See Needbasedapps, LLC v. Robbins*, 926 F. Supp. 2d 919, 932 (W.D. Tex. 2013) ("The [first to file] rule does not require that the claims or even the parties be identical."). Instead, Paul also argues that the pending motion to dismiss the *Holland* case makes it impossible to ascertain any overlap, but again there is no authority to support this proposition. *See* ECF No. 94 at 7. Paul's concerns, including whether and to what extent the pending motion to dismiss and class certification may bear on the question of whether to abate or consolidate the cases, are for the *Holland* court to consider <u>after</u> transfer. They do not bear on the question of overlap.

---

[5] The Court recently equated "scam" with "fraud," ECF No. 74 at 10, making the overlap of issues even more substantial.

Paul also argues "[t]his case centers on libelous statements made by Defendant Findeisen after *Holland* was already pending." ECF No. 94 at 7. But, Paul admits Coffeezilla's statements were simply re-statements of what he had said previously, "[Coffeezilla] **continued** to assert that CryptoZoo was a scam" and admits the *Holland* case is entirely based on: "[Coffeezilla's] reporting" about CryptoZoo being a scam. *Id*. at 9 (emphasis added); 12 ("Findeisen coordinated with his friend and fellow online influencer, non-party Thomas Kherkher, to turn his reporting into a lawsuit," referring to the *Holland* case).

### B. Paul's attempt to establish a compelling circumstance is unpersuasive.

Although the Court may disregard the first to file rule when compelling circumstances exist, Paul has not and cannot show facts to support a compelling circumstances. *See* ECF No. 94 at 20–24. "Compelling circumstances exist where a court determines that a party engaged in bad faith conduct, by inducing an opposing party to delay filing a lawsuit so that he could file a preemptive lawsuit." *Sirius Computer Sols., Inc. v. Sparks*, 138 F. Supp. 3d 821, 827 (W.D. Tex. 2015) (citing *Chapa v. Mitchell*, No. A-05-CV-769-JN, 2005 WL 2978396, at *2 (W.D. Tex. Nov. 4, 2005)); *see also 100 Dessau, LP v. Live Brio Apartments TX, LLC*, No. 1:23-CV-01443-RP, 2024 WL 2013865 (W.D. Tex. May 7, 2024), *report and recommendation adopted*, No. 1:23-CV-1443-RP, 2024 WL 3173637 (W.D. Tex. June 25, 2024) ("Several courts in the Fifth Circuit have concluded that an anticipatory suit initiated for the purpose of obtaining a favored forum constitutes a compelling circumstance that justifies deviation from the first-to-file rule."). Paul has not and cannot show that Coffeezilla induced him to delay filing this lawsuit so that he could file a preemptive lawsuit.

Paul argues that "[t]here are significant procedural differences between this case and the *Holland* litigation," but significant procedural differences is not a compelling circumstance

8

recognized by the Fifth Circuit or any district courts within the Fifth Circuit. *See* ECF No. 94 at 20. Procedural differences are also irrelevant at this stage because the first filed court is not ***required*** to consolidate this case into the *Holland* case, but it may certainly consider those differences in deciding whether to abate or consolidate. *See SavePower Ltd.*, 121 F.3d at 951.

Paul also argues that the "[t]his case has developed further than the *Holland* litigation." ECF No. 94 at 21. But Paul only cites two out-of-circuit cases, one from the Eastern District of New York and the other from the Northern District of California, and no binding authority, to support his proposition. *Id*. Paul also claims transferring and staying this case would unduly delay resolution, but again Paul fails to cite to any authority supporting this proposition, much less any evidence of this claimed prejudice.

Finally, and projecting his own motivations onto Coffeezilla, Paul argues Coffeezilla's motion is motivated by improper strategic considerations. ECF No. 94 at 24. It is **Paul** who filed a lawsuit against Coffeezilla and is attempting quickly secure a defamation finding to support his media relations strategy and front run potential criminal charges by the Government investigations or any adverse findings in securities fraud class action.

**C. Coffeezilla did not delay in filing the motion to transfer.**

Paul argues Coffeezilla waived his right to invoke the first-to-file rule because the case has been pending for approximately ten months. *See* ECF No. 94 at 16. There is no bright line rule requiring rejection of a motion to transfer where these events have occurred. Indeed, none of the cases cited by Paul involved the first to file rule.

In any event, Paul's suggestion that Coffeezilla delayed in bringing the motion rings hollow. After the suit was filed, the Court entered a scheduling order requiring parties to amend their pleadings by December 18, 2024. ECF No. 18. By agreement of both parties, this

9

deadline was extended to January 21, 2025. Three weeks after this deadline passed, Coffeezilla promptly filed his motion for judgment which, under Fed. R. Civ. P. 12(c), can only be brought once pleadings are closed. ECF No. 41. It would not have made sense to seek a transfer while that dispositive motion was pending because a favorable ruling would have disposed of the entire case. Paul also complains that significant discovery has occurred in this case, apparently failing to recall this was of Paul's own doing. Coffeezilla's requested a stay of discovery while the dispositive motion was pending, but Paul opposed it. Accordingly, Coffeezilla did not waive his right to invoke the first to file rule.

### PRAYER

For these reasons, Coffeezilla respectfully requests that the Court (i) grant its motion, (ii) transfer this case to the Austin Division so the *Holland* court can decide whether it should be abated or consolidated, (iii) stay this case in this Court pending the ruling on whether a likelihood of substantial overlap exists, and (iv) award Coffeezilla all other relief at law or in equity which they are entitled.

Dated: May 13, 2025.

    Respectfully submitted,

    **DAVIS & SANTOS, PLLC**

    By: */s/ Caroline Newman Small*
    Jason M. Davis
    Texas State Bar No. 00793592
    Email: jdavis@dslawpc.com
    Caroline Newman Small
    Texas State Bar No. 24056037
    Email: csmall@dslawpc.com
    Rachel Garza
    Texas State Bar No. 24125240
    Email: rgarza@dslawpc.com
    719 S. Flores Street

San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla***

## CERTIFICATE OF SERVICE

I certify that on May 13, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/Caroline Newman Small*
Caroline Newman Small

11