# Exhibit K

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
для the
Central District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
) Case No. 2:23-MJ-701
)
ELECTRONIC DEVICES ON THE PERSON OF )
LOGAN PAUL )
)
)

## AMENDED WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

Such affidavit(s) or testimony are incorporated herein by reference[ and attached hereto].

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    February 14, 2023  7:35 p.m.    _____*Patricia Donahue*_____
                                                                    *Judge's signature*

City and state:    Los Angeles, CA    Honorable Patricia Donahue, US. Magistrate Judge
                                                              *Printed name and title*

AUSA: ____▉▉▉▉____

CONFIDENTIAL    This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.    PAUL_CZ00012016

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012017

## ATTACHMENT A

The property to be seized and searched is any electronic device located (a) on the person of LOGAN PAUL, or (b) in any container possessed by LOGAN PAUL (hereinafter the "Devices"), as long as the Devices are found within the Central District of California. LOGAN PAUL is depicted below:



This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

CONFIDENTIAL  This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012018

## ATTACHMENT B

I. <u>ITEMS TO BE SEIZED</u>

    1.    All records on the Devices described in Attachment A that relate to violations of 15 U.S.C. §§ 78j and 78ff (securities fraud), 18 U.S.C. § 1956(h) (money laundering), 18 U.S.C. § 1349 (wire fraud), and 18 U.S.C. § 371 (conspiracy) (the "SUBJECT OFFENSES") and involve LOGAN PAUL since March 2021, including:

    (a)    A scheme to defraud investors in CryptoZoo ("CryptoZoo Investors"), including by manipulating the market for $ZOO tokens;

    (b)    The use of proceeds of the scheme to defraud;

    (c)    Efforts to divert, hide, conceal, or dissipate proceeds of the scheme to defraud CryptoZoo Investors; and

    (d)    The identity of others relating to the scheme to defraud CryptoZoo Investors, including records that help reveal their whereabouts.

    2.    Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and

instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigative agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

II.     SEARCH PROCEDURE FOR DIGITAL DEVICES

    3.     In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

    a.     Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital devices on-site or seize and transport the Devices and/or forensic images thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital devices and/or forensic images thereof beyond this 120-day period without obtaining an extension of time order from the Court.

    b.     The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

        i.     The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the scope of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012020

to determine, pursuant to the search protocols, whether the data falls within the scope of items to be seized.

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase," "Griffeye," and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

  c. The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

  d. If the search determines that a digital device does not contain any data falling within the scope of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

  e. If the search determines that a digital device does contain data falling within the scope of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

  f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the scope of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

  g. The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012021

    h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

  2. The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

  3. During the execution of this search warrant, law enforcement is permitted to: (1) depress LOGAN PAUL's thumb and/or fingers onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of LOGAN PAUL's face with his or her eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in <u>Graham v. Connor</u>, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

  4. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012022