# Exhibit L



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
175 W. JACKSON BOULEVARD, SUITE 1450
CHICAGO, IL 60604

CHICAGO
REGIONAL OFFICE

March 7, 2023

<u>Via Email</u>

Logan Paul
c/o Jeffrey Neiman, Esq.
Marcus Neiman Rashbaum & Piniero LLP
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2530
Miami, FL 33131
jneiman@mnrlawfirm.com

**Re: <u>In the Matter of Dink Doink, C-08916</u>**

Dear Mr. Paul:

  The enclosed subpoena has been issued pursuant to a formal order entered by the United States Securities and Exchange Commission. Pursuant to Rule 8 of the United States Securities and Exchange Commission's Rules Relating to Investigations, 17 C.F.R. § 203.8, I have enclosed a subpoena for documents issued to Logan Paul ("you") in connection with the above-referenced investigation.

  The enclosed subpoena requires you to produce documents to the SEC by March 24, 2023 at 5:00 p.m. to:

  ENF-CPU
  U.S. Securities and Exchange Commission
  14420 Albemarle Point Place, Suite 102
  Chantilly, VA 20151-1750

  For smaller electronic productions under 10MB in size, the materials may be emailed to the following email address: ENF-CPU@sec.gov.

  Please also provide a duplicate copy of any document production cover letters to me at ▇▇▇@sec.gov. Additionally, please include the SEC matter number and the name of the requesting attorney when responding.

  Please carefully read the subpoena attachment, which contains, among other things, important instructions related to the manner of producing documents. In particular, if you prefer to send us copies of original documents, **the staff requests that you scan and produce hard**

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012025

copy documents, as well as electronic documents, in an electronic format consistent with the SEC Data Delivery Standards attached hereto. **All electronic documents responsive to the subpoena, including all metadata, should also be produced in their native software format**. If you have any questions concerning the production of documents in an electronic format, please contact me as soon as possible and in any event before producing documents. For security reasons, we strongly encourage the encryption of sensitive documents before production.

When producing the records, please consecutively number and mark each document produced with a symbol that identifies it as being produced by you.

In your cover letter(s) accompanying the production of responsive documents, please enclose a list briefly describing each item you send. The list should identify the paragraph(s) in the subpoena attachment to which each item responds. Please also state in the cover letter(s) whether you believe you has met the obligations of the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us.

A copy of the subpoena should be included with the documents that are produced. Correspondence should reference case number, case name and requesting SEC staff member.

Passwords for documents, files, compressed archives, and encrypted media should be provided separately either via email addressed to ENF-CPU@sec.gov, or in a separate cover letter mailed separately from the data. Password correspondence should reference case number, case name and requesting SEC staff member.

Please also provide a narrative description describing what was done to identify and collect documents responsive to the subpoena. At a minimum, the narrative should describe:

- who searched for documents;
- who reviewed documents found to determine whether they were responsive;
- which custodians were searched;
- what sources were searched (e.g., computer files, CDs, DVDs, thumb drives, flash drives, online storage media, hard copy files, diaries, datebooks, planners, filing cabinets, storage facilities, home offices, work offices, voice mails, home email, webmail, work email, backup tapes or other media);
- what search terms, if any, were employed to identify responsive documents;
- what firms and/or persons, if any, assisted in analyzing the data collected;
- what third parties, if any, were contacted to obtain responsive documents (e.g., phone companies for phone records, brokerage firms for brokerage records); and
- where the original electronic and hardcopy documents are maintained and by whom.

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

CONFIDENTIAL    This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.    PAUL_CZ00012026

Enclosed is a copy of the Commission's Form 1662, entitled "Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena." This form explains how we may use the information that you provides to the Commission and has other important information.

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation does not mean that we have concluded that anyone has violated the law. Also, the investigation does not mean that we have a negative opinion of any person, entity, or security.

If you have any questions or would like to discuss this matter, you may contact me at ▇▇▇▇ or ▇▇▇@sec.gov.

Sincerely,

Senior Counsel
Division of Enforcement

Enclosures:   Subpoena and Attachment
SEC Form 1662
Data Delivery Standards

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012027



# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Dink Doink, C-08916

**To:** Logan Paul
c/o Jeffrey Neiman, Esq.
Marcus Neiman Rashbaum & Piniero LLP
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2530
Miami, FL 33131
jneiman@mnrlawfirm.com

☒ **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

ENF-CPU, U.S. Securities and Exchange Commission, 14420 Albemarle Point Place, Suite 102 Chantilly, VA 20151-1750, no later than March 24, 2023 at 5:00 p.m.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena. Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

By: ████████
Senior Counsel
U.S. Securities and Exchange Commission
Chicago Regional Office
175 W. Jackson, Suite 1450
Chicago, IL 60604

Date: 3/7/2023

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

CONFIDENTIAL    This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.    PAUL_CZ00012028

**SUBPOENA ATTACHMENT**
In the Matter of Dink Doink, C-08916

### Definitions

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1. "CryptoZoo" means the entity doing business under the name "CryptoZoo" or "CryptoZoo, Inc.", including current and former parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, representatives, contract employees, general partners, limited partners, partnerships and aliases, code names, developers, or trade or business names used by any of the foregoing, as well as the website Cryptozoo.co, and all Zoo Tokens and Zoo NFTs, as defined below. It also specifically includes Greenbaum, Ibanez, Levin, Paul, Strobel, developers, and artists who created pictures of animals in connection with Zoo NFTs (regardless of whether the artists had Agreements with CryptoZoo, or whether they were paid for their work).

2. "Dink Doink" means the entity doing business under the name "Dink Doink," including current and former parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, representatives, contract employees, general partners, limited partners, partnerships and aliases, code names, developers, or trade or business names used by any of the foregoing, as well as the website DinkDoink.com, and all Dink Doink Tokens and Dink Doink NFTs, as defined below. It also specifically includes Broido, Levin, Paul, Strobel, developers, and artists who created animated videos for Dink Doink (regardless of whether the artists had Agreements with Dink Doink, or whether they were paid for their work).

3. "Impaulsive" means the podcast of the same name, including current and former owners, parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, contract employees, general partners, limited partners, partnerships and aliases, code names, developers, or trade or business names used by any of the foregoing. It includes Impaulsive LLC and the YouTube channels @impaulsive and @Impaulsiveclips.

4. "Person" means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

5. A "Representative" of a Person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

6. "Broido" means (i) Jacob Broido, (ii) any present or former representative of Broido, or (iii) any entity owned or controlled by Broido.

7. "Eckenrode" means (i) Evan "Dwarf Mamba" Eckenrode, (ii) any present or former representative of Eckenrode, or (iii) any entity owned or controlled by Eckenrode.

8. "Greenbaum" means (i) Jacob "CryptoKing" Greenbaum, (ii) any present or former representative of Greenbaum, or (iii) any entity owned or controlled by Greenbaum.

This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.
CONFIDENTIAL                                                                                    PAUL_CZ00012029

9. "Hillier-Smith" means (i) Hayden Hillier-Smith, (ii) any present or former representative of Hillier-Smith, or (iii) any entity owned or controlled by Hillier-Smith.

10. "Ibanez" means (i) Eduardo "Eddie" Ibanez, (ii) any present or former representative of Ibanez, or (iii) any entity owned or controlled by Ibanez.

11. "Janko" means (i) George Janko, (ii) any present or former representative of Janko, or (iii) any entity owned or controlled by Janko.

12. "Levin" means (i) Jeffrey Levin, (ii) any present or former representative of Levin, or (iii) any entity owned or controlled by Levin.

13. "Majlak" means (i) Michael Majlak, (ii) any present or former representative of Majlak, or (iii) any entity owned or controlled by Majlak

14. "Paul" or "you" means (i) Logan Paul, (ii) any present or former representative of Paul, (iii) any entity, podcast, or YouTube channel owned or controlled by Paul, including Maverick Media, Impaulsive, @Loganpaulvlogs, @TheOfficialLoganPaul.

15. "Strobel" means (i) Danielle Strobel, (ii) any present or former representative of Strobel, or (iii) any entity owned or controlled by Strobel.

16. "Dink Doink Tokens" means the coin or token related to Dink Doink, including contract 0xefd39883adb365fbf591bc0d624c9e1b12aea35f.

17. "Dink Doink NFTs" means all NFTs related to Dink Doink.

18. "Zoo Tokens" means the token related to CryptoZoo, including contracts 0x8e7788ee2b1d3e5451e182035d6b2b566c2fe997, 0x19263f2b4693da0991c4df046e4baa5386f5735e, and 0x7ffc1243232da3ac001994208e2002816b57c669.

19. "Zoo NFTs" means all NFTs related to CryptoZoo, Inc. or the Zoo Tokens.

20. "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, facsimiles, messages of any type, telephone messages, text messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

21. "Communication" means any correspondence, contact, discussion, e-mail, instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or

2

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012030

more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

22. "Concerning" or "relating" or "related" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

23. An "Agreement" means any actual or contemplated (i) written or oral Agreement; (ii) term or provision of such Agreement; or (iii) amendment of any nature or termination of such Agreement. A request for any Agreement among or between specified parties includes a request for all Documents Concerning (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto.

24. The term "Reviewed" means examined, assessed, considered, analyzed or evaluated.

25. To the extent necessary to bring within the scope of this this subpoena any information or Documents that might otherwise be construed to be outside its scope:
    a. the word "including" means "including, but not limited to";
    b. the word "or" means "and/or";
    c. the word "and" means "and/or";
    d. the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;
    e. the masculine gender includes the female gender and the female gender includes the masculine gender;
    f. the present tense includes the past tense, and the past tense includes the present tense; and
    g. the singular includes the plural and the plural includes the singular.

26. "Relevant Period" means the time period beginning **January 1, 2021, and continuing to the present**, unless otherwise specified.

## Instructions

1. Unless otherwise specified, this subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this subpoena may be in electronic or paper form. Electronic Documents such as email should be produced in accordance with the attached Document entitled SEC Data Delivery Standards. All responsive electronic Documents, including all metadata, should also be produced in their native software format.

2. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy)

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff   PAUL_CZ00012031

3. hard copy Documents and produce them in an electronic format consistent with the SEC Data Delivery Standards. Alternatively, you may send us photocopies of the Documents in paper format. If you choose to send copies, you <u>must</u> secure and retain the originals and store them in a safe place. The staff may later request or require that you produce the originals.

4. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a Document differ in any way, they are considered separate Documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

5. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

6. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request. In that regard, Documents should be produced in a unitized manner, i.e., delineated with staples or paper clips to identify the Document boundaries.

7. Documents should be labeled with sequential numbering (bates-stamped).

8. You must produce all Documents created during, or Concerning, the Relevant Period, unless otherwise specified.

9. The scope of any given request should not be limited or narrowed based on the fact that it calls for Documents that are responsive to another request.

10. Some of the Requests below provide the option of providing a list rather than Documents, provided that the information requested is provided. You have a duty to retain the responsive documents.

11. You are not required to produce exact duplicates of any Documents that have been previously produced to the Securities and Exchange Commission staff in connection with this matter. If you are not producing Documents based upon a prior production, please identify the responsive Documents that were previously produced.

12. For any Documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please complete a business records certification (a sample of which is enclosed) and return it with the Document production.

13. This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the request, you should submit a list of what you are not producing. The list should describe each item separately, noting:

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012032

      a.    its author(s);
      b.    its date;
      c.    its subject matter;
      d.    the name of the Person who has the item now, or the last Person known to have it;
      e.    the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
      f.    the basis upon which you are not producing the responsive Document;
      g.    the specific request in the subpoena to which the Document relates;
      h.    the attorney(s) and the client(s) involved; and
      i.    in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

14. If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded or destroyed.

## Documents to be Produced

1. All Documents containing the names of all financial institutions and account numbers, as well as PayPal or Venmo accounts, owned, held by, or controlled by you.

   Note: A list containing this information will suffice to comply with this Request.

2. All federal, state, or foreign tax-related Documents for tax years 2021 and 2022 provided by CryptoZoo or Dink Doink to you, and from YouTube for tax year 2021.

3. All Documents sufficient to determine: a) all crypto wallets you own or control, including those used to acquire (regardless of method), buy, sell, or otherwise trade Zoo Tokens, Zoo NFTs, Dink Doink Tokens, and Dink Doink NFTs; and b) the exchange associated with wallets that are exchange wallets.

   Note: A list containing this information will suffice to comply with this Request.

4. All Documents sufficient to identify every entity, limited liability company, corporation, or partnership of which you own or control, directly or indirectly, 5% or more of the entity, limited liability company, corporation, or partnership.

   Note: A list containing this information will suffice to comply with this Request.

**Dink Doink**

5. All Documents sufficient to determine all names, telephone numbers, and email addresses for all Persons who worked for Dink Doink.

   Note: A list containing this information will suffice to comply with this Request.

6. All Documents sufficient to identify the names, wallet numbers, telephone numbers, email addresses of all Persons to whom Dink Doink transferred or otherwise provided Dink Doink Tokens, Dink Doink NFTs, money, or anything else of value in exchange for marketing, advertising, or otherwise touting Dink Doink Tokens or Dink Doink NFT.

CONFIDENTIAL    This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.    PAUL_CZ00012033

7. All Documents sufficient to identify all wallets owned or controlled by Dink Doink or Persons who worked for Dink Doink.

    Note: A list containing this information will suffice to comply with this Request.

8. All Documents containing the names of all financial institutions and account numbers, including PayPal or Venmo accounts, owned, held by, or controlled by Dink Doink.

    Note: A list containing this information will suffice to comply with this Request.

9. All Dink Doink financial records and bookkeeping Documents.

10. All communications, including email and text messages between you and anyone about Dink Doink;

11. All minutes, notes, and agendas for all internal Dink Doink meetings or discussions Concerning Dink Doink.

12. All draft and final versions of the Dink Doink White Paper.

13. All Agreements between you and Dink Doink or Broido.

14. All Documents sufficient to determine the names and contact information for all Persons who operate social media accounts on behalf of Dink Doink.

    Note: A list containing this information will suffice to comply with this Request.

15. All Documents related to Dink Doink provided to potential investors and investors in Dink Doink. This Request concerns potential investors and investors in Dink Doink (the entity), as opposed to investors in Dink Doink Tokens or Dink Doink NFTs.

16. All Documents sufficient to determine the names and contact information for all potential investors and investors in Dink Doink.

    Note: A list containing this information will suffice to comply with this Request.

**CryptoZoo**

17. All incorporation Documents for CryptoZoo, including articles of incorporation, operating agreement, names of owners/investors, and the percentage of their respective ownership.

18. All Documents sufficient to determine all names, telephone numbers, and email addresses for all Persons who worked for CryptoZoo.

    Note: A list containing this information will suffice to comply with this Request.

19. All Documents sufficient to identify the names, wallet numbers, telephone numbers, email addresses of all Persons to whom CryptoZoo transferred or otherwise provided Zoo

6

CONFIDENTIAL    This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.    PAUL_CZ00012034

Tokens, Zoo NFTs, money, or anything else of value in exchange for marketing, advertising, or otherwise touting Zoo Tokens or Zoo NFTs.

20. All Documents sufficient to identify all wallets owned or controlled by CryptoZoo or Persons who worked for CryptoZoo.

    Note: A list containing this information will suffice to comply with this Request.

21. All Documents sufficient to determine the names of all Persons with access to wallets owned by or held for CryptoZoo.

    Note: A list containing all of this information will suffice for this Request.

22. All Documents containing the names of all financial institutions and account numbers, including PayPal or Venmo accounts, owned, held by, or controlled by CryptoZoo.

    Note: A list containing this information will suffice to comply with this Request.

23. All CryptoZoo financial records and bookkeeping Documents.

24. All communications, including email and text messages:

    a. Between you and anyone about CryptoZoo;

    b. between or amongst Persons who worked for CryptoZoo about CryptoZoo;

    c. between CryptoZoo and third parties (including Hillier-Smith, Janko, or Majlak) about CryptoZoo.

25. All minutes, notes, and agendas for all internal CryptoZoo meetings or discussions Concerning CryptoZoo.

26. All draft and final versions of the CryptoZoo White Paper.

27. All Agreements between CryptoZoo and:

    a. You;

    b. Persons who worked for CryptoZoo;

    c. Hillier-Smith, Janko, or Majlak;

    d. all exchanges where Zoo Tokens or Zoo NFTs could be purchased or sold.

28. All Documents sufficient to determine the names and contact information for all Persons who operate social media accounts on behalf of CryptoZoo.

    Note: A list containing this information will suffice to comply with this Request.

29. All Documents related to CryptoZoo provided to potential investors and investors in CryptoZoo. This Request concerns potential investors and investors in CryptoZoo (the

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012035

entity), as opposed to investors in Zoo Tokens or Zoo NFTs.

30. All Documents sufficient to determine the names and contact information for all potential investors and investors in CryptoZoo.

   Note: A list containing this information will suffice to comply with this Request.

31. An image of each CryptoZoo base animal and each CryptoZoo hybrid animal.

   Note: A list containing this information will suffice to comply with this Request.

**Impaulsive**

32. All incorporation Documents for Impaulsive, including articles of incorporation, operating agreement, and list of owners/investors.

33. All Documents sufficient to identify the names of all financial institutions and account numbers, as well as PayPal or Venmo accounts, owned, held by, or controlled by Impaulsive.

   Note: A list containing this information will suffice to comply with this Request.

34. All Documents sufficient to identify all of Impaulsive's telephone numbers, email addresses, social media accounts, and mailing addresses.

   Note: A list containing this information will suffice to comply with this Request.

35. All Documents sufficient to determine all compensation, regardless of form, received by Paul, Janko, and Majlak from Impaulsive.

36. All unedited and edited video and audio footage from Impaulsive related to:

   a. Dink Doink, including:

      i. Impaulsive episode #279 (posted to YouTube on or about June 29, 2021)

   b. CryptoZoo, including:

      i. Impaulsive episode #287 (posted to YouTube on or about August 17 or 18, 2021)

      ii. Impaulsive episode #322 (posted to YouTube on or about April 19, 2022)

      iii. Impaulsive episode #359 (posted to YouTube on or about January 5, 2023)

      iv. Paul's response video to Coffeezilla (posted to YouTube on or about the period of January 3-7, 2023).

37. All Documents sufficient to determine all names, telephone numbers, and email

8

addresses for all Persons who work for Impaulsive.

>Note: A list containing this information will suffice to comply with this Request.

38. All Agreements between Impaulsive or Paul and:

   a. YouTube;

   b. Apple Podcasters Program;

   c. advertisers or sponsors; or

   d. Hillier-Smith.

39. For the period of June 1, 2021 through December 31, 2021, all Documents sufficient to determine the amount of money Impaulsive received in connection with:

   a. YouTube;

   b. Apple Podcasters Program; or

   c. All advertisers or sponsors related to Impaulsive.

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012037

**SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

**Supplemental Information for Persons Requested to Supply
Information Voluntarily or Directed to Supply Information
Pursuant to a Commission Subpoena**

**A. False Statements and Documents**

Section 1001 of Title 18 of the United States Code provides that fines and terms of imprisonment may be imposed upon:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

Section 1519 of Title 18 of the United States Code provides that fines and terms of imprisonment may be imposed upon:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States . . ., or in relation to or contemplation of any such matter.

**B. Testimony**

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides that fines and terms of imprisonment may be imposed upon:

> Whoever--

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012038

(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true.

5. *Fifth Amendment and Voluntary Testimony*. Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6. *Formal Order Availability*. If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

**C. Submissions and Settlements**

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

**D. Freedom of Information Act**

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self-addressed envelope.

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012039

### E. Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

### F. Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, Section 21(c) of the Securities Exchange Act of 1934, Section 42(c) of the Investment Company Act of 1940, and Section 209(c) of the Investment Advisers Act of 1940 provide that fines and terms of imprisonment may be imposed upon any person who shall, without just cause, fail or refuse to attend and testify or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

### G. Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

### H. Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (1) the SEC suspects or has confirmed that there has been a breach of the system of records, (2) the SEC has determined that as a result of the suspected or confirmed breach there is a risk of harm to individuals, the SEC (including its information systems, programs, and operations), the Federal Government, or national security; and (3) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed breach or to prevent, minimize, or remedy such harm.

2. To other Federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the Federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the Federal securities laws.

5. In any proceeding where the Federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

7. To a bar association, state accountancy board, or other Federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8. To a Federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9. To a Federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10. To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the Federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 through 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100 through 1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the Federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12. To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13. To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14. In reports published by the Commission pursuant to authority granted in the Federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15. To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 through 200.735-18, and who assists in the investigation by the Commission of possible violations of the Federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the Federal securities laws.

17. To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18. To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19. To prepare and publish information relating to violations of the Federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20. To respond to subpoenas in any litigation or other proceeding.

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012041

21. To a trustee in bankruptcy.

22. To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, Federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

23. To another Federal agency or Federal entity, when the SEC determines that information from this system of records is reasonably necessary to assist the recipient agency or entity in (1) responding to a suspected or confirmed breach or (2) preventing, minimizing, or remedying the risk of harm to individuals, the recipient agency or entity (including its information systems, programs, and operations), the Federal Government, or national security, resulting from a suspected or confirmed breach.

\* \* \* \* \*

*Small Business Owners*: The SEC always welcomes comments on how it can better assist small businesses. If you would like more information, or have questions or comments about federal securities regulations as they affect small businesses, please contact the Office of Small Business Policy, in the SEC's Division of Corporation Finance, at 202-551-3460. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.

CONFIDENTIAL   This "CONFIDENTIAL" designation has been voluntarily removed by Plaintiff.   PAUL_CZ00012042