# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

## SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>*Plaintiff,*<br><br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>*Defendants.* | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF LOGAN PAUL'S [PROPOSED] SUR-REPLY
IN OPPOSITION TO DEFENDANTS' MOTION
TO TRANSFER AND STAY PROCEEDINGS**

Plaintiff Logan Paul files this Sur-Reply in Opposition to the Motion to Transfer and Stay Proceedings brought by Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla [Dkt. No. 82], and submits that Defendants' Reply in Support of their Motion [Dkt. No. 102] is a microcosm of why this defamation lawsuit exists in the first place: Coffeezilla is simply unwilling or incapable of doing anything but distorting the truth when it comes to Plaintiff, even when the record would appear to leave no room for such distortions. Regrettably, this Sur-Reply is made necessary because Defendants' Reply sets forth new positions while misrepresenting the background and the factors that bear on the first-to-file rule they are asking the Court to apply.

### Defendants' Response to Plaintiff's Background

Defendants' Motion focuses heavily on the Government's investigative activity in relation to CryptoZoo. *See* Mot. at 1–5. As explained in Plaintiff's Response, this is because Defendants are hoping that such activity will cause the Court to draw false conclusions about Plaintiff's claims and motivations, and that those conclusions will then guide the Court's consideration of their requested transfer and cloud the many case-specific factors that weigh so heavily against it. Now that Plaintiff has contextualized the Government's closed or otherwise long-dormant investigations and explained that they were catalyzed by none other than *Coffeezilla himself*, Defendants feign confusion over how the investigations became a focal point of the briefing; they acknowledge that the investigations are "*not necessarily relevant* to the first to file rule," but nevertheless claim that Plaintiff's narrative about the investigations "cannot go unanswered" since *Plaintiff* has put them at issue. *See* Reply at 2. Defendants continue their gaslighting with a rebuttal-themed timeline of Coffeezilla's interactions with the Government. Within that timeline, every time Defendants start

1

a sentence with, "*Contrary to the false narrative in [Plaintiff's] response*," it is *what follows* that is false and misleading. Some illustrative examples:

> **The truth:** *Coffeezilla failed to even mention Ibanez or Greenbaum in his whistleblower presentation to the Government on October 23, 2022.*

Defendants claim this is part of Plaintiff's "false narrative" because Coffeezilla "specifically includes information" about Greenbaum in an email he sent on October 19, 2022, four days before sending the presentation. *See* Reply at 2; Dkt. 102-1. The email that Defendants are referring to—which as a threshold matter was never even sent to the SEC—(1) hardly "*includes information*" about Greenbaum, it merely pastes a link to his LinkedIn page at the same time it provides links to the CryptoZoo website and whitepaper, entirely without commentary (let alone any allegations of wrongdoing); and (2) does not even mention Ibanez, who Coffeezilla would later refer to in his YouTube series as the "Biggest Fraud in [Plaintiff's] Scam." Thus, Plaintiff's point stands that when Coffeezilla provided the Government with a presentation that supposedly was "an encapsulation of the entire CryptoZoo scheme," he did not see fit to mention anyone other than Plaintiff, and Defendants' suggestion that he had already done so is false.

> **The truth:** *Coffeezilla shared with non-party Schipelliti his impression that Plaintiff "want[ed] to have good intentions" on CryptoZoo three days before submitting his presentation to the Government.*

Defendants claim this is part of Plaintiff's "false narrative" because at that juncture Coffeezilla had not yet received an internal CryptoZoo group chat from a confidential source, which supposedly evidenced purposeful market manipulation. *See* Reply at 3. According to Defendants, until he received that chat on October 25-27, 2022, Coffeezilla had given Plaintiff the "benefit of the doubt and suggested his conduct was merely 'reckless,'" but upon receiving the chat he had "evidence suggesting [Plaintiff] knowingly scammed his investors." *Id.*

2

Defendants have clearly twisted themselves into knots coming up with a plausible alternative explanation (*i.e.*, anything other than malice) for Coffeezilla acknowledging Plaintiff's good intentions, only to then turn around and repeatedly accuse him of being a scammer. But accepting at face value the supposed evolution in Coffeezilla's thinking and its timing, it does not actually contradict Plaintiff's narrative as it relates to the Government; it *supports* it: Coffeezilla did not tell the Government that Plaintiff was "merely 'reckless,'" but rather that Plaintiff had committed **fraud**. *See* Dkt. 102-2 at D004034 ("Popular Influencer Logan Paul Defrauds Fans . . . "), D004043 (referring to CryptoZoo as a case of "investor fraud" in which Plaintiff "deceived" and "knowingly targeted unsophisticated retail investors"). Defendants' timeline is an admission that when he did so, he was not yet even in possession of the evidence from which he supposedly came to the conclusion that Plaintiff had acted with bad intent.

> **The truth:** *Coffeezilla failed to inform the Government in his whistleblower presentation that his own analysis showed Plaintiff had not sold any ZOO Tokens, and that there was no indication Plaintiff had profited from the project.*

Defendants claim this is part of Plaintiff's "false narrative" because Coffeezilla *did* provide his blockchain analysis to the Government in supplemental disclosures. *See* Reply at 3. But as with the other portions of Defendants' timeline, this fact and its timing serves only to further *validate* Plaintiff's narrative: Coffeezilla omitted this critical information when his objective was to prompt the Government to investigate Plaintiff in October 2022, and he only provided it months later in mid-February 2023 (1) after the Government had already taken the bait and opened investigations, and (2) even then, only upon receiving a "formal request" from the Government for more information. By comparison, Defendants' timeline reflects that after submitting his October 2022 presentation, whenever Coffeezilla's investigation yielded new information that he interpreted as *incriminating* of Plaintiff as opposed to exculpatory—*e.g.*, the CryptoZoo group chat

3

he claims to have received on October 25-27, 2022—he would "**immediately notif[y] the FBI**" of such information, voluntarily and unsolicited.

### Defendants' First-to-File Analysis

Rather than engage with the substantive arguments and authorities that Plaintiff raises in his Response, which demonstrate both the inapplicability of the first-to-file rule *and* the reasons that in any event the Court should exercise its discretion and decline to apply the rule under the circumstances, Defendants distort the analysis and raise strawman arguments that are easier for them to rebut. On the question of substantial overlap, for example, Defendants now attempt to re-frame the potentially overlapping issue between this case and *Holland* as whether CryptoZoo was a scam. *See* Reply at 7. But the relevant issue is the narrower question of whether Plaintiff, *specifically*, acted with bad intent on the project,[1] which does not create substantial overlap within the meaning of the standard for all of the reasons explained in the Response. *See* Resp. at 17–20. Defendants make no attempt to even try and distinguish this case from any of the cases cited by Plaintiff in which courts in this Circuit found no substantial overlap despite a "high degree of overlap" on certain issues—even where the claims in the two cases involved the same subject matter and arose from the same transactions and operative facts.[2]

In a similar manner, Defendants summarily dismiss each of the compelling circumstances raised by Plaintiff, and instead bizarrely devote the majority of that section to unilaterally raising a *different* circumstance that courts have found compelling and explaining why it is inapplicable

---

[1] Plaintiff acknowledges in his Complaint and throughout his filings that Ibanez and Greenbaum were con artists who deceived Plaintiff and sabotaged CryptoZoo from within. *See* Compl. at ¶¶ 48–51. Plaintiff does not intend to argue that these *co-founders* were not acting with bad intent.

[2] *See, e.g.*, *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 632 (W.D. Tex. 2018); *Stannard v. Nat'l Indoor RV Ctrs., LLC*, 2018 WL 3608560, *2 (E.D. Tex. July 27, 2019); *TravelPass Grp., LLC v. Caesars Entm't Corp.*, 2019 WL 3806056, **10, 15 (E.D. Tex. May 9, 2010).

in this case.[3] *See* Reply at 8. The reality is that Defendants are obfuscating, denying, engaging in whataboutism, and filling their briefs with gratuitous and irrelevant screenshots for a reason: They have no satisfactory answers for their Motion's many deficiencies. No answer for why they waited a year to file their Motion, so they deny that it is even untimely. *See* Reply at 8–10. No answer for why they only filed their Motion after discovery eviscerated their defenses and they received an unfavorable ruling on their Motion for Judgment, so they claim the Court should look *not* at *their* motivations, but instead at *Plaintiff's* motivation for bringing the lawsuit. *Id.* No answer for how a transfer and stay can possibly be justified given the progress of this case and the delays, complications, and prejudice that would follow, so they claim these factors are irrelevant or ignore them entirely.[4] *Id.*

For all the reasons explained, the Court should reject Defendants' attempted procedural maneuvering, deny their Motion to Transfer and Stay Proceedings, and allow this case to continue progressing before this Court, as it has been for the past year.

May 19, 2025

*/s/* Andrew C. Phillips
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655

---

[3] Defendants acknowledge that compelling circumstances could exist when one party induces another party to delay filing a lawsuit and then files an anticipatory lawsuit, and they cite a string of cases in support of this principle. They then argue, however, that Plaintiff cannot make this showing. But Plaintiff has not even *argued* that this circumstance is applicable here. If Defendants are suggesting that this is the *only* compelling circumstance recognized in this Circuit, they are wrong. *See, e.g.*, *Hart*, 290 F. Supp. 3d at 633–34 (lengthy discussion of the compelling circumstances inquiry, which reflects that at a minimum "the Fifth Circuit [has] endorsed use of the convenience factors" of § 1404(a), which broadly include, among others, "all [] practical problems that make trial of a case easy, expeditious and inexpensive").

[4] One of the themes of Defendants' Reply is their attempt to punt on questions that are especially problematic to their transfer request—like the significant procedural differences between the cases and the inevitable delays it would cause—by arguing these are questions for the *Holland* Court upon transfer, not this Court. *See* Reply at 7, 9. Again, this is flat-out wrong. Plaintiff has already demonstrated that courts properly consider such questions when evaluating whether to transfer a case pursuant to the first-to-file rule. *See* Resp. at 20–22 (citing cases).

5

Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the May 19, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ Andrew C. Phillips