**FILED**

May 22, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

LOGAN PAUL,                                    §
                                               §
                Plaintiff,                      §
                                               §
v.                                             §
                                               §        NO. SA-24-CV-00717-OLG
STEPHEN FINDEISEN and COFFEE                    §
BREAK PRODUCTIONS LLC d/b/a                     §
COFFEEZILLA,                                    §
                                               §
                Defendants.                     §

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation (R&R), filed March 26, 2025, concerning Defendants' Motion for Judgment on the Pleadings (Dkt. No. 41). (*See* R&R, Dkt. No. 74.)

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within 14 days. FED. R. CIV. P. 72(b)(2). Defendants, through counsel, were electronically served with a copy of the R&R on March 27, 2025, and timely filed their objections on April 9, 2025 (*see* Dkt. No. 78). Plaintiff has since filed a response to Defendants' objections (*see* Dkt. No. 85).

When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see United States. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Here, Defendants object to the R&R on the sole basis that calling something a "scam"—even while reporting the results of a year-long, high-effort investigation—is nonactionable opinion because it is incapable of being proved true or false. (*See* Dkt. No. 78 at 9 (citing *McCabe v. Rattiner*, 814 F.2d 839, 842 (1st Cir. 1987)). The Court has reviewed that portion

of the R&R de novo and finds that the Magistrate Judge correctly applied the relevant law to the facts. Statements by a specialized investigative journalist that the organizer of a financial venture perpetrated a scam on his investors—*i.e.*, that he defrauded his investors—are susceptible of objective verification. Indeed, that is literally what Defendants expressly claimed to have done in their investigative YouTube exposés into Plaintiff and CryptoZoo. Their position here that those conclusions were merely subjective opinions that could not reasonably be understood as assertions of objectively verifiable facts is as untenable as it is unavailing.[1] The Court has reviewed the remainder of the R&R for clear errors and finds none. *See Wilson*, 864 F.2d at 1221 (explaining that any portions of an R&R that are not objected to are reviewed for clear error).

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R (Dkt. No. 74) and, for the reasons set forth therein, Defendants' Motion for Judgment on the Pleadings (Dkt. No. 41) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this _____ day of May 2025.

ORLANDO L. GARCIA
United States District Judge

---

[1] *Cf. Cont'l Can Co. v. Chi. Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund*, 916 F.2d 1154, 1157 (7th Cir. 1990) (Easterbrook, J.) ("You don't have to be Ludwig Wittgenstein or Hans-Georg Gadamer to know that successful communication depends on meanings shared by interpretive communities.").