## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

### SAN ANTONIO DIVISION

LOGAN PAUL,

*Plaintiff*,

v.

STEPHEN FINDEISEN AND COFFEE BREAK
PRODUCTIONS LLC D/B/A COFFEEZILLA,

*Defendants*.

Civil Action No. 5:24-cv-00717

## PLAINTIFF'S MOTION TO ENFORCE AND COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA TO DON HOLLAND

Plaintiff Logan Paul moves this Court for an order compelling non-party Don Holland's compliance with a document subpoena issued to Holland pursuant to Federal Rule of Civil Procedure 45.  After Defendants indicated an intent to depose Holland and noticed his deposition, Paul served a limited document subpoena on Holland that was narrowly tailored to seeking materials directly relevant to the scope of the testimony Defendants are expected to elicit from Holland.  Through his counsel, Holland objected to the subpoena in its entirety, refused to produce any responsive documents, and subsequently ignored multiple good faith attempts by Paul's counsel to meet and confer.  There being no legitimate basis for Holland to resist compliance with Paul's subpoena, Holland should be ordered to promptly produce responsive materials.

### BACKGROUND

Paul filed this libel action after Defendants Stephen Findeisen (a/k/a Coffeezilla) and Coffee Break Productions, LLC repeatedly accused him of perpetrating a financial scam in connection with a troubled blockchain project called CryptoZoo.  (Compl. at 1 [Dkt. 1].)  In YouTube videos and Twitter posts, Defendants charged that Paul had scammed and swindled his

1

own fans in connection with the project.  In actuality, and as Defendants knew, Paul had been enthusiastic and deeply committed to the project's success.  (*Id.* ¶¶ 2, 8, 56, 57, 100, 141, 155.) Although the venture was ultimately unsuccessful—due largely to incompetence and worse by those that Paul entrusted with the project's technical aspects—Paul never made a dime from it. (*Id.* ¶¶ 56, 150.)  In fact, he lost hundreds of thousands of dollars that he invested in it, and over a million dollars more when he voluntarily chose to commit his personal funds to a "buyback" program to make whole the purchasers of CryptoZoo NFTs.  (*Id.* ¶¶ 56, 150.)

Non-party Don Holland is the named plaintiff in a class action lawsuit filed against Paul and others relating to the CryptoZoo project.  (Pls.' 1st Amend. Class Action Compl., *Holland v. CryptoZoo Inc.*, No. 1:23-cv-00110 (W.D. Tex. Aug. 19, 2024) [Dkt. 81] ("Class Action Complaint").)  Holland alleges that he spent $3,000 on CryptoZoo-related cryptocurrency in 2021, and that the cryptocurrency lost all value when the project failed.  (*See id.* ¶¶ 45, 202.)  Discovery in <u>this</u> case has revealed that Defendant Findeisen has been engaged as a consulting expert on behalf of Holland and the putative class.  In May 2025, Defendants served a notice of deposition setting Holland's deposition for July 14, 2025.  (Ex. A.)  No subpoena was provided with the notice, indicating that Holland reached an agreement with Defendants to sit for a deposition voluntarily and without legal compulsion.

On May 20, 2025, Paul served a Rule 45 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on Holland's class action counsel, who agreed to accept service of same.  (Ex. B ("the Subpoena").)  The Subpoena sought only five categories of materials, namely:

- <u>Request No. 1</u>: All nonprivileged documents and communications concerning CryptoZoo, Logan Paul, and/or Logan Paul's involvement with CryptoZoo and/or the promotion of CryptoZoo-related cryptocurrency, tokens, or non-fungible tokens ("NFTs").

- <u>Request No. 2</u>: All nonprivileged communications between You and Stephen Findeisen a/k/a Coffeezilla, or any other person purporting to act on behalf of Mr. Findeisen or the Coffeezilla YouTube series, concerning CryptoZoo and/or Logan Paul.

- <u>Request No. 3</u>: All nonprivileged documents and communications relating to purchases or sales of CryptoZoo-related cryptocurrency, tokens, or NFTs, including all potential purchases or sales considered by You.

- <u>Request No. 4</u>: All nonprivileged documents and communications relating to Logan Paul's offer to buy back CryptoZoo base eggs and base animals.

- <u>Request No. 5</u>: All nonprivileged documents and communications relating to Your purchases of cryptocurrency and/or cryptocurrency-related produces other than CryptoZoo-related cryptocurrency, tokens, or NFTs.

(Subpoena at 4.)  The Subpoena set a compliance date of June 10, 2025.

On June 2, 2025, counsel for Holland served Don Holland's Objections and Responses to Subpoena Requests for Documents (Ex. C ("Objections").)  As to requests Nos. 2 and 4, Holland stated that he had no responsive materials.  (*Id*. at 3-4.)  With respect to Request No. 1, Holland objected that the request sought privileged materials and was "disproportionately burdensome." (*Id*. at 3.)  Holland also objected that Request No. 3 was also disproportionately burdensome.  (*Id*.) Holland objected that Request No. 5 was burdensome, sought irrelevant information, and invaded Holland's privacy rights.  (*Id*. at 5.)  Holland thus declined to produce any documents in response to the Subpoena.

On June 6, 2025 counsel for Paul responded to Holland's objections by letter in "an effort to meet and confer on the issue in the hopes of avoiding motions to compel."  (Letter from A. Phillips to L. Montgomery (June 6, 2025) (Ex. C) ("Response Letter").)  The Response Letter noted that Paul only sought documents from Holland because Defendants' counsel sought Holland's testimony, and that it was incongruous for Holland to voluntarily agree to appear as a witness and provide evidence for Defendants while refusing to provide any documents in response to Paul's limited subpoena.  (*Id*. at 1.)  As to Holland's specific objections, Paul explained in detail why they were nonsensical and in numerous instances ignored the plain language of the Requests

(such as objecting on privilege grounds when both the Subpoena instructions and the Requests themselves stated that Paul sought only "nonprivileged" materials). (*Id*. at 2-5.) The Response Letter requested a response by June 11, and stated that counsel for Paul would be happy to have a telephone conversation at Holland's counsels' convenience to discuss the matter. (*Id*. at 5.)

Counsel for Holland never responded to or acknowledged the Response Letter. Counsel for Paul followed up by email on June 11, and again received no response. (Email from A. Phillips to L. Montgomery (June 11, 2025) (Ex. D).) Counsel for Paul follow reached out a third time by email on June 20, 2025, but again received no response from Holland's counsel. (Email from A. Phillips to L. Montgomery (June 20, 2025) (Ex. E).) This Motion follows.

## LEGAL STANDARD

In general, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Federal Rule 45 authorizes a party to issue a subpoena to a nonparty seeking the production of designated documents. Fed. R. Civ. P. 45(a)(1)(D). Where a nonparty objects to disclosure, Rule 45(d)(2)(B)(ii) allows the party that served a subpoena to "move the court for the district where compliance is required for an order compelling production or inspection."[1]

The party resisting compliance with a subpoena has the burden of showing that compliance would be unreasonable and oppressive. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). To determine whether a subpoena presents an undue burden, courts consider: (1) the relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the requests; (4) the time period covered by the requests; (5) the particularity with which

---

[1] Holland is a resident of Round Rock, Texas, which is within the Western District of Texas. Thus the place of compliance for the subpoena is this District.

the documents sought are described; and (6) the burden imposed, including potential inconvenience and expense to a non-party. *Id.*

## ARGUMENT

Defendants in this proceeding have sought Holland's deposition testimony. Paul's document Subpoena seeks only a narrow set of materials relevant to that expected testimony. It seeks no privileged materials, and it would impose no undue burden on Holland. Indeed, Holland's unsupported "burden" claims are particularly unavailing considering that he appears to be offering to testify in this proceeding voluntarily, and that he chose to be named as the class representative in a separate lawsuit against Paul and others involving CryptoZoo. *See Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 120 (N.D. Ohio 2020) (rejecting argument that third-party subpoenas were unduly burdensome because, among other things, the third party "[was] not a random third party," but rather had a clear relationship to the underlying action). As set forth below, Holland has no legitimate objections to any of the three narrow requests at issue, and this Motion should be granted.

**Subpoena Request No. 1: All nonprivileged documents and communications concerning CryptoZoo, Logan Paul, and/or Logan Paul's involvement with CryptoZoo and/or the promotion of CryptoZoo-related cryptocurrency, tokens, or non-fungible tokens ("NFTs").**

This request seeks nonprivileged documents and communications in Holland's possession relating to Paul and the CryptoZoo project, which are the precise topics of Holland's anticipated deposition testimony. Holland objected on the grounds that the request is disproportionately burdensome, that it seeks publicly available information, and that the documents sought "may be" the subject of attorney work product or other privileges.

This Request is not unduly burdensome, nor has Holland attempted to explain how it could be. Its timeframe is necessarily limited by the fact that the CryptoZoo project began in 2021 and was defunct by 2023, and one would expect that the materials sought have already been collected by Holland's counsel in the process of preparing the Class Action Complaint—which specifically refers to supposed purchases of CryptoZoo-related cryptocurrency by Holland. Holland's communications regarding these topics are not in Paul's possession, and to the extent Holland possesses any publicly available documents concerning CryptoZoo, it is relevant to his anticipated testimony to know which documents he possessed, and when.[2] Finally, Holland's privilege objections are nonsensical, as both the Subpoena instructions and the plain language of Request No. 1 state that Paul is seeking only nonprivileged materials.

**Subpoena Request No. 3: All nonprivileged documents and communications relating to purchases or sales of CryptoZoo-related cryptocurrency, tokens, or NFTs, including all potential purchases or sales considered by You.**

This Request seeks documents and communications relating to Holland's purchases or sales of CryptoZoo related cryptocurrency, tokens, or NFTs. Holland objected on the grounds that the request is disproportionately burdensome and that it seeks publicly available information.

This Request is likewise not unduly burdensome, nor has Holland attempted to explain how it could be. Holland has made public allegations in the Class Action Complaint about his purchases of CryptoZoo-related cryptocurrencies, which he claimed all occurred in the same calendar year. (Class Action Compl. ¶¶ 45, 202.) Again, this information was almost certainly

---

[2] Holland claims in the class action suit that he was fraudulently induced by certain statements of Paul and others to purchase CryptoZoo-related NFTs, and Defendants almost certainly seek to obtain testimony to that effect. It is therefore important for Paul to discover what, if any information pertaining to CryptoZoo Holland actually had in his possession when he allegedly made those purchases.

collected by Holland's attorneys for purposes of the class action suit.  And contrary to Holland's unsupported claims, none of these materials are in Paul's possession.

**<u>Subpoena Request No. 5</u>: All nonprivileged documents and communications relating to Your purchases of cryptocurrency and/or cryptocurrency-related produces other than CryptoZoo-related cryptocurrency, tokens, or NFTs.**

This Request seeks documents and communications relating to Holland's purchases or sales of cryptocurrency, tokens, or NFTs of than those related to CryptoZoo.  Holland objected on the grounds that the request is disproportionately burdensome, that it seeks publicly available information, that it seeks irrelevant information, and that it invades Holland's privacy rights.

Holland alleged in the Class Action Complaint that he began purchasing various cryptocurrencies in 2016, years before he claims he purchased CryptoZoo-related cryptocurrency in 2021. (Class Action Compl. ¶ 193.)  It is anticipated that Defendants will seek to elicit testimony from Holland to the effect that he was duped or defrauded when the CryptoZoo-related cryptocurrencies he purchased lost value.  Documents evidencing Holland's experience purchasing cryptocurrencies are relevant to rebut that testimony, and to show that any sophisticated purchaser of cryptocurrencies would be well aware of the potential to lose money as cryptocurrency prices tend to be highly volatile.  Documents and communications evidencing Holland's past cryptocurrency purchases are not in the possession of Paul.  And Holland's burden and privacy concerns weigh little in the balance considering that he chose to make his purchasing of cryptocurrencies the subject of a public court filing.

To be clear, Paul believes that evidence from Holland—whether documentary or testimonial—is unlikely to be probative of the issues in dispute in this libel case.  There is no indication, for example, that Holland has any evidence of Paul's intent with respect to CryptoZoo,

or of what Defendant Findeisen understood when he published the defamatory statements at issue. There is no indication that Holland has ever even interacted with Plaintiff or Findeisen. By setting Holland's deposition, Defendants are attempting to conflate the issues between this case and the Class Action because they believe doing so will advance the false narrative of "substantial overlap" set forth in their pending Motion to Transfer and Stay [Dkt. No. 82], which was brought nearly a year into this case and which is set for hearing on September 11, 2025 [Dkt. No. 111].

With this context, Holland's decision to completely ignore Paul's conferral attempts was likely a strategic once designed to cause Paul to bring this Motion in order to manufacture record activity that creates the impression of overlap between the two cases—even though very little overlap actually exists. Paul's position is merely that if Defendants believe that taking Holland's deposition will advance their case then they are entitled to do so, but as with any witness they set for deposition, Paul is likewise entitled to Holland's documentary evidence on the topics relevant to the scope of his anticipated testimony in order to be able to understand and probe his testimony.

## **CONCLUSION**

Holland's objections to the Subpoena are meritless. The Subpoena should be enforced, and Holland should be required to produce responsive documents promptly.

July 8, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

## CERTIFICATE OF SERVICE

I hereby certify that I made multiple efforts to meet and confer regarding the subject of the foregoing Motion with counsel for non-party Don Holland, as set forth above at pp. 3-4.  Counsel for non-party Holland never responded to this outreach.

/s *Andrew C. Phillips*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 8, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

I further certify that on July 8, 2025, I caused a copy of the foregoing to be sent to counsel for non-party Don Holland via email and by overnight mail to counsel's office address.

/s *Andrew C. Phillips*