IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>　　　　*Plaintiff*,<br><br>vs.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>　　　　*Defendants*. | §§§§§§§§§§§§§§§ Civil Action No. 5:24-cv-717 |

**NON-PARTY DON HOLLAND'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE AND COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA**

Nonparty Don Holland ("Mr. Holland") files this Response opposing Plaintiff Logan Paul's ("Mr. Paul") Motion to Enforce and Compel Compliance with Third-Party Subpoena ("Motion") and shows the Court the following:

### I.　　INTRODUCTION

Mr. Paul's subpoena seeks information that both overbroad and unduly burdensome and outside the scope of discovery for this case. Mr. Paul served discovery requests on Mr. Holland that were unlimited in content, lacked concrete descriptions of the items sought, and covered a swath of information that is irrelevant to the issues at hand. As Mr. Paul noted in his Motion, this case is pending simultaneously with Mr. Holland's class action lawsuit against Mr. Paul in which Mr. Paul is alleged to have conspired with others to defraud Mr. Holland and others by collecting investments for the CryptoZoo game that as never built and which Mr. Holland alleges Mr. Paul and his cohorts never intended to build. The parties in that case are awaiting the court's order on

Mr. Paul and others' motions to dismiss and discovery has not commenced, yet Mr. Paul makes requests here that are clearly targeting the claims in Mr. Holland's case. Mr. Paul's subpoena should be narrowed to encompass only the issues of this case, and all discovery in the class action should be withheld until both parties are able to engage in the process.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45 permits a party to serve a subpoena directing a nonparty to "produce documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(a)(1)(d). The issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A Court may modify or quash a subpoena upon a showing that "complianc with the subpoena would be 'unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004) (quoting *Williams v. City of Dallas,* 178 F.R.D. 103, 109 (N.D. Tex. 1998)).

Whether a subpoena is undly burdensome "'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." *Id*. (quoting *Linder v. Dep't of Def.*, 133 F.3d 17, 24 (D.C. Cir. 1998)). Courts consider the following factors:

> (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.

*Id*. (citing *Williams*, 178 F.R.D. at 109). "[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id*. (citing *Williams*, 178 F.R.D. at 109).

A subpoena for documents from a nonparty "is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018) (quoting *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015)) (alterations in original).

## III.    ARGUMENT

Mr. Paul's subpoena demands the production of documents and information from Mr. Holland that is unduly burdensome to and outside the scope of discoverable information in this lawsuit. Much of the information requested is irrelevant to the claims in this case; Mr. Paul has no need for the information because it is either already in his possession or is publically available; the demands are overbroad and unlimited by content or type; the requests lack any sort of particularity or defining scope of content; and the requests impose an undue burden on Mr. Holland by failing to define or limit the scope of the documents and communications that the requests demand. Mr. Paul's subpoena requests are overbroad on their face and should not be enforced.

**A.    Mr. Paul's Subpoena Request No. 1 is overbroad and unduly burdensome.**

Mr. Paul first demands Mr. Holland produce all nonprivileged documents and communications concerning Mr. Paul, CryptoZoo, Mr. Paul's involvement in CryptoZoo, and/or any promotion of CryptoZoo products. *See* Ex. B to Mot. to Compel, ECF No. 112-2. This request is "overbroad on its face" because it is "limited neither by reasonable restrictions on time nor by particular documentary descriptions." *Williams*, 178 F.R.D. at 110 (citing *Amcast Indus. Corp. v. Detrex Corp.,* 138 F.R.D. 115, 121 (N.D.Ind.1991)).

The request is first overbroad because it has no reasonable restrictions as to content or documentary description. Because the request covers all conceivable documents or items that may possibly mention Mr. Paul or CryptoZoo, as the *Williams* Court noted, these documents cover everything including Mr. Paul's "performance[] in a football game." *Id*. "In this sense it is akin to an impermissible attempt to 'obtain every document which could conceivably be relevant to the issues in this case.'" *Id*. (quoting *Borden, Inc. v. Florida E. Coast Ry. Co.,* 772 F.2d 750, 756 (11th Cir. 1985)). Mr. Paul is a public figure who has built a career out of being famous on the Internet; there are potentially hundreds of documents in Mr. Holland's "possession, custody or control" that "concern"[1] Mr. Paul, most of which have nothing to do with the issues in this case.

The request is additionally overbroad in that it is unlimited in time. Mr. Paul claims that it is definitionally limited because CryptoZoo only existed between 2021 and 2023, but the request demands any document or communication that concerns Mr. Paul without limitation to his association with CryptoZoo. The request further demands information that is generally publically available because it includes newspaper articles, press releases, and social media posts about and made by Mr. Paul. There is no purpose in requiring Mr. Holland to produce this information that is widely available and to which Mr. Paul has equal or greater access other than to harass and bully Mr. Holland because of his involvement in the class action lawsuit.

Mr. Paul's only explanation for his need for the information sought in Request No. 1 is that it may be "relevant to [Mr. Holland's] anticipated testimony to know which documents he possesses and when," and then outright admits that he is seeking information relevant to the class

---

[1] Mr. Paul's subpoena requests are additionally improper because they are unclear as to how a communication or document may "concern" either Mr. Paul or CryptoZoo. The subpoena instructions state that "'concerning' is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas," but the stated rule does not contain a definition for "concerning." *See* Ex. B to Mot. to Compel, ECF No. 112-2. Accordingly, Mr. Holland has no way of limiting the scope of responding to the request because there is no limitation to what "concerns" Mr. Paul or CryptoZoo.

action lawsuit rather than the claims at issue here. Mr. Paul's first subpoena request clearly seeks information outside the scope of this lawsuit and should be narrowed to encompass only information relevant to the claims here.

**B.     Mr. Paul's Subpoena Request No. 3 is overbroad and unduly burdensome.**

Mr. Paul's second demand requires Mr. Holland to produce documents and communications relating to Mr. Holland's purchase or sale, or potential purchase or sale, of CryptoZoo products. *See* Ex. B to Mot. to Compel, ECF No. 112-2. This request has nothing whatsoever to do with Mr. Paul's allegations of defamation in this lawsuit, and everything to do with Mr. Holland's allegations in the class action lawsuit. This request is clearly overbroad for this lawsuit and is an obvious attempt to circumvent even-handed discovery in the class action lawsuit.

Critically, Mr. Paul does not even attempt to explain how this information is relevant to the claims in *this* case. Instead, Mr. Paul argues that the information was "almost certainly" collected "for purposes of the class action suit," but fails to explain why Mr. Holland's documents or communications regarding actual or potential CryptoZoo purchases are relevant to Mr. Paul's claims of defamation against Defendant in this case. Moreover, many of the documents concerning Mr. Holland's purchase of CryptoZoo products are within Mr. Paul's possession because he should have records regarding all CryptoZoo purchases, including Mr. Holland's. This request is unduly burdensome and overbroad, and should be narrowed to only encompass the issues relevant to this case.

**C.     Mr. Paul's Request No. 5 is overbroad and unduly burdensome.**

In perhaps the most egregious example of Mr. Paul's overreach, in his fifth request he demands Mr. Holland produce all communications and documents relating to Mr. Holland's purchase of all crypto products regardless of those products' association with CryptoZoo. *See* Ex.

B to Mot. to Compel, ECF No. 112-2. This request is facially overbroad because it is unlimited by time, content, or description, and it is wholly unrelated to the claims in this case. Mr. Holland's prowess in crypto investing has nothing whatsoever to do with Defendant's alleged defamation of Mr. Paul. The request is merely an ill-disguised attempt to force one-sided, harrassing discovery from Mr. Holland by demanding personal information not at issue in this case. As such, Mr. Paul's postured theory regarding Mr. Holland's "attempt to conflate" this case with the class action is particularly ironic given Mr. Paul's gamesmanship in circumventing the rules of discovery in the class action case.

## IV.  CONCLUSION

Mr. Paul's subpoena requests irrelevant information that has no bearing on the issues in this case. The requests are overbroad because they have no limitations on time or content and lack a particularized description of what is sought. Mr. Holland should not be required to provide any of the information sought, but at a minimum, the subpoena should more particularly define the documents and communications, and the requests should be narrowed to include only information relevant to this case.

Dated:  July 16, 2025

              Respectfully submitted,

              */s/ Leigh S. Montgomery*
              Jarrett L. Ellzey
              Texas Bar No. 24040864
              Leigh S. Montgomery
              Texas Bar No. 24052214
              **ELLZEY KHERKHER SANFORD MONTGOMERY, LLP**
              4200 Montrose Blvd, Suite 200
              Houston, Texas 77006
              Phone: (713) 244-6363
              jellzey@eksm.com
              lmontgomery@eksm.com

              **ATTORNEYS FOR NON-PARTY DON HOLLAND**

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

              */s/ Leigh S. Montgomery*
              Leigh S. Montgomery