IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>*Plaintiff,*<br><br>v.<br><br>STEPHEN FINDEISEN AND<br>COFFEE BREAK PRODUCTIONS, LLC<br>d/b/a COFFEEZILLA,<br><br>*Defendants.* | Civil Action No.: 5:24-cv-00717 |

### DEFENDANTS' MOTION FOR LEAVE TO TAKE VIDEOTAPED DEPOSITIONS OF DUARTE CAMPOS DE OLIVEIRA, MARTIN CAMPOS DE OLIVEIRA, AND KIRA ANN KRIEG

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") file this Motion for Leave to Take Videotaped Depositions of Duarte Campos de Oliveira, Martim Campos de Oliveira, and Kira Ann Krieg (jointly, the "Depositions"), and in support would respectfully show:

### INTRODUCTION

Coffeezilla noticed the Depositions of three victims (the "Victims") of Plaintiff Logan Paul's fraud via Zoom videoconference. *See* Deposition Notices, Exhibit A. The Victims live in Portugal and New Zealand, respectively, but they agreed to voluntarily appear at a deposition via Zoom. *See* Declarations of M. Campos and D. Campos at Exhibit B and Exhibit C, respectively.

1

Paul does not oppose the Depositions occurring, but opposes them being conducted by remote means. In what appears to be an ongoing pattern, Paul wants to punish his critics by forcing them to incur international travel expenses simply to tell their story. But Paul has no legitimate basis to oppose the relief sought.

Coffeezilla should not be punished for the global impact of Paul's fraud. Coffeezilla bring this motion and seeks leave of Court to conduct the Depositions remotely pursuant to Fed. R. Civ. P. 30(b)(4).

## BACKGROUND

Paul is an internet celebrity who co-founded and relentlessly marketed an online cryptocurrency game called "CryptoZoo" to his millions of his fans across the globe. After raising millions of dollars selling NFTs and crypto coins in connection with CryptoZoo, Paul and his co-conspirators abandoned the project and the game never materialized. Fans of Paul who poured their life's savings into the project and lost everything include the three Victims at issue in this motion. The Victim's testimony about their CryptoZoo experience, their investment decisions, and Paul's representations they relied on in connection with the same, are central to Coffeezilla's defense of truth in this matter.

## LEGAL STANDARD

Rule 30 provides that "parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote electronic means." Fed. R. Civ. P. 30(b)(4). When a telephone or video-conference deposition is opposed by another party, the parking seeking the deposition should bring a Rule 26(c) motion for a protective order. *See Abad v. Maxum Petroleum Operating Co.*, No. MO16CV00001RAJDC, 2016 WL 11261306, at *2 (W.D. Tex. Sept. 26, 2016). The party bringing the motion must establish a legitimate

reason for the remote proceedings. *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008). A party opposing such a deposition must establish good cause as to why it should not be conducted in such a manner. *Id*. Leave to take depositions remotely should be granted liberally. *Id*.; *Abad*, 2016 WL 11261306, at *4. In today's day and age, "requests for telephonic depositions are presumptively granted, and largely permitted." *Enguita v. Neoplan USA Corp.*, No. CV B-04-121, 2005 WL 8164880, at *2 (S.D. Tex. May 25, 2005). This approach is consistent with the rationale for the rule, which is to minimize unnecessary costs to the parties." *Id.* (granting motion to conduct deposition of the plaintiff in Spain where he resided).

Courts will generally grant leave for a deponent to appear remotely upon a showing that appearing in-person will result in undue burden or expense. *See e.g. Dotson v. Bexar Cty. Hosp. Dist.*, No. SA-19-CV-00083-XR, 2021 WL 796164, at *1 (W.D. Tex. Mar. 2, 2021) (granting leave for remote deposition during the pandemic to protect the health of the deponent). Courts apply a higher standard when considering whether a *party* to the lawsuit, such as the plaintiff, may be deposed remotely; however, even when the plaintiff is the deponent, courts will grant leave to appear remotely if justice so requires. *See e.g., Abad*, 2016 WL 11261306, at *4 ("Plaintiffs demonstrate undue burden and expense placed on Plaintiffs residing 300 or more miles away to appear for a live deposition in Midland.").

## ANALYSIS

It does not appear Paul contests the fact that the Victims will offer testimony relevant to this case.[1] Rather, Paul contends there is no good cause to conduct the Depositions remotely, as opposed to in person.

---

[1] Indeed, other victims (in the U.S.) are being deposed in this case. *See* ECF No. 112.

Forcing the non-party Victims to travel from Portugal and New Zealand to Texas for their depositions would result in undue burden and expense, which is good cause for the Court granting leave for them to appear remotely. Fed. R. Civ. P. 26(c)(1)(B); 30(b)(4). They do not have the means to travel or miss work for travel and deposition time. *See* Exs. B, C. The witnesses are willing to share their story, appear by a Zoom deposition, and share proof of their identity at the same. *See id*. As these are non-party witnesses with nothing to gain by voluntarily appearing and offering their testimony, the distance alone warrants granting this motion. *Dotson*, 2021 WL 796164. Indeed, courts have granted leave for a *plaintiff* to be deposed when in even closer proximity. *See Abad*, 2016 WL 11261306, at *4 (plaintiffs lived 300 miles away); *Enguita*, 2005 WL 8164880 (plaintiff lived in Spain). The Court can and should find good cause for granting leave under these circumstances.[2]

The anticipated reasons for Paul's opposition include (1) his alleged inability to verify their identity and (2) his inability to "pressure test the truth of whatever testimony they give." As to the first concern, the Victims have agreed to appear at the Depositions with documentation verifying their identity and sharing it on the Zoom screen. *See* Exs. B, C. This is the exact same procedure used to verify a domestic witness's identity in remote depositions occurring every day. As to the second concern, courts have considered this type of argument before and rejected it. As one court stated, accepting this argument "would be tantamount to repealing Rule 30(b)(7) since all telephonic depositions inherently lack some advantage of a face-to-face interaction." *Enguita*, 2005 WL 8164880, at *2.

---

[2] The parties have agreed to conduct other depositions in this matter via Zoom, including Coffeezilla's expert (located in Alaska), Paul's experts (one in Washington, D.C. and one in Dallas, Texas), and one of CryptoZoo's investors selected by Paul.

Based on the motion and evidence attached hereto, the Court should grant leave for the Depositions to be taken remotely because Coffeezilla has established good cause and there is no legitimate reason to prevent the remote Depositions particularly in this day and age. *Brown*, 253 F.R.D. at 412.

## PRAYER

For these reasons, Coffeezilla respectfully requests that the Court (1) grant its motion, (2) grant leave for Duarte Campos de Oliveira, Martin Campos de Oliveira, and Kira Ann Krieg to be deposed via Zoom videoconference, and (3) award Coffeezilla all other relief at law or in equity which they are entitled.

Dated: July 23, 2025.

    Respectfully submitted,

    **DAVIS & SANTOS, PLLC**

    By: */s/ Caroline Newman Small*
    Jason M. Davis
    Texas State Bar No. 00793592
    Email: jdavis@dslawpc.com
    Caroline Newman Small
    Texas State Bar No. 24056037
    Email: csmall@dslawpc.com
    Rachel Garza
    Texas State Bar No. 24125240
    Email: rgarza@dslawpc.com
    719 S. Flores Street
    San Antonio, Texas 78204
    Tel: (210) 853-5882
    Fax: (210) 200-8395

    ***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla***

**CERTIFICATE OF CONFERENCE**

I certify that on July 23, 2025, our office conferred with counsel for Plaintiff Logan Paul during phone calls in June and in writing on June 30 and confirmed that this motion is opposed.

*/s/ Caroline Newman Small*
Caroline Newman Small

**CERTIFICATE OF SERVICE**

I certify that on July 23, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Caroline Newman Small*
Caroline Newman Small
