IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>                             *Plaintiff*,<br><br>  v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>                             *Defendants*. | Civil Action No.: 5:24-cv-00717 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE AND COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA TO DON HOLLAND**

In *every* case where a plaintiff is forced to subpoena a non-party, one thing is guaranteed: the non-party will vehemently object that the subpoena is overbroad and unduly burdensome. And so it is with non-party Don Holland in this case. Specifically, he asserts, with hardly any explanation, that the first, third, and fifth requests in Plaintiff Logan Paul's Subpoena are overbroad and unduly burdensome. But Holland, like so many other non-parties whose formulaic objections to subpoenas have been overruled, is wrong.

Holland's objections variously misconstrue Paul's Subpoena, ignore the entire reason Defendants Stephen Findeisen and Coffee Break Productions seek Holland's testimony in this matter, and contradict settled law. For those reasons, this Court should grant Paul's Motion to Enforce and Compel Compliance with Paul's Third-Party Subpoena to Holland.

**Paul's first subpoena request is neither overbroad nor unduly burdensome.**

1.    The Subpoena's first request seeks material "concerning CryptoZoo, Logan Paul, and/or Logan Paul's involvement with CryptoZoo and/or the promotion of CryptoZoo-related cryptocurrency, tokens, or non-fungible tokens ('NFTs')." (ECF 112-2 at 8.) Holland objects that

1

the request is overbroad because "it is unlimited in time" and because "it has no reasonable restrictions as to content or documentary description." (ECF 113 at 4.) Neither of those objections withstands scrutiny.

2.  As for the supposed lack of time limits, Paul has been clear that he seeks only materials created during or after 2021—which is when he commenced the CryptoZoo project. (*See, e.g.*, ECF 112 at 6.) Courts in this Circuit have routinely "allowed relevant discovery over much larger periods of time." *Crum & Forster Specialty Ins Co. v. Great W. Cas. Co.*, No. 15-cv-325, 2016 WL 10459397, at *5 (W.D. Tex. Dec. 28, 2016) (citing cases allowing discovery of documents going back five years or longer); *see also, e.g.*, *Guerra v. Balfour Beatty Cmtys.*, No. 14-cv-268, 2015 WL 13794439, at *5 (W.D. Tex. Nov. 19, 2015) (discovery requests were "sufficiently narrow" because they were "limited to the last five years").

3.  Holland's contention that the Subpoena's first request lacks "reasonable restrictions as to content or documentary description," should be rejected outright due to Holland's flat and persistent refusal to meet and confer about the Subpoena as required by Local Civil Rule 7(g). (*See* ECF 112-4, 112-5, 112-6.) Holland had the opportunity to discuss this request's (already limited) scope in good faith and without Court intervention, and he chose not to do so.

4.  Regardless, reasonably construed in the context of this lawsuit, Paul's request is no broader than countless other discovery requests courts in this Circuit have deemed reasonable. *E.g.*, *Reynolds v. Cactus Drilling Co.*, No. 15-cv-101, 2015 WL 12660110, at *2-3 (W.D. Tex. 2015) (overruling objection to discovery request seeking "[a]ny and all Employment files of [the] deceased"); *Blair v. Pride Indus., Inc.*, No. 14-cv-183, 2015 WL 10818665, at *3-4 (W.D. Tex. July 17, 2015) (overruling objection to discovery request seeking "all emails and attachments…to and from" a litany of sources "about Plaintiff").

5. To the extent Holland (mis)interprets the first request as covering materials regarding Paul's "performance in a football game," or as covering random web posts that transparently "have nothing to do with the issues in this case," his interpretation is overly technical and heedless of the nature and purpose of the request, which aims to uncover information relevant to this action and must be construed in that light. Holland has a duty to "exercise reason and common sense to attribute ordinary definitions to terms and phrases used in the request." *RealPage, Inc. v. Enter.Risk Control, LLC*, No. 16-cv-737, 2017 WL 1165688, at *4 (E.D. Tex. Mar. 29, 2017); *Keycorp v. Holland*, No. 16-cv-1948, 2016 WL 6277813, at *12 (N.D. Tex. 2016) (same). His purported interpretation of the Subpoena's first request fails to honor that duty.

6. Holland's last objection to the Subpoena's first request is that the information Paul seeks is "relevant to the class action lawsuit rather than the claims at issue here." (ECF 113 at 4-5.) Paul's opening brief in support of this Motion—which Holland almost totally ignores—shows that the request seeks information relevant to Holland's anticipated deposition testimony that Defendants have sought in this case. (ECF 112 at 6 & n.2.) Whether or not the information sought in the Subpoena's first request is *also* relevant to the class action is immaterial for purposes of ruling on Paul's Motion.

**Paul's third subpoena request is neither overbroad nor unduly burdensome.**

7. Paul's third subpoena request seeks materials "relating to purchases or sales of CryptoZoo-related cryptocurrency, tokens or NFTs, including all potential purchases or sales considered by [Holland]." (ECF 112-2 at 8.) Holland insists that those materials are irrelevant to his testimony that Defendants seek in this action, and instead are relevant chiefly to Holland's allegations in the class action lawsuit. (ECF 113 at 5.)

8. Holland's argument feigns ignorance of the reasons Defendants want to depose him. The reason, as everyone involved knows, is that Defendants expect Holland will testify about

3

his purchases of CryptoZoo-related cryptocurrency, tokens, and NFTs.  (*See* ECF 112 at 6-7 & n.2.)  That means the circumstances in which Holland bought and sold CryptoZoo-related cryptocurrency, tokens, or NFTs are relevant to any testimony he might give.

9. Separately, Holland argues—without evidence—that Paul has many of the documents he seeks because "he should have records regarding all CryptoZoo purchases." (ECF 113 at 5.)  Notwithstanding Holland's unsubstantiated beliefs about what documents Paul "should have," the reality is that Paul does not have the means of identifying all the purchases and sales Holland actually made, let alone the purchases and sales he considered.  Cryptocurrency purchases are generally conducted via anonymized wallet addresses with only numerical identifiers, not individual names.  Holland's ignorance of what information Paul can and cannot obtain on his own is another reason Holland's refusal to engage in the required meet-and-confer is so regrettable.

**Paul's fifth subpoena request is neither overbroad nor unduly burdensome.**

10. Paul's fifth subpoena request seeks materials "relating to [Holland's] purchases of cryptocurrency and/or cryptocurrency-related products other than CryptoZoo-related cryptocurrency, tokens, or NFTs." (ECF 112-2 at 8.)  Holland contends this request has no bearing on Defendants' defaming Paul and is, instead, "merely an ill-disguised attempt to force one-sided, harassing discovery from Mr. Holland by demanding personal information not at issue in this case." (ECF 113 at 6.)

11. Here, again, Holland's objection ignores the entire reason Defendants seek his testimony.  Defendants surely hope Holland will testify that he had an expectation of profiting from his purchases of CryptoZoo tokens, and that the fact that he ultimately did not causes him to believe he was "scammed."  The plausibility of that testimony depends, in no small part, on Holland's familiarity with cryptocurrency and cryptocurrency-related products, given that those

with even a passing knowledge of the space are well aware that cryptocurrencies are highly volatile in terms of price and that the purchase of any cryptocurrency carries inherent risk.

12. Of course, to adequately cross-examine Holland on that point, Paul needs details about Holland's level of experience buying and selling cryptocurrency and cryptocurrency-related products. That is the purpose of the Subpoena's fifth request and why, contra Holland, the request is relevant.

13. As stated in his Motion, Paul believes that evidence from Holland—whether documentary or testimonial—is unlikely to be probative of the issues in dispute in this libel case. There is no indication, for example, that Holland has any evidence of Paul's intent with respect to CryptoZoo, or of what Defendant Findeisen understood when he published the defamatory statements at issue. There is no indication that Holland has ever even interacted with Plaintiff or Findeisen. By setting Holland's deposition, Defendants are attempting to conflate the issues between this case and the Class Action because they believe doing so will advance the false narrative of "substantial overlap" set forth in their pending Motion to Transfer and Stay (ECF 82), which was brought nearly a year into this case and which is set for hearing on September 11, 2025 (ECF 111).

14. Nevertheless, if Holland is going to be deposed in this action, Plaintiff is entitled to obtain documents and materials from him that are relevant to his anticipated testimony. That is all the Subpoena seeks.

## CONCLUSION

Holland's objections to the Subpoena are meritless. The Subpoena should be enforced, and Holland should be required to produce responsive documents promptly.

| | |
|---|---|
| July 25, 2025 | /s *Andrew C. Phillips*<br>Andrew C. Phillips (*Pro Hac Vice*)<br>Shannon B. Timmann (*Pro Hac Vice*)<br>MEIER WATKINS PHILLIPS PUSCH LLP<br>919 18th Street NW, Suite 650<br>Washington, DC 20006<br>(202) 318-3655<br>Email: andy.phillips@mwpp.com<br>Email: shannon.timmann@mwpp.com<br><br>Jeffrey A. Neiman (*Pro Hac Vice*)<br>Jason L. Mays (*Pro Hac Vice*)<br>MARCUS NEIMAN RASHBAUM & PINEIRO LLP<br>100 SE 3rd Ave., Suite 805<br>Ft. Lauderdale, Florida 33394<br>Email: jneiman@mnrlawfirm.com<br>Email: jmays@mnrlawfirm.com<br><br>Ricardo G. Cedillo (Texas Bar No. 04043600)<br>DAVIS, CEDILLO & MENDOZA, INC.<br>755 E. Mulberry Ave., Ste. 250<br>San Antonio, TX 78212<br>(210) 822-6666<br>Email: rcedillo@lawdcm.com<br><br>*Counsel for Plaintiff Logan Paul* |