IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>                                  *Plaintiff*,<br><br>  v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>                                  *Defendants*. | Civil Action No.: 5:24-cv-00717 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO TAKE VIDEOTAPED DEPOSITIONS OF DUARTE CAMPOS DE OLIVEIRA, MARTIN CAMPOS DE OLIVEIRA, AND KIRA ANN KRIEG**

Plaintiff Logan Paul hereby opposes Defendants' July 23, 2025 Motion For Leave to Take Videotaped Depositions of Duarte Campos De Oliveira, Martin Campos de Oliveira, and Kira Ann Krieg [Dkt. 116].

Defendants' Motion—which totals less than five pages—betrays a fundamental lack of appreciation for the fact that depositions of foreign nationals in foreign countries are an entirely different animal than domestic depositions of deponents who are subject to the laws of the U.S. and the jurisdiction of its courts. It is not enough that Defendants may want to take a foreign deposition, nor is it enough that the foreign deponent is willing to appear voluntarily without compulsion. Steps must be taken to ensure that the proposed manner of taking the deposition is lawful and that there are assurances that the witness will be sworn to testify truthfully. Here, Defendants have either failed to consider or have consciously sought to bypass important procedural requirements that must be satisfied before a foreign deposition can be approved.

1

First, Defendants ignore that it is their burden to demonstrate that a deposition by remote means would be permitted under the laws of the foreign jurisdiction where the deposition is set to take place.[1] Defendants seek to take the remote depositions of two individuals in Portugal and one individual who resides in New Zealand, but they make no effort to demonstrate that Zoom depositions are permissible in those countries. As to the two Portugal deponents at least, the answer is clear: voluntary remote depositions of individuals in Portugal are not permitted, and depositions can only occur in the context of a Portugal court proceeding that has been properly instituted under international law. Thus, Defendants' request for approval to conduct the remote depositions of Duarte Campos De Oliveira and Martin Campos de Oliveira pursuant to a simple notice must be denied.

Second, Defendants also do not appear to have given any consideration to the distinct requirements that the Federal Rules of Civil Procedure impose in the context of foreign depositions. Defendants seem to believe that they can depose these individuals remotely with a U.S. court reporter joining by Zoom. That is not correct. Under the Federal Rules, foreign depositions must be conducted with the witness physically present before an official who is authorized to administer an oath of truthfulness in the jurisdiction in which the deponent is located. Because the requirement of a properly sworn witness is obviously an important one, numerous decisions stand for the proposition that a party seeking to take a foreign deposition must assure the opposing party and the Court that they have a plan in place to ensure that happens before the deposition can be approved. Defendants offer nothing on this score.

---

[1] Under Federal Rule of Civil Procedure 30(b)(4), the deposition is "taken" where the witness is physically located, not where the parties or their counsel are. *See Menovcik v. BASF Corp.*, No. 09-12096, 2010 WL 4867408, at *5 (E.D. Mich. Nov. 23, 2010) (noting that "Courts have uniformly" so held).

Finally, even if Defendants had checked the necessary boxes before seeking approval for the taking of these depositions, the Court in its discretion should hold that these depositions must be taken in person if at all. Here, the questionable probative value of these depositions is outweighed by legitimate concerns about the ability of Plaintiff to verify these individuals' identities, to verify the truthfulness of their testimony and compel it if necessary, and to obtain documentation that would allow Plaintiff to pressure-test the witnesses' testimony. These concerns are greatly heightened in the specific context of potential remote depositions of foreign individuals who are not subject to the jurisdiction and authority of this Court or any U.S. court.

## ARGUMENT

### A. Depositions of Portugal-Based Deponents Cannot Be Conducted Remotely Under Portuguese Law.

At the outset, as to deponents Duarte Campos De Oliveira and Martin Campos de Oliveira, Defendants have failed to meet their threshold burden of establishing that remote depositions of these non-parties are permissible under the laws of Portugal, where the would-be deponents reside. Because it is in fact impermissible under Portuguese law to take such depositions, this Court cannot approve remote depositions of Duarte Campos De Oliveira and Martin Campos de Oliveira.

U.S. federal courts have consistently held that before a remote deposition can be commenced in a foreign country there must be a showing that such a deposition would be legal in that country. *See, e.g., Clarke v. Tnsg Health Co., Ltd*, No. CV-213463-FLA-JEM, 2022 WL 20689772, at *1 (C.D. Cal. Dec. 6, 2022) ("The Court cannot rule on the Motion [to take remote depositions] as to these three witnesses just yet because the parties have not addressed or demonstrated that a remote deposition in Macao would be legal, recognizing that under Rule 30(b)(4) a deposition takes place where the deponent answers the questions."); *see also BUERGOFOL GMBH, Plaintiff, v. OMEGA LINER COMPANY, INC., Defendant.*, No. 4:22-CV-

04112-KES, 2025 WL 2004308, at *6 (D.S.D. July 17, 2025) (noting that in determining whether to permit a remote deposition in a foreign country, "it should be determined at the outset if noticed depositions are legal under the laws of the particular foreign country") (*quoting Moore's Federal Practice* § 28.13[1] (3d ed. 2023)); *Lott v. United States*, No. C-07-3530 PJH (EMC), 2008 WL 2923437, at *2 (N.D. Cal. July 25, 2008) (similar); *Jacobs v. Floorco Enterprises, LLC*, No. 3:17-CV-90-RGJ-CHL, 2020 WL 1290607, at *15 (W.D. Ky. Mar. 18, 2020) (declining to permit a remote deposition where it appeared taking remote depositions was "unlawful" in the foreign country).  Here, Defendants have not attempted to establish that the noticed depositions of Duarte Campos De Oliveira and Martin Campos de Oliveira, which are to be taken remotely while the witnesses are located in Portugal, are permitted under Portuguese law.  They are not.  According to the U.S. State Department's Bureau of Consular Affairs, "The Portuguese Central Authority has informed the Hague Conference on Private International Law that depositions in Portugal of Portuguese and third-country nationals may occur ***only*** in a Portuguese court proceeding. The attorney in the United States seeking assistance should send a Letter of Request, in English and Portuguese (two copies of each), directly to the Portuguese Central Authority.  This procedure is completely under the control of the Portuguese judiciary."[2] (emphasis added).

       The noticed depositions of Duarte Campos De Oliveira and Martin Campos de Oliveira do not follow this procedure set forth by the Portuguese Central Authority, which is the "only" way to take such depositions in Portugal.  Therefore, because it is contrary to Portuguese law and procedures to take remote depositions of Duarte Campos De Oliveira and Martin Campos de

---

[2] *See* U.S. Department of State, *Portugal Judicial Assistance Information*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Portugal.html

Oliveira outside of an official Portuguese court proceeding, this Court cannot and should not grant leave for Defendants to take their remote depositions while they remain in Portugal.[3]

### B. Defendants Have Not Demonstrated Compliance With FRCP 28 and 30.

As to all of the would-be depositions, Defendants have also failed to demonstrate compliance with Federal Rules of Civil Procedure 28 and 30—or to present to the Court any plan for doing so.

Federal Rule of Civil Procedure 28 provides that as to depositions that are to take place in a foreign country on notice, such depositions must be taken "before a person authorized to administer oaths either by federal law or by the law of the place of examination…" Where the deponent is a foreign national, "[m]ost courts read Rules 28 and 30 together to require the officer administering the oath in a telephonic deposition to be physically present with the deponent rather than with the person conducting the deposition." *Kauffman v. Equifax Info. Servs., LLC*, No. CV 14-148-BLG-DLC, 2015 WL 6142888, at *2 (D. Mont. Oct. 16, 2015); *Menovcik v. BASF Corp.*, No. 09-12096, 2010 WL 4867408, at *5 (E.D. Mich. Nov. 23, 2010) ("Furthermore, the word 'before' in Rule 28(b)(1)(D) requires that the witness and the person who administers the oath be in the same place.") "This is particularly important because the person administering the oath must not only verify the deponent's identity, but also be authorized to administer oaths in the place where the deposition is held." *Kauffman,* 2015 WL 6142888, at *2; *Phye v. Till*, No. 06-1309-MLB, 2007 WL 2681106, *1 (D. Kan. Sept. 7, 2007) ("Case law on this issue, while not abundant, is clear. 'Rule 28(b) specifically requires that the witness testify 'before' an official, i.e., at the

---

[3] Notably, Defendants attached to their Motion conspicuously "unsworn" declarations from Duarte Campos De Oliveira and Martin Campos de Oliveira. This suggests some recognition—either on the part of opposing counsel or the non-party deponents themselves—that would-be witnesses in civil cases in Portugal cannot give sworn testimony outside of the context of a Portugal court proceeding.

5

same place as the official, and that the official be authorized to administer oaths where the examination is held.") (quoting *Loucas G. Matsas Salvage & Towing Maritime Co. v. M/T Cold Spring, et al.*, 1997 WL 102491, at *2 (E.D. La. Mar. 5, 1997).) Because the requirement that the witness be properly sworn to give truthful testimony is an important one, numerous federal courts—including in this Circuit—have required the party seeking a remote foreign deposition to demonstrate a plan for compliance with this requirement ***before*** approval will be given for the deposition to proceed. *See, e.g.*, *Enguita v. Neoplan USA Corp.*, No. CV B-04-121, 2005 WL 8164880, at *3 (S.D. Tex. May 25, 2005) (noting the requirement that the deponent must be "sworn by an individual who is authorized to administer oaths in the country where the deposed party will be during the deposition," and requiring the plaintiff to "provide the Court a proposal demonstrating compliance with Rule 28(b) prior to the deposition"); *Tile Unlimited, Inc. v. Blanke Corp.*, No. 10 C 8031, 2013 WL 1668194, at *2 (N.D. Ill. Apr. 17, 2013) (denying request to take a foreign deposition by remote means where the party seeking the deposition did not plan to have an appropriate officer present with the deponent because "there is [no] authority or justification to dispense with the requirement of an appropriate officer present personally to administer the oath to [the deponent] in Germany"); *Menovcik*, 2010 WL 4867408, at *5 (E.D. Mich. Nov. 23, 2010) (denying without prejudice a motion for leave to take a remote deposition "[b]ecause [Defendant] has made no apparent effort to comply with the procedural requirements of Rules 28 and 30").

Defendants' Motion does not indicate that they have given any consideration to this important requirement, and the rote notices that Defendants provided (*see* Mot. at Ex. A) do not provide any relevant information.[4]  Accordingly, at a minimum, the Motion should be denied

---

[4] Defendants state in their Motion that they presume the witnesses will verify their identities by bringing identification and "sharing it on the Zoom screen," which they say is "the exact same procedure used to verify a domestic witness's identity in remote depositions occurring every day."

6

unless and until Defendants provide to Plaintiff and the Court a plan to ensure compliance with the requirements of Rule 28.

**C.     Conducting These Foreign Depositions Remotely Would be Problematic and Prejudicial for Multiple Reasons.**

Even putting aside the procedural infirmities that doom Defendants' Motion, the request to take these depositions by remote means should be rejected. It is well-established that district courts have broad discretion over the handling of discovery issues, including whether a deposition should be taken in person or by remote means. *United States v. Balega*, No. 19-CV-2959 (JRT/LIB), 2022 WL 20100634, at *2 (D. Minn. Mar. 10, 2022) (internal citations omitted); *see also Resolution Trust Corp. v. Worldwide Ins. Management Corp.,* 147 F.R.D. 125, 127 (N.D. Tex. 1992). To that end, Plaintiff notes that Defendants' Motion does not cite a single case where a remote deposition of a foreign non-party deponent was ordered over the objection of a party.

Here, the only justification Defendants give as to why these depositions ought to be conducted by remote means is that it would be expensive and difficult for the witnesses to travel to the United States. (Mot. at 4.) But nobody is demanding that these witnesses travel to and appear in the U.S. to give testimony, nor would the Federal Rules allow either party to compel them to do so. The alternative to a remote deposition is not that the witnesses travel to the United States for the deposition, but rather that ***the parties' counsel*** travel to the witnesses and take in-person depositions where the witnesses are located, in compliance with the laws and procedures of the witness's locale.

If these depositions are going to take place, that is what should occur, for numerous reasons. For one, the probative value of these witness' testimony is minimal at best. Defendants' Motion

---

(Mot. at 4.) This appears to confirm that Defendants are ignorant of the requirement that in the context of foreign depositions, an appropriate officer must be physically present with the witness to confirm their identity and administer an oath.

7

suggests that the witnesses are going to testify that they purchased CryptoZoo related cryptocurrency and lost money when the market value of the tokens diminished. But the parties do not dispute that the CryptoZoo project was unsuccessful or that Zoo Tokens became essentially valueless when the project failed. The relevant issue in this defamation case is whether the project failed because Plaintiff set out to intentionally "scam" and defraud people[5]—a fact question on which these witnesses have nothing to offer. If Defendants truly believe that these depositions have legitimate probative value, then they should be willing to incur the expense—relatively small, in the grand scheme of the litigation—of traveling to take the depositions in person. The fact that they apparently are not willing to do so, and are seeking to shortcut the requirements for international depositions, speaks to the minimal relevance of these witnesses.

Moreover, as discussed above in the context of the requirements of Federal Rule of Civil Procedure 28(b), Plaintiff has legitimate concerns that the identities and testimony of these witnesses cannot be verified to a sufficient degree, particularly in a remote setting. If the witnesses do not testify truthfully or are not fully forthcoming and cooperative, Plaintiff will have little to no recourse as this Court does not have jurisdiction over the witnesses or a means to compel compliance. Doing foreign depositions remotely by notice also gives Plaintiff no opportunity to obtain documents that may be relevant to the witness's testimony, which might at least be a possibility if proper Hague Convention and/or commission procedures were followed.[6]

## **CONCLUSION**

---

[5] *See* Order Adopting Report and Recommendation (May 22, 2015) at 2 [Dkt. 106].

[6] As Defendants note, Plaintiff has agreed to the remote depositions of numerous U.S.-based non-party deponents in this case. But this just underscores that Plaintiff's opposition here is not capricious or based on some hostility to taking depositions by remote means. Rather, it illustrates the other concerns and factors at play when the would-be deponent is a foreign national residing in another country.

In sum, Defendants cite no exigent circumstances necessitating that these depositions take place remotely rather than in person. The only basis for their request seems to be that remote depositions would be more convenient for Defendants' counsel. And while remote depositions certainly are more convenient, convenience cannot be a substitute for assuring that any testimony taken and admitted in this proceeding is reliable and given in a context where consequences exist if the witness is untruthful or uncooperative.

For the above-mentioned reasons, this Court should deny Defendants' Motion.

July 30, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on July 30, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

.

                   /s *Andrew C. Phillips*