IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>        *Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>        *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT FINDEISEN TO FULLY RESPOND TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR ADMISSIONS**

Pursuant to Federal Rules of Civil Procedure 37(a)(3)(B) and 36(a)(6), Plaintiff Logan Paul moves this Court for an order compelling Defendant Stephen Findeisen to respond fully to Plaintiff's Third Set of Interrogatories and Plaintiff's First Set of Requests for Admission. As set forth herein, Findeisen repeatedly lodged meritless objections to these discovery requests and refused to respond to them separately and fully as the Rules require. Pursuant to Federal Rule of Civil Procedure 37(a)(5), Paul also requests that Findeisen or his counsel be ordered to pay Paul's reasonable expenses, including attorneys' fees, incurred in making this Motion.

**BACKGROUND**

Paul filed this libel action after Defendants Stephen Findeisen (a/k/a Coffeezilla) and Coffee Break Productions, LLC repeatedly accused him of perpetrating a financial scam in connection with a troubled blockchain project called CryptoZoo. (Compl. at 1, Dkt. 1.) In YouTube videos and Twitter posts, Defendants charged that Paul had scammed and swindled his own fans in connection with the project. In actuality, and as Defendants knew, Paul had been

1

enthusiastic and deeply committed to the project's success. (*Id.* ¶¶ 2, 8, 56, 57, 100, 141, 155.) Although the venture was ultimately unsuccessful—due largely to incompetence and worse by those that Paul entrusted with the project's technical aspects—Paul never made a dime from it. (*Id.* ¶¶ 56, 150.) In fact, he lost hundreds of thousands of dollars trying to build it, and over a million dollars more when he voluntarily chose to commit his personal funds to a "buyback" program to make whole the purchasers of CryptoZoo NFTs. (*Id.* ¶¶ 56, 150.)

On February 17, 2025, Defendants filed a Motion for Judgment on the Pleadings (Dkt. 41), arguing that their repeated accusations that Paul engaged in a "scam" with respect to CryptoZoo constituted non-actionable opinion. After Magistrate Judge Bemporad issued a Report and Recommendation (Dkt. 74) recommending that the Motion for Judgment on the Pleadings be denied, the Court issued its May 22, 2025 Order that adopted the Report and Recommendation (Dkt. 106). The May 22 Order held that Defendants' statements were not protected as pure opinion. In particular, the Court held that "[s]tatements by a specialized investigative journalist that the organizer of a financial venture perpetrated a scam on his investors—*i.e.*, that he defrauded his investors—are susceptible of objective verification." (*Id*. at 2.)

On June 9, 2025, Paul served Findeisen with his Third Set of Interrogatories (attached hereto as Ex. A) and his First Set of Requests for Admission (Ex. B). After Paul granted a request from Findeisen for additional time to respond to these discovery requests, Findeisen served his Responses and Objections to Plaintiff's Third Set of Interrogatories (Ex. C) and his Responses and Objections to Plaintiff's First Set of Requests for Admission (Ex. D) on July 15, 2025. Findeisen's responses consisted largely of boilerplate objections and incomplete responses to Paul's discovery requests.

On July 23, 2025, Paul's counsel sent a letter to counsel for Findeisen addressing the objections and responses to five of Paul's interrogatories and one of Paul's requests for admission. (July 23, 2025 Ltr. A. Phillips to C. Small & J. Davis (Ex. E)). The correspondence explained in detail why Findeisen's objections to those discovery requests lacked merit and why his outright refusal to respond to certain requests, and his failure to provide a full and complete response to others, was unjustified. Paul requested that Findeisen confirm by Friday, July 25, that he would agree to supplement those deficient responses. Counsel for Findeisen never responded to Paul's July 23, 2025 letter.

## **LEGAL STANDARD**

In general, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 33, an interrogatory may relate to any matter that can be inquired into under Rule 26(b), and "an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact…" Fed. R. Civ. P. 33(a)(2). Interrogatories must be answered "separately and fully in writing under oath," and any objection to an interrogatory must "be stated with specificity." Fed. R. Civ. P. 33(b)(3), (4). Rule 37 authorizes a district court to compel a party to respond to an interrogatory where it fails to do so, and "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3), (4).

Rule 36 authorizes a party to serve on any other party a written request to admit the truth of any matters within Rule 26(b)(1)'s broad scope of discoverable matter. Fed. R. Civ. P. 36(a)(1). A party may file a motion requesting the Court to determine the sufficiency of an answer or objection, and if the Court finds that an objection is not justified, "it must order that an answer be served." Fed. R. Civ. P. 36(a)(6).

## ARGUMENT

Findeisen's responses to five of Paul's recent interrogatories, and one of Paul's recent requests for admission, fall far short of Findeisen's obligation to provide full responses that fairly address the substance of the requests. *See* Fed. R. Civ. P. 33(b), 36(a)(4). As set forth below, each of the requests in dispute seeks information that is well within the permissible scope of discovery, and Findeisen had no legitimate basis to refuse to provide a meaningful response. Accordingly, Findeisen should be ordered to promptly supplement his responses to Plaintiff's Interrogatories Nos. 12, 16, 18, 20, and 21, and Plaintiff's Request for Admission No. 18. *See Siragusa v. Arnold*, No. 3:12-CV-4497-M, 2014 WL 12577512, at *2 (N.D. Tex. Sept. 23, 2014) (granting a motion to compel supplemental interrogatory responses where the responses were "incomplete" and "speak only in generalities"); *Redus v. Univ. of Incarnate Word*, No. SA-14-CA-509-DAE, 2014 WL 12815471, at *11 (W.D. Tex. Oct. 17, 2014) (Ordering plaintiffs to supplement their responses to interrogatories with "complete, non-evasive responses" and noting that plaintiffs did not provide "an answer that responds to the specific question asked").

**Interrogatory No. 12: Do you contend that Plaintiff defrauded anyone in connection with CryptoZoo? If your answer is anything other than an unqualified "no," please state who or what class of people you contend were defrauded and explain the factual basis for that contention.**

Findeisen objected to this Interrogatory on the grounds that "defrauded" is a legal term and that the request therefore "calls for a legal conclusion and/or improper legal opinion." (Ex. C at 4.) He further objected that the Interrogatory is "overly broad and outside the scope of discovery because there are no fraud claims at issue in this case and Plaintiff is not suing on any statements made by Defendants that Plaintiff defrauded anyone." (*Id.*) Findeisen's response then completely failed to respond to the substance of the Interrogatory.

4

These objections are not tenable. As noted above, in rejecting Defendants' Motion for Judgment on the Pleadings, this Court held that, in context and in sum and substance, Defendants' repeated accusations that CryptoZoo was a "scam" ***did*** factually assert that Paul "defrauded" CryptoZoo participants. (Order at 2 (May 22, 2025) (Dkt. 106).) This Interrogatory thus properly asks Findeisen to state whether, as a factual matter, he contended that Paul defrauded anyone in connection with CryptoZoo, and if so, to state the basis for that contention. Findeisen's objections that the Interrogatory calls for him to interpret a legal term or give a legal opinion are likewise meritless, as "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact…" *See* Fed. R. Civ. P. 33(a)(2).

**Interrogatory No. 16: State your definition and understanding of the meaning of the term "scam" as you used it in the publications that are the subject of the First, Second, and Third Claims for Relief in Plaintiff's Complaint.**

Findeisen objected to this Interrogatory on the grounds that it calls for a "legal opinion" and/or asks him to "construe a legal term of art," and on the grounds that it "seeks information irrelevant to the claims and defenses and not proportional to the needs of the case." (Ex. C at 5.)

Findeisen's objection that this Interrogatory seeks "irrelevant" information is plainly not in good faith. Under Rule 26, "[r]elevance is broadly construed" "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Energy Vault, Inc. v. United Standard Elec., LLC*, No. 23-cv-00047-DC-DF, 2024 WL 4328775, at *3 (W.D. Tex. Aug. 21, 2024). So to be relevant "under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative value or force." *Id.*

5

The Interrogatory asks Findeisen to state his definition of the key phrase he used in his defamatory statements about Paul—statements the Court has already held are capable of objective verification and that are obviously relevant to Paul's claims. (May 22, 2025 Order (Dkt. 106 at 2.) As the Court noted in the same opinion, Findeisen markets himself as an expert in identifying and exposing "scams," making it incongruous that he now claims to be unable to ascribe any meaning to the term. (*See id*.) His remaining objections that the Interrogatory would require him to render an opinion or a legal conclusion are likewise untenable. *See* Fed. R. Civ. P. 33(a)(2).

**Interrogatory No. 18: If you maintained group messages or email chains with an editorial team for the purpose of discussing potential edits to your published YouTube videos concerning CryptoZoo, identify (i) each participant in those communications; (2) the dates of those communications; and (3) if applicable, where those communications are reflected on your privilege log.**

Findeisen objected that this Interrogatory seeks privileged information, and his response simply refers Paul to his privilege log generally instead of identifying with specificity where the relevant communications are in his privilege log. He therefore did not substantively respond to the Interrogatory at all.

Findeisen's communications with his editorial team about the content of the defamatory publications at issue are obviously relevant to this case, but this Interrogatory does not even request that Findeisen reveal their substance. This Interrogatory seeks no information that is even arguably "privileged." *See Randelman v. La. Sugar Refining, LLC*, No. 17-3532, 2018 WL 1693004, at *3 (E.D. La. Apr. 6, 2018) ("The mere identity of witnesses from whom statements have been obtained is not protected from discovery; only the statements themselves may be.") (emphasis in

6

original).  And contrary to Findeisen's response, Defendants' wholly inadequate privilege log does not provide the information requested in this Interrogatory.

**Interrogatory No. 20:  Identify your most recent direct contact with the federal government about Plaintiff, including (i) the date, (ii) what prompted the communication, (iii) the medium (i.e., phone call, text, email, etc.), (iv) who you spoke to or communicated with, and (v) the subject matter of that communication.**

Findeisen responded to this Interrogatory by stating only that to the best of his recollection, he "had a phone call with an FBI agent in early 2025," and that "[b]ased on the phone call," he "believes that there are still pending government investigation(s) into Plaintiff."  Findeisen otherwise objects that the Interrogatory is overly broad and irrelevant "because there are no claims in this case which involve statements made by Defendant to the federal government."  These deeply disingenuous objections ignore the fact that Defendants have attempted to weaponize the alleged pendency of government investigations into Paul—both as part of their defense strategy (i.e., in order to validate and "white-knight" Findeisen's accusations that Paul operated CryptoZoo as a scam) *and* in claiming (falsely and without any basis) that Paul brought this case as pretext for obtaining discovery relating to those investigations. (Defendants' Motion to Transfer and Stay, at 1-5 (Dkt. 101) (describing government investigations into Paul and commenting on Findeisen's dialogue with these agencies about their investigations).)

With that context, Findeisen's objections are meritless, and he has not met his obligation to "fully" respond to this Interrogatory.  Fed. R. Civ. P. 33.  In particular, he purports to state what his one-sided "takeaway" was from this conversation, without providing the requested context and subject matter that supposedly informed that belief.  Findeisen's response to this Interrogatory was not made in good faith and he should be ordered to respond fully.  *See, e.g.*, *Redus v. Univ. of*

7

*Incarnate Word*, No. SA-14-CA-509-DAE, 2014 WL 12815471, at *11 (W.D. Tex. Oct. 17, 2014) (ordering party to supplement their responses to interrogatories with "complete, non-evasive responses" and noting that they did not provide "an answer that responds to the specific question asked").

**Interrogatory No. 21**:  **Explain how you decided on the title to each of your YouTube videos concerning CryptoZoo, and in doing so identify anyone else involved in the decision making process and any other titles you considered but did not ultimately use.**

Findeisen objected on the grounds that this Interrogatory seeks "privileged information" and "information irrelevant to the claims and defenses" in the case.  (Ex. C at 7.)

These objections are meritless and nonsensical.  Findeisen has published seven YouTube videos about CryptoZoo, four of which use the phrase "scam" in the title.[1]  His June 30, 2023 video, titled, "Logan Paul's Scam Isn't Over," *is the subject of Count Two of Paul's Complaint*, with the title itself alleged to be defamatory.  (*See* Dkt. 1 ¶¶ 174-184.)  Thus, this Interrogatory asks Findeisen to state and explain how he came to utilize and publish a particular phrase alleged to be defamatory in this case, and to identify others involved in that decisionmaking.  The information sought is highly relevant—indeed, it goes directly to the heart of the matter—and it cannot be obtained from any source other than Findeisen.

**Request for Admission No. 18**:  **Admit that you did not inform Jeffrey Levin that you were recording your telephone call with him that you featured in your December 16, 2022 YouTube video, "Investigating Logan Paul's Biggest Scam."**

---

[1] Coffeezilla, Investigating CryptoZoo, https://www.youtube.com/playlist?list=PL4qw3AkxFDSNYGZAS84sPlQn20Ezcx8Ks.

Findeisen objected that this Request is overly broad and seeks irrelevant information, because the December 16, 2022 YouTube video "is not a basis for any of Plaintiff's defamation claims, and neither are any statements made to Jeffrey Levin…." (Ex. D at 6.)

As Paul has demonstrated, the scope of relevant discovery is not limited to seeking information about the particular defamatory statements at issue. *See* Fed. R. Civ. P. 26(b)(1). The December 16, 2022 YouTube video in question is one of multiple videos that Findeisen published accusing Paul of operating a "scam," and the Complaint alleges that this was part of a months-long plan to smear Paul and to profit off of doing so. (*See* Dkt. 1 ¶¶ 65-97, 128-146.) Findeisen's reporting on the CryptoZoo project is very much at issue in this case, and if Findeisen engaged in subterfuge or illegal conduct in his efforts to target Paul—the "Jeffrey Levin" referred to is Paul's manager— then that fact is plainly relevant to the fault element of Paul's claims. *See, e.g.*, *Eramo v. Rolling Stone, LLC*, 209 F. Supp. 3d 862, 872 (W.D. Va. 2016) (noting that in defamation cases, federal courts consider evidence of a "departure from journalistic standards" to be supportive of a finding of actual malice).

## CONCLUSION

The Court should enter an order compelling Findeisen to promptly respond to the discovery requests listed above, and requiring Findeisen to pay Paul's expenses and legal fees incurred in connection with this Motion.

August 1, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

**CERTIFICATE OF CONFERENCE**

As set forth herein, I hereby certify that I made good faith efforts to meet and confer with counsel for Findeisen regarding the relief sought in this Motion, including sending a detailed letter explaining why Plaintiff believed Findeisen's discovery responses were improper. Counsel for Findeisen never acknowledged or responded to that letter.

/s *Andrew C. Phillips*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 1, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

.

/s *Andrew C. Phillips*