# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

# SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>                            *Plaintiff*,<br>   v.<br><br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>                            *Defendants*. | Civil Case No. 5:24-cv-00717-OLG |

## PLAINTIFF LOGAN PAUL'S THIRD SET OF INTERROGATORIES TO DEFENDANT STEPHEN FINDEISEN

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff hereby submits his Third Set of Interrogatories to Defendant Stephen Findeisen.  In accordance with Rule 33, Defendant is directed to provide written responses and any objections to these Interrogatories within thirty (30) days of service.  These Interrogatories shall be read, interpreted, and responded to in accordance with the definitions and instructions set forth below.  Each Interrogatory must, to the extent it is not being objected to, be answered separately and fully in writing and signed under oath pursuant to Rule CV-33 of the Local Court Rules for the Western District of Texas.

## DEFINITIONS

1. "Mr. Findeisen," "you," and "your" mean Stephen Findeisen, Defendant in the above-captioned action, and any present or former agents, representatives, attorneys, and any person acting or purporting to act on your behalf.

2. "Mr. Paul" and "Plaintiff" mean Logan Paul, Plaintiff in the above-captioned action.

3. "Legal proceeding" should be interpreted to include any legal claim or cause of action asserted in a formal proceeding. The term is not limited to publicly-filed court cases and should be interpreted to also include claims brought in arbitration or an administrative forum.

4. "Document" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

5. "Communication" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

6. "Identify" with respect to persons is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

7. "Identify" with respect to Documents is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

8. The term "concerning" is defined as set forth in Rule CV-26 of the Local Court Rules for the Western District of Texas.

9. The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter concerning which information is requested.

## INSTRUCTIONS

1. To bring within the scope of these Interrogatories all information that might otherwise be construed to be outside their scope, the following rules of construction apply: (a) the singular shall include the plural and vice versa; (b) the masculine, feminine, or neuter pronoun shall not exclude other genders; (c) the connectives "and" and "or" shall be read either

disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production all responses that might otherwise be construed to be outside their scope; (d) the terms "any," "all," or "each" shall be read to mean including without limitation; (f) the present tense shall be construed to include the past tense and vice versa; and (g) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

2. You must answer each Interrogatory fully, completely, in writing, and under oath. Your responses shall include all information known to you or otherwise in your possession, custody, or control, regardless of location, including in the possession, custody, or control of any current or former attorneys, consultants, experts, agents, or editors.

3. If you object to any part of an Interrogatory, you must set forth your basis for the objection and respond to all parts of the Interrogatory to which you do not object.

4. If, in the course of responding to these Interrogatories, you encounter any ambiguity in the Interrogatories, in a definition, or in an instruction relevant to the Interrogatories, explain what you find to be ambiguous and what construction you used in providing your answer.

5. If you object to any Interrogatory on the grounds that responding is unduly burdensome, you must describe and explain the nature of the undue burden.

6. If any information called for by any Interrogatory is withheld because you claim that such information is protected from discovery by the attorney-client privilege, the work product doctrine, or by any other privilege or protection from disclosure, provide a description of the basis of the claimed privilege and all information for the Court and Plaintiff to assess the claim of privilege in accordance with applicable federal and local rules, including: (a) applicable subject matter; (b) the applicable date; and (c) the identity of any Person or Persons who authored, made,

received, or otherwise learned of the communication or information.

7. These Interrogatories are continuing in nature, up to and during the course of trial. In the event that you obtain additional information that is responsive to these Interrogatories, you shall promptly supplement your response to each such Interrogatory.

8. No paragraph of these Interrogatories shall be construed with reference to any other paragraph for purpose of limitation.

# INTERROGATORIES

**INTERROGATORY NO. 12:**

Do you contend that Plaintiff defrauded anyone in connection with CryptoZoo? If your answer is anything other than an unqualified "no," please state who or what class of people you contend were defrauded and explain the factual basis for that contention.

**INTERROGATORY NO. 13:**

Explain why in your October 23, 2022 "whistleblower report" to the federal government (D 004034-44) you did not mention that you were unaware of any evidence suggesting that Plaintiff ever sold any Zoo Tokens.

**INTERROGATORY NO. 14:**

Explain why in your October 23, 2022 "whistleblower report" to the federal government (D 004034-44) you did not (i) identify Eddie Ibanez or Jake Greenbaum by name or (ii) include allegations about their individual wrongdoing with respect to CryptoZoo.

**INTERROGATORY NO. 15:**

Explain the reason(s) that you did not provide the federal government with the blockchain analysis produced as D 004080-98 until you received a formal request for this information from the federal government in February 2023.

**INTERROGATORY NO. 16:**

State your definition and understanding of the meaning of the term "scam" as you used it in the publications that are the subject of the First, Second, and Third Claims for Relief in Plaintiff's Complaint.

**INTERROGATORY NO. 17:**

Identify any instances in your published YouTube content where you identified a participant in a

business venture as a "scammer," or as having engaged in a "scam," where you were not aware of any evidence that the individual profited from the underlying "scam."

**INTERROGATORY NO. 18:**

If you maintained group messages or email chains with an editorial team for the purpose of discussing potential edits to your published YouTube videos concerning CryptoZoo, identify (i) each participant in those communications; (2) the dates of those communications; and (3) if applicable, where those communications are reflected on your privilege log.

**INTERROGATORY NO. 19:**

Identify the date of your recorded telephone call with Jeffrey Levin that is reflected in the December 16, 2022 YouTube video, "Investigating Logan Paul's Biggest Scam."

**INTERROGATORY NO. 20:**

Identify your most recent direct contact with the federal government about Plaintiff, including (i) the date, (ii) what prompted the communication, (iii) the medium (i.e., phone call, text, email, etc.), (iv) who you spoke to or communicated with, and (v) the subject matter of that communication.

**INTERROGATORY NO. 21:**

Explain how you decided on the title to each of your YouTube videos concerning CryptoZoo, and in doing so identify anyone else involved in the decision making process and any other titles you considered but did not ultimately use.

**INTERROGATORY NO. 22:**

State the date(s) of any telephone conversations that you had with Logan Paul concerning CryptoZoo, and for each, explain with as much specificity as possible your recollection of the substantive content of those conversations.

**INTERROGATORY NO. 23:**

If you contend that certain parts of the CryptoZoo game were never developed and implemented, identify which portions (e.g., hatching, breeding, marketplace, yield, etc.) and the basis for that contention.

**INTERROGATORY NO. 24:**

Explain your method of converting token amounts to US Dollars for purposes of calculating Plaintiff's supposed profits in the tabs of D 004292.

**INTERROGATORY NO. 25:**

Identify any instances in which you contacted the federal government about potential wrongdoing by Plaintiff prior to your "whistleblower report" in October 2022, including (i) the date, (ii) who (or which agency) you contacted, (iii) the medium used to make contact (e.g., phone call, email, mail, etc.) and (iv) the subject matter and nature of the wrongdoing you alleged.

| | |
|---|---|
| June 9, 2025 | /s *Andrew C. Phillips* <br> Andrew C. Phillips (*Pro Hac Vice*) <br> Shannon B. Timmann (*Pro Hac Vice*) <br> MEIER WATKINS PHILLIPS PUSCH LLP <br> 919 18th Street NW, Suite 650 <br> Washington, DC 20006 <br> (202) 318-3655 <br> Email: andy.phillips@mwpp.com <br> Email: shannon.timmann@mwpp.com <br> <br> Jeffrey A. Neiman (*Pro Hac Vice*) <br> Jason L. Mays (*Pro Hac Vice*) <br> MARCUS NEIMAN RASHBAUM & PINEIRO LLP <br> 100 SE 3rd Ave., Suite 805 <br> Ft. Lauderdale, Florida 33394 <br> Email: jneiman@mnrlawfirm.com <br> Email: jmays@mnrlawfirm.com <br> <br> Ricardo G. Cedillo (Texas Bar No. 04043600) <br> DAVIS, CEDILLO & MENDOZA, INC. <br> 755 E. Mulberry Ave., Ste. 250 <br> San Antonio, TX 78212 <br> (210) 822-6666 <br> Email: rcedillo@lawdcm.com <br> <br> *Counsel for Plaintiff Logan Paul* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of Plaintiff's Third Set of Interrogatories to Defendant Stephen Findeisen in the above-captioned matter was served on the below counsel of record on June 9, 2025 at the email addresses below:

**Counsel for Defendants:**

Jason M. Davis
Email: jdavis@dslawpc.com

Caroline Newman Small
Email: csmall@dslawpc.com

Rachel Garza
Email: rgarza@dslawpc.com


Dated: June 9, 2025                                      By: */s/ Andrew C. Phillips*
                                                                              Andrew C. Phillips