# EXHIBIT E



Andy Phillips
andy.phillips@mwpp.com
847-951-7093

July 23, 2025

**Via Email**

Caroline Newman Small
Jason Davis
Davis Santos Law PC
csmall@dslawpc.com
jdavis@dslawpc.com

> Re:  *Paul v. Findeisen & Coffee Break Productions, LLC,*
> *No. 5:24-cv-00717-OLG*

Dear Caroline and Jason:

I write regarding Defendant Stephen Findeisen's Objections and Responses to Plaintiff's Third Set of Interrogatories and his Responses and Objections to Plaintiff's First Set of Requests for Admissions.  Mr. Findeisen's responses are replete with meritless objections and flat refusals to respond to plainly relevant inquiries.  They need to be immediately supplemented or Plaintiff will have no choice but to ask the Court to compel Mr. Findeisen to do so.

<u>Interrogatory No. 12</u>

This Interrogatory asks if Mr. Findeisen contends that Plaintiff defrauded anyone in connection with CryptoZoo.  That is a simple "yes" or "no" question, but Mr. Findeisen refused to answer it.  Instead, Mr. Findeisen objected that the Interrogatory calls for a "legal opinion" and claimed the Interrogatory is "outside the scope of discovery" because "there are no fraud claims at issue in this case and Plaintiff is not suing on any statements made by Defendants that Plaintiff defrauded anyone."

These objections cannot be squared with the Court's May 22, 2025 Order Adopting Report and Recommendation [Dkt. 106], in which the Court denied Defendant's Motion for Judgment on the Pleadings.  The Court held that in the context in which they were made, Mr. Findeisen's statements that CryptoZoo was a "scam" were

indeed an accusation of fraud. Specifically, the Court stated: "Statements by a specialized investigative journalist that the organizer of a financial venture perpetrated a scam on his investors—i.e., *that he defrauded his investors*—are susceptible of objective verification." (Order at 2 (emphasis added).) Thus, the Court has held that Mr. Findeisen's statements did accuse Plaintiff of fraud, and that they were factual statements capable of objective verification. There is therefore no basis for Mr. Findeisen to refuse to state whether he contends that Plaintiff defrauded anyone in connection with CryptoZoo, and if so, to state the basis for that contention.

<u>Interrogatory No. 16</u>

This Interrogatory asks Mr. Findeisen to provide his definition and understanding of the term "scam" as he used it in each of the defamatory statements at issue in this case. Mr. Findeisen objected that the Interrogatory asks him to define a "legal term of art" and, incredibly, claimed that the Interrogatory "seeks information irrelevant to the claims and defenses and not proportional to the needs of this case." He refused to provide any substantive response.

Again, the Court has already held that Mr. Findeisen's "scam" accusations are statements of fact capable of objective verification. Fundamentally, this Interrogatory asks Mr. Findeisen to state what he believes he was factually conveying to his audience when he repeatedly accused Plaintiff of perpetrating a scam. Particularly considering that Mr. Findeisen claims to be an expert in identifying and exposing scams—which the Court also noted in its ruling on the Motion for Judgment on the Pleadings—it is farcical for Mr. Findeisen to now contend that he is incapable of even providing a definition of the term as he understands it.

<u>Interrogatory No. 18</u>

This Interrogatory asks Mr. Findeisen to identify group messages or email chains with his "editorial team," along with the participants in those communications, the subject matter(s) of those communications, and where, if at all, those communications appear on Defendants' privilege log. Mr. Findeisen objected that this Interrogatory seeks privileged information, and his response simply refers Plaintiff to his privilege log.

Mr. Findeisen's communications with his editorial team about the content of the defamatory publications at issue are obviously relevant to this case. Contrary to Mr. Findeisen's response, Defendants' privilege log reveals none of the information sought by this Interrogatory. Mr. Findeisen's response is not only inadequate, but it underscores the inadequacy of Defendants' privilege log. If Mr. Findeisen persists in this position,

Plaintiff will have no choice but to seek to compel production of the underlying communications themselves.

Interrogatory No. 20

This Interrogatory asks Mr. Findeisen to identify his most recent contact with the federal government regarding Plaintiff, and to describe that communication. Mr. Findeisen's response alludes to a "phone call with an FBI agent in early 2025," and claims that "based on the phone call … [Mr. Findeisen] believes that are still pending government investigation(s) into Plaintiff." This response is insufficient. It fails to state who Mr. Findeisen spoke with or to describe the communication; indeed, it fails to even state what discussion led Mr. Findeisen to have his supposed "belief."

Interrogatory No. 21

This Interrogatory asks Mr. Findeisen to explain how he decided upon the title of each of the YouTube videos of his videos concerning CryptoZoo, and to identify others involved in those decisions. Mr. Findeisen objected on the grounds that this Interrogatory seeks "irrelevant information" and constitutes a "fishing expedition."

Each of the video titles at issue accuses Mr. Paul of engaging in a "scam," and two of them specifically are statements (both the content and titles of the videos) that are directly at issue in this case. Thus, in essence, the Interrogatory asks Mr. Findeisen to describe how he decided upon the language of the defamatory statements that he made about Plaintiff. That is obviously not irrelevant, nor is it a fishing expedition.

RFA No. 18

Finally, Mr. Findeisen's response to Request for Admission No. 18 is also inadequate. This RFA asks Mr. Findeisen to admit that he did not inform Jeffrey Levin that Mr. Findeisen recorded their telephone call that was featured in Defendants' December 16, 2022 YouTube video. Mr. Findeisen refused to respond and objected that the RFA seeks irrelevant information because the telephone call is not the basis of any of the defamation claims in this case.

This objection is meritless. The permissible scope of discovery is far broader than inquiring solely about the statements that are at issue in this case. The call at issue took place in the context of Mr. Findeisen's "reporting" on Plaintiff and CryptoZoo, and Mr. Findeisen's reporting tactics and his intent are very much at issue.

      This letter is an attempt to meet and confer on these issues. Plaintiff requests that Mr. Findeisen promptly supplement his responses to fully and substantively respond to the above-referenced requests. Please confirm that Mr. Findeisen will do so by no later than Friday, July 25, 2025.

      Sincerely,

      Andy Phillips