# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **LOGAN PAUL,**<br><br>*Plaintiff*,<br><br>v.<br><br>**STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS, LLC d/b/a COFFEEZILLA**<br><br>*Defendants*, | Civil Action No.: 5:24-cv-00717 |

## DEFENDANT STEPHEN FINDEISEN'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

TO: Plaintiff Logan Paul, by and through his attorneys of record, Andrew C. Phillips and Shannon B. Timmann; MEIER WATKINS PHILLIPS PUSCH, LLP, 919 18th Street NW, Suite 650, Washington, DC 20006, Jeffrey A. Neiman and Jason L. Mays; MARCUS NEIMAN RASHBAUM & PINEIRO, LLP, 100 SE 3rd Ave., Suite 805, Ft. Lauderdale, Florida 33394, and Ricardo G. Cedillo; DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Suite 250, San Antonio, Texas 78212

Pursuant to Federal Rule of Civil Procedure 26 and 33, Defendant Stephen Findeisen serves these Responses and Objections to Plaintiff's Third Set of Interrogatories.

Dated: July 15, 2025.

2

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By:   */s/ Rachel Garza*
     Jason M. Davis
     Texas State Bar No. 00793592
     E-mail: jdavis@dslawpc.com
     Caroline Newman Small
     Texas State Bar No. 24056037
     E-mail: csmall@dslawpc.com
     Rachel Garza
     Texas State Bar No. 24125240
     E-mail: rgarza@dslawpc.com
     719 S. Flores Street
     San Antonio, Texas 78204
     Tel: (210) 853-5882
     Fax: (210) 200-8395

***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025, the foregoing document was served on all counsel of record as follows:

| | | |
|---|---|---|
| Andrew C. Phillips (*Pro Hac Vice*) | _____ | U.S. Mail |
| Shannon B. Timmann (*Pro Hac Vice*) | _____ | CMRRR |
| MEIER WATKINS PHILLIPS PUSCH LLP | _____ | Facsimile |
| 919 18th Street NW, Suite 650 | __X__ | E-mail |
| Washington, DC 20006 | _____ | E-file |
| Email: andy.phillips@mwpp.com | | |
| Email: shannon.timmann@mwpp.com | | |
| | | |
| Jeffrey A. Neiman (*Pro Hac Vice*) | _____ | U.S. Mail |
| Jason L. Mays (*Pro Hac Vice*) | _____ | CMRRR |
| MARCUS NEIMAN RASHBAUM & PINEIRO LLP | _____ | Facsimile |
| 100 SE 3rd Ave., Suite 805 | __X__ | E-mail |
| Ft. Lauderdale, Florida 33394 | _____ | E-file |
| Email: jneiman@mnrlawfirm.com | | |
| Email: jmays@mnrlawfirm.com | | |
| | | |
| Ricardo G. Cedillo | _____ | U.S. Mail |
| DAVIS, CEDILLO, MENDOZA, INC. | _____ | CMRRR |
| 755 E. Mulberry Ave, Ste. 250 | _____ | Facsimile |
| San Antonio, TX 78212 | __X__ | E-mail |
| Email: rcedillo@lawdcm.com | _____ | E-file |

***Attorneys for Plaintiff Logan Paul***

                                            */s/Rachel Garza*
                                            Rachel Garza

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 12:** Do you contend that Plaintiff defrauded anyone in connection with CryptoZoo? If your answer is anything other than an unqualified "no," please state who or what class of people you contend were defrauded and explain the factual basis for that contention.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that the term "defrauded" is a legal term and therefore calls for a legal conclusion and/or improper legal opinion. Responding Party further objects to this interrogatory as overly broad and outside the scope of the discovery because there are no fraud claims at issue in this case and Plaintiff is not suing on any statements made by Defendants that Plaintiff defrauded anyone.

**RESPONSE:** Subject to and without waiving the forgoing objections, Plaintiff's victims include people who purchased CryptoZoo NFTs and Zoo Tokens in reliance on Plaintiff's and CryptoZoo's statements, representations, and omissions.

**INTERROGATORY NO. 13:** Explain why in your October 23, 2022 "whistleblower report" to the federal government (D004034-44) you did not mention that you were unaware of any evidence suggesting that Plaintiff ever sold any Zoo Tokens.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that it is overly broad and outside the scope of the discovery because there are no claims in this case which involve statements made by Defendants to the federal government. Further, Responding Party's mental processes and decision-making in submitting his report have no bearing on any claim in this case. In this respect, Responding Party objects to this interrogatory because it seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1).

**RESPONSE:** Subject to and without waiving the forgoing objections, whether or not Plaintiff sold Zoo Tokens, directly or indirectly, was not the subject of the October 23, 2022 whistleblower report. While a blockchain analysis of the CryptoZoo founder's wallets to determine whether any CryptoZoo founders had sold Zoo Token was ongoing at the time of the report, it was not yet complete.

**INTERROGATORY NO. 14:** Explain why in your October 23, 2022 "whistleblower report" to the federal government (D004034-44) you did not (i) identify Eddie Ibanez or Jake Greenbaum by name or (ii) include allegations about their individual wrongdoing with respect to CryptoZoo.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that it is overly broad and outside the scope of the discovery because there are no claims in this case which involve statements made by Defendants to the federal government. Further, Responding Party's mental processes and decision-making in submitting his report have no bearing on any claim in this case. In this respect, Responding Party objects to this interrogatory because it

seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1).

**RESPONSE:** Subject to and without waiving the forgoing objections, Eddie Ibanez and Jake Greenbaum were not individually identified in the October 23, 2022 whistleblower report but they were identified to the federal government in writing (*see* D003984) and in verbal discussions. While a blockchain analysis of the CryptoZoo founder's wallets to determine whether any CryptoZoo founders had sold Zoo Token was ongoing at the time of the report, it was not yet complete.

**INTERROGATORY NO. 15:** Explain the reason(s) that you did not provide the federal government with the blockchain analysis produced as D 004080-98 until you received a formal request for this information from the federal government in February 2023.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that it is overly broad and outside the scope of the discovery because there are no claims in this case which involve statements made by Defendants to the federal government. Further, Responding Party's mental processes and decision-making in submitting his report have no bearing on any claim in this case. In this respect, Responding Party objects to this interrogatory because it seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1).

**RESPONSE:** Subject to and without waiving the forgoing objections, Responding Party verbally and informally provided a summary of findings to the federal government promptly. *See e.g.* D 005112. A formal analysis of the same summary was provided once requested.

**INTERROGATORY NO. 16:** State your definition and understanding of the meaning of the term "scam" as you used it in the publications that are the subject of the First, Second, and Third Claims for Relief in Plaintiff's Complaint.

**OBJECTION:** Responding Party objects to this interrogatory to the extent that it asks Responding Party to form a legal conclusion and/or legal opinion and/ construe a legal term of art. Responding Party also objects because the interrogatory seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1).

**INTERROGATORY NO. 17:** Identify any instances in your published YouTube content where you identified a participant in a business venture as a "scammer," or as having engaged in a "scam," where you were not aware of any evidence that the individual profited from the underlying "scam."

**OBJECTIONS:** Responding Party objects to this interrogatory in that it is overly broad it seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1). In particular, the interrogatory is not restricted to information related to the parties and is not limited to what is material and relevant to the causes of action at issue. This interrogatory is unduly burdensome and harassing because it

would require Responding Party to review more than 70 hours of content from the time Responding Party began creating content to present to respond to this interrogatory, which is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(d)(1). Responding Party further objects to this interrogatory because the information is equally available to Plaintiff because it involves publicly posted videos—Plaintiff can just as easily analyze the publicly available videos for the number of times these phrases are used.

**INTERROGATORY NO. 18:** If you maintained group messages or email chains with an editorial team for the purpose of discussing potential edits to your published YouTube videos concerning CryptoZoo, identify (1) each participant in those communications; (2) the dates of those communications; and (3) if applicable, where those communications are reflected on your privilege log.

**OBJECTIONS:** Responding Party objects to this interrogatory as it is an improper attempt to reveal communications on Defendants' privilege log. Responding Party reasserts and incorporates Defendants' privilege log and Declaration from Stephen Findeisen (ECF No. 62-1), which reflects the information necessary to evaluate the claims of privileges asserted therein without destroying the privilege. Privilege aside, Responding Party further objects to this interrogatory because it seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1). Responding Party further objects to this interrogatory on the grounds that it is harassing and propounded for the sole purpose of going on a "fishing expedition."

**RESPONSE:** Subject to and without waiving the foregoing objections, please see Defendants' Privilege Log and the February 14, 2025 declaration from Stephen Findeisen. ECF No. 62-1.

**INTERROGATORY NO. 19:** Identify the date of your recorded telephone call with Jeffrey Levin that is reflected in the December 16, 2022 YouTube video, "Investigating Logan Paul's Biggest Scam."

**RESPONSE:** On or about October 1, 2021.

**INTERROGATORY NO. 20:** Identify your most recent direct contact with the federal government about Plaintiff, including (i) the date, (ii) what prompted the communication, (iii) the medium (i.e., phone call, text, email, etc.), (iv) who you spoke to or communicated with, and (v) the subject matter of that communication.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that it is overly broad and outside the scope of the discovery because there are no claims in this case which involve statements made by Defendants to the federal government. In this regard, this interrogatory seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1). Responding Party objects to this interrogatory on the grounds that it is propounded for the sole purpose of going on a "fishing expedition" in an effort to formulate additional allegations. Finally, Responding Party objects to this interrogatory on the grounds that the term "most recent" is vague and ambiguous because it is not defined and no time period is given.

**RESPONSE:** Subject to and without waiving the foregoing objections, to the best of Responding Party's recollection, he had a phone call with an FBI agent early 2025. Responding Party cannot recall the exact date of the phone call. Based on the phone call and to the best of Responding Party's recollection, Responding Party believes that there are still pending government investigation(s) into Plaintiff. Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 21:** Explain how you decided on the title to each of your YouTube videos concerning CryptoZoo, and in doing so identify anyone else involved in the decision making process and any other titles you considered but did not ultimately use.

**OBJECTIONS:** Responding Party objects to this interrogatory because it seeks privileged information. Responding Party objects because the interrogatory seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1). Responding Party further objects to this interrogatory on the grounds that it is propounded for the sole purpose of going on a "fishing expedition" which is prohibited by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 22:** State the date(s) of any telephone conversations that you had with Logan Paul concerning CryptoZoo, and for each, explain with as much specificity as possible your recollection of the substantive content of those conversations.

**RESPONSE:** To the best of Responding Party's recollection there were one or two conversations with Plaintiff on or around January 6, 2023. To the best of Responding Party's recollection, Plaintiff apologized to Responding Party and represented that he would not sue Responding Party. Further, to the best of Responding Party's recollection, Plaintiff agreed that victims of CryptoZoo had been wronged and that he was in the process of planning refunds but did not give specific details regarding refunds to victims. Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 23:** If you contend that certain parts of the CryptoZoo game were never developed and implemented, identify which portions (e.g., hatching, breeding, marketplace, yield, etc.) and the basis for that contention.

**OBJECTIONS:** Responding Party objects to this interrogatory because despite Responding Party's own requests to obtain information regarding the development of the CryptoZoo game, Plaintiff and third-parties have failed to produce information that would shed light on these details.

**RESPONSE:** Subject to and without waiving the foregoing objection, the information available to Responding Party, to the best of Responding Party's knowledge several portions of the game were not fully functional or were completely dysfunctional, including without limitation, hatching of eggs, Zoo yield, cross-chain bridging, and releasing into the wild. To the best of Responding Party's knowledge, some core elements of CryptoZoo were never

7

finished or implemented publicly. Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 24:** Explain your method of converting token amounts to US Dollars for purposes of calculating Plaintiff's supposed profits in the tabs of D 004292.

**OBJECTIONS:** Responding Party objects because the interrogatory seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1). Specifically, Plaintiff's defamation claims are not based on any published statements regarding Plaintiff's profits.

**RESPONSE:** Subject to and without waiving the foregoing, Responding Party used transaction hashes to determine how much BNB (or other market value) was used to buy or sell a particular token. Once the BNB (or other market value) was determined that number was multiplied by the price per token at the time of the buy or sell. The price per token used was determined by the historical token price in U.S. Dollars found on CoinMarketCap: https://coinmarketcap.com/currencies/bnb/historical-data/.

All calculations in D004292 were done with a variation of this method, using historic data of Ethereum, BNB, or other market values of tokens to calculate profits and losses based on the U.S. Dollar value of tokens involved at or near the time of the transaction. Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 25:** Identify any instances in which you contacted the federal government about potential wrongdoing by Plaintiff prior to your "whistleblower report" in October 2022, including (i) the date, (ii) who (or which agency) you contacted, (iii) the medium used to make contact (e.g., phone call, email, mail, etc.) and (iv) the subject matter and nature of the wrongdoing you alleged.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that it is overly broad and outside the scope of the discovery because there are no claims in this case for any statements made by Defendants to the federal government. In this regard, Responding Party objects because the interrogatory seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1).

**RESPONSE:** Subject to and without waiving the forgoing objections, pursuant to Federal Rule of Civil Procedure 33(d) please see documents previously produced bates-labeled D003984-4295. Additionally, Responding Party has had several telephone calls with federal government officials generally regarding Plaintiff's wrongdoing and involvement with CryptoZoo but cannot recall specific details regarding each telephone call. Responding Party reserves the right to supplement this response.

## DECLARATION

My name is Stephen Findeisen, and I have read Defendant Stephen Findeisen's Responses and Objections to Plaintiff's Second Set of Interrogatories. Pursuant to Rule 33(b)(1)(A) of the Federal Rules of Civil Procedure, and pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the factual responses given therein are true and correct to the best of my knowledge, information, recollection, and belief.

Executed on July 15, 2025.

DocuSigned by:

*STEPHEN FINDEISEN*
B4EE56126CBF41C...

Stephen Findeisen