IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL, *Plaintiff*, v. STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS, LLC d/b/a COFFEEZILLA, *Defendants.* | Civil Action No.: 5:24-cv-00717 |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO
TAKE VIDEOTAPED DEPOSITIONS OF DUARTE CAMPOS DE OLIVEIRA,
MARTIN CAMPOS DE OLIVEIRA, AND KIRA ANN KRIEG**

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") file this Reply in Support of its Motion for Leave to Take Videotaped Depositions of Duarte Campos de Oliveira, Martin Campos de Oliveira, and Kira Ann Krieg (jointly, the "Depositions"), and in support would respectfully show:

**INTRODUCTION**

Paul's Opposition to Defendants' Motion for Leave to Take Videotaped Depositions of Duarte Campos de Oliveira, Martin Campos de Oliveira, and Kira Ann Krieg (the "**Opposition**") improperly attempts to establish an issue of foreign law, fails to show why the Depositions should proceed in a traditional manner, and assumes Coffeezilla cannot meet its burden under Rule 28(b). As explained below, each of these arguments fall short.

1

## REPLY

**Paul advances a procedurally improper attempt to establish an issue of foreign law while circumventing the requirements of Rule 44.1.**

Paul improperly argues that the deposition of the Victims would be illegal under Portuguese law. ECF No. 118. In doing so, Paul makes a procedurally improper attempt to obtain from this Court a determination on the substance of Portuguese law without complying with the requirements of Rule 44.1.

"A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." Fed. R. Civ. P. 44.1. "Under this rule, expert testimony accompanied by extracts from foreign legal material is the basic method by which foreign law is determined." *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 713 (5th Cir. 1999).

Paul makes nothing more than a blanket assertion that the Depositions would not be legal in Portugal. Paul fails to cite to any Portuguese statutes, authorities, or any evidence that the depositions of the Victims are not legal. Accordingly, the Court should disregard Paul's arguments to the extent they are based on asking for the Court's interpretation of foreign laws.

**A remote deposition is permitted under Rule 30.**

The central issue to this Motion is whether, under the facts presented in this case, a remote deposition is permitted under Rule 30, and it is. The Court may order that a deposition be taken via remote means when a non-resident deponent simply shows some financial or other hardship. *Enguita v. Neoplan USA Corp.*, No. CV B-04-121, 2005 WL 8164880, at *2 (S.D. Tex. May 25, 2005). "The mere assertion by the requesting party that telephonic depositions are preferred on the grounds of efficiency and economy constitutes a legitimate reason to permit them." *Id*. (quoting *Advani Enterprises, Inc. v. Underwriters at Lloyds*, No. 95

CIV. 4864 (CSH), 2000 WL 1568255, at *2 (S.D.N.Y. Oct. 19, 2000)). In fact, Courts liberally allow and often **encourage** remote depositions. *Tijerina-Salazar v. Venegas*, No. 19-CV-00074-DC-DF, 2021 WL 6011137 (W.D. Tex. Dec. 20, 2021) (stating that "courts throughout the Fifth Circuit have often refused to compel in-person attendance at depositions"); *see also Poliquin v. Strength Sensei Legacy, Inc.*, No. 19-CV-03148-CMA-KMT, 2021 WL 1877630, at *3 (D. Colo. Apr. 20, 2021) ("[R]ecent court decisions build on pre-pandemic case law that liberally allowed for and encouraged remote depositions"). The undisputed fact that it would cost the Victims thousands of dollars and significant time to travel to the United States for the Depositions is enough to justify a remote deposition.

It is now Paul's burden to demonstrate why the depositions should proceed in a traditional manner. *See Enguita*, 2005 WL 8164880, at *2. Paul identifies three "concerns" in the Opposition—all of which fall short. Paul complains of the following: (1) the identity and testimony cannot be verified in a remote setting; (2) Paul will have little to no recourse if the witness is not truthful, forthcoming, and/or cooperative; and (3) Paul will have no opportunity to obtain documents relevant to the witness's testimony. *See* ECF No. 118. Each of these arguments is unavailing.

As discussed in Coffeezilla's Motion for Leave to Take Videotaped Depositions, the Victims have agreed to appear at the depositions with documents to verify their identity. ECF Nos. 116; 116-2; 116-3.

Paul next argues that if the witness is not truthful, forthcoming, and/or cooperative he will have little to no recourse. ECF No. 118. The Victims have voluntarily agreed to appear and be deposed via remote means—they want to share their story and are unlikely to be uncooperative. *See* ECF Nos. 116-2; 116-3. Additionally, the parties can craft procedures to

ensure that if an issue arose, such as an uncooperative witness, there are proper guardrails in place to handle those situations. For example, the parties can jointly request a magistrate judge be on standby to call if any particular ruling is needed during the Depositions. Whether a witness is fully truthful or forthcoming is not an issue that is unique to a foreign witness—this is a potential issue regardless of where a witness is located. Being truthful or forthcoming is an issue attorneys routinely address address through their vigorous cross-examination—just as they would with a witness located in the United States.

Finally, Paul complains that he will not be able to obtain documents relevant to the witness's testimony. To the extent Paul needs to obtain documents or information from an uncooperative witness he can utilize the Hague Convention. "The Hague Convention establishes 'procedures for judicial authorities of one signatory country to use in requesting evidence located in another signatory country.'" *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 12968653, at *6 (N.D. Tex. Feb. 19, 2020). The United States and Portugal are both signatories to the Hague Convention. Accordingly, should Paul need to obtain additional information or recourse from an uncooperative witness, he has tools available to him. The trial continuance just granted by the Court allows Paul more than enough time to pursue this if desired. *See* ECF No. 122.

**Rule 28(b) allows several methods of compliance for foreign depositions.**

Paul's Opposition complains that Defendants failed to demonstrate compliance with Federal Rule of Civil Procedure 28. ECF No. 118. Paul's argument, however, is premature and presupposes Coffeezilla will not or cannot comply with Rule 28(b).

The issue before the Court is limited to whether the depositions can be conducted via remote means pursuant to Rule 30. As Judge Tagle in the Southern District of Texas

4

recognized, the Court can grant a Motion pursuant to Rule 30 prior to compliance with Rule 28(b) being shown. *See Enguita*, 2005 WL 8164880, at *3.

Coffeezilla intends to comply with Rule 28(b). Under Rule 28(b), a deposition may be taken in a foreign country: (1) under an applicable treaty or convention; (2) under a letter of request; (3) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or (4) before a person commissioned by the court to administer any necessary oath and take testimony. Fed. R. Civ. P. 28(b). Coffeezilla will make arrangements to ensure the Victims' depositions comply with Rule 28(b). Paul's argument that Coffeezilla will be unable to do so, if the Court orders the Depositions to proceed, is pure speculation. Certainly, if Coffeezilla's arrangements fall short of compliance with Rule 28(b), Paul can raise the issue with the Court at that time.

## **PRAYER**

For these reasons, Coffeezilla respectfully requests that the Court (1) grant its motion, (2) grant leave for Duarte Campos de Oliveira, Martin Campos de Oliveira, and Kira Ann Krieg to be deposed via Zoom videoconference, and (3) award Coffeezilla all other relief at law or in equity which they are entitled.

Dated: August 6, 2025.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: /s/ Rachel Garza
    Jason M. Davis
    Texas State Bar No. 00793592
    Email: jdavis@dslawpc.com
    Caroline Newman Small
    Texas State Bar No. 24056037
    Email: csmall@dslawpc.com
    Rachel Garza
    Texas State Bar No. 24125240
    Email: rgarza@dslawpc.com
    719 S. Flores Street
    San Antonio, Texas 78204
    Tel: (210) 853-5882
    Fax: (210) 200-8395

*Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla*

## CERTIFICATE OF SERVICE

I certify that on August 6, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

    /s/ Rachel Garza
    Rachel Garza