IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>    *Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND<br>COFFEE BREAK PRODUCTIONS, LLC<br>d/b/a COFFEEZILLA,<br><br>    *Defendants.* | Civil Action No.: 5:24-cv-00717 |

DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") file this, Response in Opposition to Plaintiff's Motion to Compel Production of Communications to and from Harry Bagg and/or Ed Leszczynski (ECF No. 124) and in support would respectfully show:

BACKGROUND

Paul brought this defamation action against Findeisen (known professionally as "Coffeezilla," along with his company of the same name) for exposing Paul's role in running an online cryptocurrency scam that cost his fans, including minors to whom the scam was marketed, millions of dollars. Paul publicly thanked Coffeezilla for his work, apologized for the CryptoZoo scam, and promised to partially fund victims—if they agreed not to sue him.

Because Paul is a public figure, to prevail on his claims he must prove Coffeezilla acted with actual malice. In alleged pursuit of such evidence (there is none), Paul filed a Motion to

1

Compel Production of Communications Relevant to Defendants' Actual Malice (the "<u>First Motion to Compel</u>") on January 17, 2025. ECF No. 26. After the First Motion to Compel was filed, the parties conferred for two months on how to resolve the conflict between the privilege claims Coffeezilla asserted over communications Paul believed (albeit incorrectly) would demonstrate malice. As part of those discussions, Coffeezilla served a detailed privilege log and accompanying declaration explaining the privilege log. The declaration stated, among other things:

> - (e) <u>Investigative communications</u>. Items in this sub-category are my communications with third parties as part of my investigative process and/or communications I received while acting in my capacity as a journalist. These include communications with third parties and sources regarding Logan Paul/CryptoZoo and ==communications with my team members regarding my reporting on Logan Paul/CryptoZoo and production of the same.==

*See* ECF No. 62-1 at 7.

After the parties reached an agreement, Paul filed a Notice of Withdrawal of Docket No. 26 stating "The parties have resolved the issues raised in the Motion to Compel and the Court's adjudication of the Motion to Compel is therefore unnecessary." ECF No. 67. The Court denied Paul's First Motion to Compel as moot. ECF No. 68.

On April 9, 2025, Paul filed his Motion to Compel Production of Evidence Relevant to Plaintiff's Good Faith Intentions and Actions (the "<u>Second Motion to Compel</u>"). ECF No. 77. Among other things, the Second Motion to Compel sought "all internal documents, notes, drafts, and outtakes reflecting upon Defendants' understanding and knowledge of Paul's good

faith." *Id*. at 10. Although this motion's title referred to "Paul's Good Faith" as opposed to Coffeezilla's "Malice," they are one in the same. *See* ECF No. 77 (Paul defining "Malice Evidence" as "any documents, notes, drafts, or outtakes in Defendants' possession that reflect upon Defendants' understanding and knowledge as to Paul's good-faith intentions or lack of bad-faith intentions.") Indeed, Paul has continuously alleged Coffeezilla acted with malice because Coffeezilla was "aware of Paul's true intentions and actions with respect to CryptoZoo, but that they nevertheless chose to repeatedly label him as a scammer in order to profit off his celebrity." ECF No. 124 at 2 (citing ECF No. 1 at ¶¶ 2, 7, 117, 142, 146) ("To prove that allegation, Paul has repeatedly asked Defendants to produce certain internal communications and materials demonstrating what they understood about Paul's motives when they published their false charges.").

Again, the parties conferred for several months about how to fashion an agreement that would square Coffeezilla's privilege concerns with Paul's alleged need for the discovery. *See* ECF Nos. 80, 84, 90, 103. The parties advised the Court they had reached an agreement to resolve the Second Motion to Compel by "having an independent third party review documents that Defendants have withheld [under a claim of privilege] and determine which, if any, are responsive to the materials sought in Plaintiff's [Second Motion to Compel] and should be produced. This process is expected to take several weeks to complete given the volume of material to be reviewed." *See* ECF No. 97. Based on that agreement, Paul withdrew his Second Motion to Compel. *See* ECF No. 108 ("The parties have resolved the issues raised in the [Second Motion to Compel] and the Court's adjudication of the motion is therefore unnecessary").

Coffeezilla submitted materials on his privilege log for review including all of Coffeezilla's communications to and from Harry Bagg and Ed Leszczynski. Due to neither party's fault, the "taint team" process actually took much longer. Ultimately, the third party did not identify the communications at issue (i.e., Coffeezilla's communications with Bagg and/or Leszczynski) as responsive.

Subsequently, Paul served the interrogatory in question asking Coffeezilla to identify which communications on his privilege log were with his "editorial team." ECF No. 124-3 at 7. (Notably, the interrogatory did not specifically request Coffeezilla to identify the communications with Bagg and/or Leszczynski.) In his response, Coffeezilla reasserted the privilege and referred Paul to the privilege log and Coffeezilla's declaration, which clearly explain that the communications identified as sub-category (e) are "communications with my *team members*." *See* ECF No. 62-1 at 7 (emphasis added):

> **INTERROGATORY NO. 18:** If you maintained group messages or email chains with an editorial team for the purpose of discussing potential edits to your published YouTube videos concerning CryptoZoo, identify (1) each participant in those communications; (2) the dates of those communications; and (3) if applicable, where those communications are reflected on your privilege log.
>
> **OBJECTIONS:** Responding Party objects to this interrogatory as it is an improper attempt to reveal communications on Defendants' privilege log. Responding Party reasserts and incorporates Defendants' privilege log and Declaration from Stephen Findeisen (ECF No. 62-1), which reflects the information necessary to evaluate the claims of privileges asserted therein without destroying the privilege. Privilege aside, Responding Party further objects to this interrogatory because it seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1). Responding Party further objects to this interrogatory on the grounds that it is harassing and propounded for the sole purpose of going on a "fishing expedition."

ECF No. 124-3 at 7.

Paul now brings this motion complaining that Coffeezilla never identified or claimed privilege over the communications with his team members (Bagg and/or Leszczynski), which

4

Coffeezilla clearly did, and arguing the communications are relevant to show malice (even though the agreed taint team already decided they were not). Accordingly, the Court should deny Paul's Motion.

## ARGUMENT AND AUTHORITIES

### A. Applicable legal standards

The discovery Paul seeks is protected by the Texas statutory journalist's privilege which places the burden on the party seeking discovery. Paul has not met his burden.

#### i. *Scope of discovery generally*

The party seeking discovery bears the burden of showing its necessity. *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (citing *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). The Court must limit discovery that "is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 26(b)(1) permits the withholding of any privileged matter. *Id.* 26(b)(1). Here, Texas law expressly protects a journalist from disclosing "information, document[s], or item[s] obtained or prepared while acting as a journalist." Tex. Civ. Prac. & Rem. Code § 22.023.

#### ii. *Journalist's privilege under the Texas Free Flow of Information Act*

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law applies." Fed. R. Evid. 501. Here, Paul has sued Coffeezilla for defamation—a state law claim. ECF No. 1. Accordingly, the Texas journalist's privilege applies.

In 2009, Texas enacted the Free Flow of Information Act (the "Texas Act"). The Texas Act applies to "(1) any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist; or (2) the source of any information, document, or item described by Subdivision (1)." Tex. R. Civ. Prac. & Rem Code § 22.023. The Texas Act, however, provides that a court may only compel a journalist to produce or disclose information covered by the Texas Act if the person seeking disclosure "makes a clear and specific showing:"

   a) all reasonable efforts to obtain the information from alternative sources have been exhausted;

   b) the request is not overbroad, unreasonable, or oppressive, and, where appropriate, is limited to verify published information and surrounding circumstances related to its accuracy;

   c) reasonable and timely notice;

   d) the party seeking disclosure's interest in the information outweighs the public interest in gathering and dissemination of news, including journalist's concerns;

   e) the request is not being used to obtain peripheral, nonessential, or speculative information; ***and***

   f) the information, document, or items is relevant and material to the proper administration of the official proceeding and is essential to the maintenance of a claim or defense of the party seeking it.

*Id.* § 22.024. (emphasis added).

### B. Coffeezilla did not waive any claim of privilege

Paul is correct that Coffeezilla has asserted the journalist's privilege outlined in the Texas Act. *See* ECF No. 124 at 4. This claim of privilege is evident from reviewing Coffeezilla's privilege logs in conjunction with his declaration (ECF No. 62-1) explaining the privilege log codes.

However, despite Coffeezilla properly asserting the journalist's privilege under the Texas Act, Paul claims that Coffeezilla "forfeited any claim that the Subject Communications are privileged by failing to identify them on their privilege logs." ECF No. 124 at 7. This is simply not true. As discussed above, Coffeezilla *did* identify these communications on his privilege log and reasserted the privilege in response to the interrogatory in question.

Coffeezilla also served a declaration along with his privilege log which identifies categories of communications and the privileges associated with each. *See* ECF No.62-1. Specifically, the communications in question (with Bagg and/or Leszczynski) were coded with subcategory (e) which includes "communications with [Coffeezilla's] team regarding [Coffeezilla's] reporting on Logan Paul/CryptoZoo and production of the same." *Id*. at 7.

Taking the privilege log with Coffeezilla's declaration and his interrogatory response, Coffeezilla has sufficiently identified and always maintained his claim of privilege over the communications at issue.

### C. Paul fails to meet his burden under the Texas Act

Paul does not challenge that the Texas Act applies to communications he seeks. *See* ECF NO. 126 at 8.[1] The Texas Act requires the party seeking discovery to make a "clear and specific showing" that the requirements under Texas Civil Practice & Remedies Code § 22.024 have been met. Because the Texas Act was recently enacted, there is little authority interpreting the Texas Act. The Supreme Court of Texas, however, has construed "clear" and "specific" in the context of a "clear and specific showing" to mean, respectively, "unambiguous," "sure," or "free from doubt" and "explicit" or "relating to a particular

---

[1] To the extent Paul is challenging whether the Texas Act applies to Coffeezilla, it does for the reasons described in Coffeezilla's response to Paul's First Motion to Compel (ECF No. 32). Accordingly, Coffeezilla incorporates by reference ECF No. 32. Fed. R. Civ. P. 10(c).

7

named thing." *In re Lipsky*, 460 S.W.3d 579, 589–90, n. 8 (Tex. 2015) (interpreting the phrase in the Texas Citizens' Participation Act and noting the same phrase appears in section 22.024 of the Texas Civil Practice & Remedies Code). For example, "[b]are, baseless opinions" are not "a sufficient substitute" for clear and specific evidence. *Id*. 592.

Furthermore, the Fifth Circuit has developed a test to overcome privilege which requires the party seeking privileged information to produce "substantial evidence" in support. *See In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983) "The Supreme Court has defined 'substantial evidence' as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Air Prods. & Chems., Inc. v. FERC*, 650 F.2d 687, 695 (5th Cir. 1981) (cleaned up). Although not drawn from the context of assessing whether to disregard a privilege, this general definition provides guidance as to what "substantial evidence" requires.

Here, Paul fails to attach or identify *any* evidence at all to make the clear and specific showing required under the Texas Act. *See* ECF No. 124 at 8–10. Instead, Paul merely relies on the argument of counsel which is insufficient to meet his burden. For this reason alone, Paul's Motion must be denied.

### D. Paul cannot overcome the privilege

Even if Paul's failure to submit or identify any evidence in support of his Motion was not fatal (it is), he still has not identified any basis to disregard the privilege under the relevant test. As discussed above, the Journalist's Privilege under the Texas act can be overcome only if certain elements are met. *See* Tex. Civ. Prac. & Rem. Code § 22.024. This is so that an appropriate balance is struck between "the free flow of information and [preservation of] free

8

and active press" and "the right of the public to effective law enforcement and the fair administration of justice." *Id*. § 22.022.

### i. *No evidence of failure to exhaust alternative means*

The Texas Act requires Paul to present evidence that he made reasonable efforts to exhaust all alternative means to obtain the information he is seeking from Coffeezilla. Tex. Civ. Prac. & Rem. Code § 22.024(1).

Paul argues, without support, that he has "no means of obtaining the Subject Communications." ECF No. 124 at 8. But Paul has not even attempted to obtain the communications from an alternative source. *See id*. For this reason alone, Paul's Motion should be denied.

### ii. *The requested communications are not relevant to the claims at issue*

For Paul to obtain the communications he seeks from Coffeezilla, they must be relevant or essential to the maintenance of a claim. Tex. Civ. Prac. & Rem. Code § 20.024(6). Furthermore, the request must not be used to obtain "peripheral, nonessential, or speculative information." *Id*. § 20.024(5). Paul fails to meet these requirements.

As discussed above, an independent third party reviewed all items Coffeezilla claimed to be privileged for the purpose of determining which communications, if any, would demonstrate Coffeezilla's awareness of Paul's alleged good faith. Included in the items the third party reviewed were the exact communications Paul seeks to obtain in this Motion. The third party, however, did not determine these communications to be responsive to the issue of actual malice. Thus, even if Coffeezilla were to produce these communications to Paul, they would not provide Paul any evidence of malice as the agreed-upon taint team already concluded.

Paul's claim to the contrary is purely speculative. Accordingly, Paul's Motion should be denied.

### iii. *Paul's interests do not outweigh Coffeezilla's interests as a journalist*

Paul is required to show that his interest in obtaining the information outweighs Coffeezilla's interests as a journalist. Tex. Civ. Prac. & Rem. Code § 20.024(4). Once again, Paul points to *zero* evidence to support his assertion that his interests outweigh Coffeezilla's. ECF No. 124 at 9–10. For this reason, Paul's Motion should be denied.

Separately and independently, as previously discussed, the communications Paul seeks would not achieve his goal of the showing of actual malice. The third party reviewed these communications and determined that they are not responsive to the issue of actual malice. Therefore, any interest Paul does have in obtaining these communications to show actual malice would not be achieved by the disclosure of these communications. Accordingly, Paul's Motion should be denied.

### E. Paul's Motion is an improper attempt to take a second bite at the apple

Even if Paul has met his burden to overcome the Texas Act (he has not), Paul's Motion seeks communications which are part of the universe of documents sought in the First Motion to Compel, Second Motion to Compel—which the parties and the Court have already resolved.

Paul is apparently attempting to unwind the parties' agreement for the third party to review the withheld documents. As discussed above, the purpose of both the First Motion to Compel and Second Motion to Compel was to obtain documents, communications, and information relevant to the actual malice element of Paul's claim. *See* ECF Nos. 26, 77. Eventually the parties agreed to have an independent third party review the items on

Coffeezilla's privilege log to determine what communications, if any, would be relevant to the actual malice element of Paul's claim. The communications Paul now seeks were not identified by the third party. Obviously dissatisfied with the third party's review of the privileged communications and holding on to hope that evidence of actual malice exists (it does not), Paul filed this Motion attempting to undo the parties' prior agreement which was the basis for the Court's denial of his Second Motion to Compel. Accordingly, the Court should deny Paul's Motion.

## REQUEST FOR HEARING

Pursuant to Texas Civil Practice & Remedies Code § 22.024's requirement for "notice and an opportunity to be heard," and to the extent the Court is inclined to do anything but outright deny Paul's Motion, Coffeezilla requests the Court first hold a hearing.

## PRAYER

For these reasons, Coffeezilla respectfully requests that the Court deny Paul's Motion (ECF No. 124) in its entirety and award Coffeezilla all other relief at law or in equity which they are entitled.

Dated: August 13, 2025.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: /s/ Rachel Garza
Jason M. Davis
Texas State Bar No. 00793592
Email: jdavis@dslawpc.com
Caroline Newman Small
Texas State Bar No. 24056037
Email: csmall@dslawpc.com
Rachel Garza
Texas State Bar No. 24125240

Email: rgarza@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla***

## CERTIFICATE OF SERVICE

  I certify that on August 13, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

                 */s/ Rachel Garza*
                 Rachel Garza