IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>         *Plaintiff*,<br><br> v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>         *Defendants*. | Civil Action No. 5:24-cv-00717 |

**REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF COMMUNICATIONS TO AND FROM HARRY BAGG AND/OR ED LESZCZYNSKI**

Defendants' Response in Opposition to Plaintiff's Motion to Compel ("Resp.")(ECF 128) gives no good reason for continuing to withhold concededly relevant and responsive communications between themselves and Harry Bagg and/or Ed Leszczynski (the "Subject Communications").

**A. Defendants Forfeited Any Privilege as to the Subject Communications.**

In his Motion to Compel (ECF 124), Plaintiff Logan Paul explained that, because Defendants had not identified the Subject Communications in any of their previous privilege logs, they forfeited any privilege with respect to the Subject Communications. (*Id.* at 5-6.) In their Response, Defendants assert that they "*did* identify [the Subject Communications] on [their] privilege log and reasserted the privilege in response to [a later] interrogatory question." Resp. 7. But nothing in Defendants' prior privilege logs even mentions Bagg or Leszczynski or provides any means of discerning which entries might involve Bagg or Leszczynski.

When Defendants assure this Court that they "*did* identify [the Subject Communications] on [their] privilege log," they seem to mean that the Subject Communications were included in the

1

log among hundreds of other anonymized and indecipherable entries, all marked only as "communications with [Defendants'] team regarding [their] reporting on Logan Paul/CryptoZoo and production of the same." *See* Resp. at 2. That's not good enough to avoid forfeiture. The Federal Rules of Civil Procedure require that a party withholding a document as privileged disclose enough information about the document to "enable other parties to assess the claim" of privilege. Fed. R. Civ. P. 26(b)(5)(A); *see also United States v. Fluitt*, 99 F.4th 753, 763-64 (5th Cir. 2024) (failure to identify document on privilege log results in forfeiture). Defendants do not even mention that requirement, let alone pretend that their prior entries regarding the Subject Communications satisfied it.

Defendants themselves obviously recognize that their prior privilege logs are deficient as to the Subject Communications because, on August 15, 2025, they served yet another amended privilege log, this one finally identifying at least some entries as communications with Bagg and/or Leszczynski. (Decl. of A. Phillips, Ex. 1 (Defendants' Fifth Amended Privilege Log of Text Messages (Aug. 15, 2025)).) But Defendants' latest amended privilege log is both too late and too little. It is too late because Defendants persisted for many months in their refusal to properly log the Subject Communications, and even explicitly refused to identify them on their log when Plaintiff served a specific Interrogatory asking them too—only finally relenting when Plaintiff filed this Motion. It is too little because Defendants still have not provided sufficient information about the Subject Communications identified on the log. In particular, Defendants' latest privilege log says nothing about the substance of the communications being withheld, depriving Paul of a fair opportunity to assess whether individual Subject Communications are ones for which he can

overcome Texas's qualified journalist's privilege.[1]  Tex. Civ. Prac. & Rem. Code § 22.024.  So Defendants' belated attempt at complying with the Federal Rules is facially inadequate.

By repeatedly failing to adequately identify and describe the Subject Communications in their privilege logs, Defendants forfeited any privilege claims they might otherwise have concerning those communications.  *See Fluitt*, 99 F.4th at 763-64; *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (failure to comply with Rule 26(b)(5) forfeits privilege).  This Court should order all such communications (whether or not listed on Defendant's latest amended privilege log) produced in full.

**B.      Paul Meets the Criteria for Overcoming the Qualified Journalist's Privilege.**

Defendants separately contend that Paul cannot make the showing required to overcome Texas's qualified journalist privilege as to the Subject Communications.  In doing so, Defendants are trying to have their cake and eat it too: They are improperly refusing to disclose any information about the subject matter of the communications, while claiming that Paul cannot overcome the privilege because he cannot articulate the import of particular communications about which he has been given no information.  Regardless, the specific communications at issue here—Defendants' editorial discussions about the content of the defamatory publications at issue—are so obviously relevant and central to the claims and defenses in this case that the qualified privilege must yield as to them.

---

[1] Instead of providing such information, Defendants just incant that every single item on their latest privilege log constitutes "Information, document, or item obtained or prepared while acting as a journalist."  In other words, Defendants do nothing but quote the statute codifying Texas's qualified journalist privilege.

1. **There is no "substantial evidence" requirement to overcome Texas's qualified journalist's privilege.**

Defendants open their argument about the journalist privilege by contending that, to overcome the privilege, a movant must produce "substantial evidence" supporting his motion. Resp. 8. That's nonsense. The case Defendants cite for the "substantial evidence" standard has nothing to do with Texas's journalist privilege. *See In re Selcraig*, 705 F.2d 789, 792 (5th Cir. 1983)).[2] And the statute defining Texas's journalist privilege contains no "substantial evidence" requirement. *See* Tex. Civ. Prac. & Rem. Code §§ 22.023-22.024. This Court should reject Defendants' invitation to judicially amend Texas's journalist privilege statute by engrafting onto it a "substantial evidence" requirement that's nowhere in the statutory text. *Bexar Appraisal Dist. v. Johnson*, 691 S.W.3d 844, 857 (Tex. 2024) (courts "must 'refrain from rewriting text that lawmakers chose'"); *Ford Motor Co. v. Parks*, 691 S.W.3d 475, 482 n.36 (Tex. 2024) ("One cardinal rule of a text-centric court is that it must not judicially amend a statute to add words that are not there") (quotation marks omitted).

2. **Paul has satisfied each factor for overcoming the qualified journalist's privilege.**

Section 22.024 of the Texas Civil Practices and Remedies Code sets out six factors which, if satisfied, overcome the qualified journalist privilege. In their Response, Defendants assert that Paul cannot satisfy three of those factors. Defendants are again mistaken.

***Exhaustion of reasonable efforts to get the information through alternative means.*** The first factor for overcoming the journalist privilege requires that the plaintiff have exhausted *reasonable efforts* to obtain the information from alternative sources. Tex. Civ. Prac. & Rem.

---

[2] The *Selcraig* case concerned the showing required to overcome the *First Amendment* privilege against revealing the identities of reporters' *confidential sources*. 705 F.2d at 792. That privilege is not at issue here because, most obviously, neither Bagg nor Leszczynski is a confidential source.

4

Code § 22.024(1).  Defendants assert that Paul has not satisfied this factor because he has not sought the Subject Communications from Bagg or Leszczynski.  Resp. 9.  As Paul already explained, though, had he sought the Subject Communications from Bagg or Leszczynski, Defendants would undoubtedly have raised (on their agents' behalf) the exact same privilege objection they raise here, making any such efforts entirely pointless. (ECF 124 at 8.)  Defendants do not contest that point.  Nor do they explain why it would be "reasonable" for Paul to undertake patently futile acts as a precondition to seeking access to relevant and responsive communications.  *See Duncan v. Woodlawn Mft., Ltd.*, 479 S.W.3d 886, 897 (Tex. App. 2015) ("Texas law does not require the performance of a futile act."); *Garcia v. State*, 673 S.W.3d 361, 363 (Tex. App. 2023) (same point); *Ohio v. Roberts*, 448 U.S. 56, 74 (1980) (same point).

***Balance of interests.***  The fourth factor for overcoming the journalist privilege requires that the movant's interest outweighs any interest "in gathering and dissemination of news."  Tex. Civ. Prac. & Rem. Code § 22.024(4).  For his part, Paul has already identified his strong interest in obtaining the Subject Communications.  Defendants, by contrast, do not identify any sense in which producing their own communications with their own agents would interfere with the gathering or dissemination of news.

Instead of addressing that point, Defendants simply assert that Paul fails to satisfy the fourth factor because his motion "fails to attach or identify *any* evidence at all to make the clear and specific showing required under the Texas Act." Resp. 10.  Left unanswered is what evidence, beyond legal argument, Paul could possibly attach to make the showing Defendants demand.  To prevail in this litigation, Paul must prove that Defendants acted with actual malice.  The Subject Communications are among the clearest potential sources of evidence of Defendants' actual malice, especially since Defendants have already acknowledged that Bagg and Leszczynski have

5

relevant and responsive information. On those facts alone, Paul's interests in Defendants finally producing the Subject Communications could not be clearer.

*Relevance.* The sixth factor for overcoming the journalist privilege requires Paul to show that the Subject Communications are relevant to this litigation. Tex. Civ. Prac. & Rem. Code § 22.024(6). Defendants erroneously contend that a third-party discovery review—undertaken to resolve a different motion to compel—proves that none of the Subject Communications are relevant to actual malice. Resp. 9, 10-11. That argument is a red herring. The discovery review at issue was a narrow one focused exclusively on identifying materials in which either (1) *a source* told Defendant Findeisen "that there was a lack of bad faith or fraudulent intent on the part of Paul as it relates to the CryptoZoo project," or (2) *Defendants' own documents, notes, drafts, or outtakes* showed "Findeisen expressing an acknowledgment, belief, or understanding that Paul acted in good faith or with a lack of bad faith and/or fraudulent intent." (Decl. of A. Phillips, Ex. 2 (Memorandum re Third-Party Document Review (May 21, 2025)) at 2-3.) The review was thus not to identify all materials relevant to the actual-malice inquiry writ large. And so, contra Defendants, the fact that the third-party discovery review did not result in production of the Subject Communications does not show that the Subject Communications are irrelevant to actual malice, nor was it ever contemplated, let alone agreed, that the review was intended to preclude Plaintiff from seeking other evidence of malice. (Decl. of A. Phillips ¶ 4.)

Beyond the third-party discovery review, there remains a wide swath of relevant and responsive communications, most notably materials reflecting upon Defendants' knowledge and state of mind at the time of publication—which is the *sine qua non* of actual malice. *See Brown v. Petrolite Corp.*, 965 F.2d 38, 47 (5th Cir. 1992); *Zerangue v. TSP Newspapers, Inc.*, 814 F.2d 1066, 1070 (5th Cir. 1987); *Golden Bear Distrib. Sys. of Tex., Inc. v. Chase Revel, Inc.*, 708 F.2d

6

944, 950 (5th Cir. 1983); *Huckabee v. Time Warner Ent. Co.*, 19 S.W.3d 413, 426 (Tex. 2000). Indeed, as the Supreme Court recognized in rejecting an "editorial process privilege" that would shield the exact types of communications at issue here, discovery of communications reflecting on defamation defendants' knowledge and decision-making is critical to resolving the actual-malice issue. *Herbert v. Lando*, 441 U.S. 153, 160 (1979) ("To be liable, the alleged defamer of public officials or of public figures must know or have reason to suspect that his publication is false…. Inevitably, unless liability is to be completely foreclosed, the thoughts and editorial processes of the alleged defamer would be open to examination.") The Texas qualified privilege is not meant to foreclose a defamation plaintiff from obtaining such crucial evidence of actual malice. *See Abraham v. Greer*, 509 S.W.3d 609, 616 (Tex. App. 2016).

**C.     Defendants' Argument About "a Second Bite at the Apple" Is Baseless.**

At the end of their Response, Defendants pretend that, in resolving prior motions to compel, Paul somehow forfeited his right to seek relevant, responsive materials. Resp. 10-11. Tellingly, Defendants do not cite or quote any language from any document or correspondence in this case that would support that understanding of the record. Instead, their argument again hinges largely on a misunderstanding of the scope and consequences of the third-party discovery review.

Defendants assert again, for example, that the third-party discovery review was for whatever "communications, if any, would be relevant to the actual malice element of Paul's claim." Resp. 11. But, as already explained, the third-party discovery review was much narrower in its scope, deeming responsive only (1) communications with sources in which the source told Findeisen "that there was a lack of bad faith or fraudulent intent on the part of Paul as it relates to the CryptoZoo project," and (2) Defendants' own documents, notes, drafts and outtakes showing Findeisen himself "expressing an acknowledgment, belief, or understanding that Paul acted in good faith or with a lack of bad faith and/or fraudulent intent." (Decl. of A. Phillips, Ex. 2 at 2-

7

3.) Materials in those two categories plainly do not cover all, or even most of, the Subject Communications. For example, the third-party reviewer would not have deemed responsive a communication to Defendants from Bagg and Leszcynski indicating their understanding that Paul acted in good faith—notwithstanding that such a communication would be highly probative on the actual-malice question.

Defendants are also wrong that there was anything about the third-party discovery review—or the parties' resolution of any prior motion to compel in this litigation—that barred Paul from filing future motions to compel (like this one) with focuses beyond what was covered in the third-party discovery review. None of the parties' resolutions to earlier motions to compel featured any such bar, as is clear from the fact that Defendants do not—and again cannot—point to any language showing that Paul has ever surrendered his right to bring a motion like this one.

## CONCLUSION

This Court should compel Defendants to promptly produce the Subject Communications.

August 20, 2025

/s *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Shelby O'Brien
ENOCH KEVER PLLC

        7600 N. Capital of Texas Highway
        Building B, Suite 200
        Austin, Texas 78731
        Email: sobrien@enochkever.com

*Counsel for Plaintiff Logan Paul*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the August 20, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                                      /s *Andrew C. Phillips*