# EXHIBIT 1



**Rachel Garza**
rgarza@dslawpc.com

August 15, 2025

Mr. Andrew Phillips
Ms. Shannon B. Timmann
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street, NW, Suite 650
Washington, DC 20006

*Via E-mail:* andy.phillips@mwpp.com
*Via E-mail:* shannon.timmann@mwpp.com

Mr. Jeffery A. Neiman
Mr. Jason L. Mays
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394

*Via E-mail:* jneiman@mnrlawfirm.com
*Via E-mail:* jmays@mnrlawfirm.com

Mr. Ricardo G. Cedillo
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave, Ste. 250
San Antonio, Texas 78212

*Via E-mail:* rcedillo@lawdcm.com

Re:    Cause No. 5:24-cv-717; *Logan Paul v. Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla*; pending in the United States District Court for the Western District of Texas, San Antonio Division.

Dear Counsel:

Enclosed please find the following:

- *Defendant Stephen Findeisen's Amended Responses and Objections to Plaintiff's Third Set of Interrogatories*;
- *Defendant Stephen Findeisen's Amended Responses and Objections to Plaintiff's First Set of Requests for Admission*; and
- *Defendants' Fifth Amended Privilege Log of Text Messages*.

In addition, please find Defendants' supplemental production Bates-numbered D 050021-050083 in the Dropbox link provided in the e-mail transmittal of this letter.

Thank you for your attention.

Sincerely,

Rachel Garza

RG:eg
Enclosures

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **LOGAN PAUL,** | |
| *Plaintiff*, | |
| **v.** | Civil Action No.:  **5:24-cv-00717** |
| **STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS, LLC d/b/a COFFEEZILLA** | |
| *Defendants*, | |

**DEFENDANT STEPHEN FINDEISEN'S AMENDED RESPONSES AND
OBJECTIONS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

TO:  Plaintiff Logan Paul, by and through his attorneys of record, Andrew C. Phillips and
Shannon B. Timmann; MEIER WATKINS PHILLIPS PUSCH, LLP, 919 18th Street NW,
Suite 650, Washington, DC 20006, Jeffrey A. Neiman and Jason L. Mays; MARCUS
NEIMAN RASHBAUM & PINEIRO, LLP, 100 SE 3rd Ave., Suite 805, Ft. Lauderdale,
Florida 33394, and Ricardo G. Cedillo; DAVIS, CEDILLO & MENDOZA, INC., 755 E.
Mulberry Ave., Suite 250, San Antonio, Texas 78212

Pursuant to Federal Rule of Civil Procedure 26 and 33, Defendant Stephen Findeisen

serves these Amended Responses and Objections to Plaintiff's Third Set of Interrogatories.

Dated: August 15, 2025.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By:  /s/ Rachel Garza
      Jason M. Davis
      Texas State Bar No. 00793592
      E-mail: jdavis@dslawpc.com
      Caroline Newman Small
      Texas State Bar No. 24056037
      E-mail: csmall@dslawpc.com
      Rachel Garza
      Texas State Bar No. 24125240
      E-mail: rgarza@dslawpc.com
      719 S. Flores Street
      San Antonio, Texas 78204
      Tel: (210) 853-5882
      Fax: (210) 200-8395

*Attorneys for Defendants Stephen Findeisen*
*and Coffee Break Productions, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2025, the foregoing document was served on all counsel of record as follows:

Andrew C. Phillips (*Pro Hac Vice*)      _____      U.S. Mail
Shannon B. Timmann (*Pro Hac Vice*)      _____      CMRRR
MEIER WATKINS PHILLIPS PUSCH LLP      _____      Facsimile
919 18th Street NW, Suite 650      _X_      E-mail
Washington, DC 20006      _____      E-file
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)      _____      U.S. Mail
Jason L. Mays (*Pro Hac Vice*)      _____      CMRRR
MARCUS NEIMAN RASHBAUM & PINEIRO LLP      _____      Facsimile
100 SE 3rd Ave., Suite 805      _X_      E-mail
Ft. Lauderdale, Florida 33394      _____      E-file
Email: jneiman@mnrlawfirm.com
Email: jmays@mnrlawfirm.com

Ricardo G. Cedillo      _____      U.S. Mail
DAVIS, CEDILLO, MENDOZA, INC.      _____      CMRRR
755 E. Mulberry Ave, Ste. 250      _____      Facsimile
San Antonio, TX 78212      _X_      E-mail
Email: rcedillo@lawdcm.com      _____      E-file

*Attorneys for Plaintiff Logan Paul*

*/s/ Rachel Garza*
Rachel Garza

3

## AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 12:** Do you contend that Plaintiff defrauded anyone in connection with CryptoZoo? If your answer is anything other than an unqualified "no," please state who or what class of people you contend were defrauded and explain the factual basis for that contention.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that the term "defrauded" is a legal term and therefore calls for a legal conclusion and/or improper legal opinion. Responding Party further objects to this interrogatory as overly broad and outside the scope of the discovery because there are no fraud claims at issue in this case and Plaintiff is not suing on any statements made by Defendants that Plaintiff defrauded anyone.

**RESPONSE:** Subject to and without waiving the forgoing objections, Plaintiff's victims include people who purchased CryptoZoo NFTs and Zoo Tokens in reliance on Plaintiff's and CryptoZoo's statements, representations, and omissions.

**AMENDED RESPONSE:** Responding Party contends that Paul, individually and by and through his agents, affiliates, and others who he hired or sponsored in connection with CryptoZoo, made misrepresentations (referring in this answer to both affirmative statements and omissions) to the public and to people who were considering investing in CryptoZoo. Relying at least in part on these representations and the fact that Paul was involved in and/or endorsed CryptoZoo, many of these people made the decision to invest in CryptoZoo. Many of these people would not have made the decision to invest in CryptoZoo but for the representations made by Paul and his involvement in the project. Many of these people lost all or part those investments.

The various classes of people who were affected include, but are not limited to, persons who:

    i.    Purchased NFTs for an unfinished game based in whole or in part on representations regarding the status of the game and later sold them at a loss prior to the "buyback" announcement;

    ii.    Bought $ZooTokens or Egg NFTs based in whole or in part on representation that CryptoZoo is a "really fun game that makes you money" and the expectations of a finished product;

    iii.    Purchased Egg NFTs or $ZooTokens based in whole or in part representations that the project would be finished and released;

    iv.    Relied in whole or in part on CryptoZoo's Whitepaper's statement that "founders tokens" were locked for 6 months and later vested;

    v.    Relied in whole or in part on representations when buying or selling unregistered securities in connection with CryptoZoo;

    vi.    Purchased $ZooTokens and were unaware of attempts by the founding team to

4

manipulate the market regarding $ZooTokens;

 vii. Relied in whole or in part on the CryptoZoo Whitepaper's disclosure of "Tokenomics" when deciding to invest and were not aware that the CryptoZoo founding team secretly controlled a larger share of $ZooTokens than was disclosed;

 viii. Relied in whole or in part on representations that Paul hired a development team that were "wizards because you're dealing with people's money" when deciding to invest in $ZooTokens or Egg NFTs; and

 ix. Others who, in making their investment decision, relied in whole or in part on the public statements, representations and communications (or the omissions – i.e. the failure to disclose all important facts or disclosed an incomplete truth) made by Paul. Please see the various videos and social media produced by both sides containing such communications.

In response to this interrogatory, Responding Party also refers Paul to James C. Spindler's expert report dated March 16, 2025, which is incorporated by reference herein, and additionally on the following non-exclusive list:

 i. The fact that Paul never delivered a fully finished game;

 ii. The CryptoZoo founders had two sets of $ZooTokens, one which was unlocked and not disclosed on the CryptoZoo Whitepaper;

 iii. Paul sold unregistered securities;

 iv. The CryptoZoo founders had secret "Rules for Selling," in an attempt to manipulate the market;

 v. Paul and the CryptoZoo founders conducted a "stealth launch" with CryptoZoo, similar to the "stealth launch" conducted with DinkDoink, where Paul and the CryptoZoo founders purchased a second set of tokens prior to the public having details about CryptoZoo

 vi. $Zoo tokens and NFTs were unregistered securities;

 vii. CryptoZoo was widely marketed to the public—including children;

 viii. The CryptoZoo white paper indicates that CryptoZoo was designed to "allow[] users to earn $ZOO tokens (that are openly traded)" when, in reality, CryptoZoo insiders were covertly trading and planning to sell CryptoZoo's $ZOO tokens in a coordinated fashion; and

 ix. Conversations between Paul and the other CryptoZoo founders show manipulative trading activity.

In addition, Paul's experience and involvement in prior cryptocurrency projects (including without limitation, SFI, PitBully, DinkDoink, FuckElon) provides further evidence supporting Respondent's contentions in this suit. Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 13:** Explain why in your October 23, 2022 "whistleblower report" to the federal government (D004034-44) you did not mention that you were unaware of any evidence suggesting that Plaintiff ever sold any Zoo Tokens.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that it is overly broad and outside the scope of the discovery because there are no claims in this case which involve statements made by Defendants to the federal government. Further, Responding Party's mental processes and decision-making in submitting his report have no bearing on any claim in this case. In this respect, Responding Party objects to this interrogatory because it seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1).

**RESPONSE:** Subject to and without waiving the forgoing objections, whether or not Plaintiff sold Zoo Tokens, directly or indirectly, was not the subject of the October 23, 2022 whistleblower report. While a blockchain analysis of the CryptoZoo founder's wallets to determine whether any CryptoZoo founders had sold Zoo Token was ongoing at the time of the report, it was not yet complete.

**INTERROGATORY NO. 14:** Explain why in your October 23, 2022 "whistleblower report" to the federal government (D004034-44) you did not (i) identify Eddie Ibanez or Jake Greenbaum by name or (ii) include allegations about their individual wrongdoing with respect to CryptoZoo.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that it is overly broad and outside the scope of the discovery because there are no claims in this case which involve statements made by Defendants to the federal government. Further, Responding Party's mental processes and decision-making in submitting his report have no bearing on any claim in this case. In this respect, Responding Party objects to this interrogatory because it seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1).

**RESPONSE:** Subject to and without waiving the forgoing objections, Eddie Ibanez and Jake Greenbaum were not individually identified in the October 23, 2022 whistleblower report but they were identified to the federal government in writing (*see* D003984) and in verbal discussions. While a blockchain analysis of the CryptoZoo founder's wallets to determine whether any CryptoZoo founders had sold Zoo Token was ongoing at the time of the report, it was not yet complete.

**INTERROGATORY NO. 15:** Explain the reason(s) that you did not provide the federal government with the blockchain analysis produced as D 004080-98 until you received a formal request for this information from the federal government in February 2023.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that it is overly broad and outside the scope of the discovery because there are no claims in this case which involve statements made by Defendants to the federal government. Further, Responding Party's mental processes and decision-making in submitting his report have no bearing on any claim in this case. In this respect, Responding Party objects to this interrogatory because it seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1).

**RESPONSE:** Subject to and without waiving the forgoing objections, Responding Party verbally and informally provided a summary of findings to the federal government promptly. *See e.g.* D 005112. A formal analysis of the same summary was provided once requested.

**INTERROGATORY NO. 16:** State your definition and understanding of the meaning of the term "scam" as you used it in the publications that are the subject of the First, Second, and Third Claims for Relief in Plaintiff's Complaint.

**OBJECTION:** Responding Party objects to this interrogatory to the extent that it asks Responding Party to form a legal conclusion and/or legal opinion and/ construe a legal term of art. Responding Party also objects because the interrogatory seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1).

**AMENDED RESPONSE:** Responding Party's understanding of the word "scam" depends on the context. For example, the phrase "Logan Paul's Scam" and "Logan Paul's Biggest Scam" was the common title between Coffeezilla's videos in December of 2022, and at times Coffeezilla referenced his prior investigative series by using this or similar phrases. In a more general sense, Responding Party understands a scam to be at times when one side to a transaction does not receive what was expected or represented and ends up feeling "scammed," cheated, or misled. In other contexts, Responding Party understands a scam to be actions or omissions that mislead, deceive, trick or exploit people, a con, or a deceptive act/omission. Responding Party's understanding is those acts can be made intentionally, recklessly, or negligently with one side feeling "scammed." Responding Party also understands that a scam can refer to obtaining something of value (including without limitation money) through such actions or omissions. Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 17:** Identify any instances in your published YouTube content where you identified a participant in a business venture as a "scammer," or as having engaged in a "scam," where you were not aware of any evidence that the individual profited from the underlying "scam."

**OBJECTIONS:** Responding Party objects to this interrogatory in that it is overly broad it seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1). In particular, the interrogatory is not restricted to information related to the parties and is not limited to what is material and relevant to the causes of action at issue. This interrogatory is unduly burdensome and harassing because it would require Responding Party to review more than 70 hours of content from the time

7

Responding Party began creating content to present to respond to this interrogatory, which is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(d)(1). Responding Party further objects to this interrogatory because the information is equally available to Plaintiff because it involves publicly posted videos—Plaintiff can just as easily analyze the publicly available videos for the number of times these phrases are used.

**INTERROGATORY NO. 18:** If you maintained group messages or email chains with an editorial team for the purpose of discussing potential edits to your published YouTube videos concerning CryptoZoo, identify (1) each participant in those communications; (2) the dates of those communications; and (3) if applicable, where those communications are reflected on your privilege log.

**OBJECTIONS:** Responding Party objects to this interrogatory as it is an improper attempt to reveal communications on Defendants' privilege log. Responding Party reasserts and incorporates Defendants' privilege log and Declaration from Stephen Findeisen (ECF No. 62-1), which reflects the information necessary to evaluate the claims of privileges asserted therein without destroying the privilege. Privilege aside, Responding Party further objects to this interrogatory because it seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1). Responding Party further objects to this interrogatory on the grounds that it is harassing and propounded for the sole purpose of going on a "fishing expedition."

**RESPONSE:** Subject to and without waiving the foregoing objections, please see Defendants' Privilege Log and the February 14, 2025 declaration from Stephen Findeisen. ECF No. 62-1.

**AMENDED RESPONSE:** Responding Party maintained group messages with Harry Bagg, Ed Lyszczynski, and Stephen Findeisen. The group messages span over the following dates: January 18, 2023 through September 6, 2024 and February 18, 2023 through August 26, 2024. An amended privilege log will be served contemporaneously with this Response identifying the communications in question.

**INTERROGATORY NO. 19:** Identify the date of your recorded telephone call with Jeffrey Levin that is reflected in the December 16, 2022 YouTube video, "Investigating Logan Paul's Biggest Scam."

**RESPONSE:** On or about October 1, 2021.

**INTERROGATORY NO. 20:** Identify your most recent direct contact with the federal government about Plaintiff, including (i) the date, (ii) what prompted the communication, (iii) the medium (i.e., phone call, text, email, etc.), (iv) who you spoke to or communicated with, and (v) the subject matter of that communication.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that it is overly broad and outside the scope of the discovery because there are no claims in this case which involve statements made by Defendants to the federal government. In this regard, this interrogatory seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1). Responding Party objects to this

interrogatory on the grounds that it is propounded for the sole purpose of going on a "fishing expedition" in an effort to formulate additional allegations. Finally, Responding Party objects to this interrogatory on the grounds that the term "most recent" is vague and ambiguous because it is not defined and no time period is given.

**RESPONSE:** Subject to and without waiving the foregoing objections, to the best of Responding Party's recollection, he had a phone call with an FBI agent early 2025. Responding Party cannot recall the exact date of the phone call. Based on the phone call and to the best of Responding Party's recollection, Responding Party believes that there are still pending government investigation(s) into Plaintiff. Responding Party reserves the right to supplement this response.

**AMENDED RESPONSE:** The most recent communication Responding Party had with the government was prompted by the public announcement of charges against Michael Sims for OmegaPro, a matter which Responding Party had previously provided information to the FBI. On or about July 15, 2025, Responding Party sent a text message to Agent McGuire regarding the announcement of charges against Mr. Sims. On or about July 26, 2025, Responding Party followed up with Agent McGuire to schedule a phone call.

To the best of Responding Party's recollection, the conversation covered a range of topics, some unrelated to CryptoZoo and Paul. Regarding CryptoZoo and Paul, Agent McGuire inquired about several coins Paul promoted or was involved with around 2021, contemporaneous with CryptoZoo. The subject matter included, among others, the FBI investigation into Paul's conduct with CryptoZoo and other cryptocurrencies affiliated with Paul.

At the FBI's request, Responding Party agreed to provide evidence to the FBI regarding Paul's involvement in the additional cryptocurrencies being investigated.

Pursuant to Federal Rule of Civil Procedure 33(d), see D050021-050083, being produced herewith.

**INTERROGATORY NO. 21:** Explain how you decided on the title to each of your YouTube videos concerning CryptoZoo, and in doing so identify anyone else involved in the decision making process and any other titles you considered but did not ultimately use.

**OBJECTIONS:** Responding Party objects to this interrogatory because it seeks privileged information. Responding Party objects because the interrogatory seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1). Responding Party further objects to this interrogatory on the grounds that it is propounded for the sole purpose of going on a "fishing expedition" which is prohibited by the Federal Rules of Civil Procedure.

**AMENDED RESPONSE:** Responding Party cannot identify exactly how each title for each YouTube video concerning CryptoZoo was decided. However, subject to and without

waiving any claim of journalist's privilege, Responding Party can recall some of the alternate titles which were considered and not used:

i.   Regarding the June 30, 2023 video titled "Logan Paul's Scam Isn't Over," Responding Party considered but ultimately did not use: "Logan Paul's CryptoZoo Scam Isn't Over" and "Logan Paul's Scam Keeps Getting Worse."

ii.  Regarding the January 5, 2024 video titled "Logan Paul's 'Refund,'" Responding Party considered but ultimately did not use: "Logan Paul Will Pay You Not To Sue Him," "Logan Paul Pays Victims to Stop Suing Him," "My Response to Logan Paul," "Logan Paul Fakes Accountability," and "Logan Paul Announces 'Refund.'"

**INTERROGATORY NO. 22:** State the date(s) of any telephone conversations that you had with Logan Paul concerning CryptoZoo, and for each, explain with as much specificity as possible your recollection of the substantive content of those conversations.

**RESPONSE:** To the best of Responding Party's recollection there were one or two conversations with Plaintiff on or around January 6, 2023. To the best of Responding Party's recollection, Plaintiff apologized to Responding Party and represented that he would not sue Responding Party. Further, to the best of Responding Party's recollection, Plaintiff agreed that victims of CryptoZoo had been wronged and that he was in the process of planning refunds but did not give specific details regarding refunds to victims. Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 23:** If you contend that certain parts of the CryptoZoo game were never developed and implemented, identify which portions (e.g., hatching, breeding, marketplace, yield, etc.) and the basis for that contention.

**OBJECTIONS:** Responding Party objects to this interrogatory because despite Responding Party's own requests to obtain information regarding the development of the CryptoZoo game, Plaintiff and third-parties have failed to produce information that would shed light on these details.

**RESPONSE:** Subject to and without waiving the foregoing objection, the information available to Responding Party, to the best of Responding Party's knowledge several portions of the game were not fully functional or were completely dysfunctional, including without limitation, hatching of eggs, Zoo yield, cross-chain bridging, and releasing into the wild. To the best of Responding Party's knowledge, some core elements of CryptoZoo were never finished or implemented publicly. Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 24:** Explain your method of converting token amounts to US Dollars for purposes of calculating Plaintiff's supposed profits in the tabs of D 004292.

**OBJECTIONS:** Responding Party objects because the interrogatory seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1). Specifically, Plaintiff's defamation claims are not based on any published statements regarding Plaintiff's profits.

**RESPONSE:** Subject to and without waiving the foregoing, Responding Party used transaction hashes to determine how much BNB (or other market value) was used to buy or sell a particular token. Once the BNB (or other market value) was determined that number was multiplied by the price per token at the time of the buy or sell. The price per token used was determined by the historical token price in U.S. Dollars found on CoinMarketCap: https://coinmarketcap.com/currencies/bnb/historical-data/.

All calculations in D004292 were done with a variation of this method, using historic data of Ethereum, BNB, or other market values of tokens to calculate profits and losses based on the U.S. Dollar value of tokens involved at or near the time of the transaction. Responding Party reserves the right to supplement this response.

**INTERROGATORY NO. 25:** Identify any instances in which you contacted the federal government about potential wrongdoing by Plaintiff prior to your "whistleblower report" in October 2022, including (i) the date, (ii) who (or which agency) you contacted, (iii) the medium used to make contact (e.g., phone call, email, mail, etc.) and (iv) the subject matter and nature of the wrongdoing you alleged.

**OBJECTIONS:** Responding Party objects to this interrogatory on the grounds that it is overly broad and outside the scope of the discovery because there are no claims in this case for any statements made by Defendants to the federal government. In this regard, Responding Party objects because the interrogatory seeks information irrelevant to the claims and defenses and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(d)(1).

**RESPONSE:** Subject to and without waiving the forgoing objections, pursuant to Federal Rule of Civil Procedure 33(d) please see documents previously produced bates-labeled D003984-4295. Additionally, Responding Party has had several telephone calls with federal government officials generally regarding Plaintiff's wrongdoing and involvement with CryptoZoo but cannot recall specific details regarding each telephone call. Responding Party reserves the right to supplement this response.

## DECLARATION

My name is Stephen Findeisen, and I have read Defendant Stephen Findeisen's Responses and Objections to Plaintiff's Second Set of Interrogatories. Pursuant to Rule 33(b)(1)(A) of the Federal Rules of Civil Procedure, and pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the factual responses given therein are true and correct to the best of my knowledge, information, recollection, and belief.

Executed on August 15, 2025.



Stephen Findeisen

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LOGAN PAUL,

     *Plaintiff*,

v.

STEPHEN FINDEISEN AND
COFFEE BREAK PRODUCTIONS, LLC
d/b/a COFFEEZILLA

     *Defendants*,

Civil Action No.: 5:24-cv-00717

### DEFENDANT STEPHEN FINDEISEN'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

TO:    Plaintiff Logan Paul, by and through his attorneys of record, Andrew C. Phillips and Shannon B. Timmann; MEIER WATKINS PHILLIPS PUSCH, LLP, 919 18th Street NW, Suite 650, Washington, DC 20006, Jeffrey A. Neiman and Jason L. Mays; MARCUS NEIMAN RASHBAUM & PINEIRO, LLP, 100 SE 3rd Ave., Suite 805, Ft. Lauderdale, Florida 33394, and Ricardo G. Cedillo; DAVIS, CEDILLO & MENDOZA, INC., 755 E. Mulberry Ave., Suite 250, San Antonio, Texas 78212

    Pursuant to Federal Rule of Civil Procedure 26 and 36, Defendant Stephen Findeisen

serves these Amended Responses and Objections to Plaintiff's First Set of Requests for

Admissions.

Dated: August 15, 2025.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By:  /s/ Rachel Garza
    Jason M. Davis
    Texas State Bar No. 00793592
    E-mail: jdavis@dslawpc.com
    Caroline Newman Small
    Texas State Bar No. 24056037
    E-mail: csmall@dslawpc.com
    Rachel Garza
    Texas State Bar No. 24125240
    E-mail: rgarza@dslawpc.com
    719 S. Flores Street
    San Antonio, Texas 78204
    Tel: (210) 853-5882
    Fax: (210) 200-8395

*Attorneys for Defendants Stephen Findeisen*
*and Coffee Break Productions, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2025, the foregoing document was served on all counsel of record as follows:

| | | |
|---|---|---|
| Andrew C. Phillips (*Pro Hac Vice*) | _____ | U.S. Mail |
| Shannon B. Timmann (*Pro Hac Vice*) | _____ | CMRRR |
| MEIER WATKINS PHILLIPS PUSCH LLP | _____ | Facsimile |
| 919 18th Street NW, Suite 650 | X | E-mail |
| Washington, DC 20006 | _____ | E-file |
| Email: andy.phillips@mwpp.com | | |
| Email: shannon.timmann@mwpp.com | | |
| | | |
| Jeffrey A. Neiman (*Pro Hac Vice*) | _____ | U.S. Mail |
| Jason L. Mays (*Pro Hac Vice*) | _____ | CMRRR |
| MARCUS NEIMAN RASHBAUM & PINEIRO LLP | _____ | Facsimile |
| 100 SE 3rd Ave., Suite 805 | X | E-mail |
| Ft. Lauderdale, Florida 33394 | _____ | E-file |
| Email: jneiman@mnrlawfirm.com | | |
| Email: jmays@mnrlawfirm.com | | |
| | | |
| Ricardo G. Cedillo | _____ | U.S. Mail |
| DAVIS, CEDILLO, MENDOZA, INC. | _____ | CMRRR |
| 755 E. Mulberry Ave, Ste. 250 | _____ | Facsimile |
| San Antonio, TX 78212 | X | E-mail |
| Email: rcedillo@lawdcm.com | _____ | E-file |

***Attorneys for Plaintiff Logan Paul***

 /s/ Rachel Garza
Rachel Garza

3

### STEPHEN FINDEISEN'S AMENDED RESPONSES AND OBJECTIONS TO
### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that you published the video titled "Logan Paul's Scam Isn't Over" on the YouTube platform on June 30, 2023.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 2:** Admit that you published the video titled "Logan Paul's Refund" on the YouTube platform on January 5, 2024.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 3:** Admit that you published a post on "X" (formerly Twitter) on June 29, 2023 that stated, "Logan Paul really is the type of dude to thank you when you expose his scam, then block you when you remind him to pay up."

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 4:** Admit that you are not aware of any evidence suggesting that Plaintiff ever sold any Zoo Tokens.

**OBJECTION:** Responding Party objects to this request on the grounds that it is vague and ambiguous, in particular because it does not distinguish between direct and indirect sales of Zoo Tokens.

**RESPONSE:** Subject to and without waiving the foregoing objection, Deny.

**REQUEST FOR ADMISSION NO. 5:** Admit that Luciano Schippelliti told you on September 22, 2022 that his perception was that Plaintiff and Jeff Levin truly did want the CryptoZoo project to succeed.

**OBJECTION:** Responding Party objects to this request as being taken out of its full context. Responding Party refers to D04750 for a full and complete expression of its terms, which includes the following: "So it looks like they truly do want the project to succeed. (obv it could be just to protect reputation, but know knows, he seemed genuine about it)."

**REQUEST FOR ADMISSION NO. 6:** Admit that your December 20, 2022 YouTube video titled, "The Biggest Fraud in Logan Paul's Scam," had been viewed 5,794,503 times as of April 18, 2025, as reflected in D 005035.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 7:** Admit that you earned $27,491.57 in revenue from YouTube for your December 20, 2022 YouTube video titled, "The Biggest Fraud in Logan Paul's Scam" as of April 18, 2025, as reflected in D 005039.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 8:** Admit that your December 23, 2022 YouTube video titled, "Ending Logan Paul's Biggest Scam," had been viewed 8,457,676 times as of April 18, 2025, as reflected in D 005040.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 9:** Admit that you earned $50,385.61 in revenue from YouTube for your December 23, 2022 YouTube video titled, "Ending Logan Paul's Biggest Scam" as of April 18, 2025, as reflected in D 005044.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 10:** Admit that your December 16, 2022 YouTube video titled, "Investigating Logan Paul's Biggest Scam," had been viewed 10,778,121 times as of April 18, 2025, as reflected in D 005030.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 11:** Admit that you earned $47,175.98 in revenue from YouTube for your December 16, 2022 YouTube video titled, "Investigating Logan Paul's Biggest Scam" as of April 18, 2025, as reflected in D 005034.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 12:** Admit that your June 30, 2023 YouTube video titled, "Logan Paul's Scam Isn't Over," had been viewed 6,030,951 times as of April 18, 2025, as reflected in D 005045.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 13:** Admit that you earned $16,726.38 in revenue from YouTube for your June 30, 2023 YouTube video titled, "Logan Paul's Scam Isn't Over" as of April 18, 2025, as reflected in D 005049.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 14:** Admit that your January 5, 2024 YouTube video titled, "Logan Paul's Refund," had been viewed 5,429,533 times as of April 18, 2025, as reflected in D 005026.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 15:** Admit that you earned $19,038.19 in revenue from YouTube for your January 5, 2024 YouTube video titled, "Logan Paul's Refund" as of April 18, 2025, as reflected in D 005029.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 16:** Admit that you did not attempt to contact Plaintiff directly by telephone, text message, or email to discuss CryptoZoo until December 24, 2022.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 17:** Admit that you knew prior to publishing your three-part YouTube series on CryptoZoo that Zach Kelling had a criminal record.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 18:** Admit that you did not inform Jeffrey Levin that you were recording your telephone call with him that you featured in your December 16, 2022 YouTube video, "Investigating Logan Paul's Biggest Scam."

**OBJECTION:** Responding Party objects to this request in that it is overly broad and neither relevant to Plaintiff's defamation claims in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, Responding Party's December 16, 2022 YouTube video is not a basis for any of Plaintiff's defamation claims, and neither are any statements made to Jeffrey Levin, and any such defamation claims are time-barred. *See* Tex. Civ. Prac. & Rem. Code § 16.002(a).

**AMENDED RESPONSE:** Responding Party admits that he did not specifically inform Jeffrey Levin that he was recording the phone call, however, Responding Party did explain to Mr. Levin that he was contacting Mr. Levin "for comment." Responding Party also explained to Mr. Levin that he was preparing to run a news story on Paul and CryptoZoo and wanted to get Paul's side of the story, since Mr. Levin is Paul's manager. Mr. Levin responded that he understood that Responding Party worked as a journalist reporting news and agreed to provide a statement to Responding Party. At no time did Mr. Levin ask Responding Party to keeps his statements "off the record" or "on background." Responding Party believed that Mr. Levin understood any statement he gave to Responding Party may be used in one of Responding Party's publications about Paul and/or CryptoZoo.

6

**REQUEST FOR ADMISSION NO. 19:** Admit that you reviewed the CryptoZoo Official Whitepaper prior to publishing your September 10, 2021 YouTube video titled, "Exposing Logan Paul's New Crypto 'Art'."

**OBJECTION:** Responding Party objects to this request to the extent that the term "reviewed" is vague and ambiguous.

**RESPONSE:** Subject to and without waiving the foregoing objection, Responding Party admits that he read through some or all the CryptoZoo Official Whitepaper prior to publishing the September 10, 2021 YouTube video titled, "Exposing Logan Paul's New Crypto 'Art,'" but cannot recall details as to the level of specificity or thoroughness of the same.

**REQUEST FOR ADMISSION NO. 20:** Admit that you stated in your September 10, 2021 YouTube video titled "Exposing Logan Paul's New Crypto 'Art'" that you had "preconceived notions" about Logan Paul.

**OBJECTION:** Responding Party objects to this request as being taken out of its full context. Responding Party refers to D000100 for a full and complete expression of its terms.

Defendants' Fifth Amended Privilege Log of Text Messages

(August 15, 2025)

| TEXT MESSAGE ITEM # | PRIVILEGE CODE | PRIVILEGE CODE Sub-Category | MESSAGE TYPE | PARTICIPANTS | DATE | FILE EXT | SUBJECT MATTER |
|---|---|---|---|---|---|---|---|
| 1 | A, B | e | Chat | Stephen Findeisen, Ed Leszczynski, and Harry Bagg | 1/18/2023-9/6/2024 | html | Information, document, or item obtained or prepared while acting as a journalist |
| 2 | A, B | e | Chat | Stephen Findeisen, Ed Leszczynski, and Harry Bagg | 2/18/2023-8/26/2024 | html | Information, document, or item obtained or prepared while acting as a journalist |
| 3 | B | e | Chat | Stephen Findeisen and [Protected Sources] | 9/26/2022-10/22/2024 | html | Information, document, or item obtained or prepared while acting as a journalist |
| 4 | A, B | e | Chat | Stephen Findeisen and Harry Bagg | 7/19/2021-9/16/2024 | html | Information, document, or item obtained or prepared while acting as a journalist |
| 5 | A, B | e | Chat | Stephen Findeisen and Ed Leszczynski | 10/8/2020-9/15/2024 | html | Information, document, or item obtained or prepared while acting as a journalist |
| 7 | B, C | e | Text Message | Stephen Findeisen and [Protected Source] | 10/25/2022 | JPG | Information, document, or item obtained or prepared while acting as a journalist |
| 8 | B, C | e | Text Message | Stephen Findeisen and [Protected Source] | 10/25/2022 | JPG | Information, document, or item obtained or prepared while acting as a journalist |
| 9 | B, C | e | Text Message | Stephen Findeisen and [Protected Source] | 10/25/2022 | JPG | Information, document, or item obtained or prepared while acting as a journalist |
| 10 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/1/2021-6/12/2022 | JPG | Information, document, or item obtained or prepared while acting as a journalist |
| 11 | B | e | Text Messages | Stephen Findeisen and [Protected Source] | | JPG | Information, document, or item obtained or prepared while acting as a journalist |
| 12 | B | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/5/2022-7/3/2024 | pdf | Information, document, or item obtained or prepared while acting as a journalist |
| 14 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/24/2022-1/3/2023 | pdf | Information, document, or item obtained or prepared while acting as a journalist |
| 15 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/25/2022 | pdf | Information, document, or item obtained or prepared while acting as a journalist |
| 16 | B, F | e, h | Text Messages | Stephen Findeisen and Tommy Kerkher | 6/5/2022 7/18/2024 | pdf | Information, document, or item obtained or prepared while acting as a journalist |
| 97 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 9/3/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 98 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 9/3/2022-10/9/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 99 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/9/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 100 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/9/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 101 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/9/2022-10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 102 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 103 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 104 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 105 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 106 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 107 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 108 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 109 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 110 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 111 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 112 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 113 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 114 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |

Defendants' Fifth Amended Privilege Log of Text Messages

(August 15, 2025)

| TEXT MESSAGE ITEM # | PRIVILEGE CODE | PRIVILEGE CODE Sub-Category | MESSAGE TYPE | PARTICIPANTS | DATE | FILE EXT | SUBJECT MATTER |
|---|---|---|---|---|---|---|---|
| 115 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 116 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 117 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 118 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 119 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 120 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 121 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 122 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 123 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/14/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 124 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/16/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 125 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/16/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 126 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/16/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 127 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/16/2022-10/18/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 128 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/19/2022-10/20/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 129 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/20/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 130 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/20/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 131 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/20/2022-10/22/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 132 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/22/2022-10/30/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 133 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/30/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 134 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/30/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 135 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/30/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 136 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/30/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 137 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 10/30/2022-11/6/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 138 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 11/6/2022-12/30/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 139 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 12/29/2022-12/30/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 140 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 12/30/2022-1/2/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 141 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/2/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 142 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/2/2023-1/3/2022 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 143 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 144 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 145 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 146 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |

Defendants' Fifth Amended Privilege Log of Text Messages

(August 15, 2025)

| TEXT MESSAGE ITEM # | PRIVILEGE CODE | PRIVILEGE CODE Sub-Category | MESSAGE TYPE | PARTICIPANTS | DATE | FILE EXT | SUBJECT MATTER |
|---|---|---|---|---|---|---|---|
| 147 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 148 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 149 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 150 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 151 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 152 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 153 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 154 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 155 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 156 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 157 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 158 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/3/2023- 1/4/2023 | | Information, document, or item obtained or prepared while acting as a journalist |
| 159 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/4/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 160 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/4/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 161 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/4/2023- 1/6/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 162 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/6/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 163 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/6/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 164 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/6/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 165 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/6/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 166 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/6/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 167 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/6/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 168 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/6/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 169 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/6/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 170 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/6/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |
| 171 | B, C | e | Text Messages | Stephen Findeisen and [Protected Source] | 1/6/2023 | PNG | Information, document, or item obtained or prepared while acting as a journalist |