**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **LOGAN PAUL,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS, LLC d/b/a COFFEEZILLA,**<br><br>*Defendants.* | **Civil Action No.: 5:24-cv-00717** |

**DEFENDANTS' MOTION TO COMPEL**

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "**Coffeezilla**") file this, Motion to Compel Documents and in support would respectfully show:

**OVERVIEW**

Paul brought this defamation action against Findeisen (known professionally as Coffeezilla, along with his company of the same name) for exposing Paul's role in running an online cryptocurrency scam that cost his fans, including minors to whom the scam was marketed, millions of dollars. Paul publicly thanked Coffeezilla for his work, apologized for the CryptoZoo scam, and promised to partially fund victims—if they agreed not to sue him.

With respect to key communications Coffeezilla has sought in discovery, Paul has (1) refused to produce certain communications under an improper claim of privilege; and (2) refused to produce other communications in a reasonably usable format. This motion seeks

to overrule Paul's privilege claims and compel the re-production of certain communications in a reasonably usable format. The parties have conferred about these issues, but Paul stands by his privilege claims and production.

## ARGUMENT AND AUTHORITIES

### A. Paul's privilege claims should be overruled.

#### 1. Legal standard.

In diversity cases, Texas law governs the resolution of privilege issues. *See* Fed. R. Evid. 501; *see also CBX Res. LLC v. ACE Am. Ins. Co*., No. SA-17-CV-0017-DAE, 2018 WL 9868579, at *4 (W.D. Tex. May 10, 2018) (Bemporad, M.J.). "Under Texas law, the elements of attorney client privilege are: (1) a confidential communication; (2) made for the purpose of facilitating the rendition of professional legal services; (3) between or amongst the client, lawyer, and their representatives; and (4) the privilege has not been waived." *Id.* (citing Tex. R. Evid. 503(b)). It is the party asserting the privilege's burden to demonstrate how each document or communication satisfies these elements, and a general allegation of privilege is insufficient. *Id*. Furthermore, the "mere copying of legal counsel, in and of itself, does not transform an otherwise nonlegal communication into one made for a legal purpose." *Univ. of Tex. Sys. v. Franklin Ctr. for Gov't & Pub. Integrity*, 675 S.W.3d 273, 280 (Tex. 2023), *reh'g denied* (Oct. 20, 2023).

#### 2. Paul waived his claim of privilege over certain communications by disclosing them to third parties.

Paul served two privilege logs, one identifying documents Paul produced with portions redacted under a privilege claim (the "**Redacted Documents Log**")[1] and one identifying

[1] Attached hereto as **Exhibit A** is a copy of the Redacted Documents Log produced on February 14, 2025. The entries highlighted in Exhibit A represent the communications at issue in this Motion.

documents Paul withheld altogether under a claim of privilege (the "**Withheld Documents Log**")[2]. The tables below reflect Paul's privilege claims over numerous communications with third parties (the "**Disputed Communications**"):

| **TABLE 1: REDACTED DOCUMENTS LOG** | | | |
|---|---|---|---|
| **Group No.** | **Third-Party** | **Third-Party Role (If Identified by Paul[3])** | **Privilege Log Item No.** |
| **1.** | Jeffery Levin | Paul's employee (manager) | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 43 (*see* Ex. A) |
| **2.** | Jed Wallace | Street Relations (Public Relations) Personnel | 1, 2, 3, 4, 5, 6, 22, 24 (*see* Ex. A) |
| **3.** | Melissa Nathan | Public Relations Consultant | 25, 26, 27, 28 (*see* Ex. A) |
| **4.** | Alyx Sealy | Public Relations Consultant | 26, 27 (*see* Ex. A) |
| **5.** | Daniel Budzinski | Captriz Personnel (*see* FN 4 below) | 17 (*see* Ex. A) |
| **6.** | Michael Majlak | Paul's Business Partner and Co-Host of Impaulsive | 44 (*see* Ex. A) |
| **7.** | Kamran Rosen | Unidentified | 25 (*see* Ex. A) |

[2] Attached hereto as **Exhibit B** is a copy of the Withheld Documents Log produced on March 7, 2025. The entries highlighted in Exhibit B represent the communications at issue in this Motion.

[3] Paul did not identify the role, title, or relationship of the third parties in his initial production of the privilege logs. Upon request by Coffeezilla, Paul identified some, but not all, of the third parties and those descriptions are included herein.

| TABLE 2: WITHHELD DOCUMENTS LOG | | | |
|---|---|---|---|
| **Group No.** | **Third-Party** | **Third-Party Role (If Identified by Paul)** | **Privilege Log Item No.** |
| **8.** | Jeffery Levin | Paul's employee (manager) | 173, 235, 199, 240, 175, 197, 203, 224, 207, 247, 20, 33, 214, 215, 226, 228, 174, 196, 227, 28, 32, 41, 19, 4, 6, 22, 1, 45, 8, 2, 21, 30, 46, 17, 18, 38, 242, 25, 27, 50, 43, 9, 188, 210, 34, 40, 31, 5, 222, 225, 251, 39, 7, 36, 200, 217, 236, 246, 10, 195, 198, 230, 233, 243, 249, 252, 3, 241, 44, 193, 202, 176, 180, 181, 186, 187, 204, 205, 206, 208, 209, 212, 229, 232, 234, 238, 244, 248, 250, 48, 190, 13, 49, 172, 178, 182, 189, 201, 211, 245, 24, 213, 219, 221, 237, 179, 192, 194, 216, 35, 231, 12, 47, 67, 69, 70, 74, 75, 76, 77, 80, 81, 82, 83, 84, 85, 89, 53, 94, 99, 105, 113, 112, 115, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 128, 143, 144, 54, 55, 56, 58, 57, 59, 60, 62, 63, 61, 64, 65, 66, 177, 183, 184, 185, 191, 218, 220, 223, 239 (*see* Ex. B) |
| **9.** | Jed Wallace | Street Relations (Public Relations) Personnel | 51, 15, 32, 41, 19, 4, 22, 45, 8, 52, 30, 46, 17, 18, 38, 242, 26, 42, 23, 14, 43, 40, 16, 186, 212, 234, 69, 80, 177 (*see* Ex. B) |
| **10.** | Alyx | Public Relations Consultant | 31, 10, 13 (*see* Ex. B) |
| **11.** | Melissa Nathan | Public Relations Consultant | 31, 10, 13 (*see* Ex. B) |
| **12.** | Alex Smith | Mann Gelon Smith Sroka Lee LLP (Certified Public | 222, 225, 251, 176, 180, 205, 208, 232, 213, 221, 237, 179, 194, 216, 231, 47, |

| | | | |
|---|---|---|---|
| | | Accountants) Personnel | 82, 83, 84, 89, 94, 99, 105, 113, 112, 144, 218 (*see* Ex. B) |
| **13.** | Sophia Kiraz | Mann Gelon Smith Sroka Lee LLP (Certified Public Accountants) Personnel | 213, 221, 237, 84, 93, 94, 95 (*see* Ex. B) |
| **14.** | Sam Levine | Mann Gelon Smith Sroka Lee LLP (Certified Public Accountants) Personnel | 176, 205, 208, 232, 213, 221, 237, 194, 231, 82, 83, 84, 94, 113, 112, 144, 218 (*see* Ex. B) |
| **15.** | Meagen Johnson | Mann Gelon Smith Sroka Lee LLP (Certified Public Accountants) Personnel | 89, 113, 112, 144 (*see* Ex. B) |
| **16.** | Daniel Budzinski | Captriz Personnel[4] | 220, 198, 230, 252, 241, 202, 209, 190, 172, 182, 189, 201, 211, 245, 67, 77, 85 (*see* Ex. B) |
| **17.** | Josh McKay | Captriz Personnel | 220, 198, 230, 252, 241, 202, 209, 85 (*see* Ex. B) |
| **18.** | Larry Harris | Rockville Risk Management Associates Personnel | 93, 95 (*see* Ex. B) |
| **19.** | Timothy Waters | Rockville Risk Management Associates Personnel | 93, 95 (*see* Ex. B) |

[4] In this case, Paul issued a third-party subpoena duces tecum to Mr. Budzinski seeking "[a]ll documents and communications concerning CryptoZoo and/or Logan Paul's involvement with CryptoZoo." *See* **Exhibit C**. Paul cannot simultaneously seek discovery of certain communications with a witness and attempt to shield others under a claim of privilege. *La Union del Pueblo Entero v. Abbott*, No. 5:21-CV-0844-XR, 2024 WL 4344471, at *7 (W.D. Tex. Apr. 29, 2024) ("Under the sword-and-shield doctrine, a party may not use privileged information both offensively and defensively at the same time.").

| | | | |
|---|---|---|---|
| **20.** | Jason Julao | Hub International Insurance Brokers Personnel | 93, 95 (*see* Ex. B) |
| **21.** | Dave Posner | Hub International Insurance Brokers Personnel | 93, 95 (*see* Ex. B) |
| **22.** | Brooke Tanner | Hub International Insurance Brokers Personnel | 93, 95 (*see* Ex. B) |
| **23.** | Jamie Bouloux | EmergIn Risk Insurance Personnel | 93, 95 (*see* Ex. B) |
| **24.** | Steve McNew | FTI Consulting Personnel | 217, 246, 178, 74 (*see* Ex. B) |
| **25.** | Michael Majlak | Paul's Business Partner and Co-Host of Impaulsive[5] | 18 (*see* Ex. B) |
| **26.** | George Janko | Former co-host of Impaulsive | 18 (*see* Ex. B) |
| **27.** | Eddie Ibanez | Co-founder of CryptoZoo[6] | 207, 247, 60, 223, 224 (*see* Ex. B) |
| **28.** | Ophir Bentov | Manager of CryptoZoo Community[7] | 206, 244, 190, 172, 182, 189, 201, 211, 245, 67, 77 (*see* Ex. B) |

[5] In this case, Paul issued a third-party subpoena duces tecum to Mr. Majlak seeking "[a]ll documents and communications concerning CryptoZoo and/or Logan Paul's involvement with CryptoZoo." *See* **Exhibit D**. Paul cannot simultaneously seek discovery of certain communications with a witness and attempt to shield others under a claim of privilege. *Abbott*, 2024 WL 4344471, at *7 ("Under the sword-and-shield doctrine, a party may not use privileged information both offensively and defensively at the same time.").

[6] In this case, Paul issued a third-party subpoena duces tecum to Mr. Ibanez seeking "[a]ll documents and communications concerning CryptoZoo and/or Logan Paul's involvement with CryptoZoo." *See* **Exhibit E**. Paul cannot simultaneously seek discovery of certain communications with a witness and attempt to shield others under a claim of privilege. *Abbott*, 2024 WL 4344471, at *7 ("Under the sword-and-shield doctrine, a party may not use privileged information both offensively and defensively at the same time.").

[7] In this case, Paul issued a third-party subpoena duces tecum to Mr. Bentov seeking "[a]ll documents and communications concerning CryptoZoo and/or Logan Paul's involvement with CryptoZoo." *See* **Exhibit**

| | | | |
|---|---|---|---|
| **29.** | Dylan Landon | Unidentified | 18 (*see* Ex. B) |
| **30.** | Kaleb Karnow | Unidentified | 18 (*see* Ex. B) |
| **31.** | Kevin G | Unidentified | 18 (*see* Ex. B) |
| **32.** | Jorge Sanchez | Unidentified | 176, 180, 205, 208, 232, 143, 218 (*see* Ex. B) |
| **33.** | Krystina Rodelo | Unidentified | 176, 180, 205, 218 (*see* Ex. B) |
| **34.** | TeamLogan MGG CPA | Unidentified | 204, 205, 208, 232, 250, 179, 192, 194, 216, 231, 81, 82, 83, 89, 99, 191, 218, 176, 180, 204 (*see* Ex. B) |
| **35.** | Jeff Levin Assistant | Unidentified | 208, 232, 143 (*see* Ex. B) |

Paul's claim of attorney-client privilege over these documents should be overruled for several independent and alternative reasons.

As a preliminary matter, Paul's failure to serve a compliant privilege log for some communications constitutes waiver of the privilege altogether. When a party withholds information otherwise discoverable under a claim of privilege, the party must: (1) expressly make the claim; and (2) describe the nature of the information withheld in a manner that will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A). When practicable, a privilege log should generally include a Bates number, author, recipient, persons receiving copies, date, document title, document type, number of pages, and any other relevant nonprivileged information. *Hernandez v. Frazier*, No. SA-11-CA-9-FB, 2012 WL 12895537, at

F. Paul cannot simultaneously seek discovery of certain communications with a witness and attempt to shield others under a claim of privilege. *Abbott*, 2024 WL 4344471, at *7 ("Under the sword-and-shield doctrine, a party may not use privileged information both offensively and defensively at the same time.").

*5 (W.D. Tex. May 11, 2012); *Muslow v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, No. CV 19-11793, 2021 WL 4243321, at *4 (E.D. La. Apr. 23, 2021). "[A] privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to test the merits of the privilege claim." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017). "The failure to provide a compliant log can result in waiver of privilege." *Mayfield v. Safeco Ins. Co. of Indiana*, No. 5-20-CV-00210-XR, 2021 WL 8441780, at *1 (W.D. Tex. May 27, 2021).

First, Paul's Privilege Logs wholly fail to identify certain individuals or their roles or relationship to Paul. *See* Group Nos. 7, 29–35 in Tables 1 & 2 *supra*. Without this information, Coffeezilla is unable to test the merits of the purported privilege claim. Accordingly, Paul's privilege claim should be overruled with respect to each claim of privilege in Group Nos. 7, 29–35 in Tables 1 & 2 on this basis alone. Second, Paul's Redacted Documents Log fails to identify the Bates number for the document each entry applies to. *See* Ex. A. Accordingly, the privilege claim should be overruled with respect to each communication in Group Nos. 1–7 in Table 1 on this basis alone.

As a substantive matter, all of the Disputed Communications include third parties whose presence destroys the privilege. *See* Tex. R. Evid. 503(a)(2), 511(a); *Univ. of Tex. Sys.*, 675 S.W.3d at 280 ("[T]he presence of third persons during the communication will destroy confidentiality, and communications intended to be disclosed to third parties are not generally privileged."). The third party is not considered a representative unless "assisting in the rendition of professional legal services [was] a *significant purpose* for which the representative was hired in the first instance. This is consistent with the privilege's general applicability to communications between qualified persons if obtaining legal assistance is 'one of the

significant purposes' of the communication." *Univ. of Tex. Sys.*, 675 S.W.3d at 281 (emphasis added).

For example, some of the Disputed Communications include Paul's accountants and insurance agents which appear to be communications regarding insurance, legal fees, and legal expenses—not legal services. Table 2 at Group Nos 8, 12–15, 18–23, 28, 32–34, 35; *see also* Ex. B. Such communications are not privileged. *See In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 56 (Tex. 2012) (holding communications between an insurer and its insured are not protected by the attorney-client privilege); *Cantu v. TitleMax, Inc.*, No. 5:14-CV-628 RP, 2015 WL 5944258, at *6 (W.D. Tex. Oct. 9, 2015) ("However, in Texas, accountant-client communications are confidential, but not privileged.") (citing *In re Patel*, 218 S.W.3d 911, 920 (Tex. App.—Corpus Christi–Edinburg 2007, no pet.). Similarly, Paul identifies numerous communications with his outside public relations consultants *See* Table 1 at Group Nos. 1–4, 25; *see also* Table 2 at Group Nos. 8–11, 25–26; *see also* Exs. A, B. Courts within this district have repeatedly refused to extend privilege to a party's communications with a public relations firm. *See, e.g., In re Roman Catholic Church of Archdiocese of New Orleans,* No. 20-10846, 2024 WL 87499, at *2–5 (Bankr. E.D. La. Jan. 5, 2024); *In re Nw. Senior Hous. Corp.*, No. 22-30659, 2023 WL 2938386, at *2 (Bankr. N.D. Tex. Apr. 13, 2023); *Slocum v. Int'l Paper Co.*, 549 F. Supp. 3d 519, 525 (E.D. La. 2021); *Doe 1 v. Baylor Univ.*, No. 6:16-CV-173-RP, 2019 WL 13253800, at *3 (W.D. Tex. Apr. 16, 2019).[8] The remainder of the Disputed Communications otherwise appear to include individuals whose "significant purpose" is not

---

[8] These cases involved the attorney-client privilege under the federal common law rule that "in order for attorney-client privilege to apply, legal advice must be the *primary purpose* of the communication." *Slocum*, 549 F. Supp. 3d at 524 (emphasis added). As mentioned, Texas law similarly requires that "assisting in the rendition of professional legal services must be a *significant purpose* for which the representative was hired in the first instance." *Univ. of Tex. Sys.*, 675 S.W.3d at 281 (emphasis added).

to assist with the rendition of legal services, but for other non-legal matters. *Univ. of Tex. Sys.*, 675 S.W.3d at 281. For this reason, Paul's claim over all of the Disputed Communications should be overruled.

### B. The Court should compel Paul to reproduce messages in a reasonably accessible format.

#### 1. Legal standard

Federal Rule of Civil Procedure 34(b)(2)(E) governs production of documents and electronically stored information (ESI). Rule 34 requires that "[i]f a request does not specify a form for producing electronically stored information, [the] party must produce it in a form or forms which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). Here, Paul has exported and produced Discord[9] communications, text messages, WhatsApp messages, Signal messages, and other communications (the "**Communications**") in a ".json" format—which is not a reasonably usable format.

Production of ESI must be in a "reasonably usable" format. Fed. R. Civ. P. 34(b)(2)(E)(ii); *see also Dizdar v. State Farm Lloyds*, No. 7:14–CV–402, 2015 WL 12780640, at *10 (S.D. Tex. Jan. 21, 2015). Whether ESI is produced in a reasonably usable format is case specific. *Id*. Courts evaluate the necessity of the information requested with the burden of producing the information in the requested format. *Id*. Specifically, a reasonably usable format would be a searchable PDF bubble chart including the multimedia files which go along

---

[9] "Discord is a communication platform that allows users to interact through text, voice, and video." https://support.discord.com/hc/en-us/articles/360045138571-Beginner-s-Guide-to-Discord#:~:text=Discord%20is%20a%20communication%20platform,%2C%20interests%2C%20or%20gaming%20groups. (last accessed Aug. 20, 2025).

with the Communications (the "**Requested Format**").[10] In this format the Communications would appear as normally seen by users.

Here are examples of the .json format in which Paul produced the Communications verses how Coffeezilla or third parties produced the same types of communications:

**Text Messages:**

**Paul:**


```
        },
        {
            "id": "84efcc6c-0dec-4809-9be7-4d7715bdd333",
            "participant": [redacted],
            "type": "message",
            "timestamp": "2022-12-26T03:30:15.000",
            "deleted": false,
            "blocks": [
                {
                    "text": "Leave him room to respond with \r\n\r\n
\u201cYes, as long as I can film it as well\u201d type shit (which he
will) and I\u2019ll say\r\n\r\n Respectfully, you\u2019re in no grounds to
make requests. You cleverly edited a video, why can\u2019t I? Invite
remains open :)\r\n\r\n Best,\r\n\r\n Logs"
                }
            ]
        },
        {
            "id": "d3ab2783-f180-4b75-b87d-e5354f1673c7",
            "participant": [redacted],
            "type": "message",
            "timestamp": "2022-12-26T03:30:20.000",
            "deleted": false,
            "blocks": [
                {
                    "text": "That\u2019s what I\u2019m saying"
                }
            ]
        },
        {
            "id": "d0b654e4-c8f7-4d76-981c-92cc8ec8d2d0",
            "participant": [redacted],
            "type": "message",
            "timestamp": "2022-12-26T03:30:23.000",
            "deleted": false,
            "blocks": [
                {
                    "text": "I won\u2019t even post it"
                }
            ]
        },
```


[10] The Communications should be provided in PDF format (or screenshots converted into PDF) organized by conversations. Each conversation will be delivered as a single PDF, in chronological order, reading from top to bottom as it appeared on the original device. Each message should show the sender's also include any inline or attached images in their original position within the conversation flow. Multimedia attachments (such as videos, audio files, or documents) should be provided separately in their native formats, with unique reference identifiers clearly displayed in the PDF at the corresponding point in the conversation.

This format is necessary to clearly present the communication record to the jury and to witnesses in the format seen by the user. This is consistent with the form of Coffeezilla's productions; this is common in the industry and reflects no undue burden and ensures equivalent access to messages in a readable format.

**Exhibit G**, Examples of the Communications.[11]

**Coffeezilla:**

Messages - Logan Paul

100% man. We're on the same page 👊

2023-01-06 4:58:55 PM

I want to chat again off the record. You free in a few min?

What's up g just grabbing lunch, cool to call after ?

Yep

Lmk when you're free.

Video deleted

https://www.instagram.com/p/Cm_PaRNInuk/?igshid=YmMyMTA2M2Y=

😝

Randomly popped up

Hey, per our call, I wanted to see if you are ok w the fact we spoke, you deleted the two videos (or trimmed impaulsive), and you're making a different response going on the record. The reason would be so that I could tweet that my video is going to be delayed until that response comes out in the hopes of a better outcome for the victims.

The contents of our call would not be on the record, just those facts. Is that something you're comfortable with me sharing on the record with people?

2023-01-06 9:02:04 PM

Yes sir thanks for asking 👍

**Exhibit I**, Text Messages produced by Coffeezilla.

**Discord:**

**Paul:**


```
                    "text": "@everyone Let's give a warm congratulations
on the **STUDFARM** Let's show support for our SECOND community-built
project. We're so excited and can't wait to begin studding alongside you
all! Make sure to check out the <#963496142107209818> and show your
support!\r\n\r\n \ud83d\udd25 The Stud Farm Beta Test is Live Now! For The
Next 3 Days \ud83d\udd25 \r\n\r\n All Zookeepers welcome and encouraged to
participate in the Beta Test\r\n\r\n \ud83d\udc47 Participate in the Beta
Test by following the instructions at the link below\ud83d\udc47 \r\n
https://beta.studfarm.io/faucet\r\n\r\n \ud83d\udc26 Help us spread the
word by sharing the tweet \ud83d\udc26 \r\n
https://twitter.com/CZStudFarm/status/1520216048221437952\r\n\r\n
\ud83e\ude82 Beta Test Random Airdrop \ud83e\ude82 \r\n We will randomly
airdropping 1m $ZOO to 5 random wallet addresses that participates in the
beta test. To qualify for the random airdrops you must\r\n\r\n
\u2611\ufe0f  Create a listing on the Stud Farm\r\n\r\n \u2611\ufe0f
Update a listing on the Stud Farm\r\n\r\n \u2611\ufe0f  Breed a hybrid
egg/animal on the Stud Farm\r\n\r\n \u2611\ufe0f  Report Bugs and Errors
```


Ex. G.

[11] A full list of the Bates numbers identifying the Communications is attached hereto as **Exhibit H**.

**Third Party Luciano Schipelliti:**



cryptoskip#0 9/15/2022 4:00:34 PM
You the real coffeezilla?

coffeezilla#0 9/15/2022 4:00:50 PM
Yeah. I just dm'd you on twitter.

coffeezilla#0 9/15/2022 4:00:58 PM
What's going on

cryptoskip#0 9/15/2022 4:03:50 PM
Thanks for the dm. I definitely have all the answers you've been looking for with the project and probably a ton of info that could prove your thoughts to be true about Logan. I just need to tread lightly because I have a lot on the line with this. You free for a call in a few so I can tell you why I'm even messaging you in the first place?

coffeezilla#0 9/15/2022 4:04:19 PM
Yea.

coffeezilla#0 9/15/2022 4:04:37 PM
Ready to listen. I've been waiting patiently for the cryptozoo story for a whileeeee

cryptoskip#0 9/15/2022 4:08:27 PM
Yeah I bet

cryptoskip#0 9/15/2022 4:08:39 PM
Give me a couple mins and ill call you on discord if that works

coffeezilla#0 9/15/2022 4:08:48 PM
Sure

**Exhibit J**, Discord Messages produced by L. Schipelliti.

**Signal Messages:**

**Paul:**


```
        },
        {
            "id": "9d34f020-d76a-4bf9-bb40-8a330b94a42d",
            "participant": "[REDACTED]",
            "type": "message",
            "timestamp": "2022-12-27T05:13:36.000",
            "deleted": false,
            "blocks": [
                {
                    "text": "Brother - I have someone that can find
anything on anyone. \r\n\r\n I fully want to dive in on Zilla and the
\u201cvictims\u201d. Let\u2019s start with basic criminal, cases,
property, etc. then we can get really nasty from there. Freedman knows the
routine - we can open these guys way up. \r\n\r\n I\u2019ll call our guys
in the morning and start with Stephen."
                }
            ]
```


Ex. G.

**<u>WhatsApp Messages:</u>**

**Paul:**


```
                {
                    "text": "While I appreciate Stephen\u2019s creative
genius &; exceptional work (I mean that), the headline/narrative that I
scammed anyone is simply untrue. When legally appropriate, all bad actors
will be exposed, explained &; held fully accountable. I\u201911 speak
further on IMPAULSIVE January 3"
                }
            ]
        },
        {
            "id": "ee890ec2-9adf-4afd-9e5f-6f820a8dbc23",
            "participant": "██████████",
            "type": "message",
            "timestamp": "2022-12-23T23:57:42.000",
            "deleted": false,
            "blocks": [
                {
                    "text": "Added \u201clegally\u201d before
\u201cappropriate\u201d"
                }
            ]
        },
        {
            "id": "34bc028a-ff14-40e6-8367-037d3b60a2bf",
            "participant": "██████████",
            "type": "message",
            "timestamp": "2022-12-23T23:58:19.000",
            "deleted": false,
            "blocks": [
                {
                    "text": "Sending to get final approval from lawyers"
                }
```


Ex. G.

**Third Party Captriz:**



**Exhibit K**, WhatsApp Messages produced by Captriz.

As produced, the Communications are not only difficult to read, but they also often omit multimedia like photos or videos which may have been sent in these messages.[12]


```
        {
            "text": "fucking IDIOT"
        }
    ],
    "attachments": [
        "files_Image_CoffeeZilla Defamation Video.png"
    ]
},
```


Ex. G.

It is not difficult or even burdensome to produce the Communications in the Requested Format. Indeed, Coffeezilla and third parties have produced communications in the Requested Format. *See* Exs. I, J, K. Accordingly, there is no reason why Paul cannot produce the Communications in the Requested Format. [13]

**PRAYER**

For these reasons, Coffeezilla respectfully requests that the Court (1) grant this Motion to Compel; (2) overrule Paul's privilege claim as to the Disputed Communications identified herein; (3) compel Paul to produce the same; (4) compel Paul to produce the documents listed in Exhibit H in a searchable PDF, including the multimedia files identified by which

---

[12] Although Paul has separately produced some multimedia files that go along with some of the Communications, it is difficult to match the multimedia files with the Communications because they are not linked to the Communications as produced.

[13] There are also online tools and tutorials that can be used to extract messages into the Requested Format—some of which are free. https://youtu.be/_FHZc04xCa0 (last visited Aug. 22, 2025); https://github.com/Tyrrrz/DiscordChatExporter (last visited Aug. 22, 2025); https://www.youtube.com/watch?v=iZc-p4LyjEY& (last visited Aug. 22, 2025).

communication they accompany; and (5) award Coffeezilla all other relief at law or in equity which they are entitled.

Dated: September 3, 2025.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/Rachel Garza*
Jason M. Davis
Texas State Bar No. 00793592
Email: jdavis@dslawpc.com
Caroline Newman Small
Texas State Bar No. 24056037
Email: csmall@dslawpc.com
Rachel Garza
Texas State Bar No. 24125240
Email: rgarza@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla***

## CERTIFICATE OF CONFERENCE

I certify that on August 22–28, 2025, counsel for Defendants conferred with counsel for Logan Paul regarding the relief requested in this Motion. Counsel for Logan Paul indicated that they are opposed to this Motion.

*/s/Rachel Garza*
Rachel Garza

## CERTIFICATE OF SERVICE

I certify that on September 3, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/Rachel Garza*
Rachel Garza