UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LOGAN PAUL,                          )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )   No. 5:24-cv-00717-OLG-HJB
                                     )
STEPHEN FINDEISEN, and               )   San Antonio, Texas
COFFEE BREAK PRODUCTIONS LLC,        )   December 5, 2025
                                     )
        Defendants.                  )
_____)

TRANSCRIPT OF STATUS CONFERENCE (BY VIDEO)
BEFORE THE HONORABLE HENRY J. BEMPORAD
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF:
Jeffrey A. Neiman
Marcus Neiman & Rashbaum LLP
100 SE 3rd Avenue, Suite 805
Fort Lauderdale, FL 33494

Ricardo G. Cedillo
Davis, Cedillo & Mendoza
755 E. Mulberry Avenue, Suite 500
San Antonio, TX 78212

Andrew Clay Phillips
Meier Watkins Phillips Pusch, LLP
919 18th Street NW, Suite 650
Washington, DC 20006

Jason Leonard Mays
Marcus Neiman Rashbaum & Pineiro
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2530
Miami, FL 33131

```
 1    FOR THE DEFENDANTS:
      Caroline N. Small
 2    Davis & Santos, P.C.
      719 S. Flores Street
 3    San Antonio, TX 78204

 4    COURT RECORDER:  Zoom

 5    Proceedings reported by electronic sound recording.  Transcript
      produced by computer-aided transcription.
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    *(4:06 p.m.)*

2          THE COURT:  Hello.  This is Henry Bemporad,

3    United States magistrate judge, calling a case for a status

4    conference.  That case is SA:24-CA-717, Logan Paul v. Stephen

5    Findeisen and Coffee Break Productions LLC.

6       Let me get announcement of counsel, starting with counsel

7    for plaintiff, please.

8          MR. NEIMAN:  Good afternoon, Your Honor.  This is Jeff

9    Neiman on behalf of Logan Paul.  With me is Ricardo Cedillo,

10   Andy Phillips and Jason Mays.

11         THE COURT:  All right.  Good afternoon to all of you.

12      And for the defendants.

13         MS. SMALL:  Good afternoon, Your Honor.  Caroline

14   Small for the defense.

15         THE COURT:  All right.  Good afternoon to you as well,

16   ma'am.

17      I set the case for a status conference.  As I understand

18   it, the parties were mediating this case yesterday.  And I

19   wanted -- y'all asked for a conference afterwards to advise me

20   as to what went on in the mediation, any other issues that are

21   coming up right now.

22      So let me hear from you.  Of course, I'll start with

23   plaintiffs.  Mr. Neiman, happy to hear from you, sir.

24         MR. NEIMAN:  Thank you, Your Honor.  Yeah, Your Honor,

25   the case did not settle yesterday.

1    THE COURT:  I had a feeling that's what --

2    MR. NEIMAN:  Yeah.

3    THE COURT:  -- hearing.  Just a guess but --

4    MR. NEIMAN:  Yeah.  We would have moved to cancel if

5  it had.

6        So we are here to ask the Court kind of lift the

7  administrative stay, allow the parties to proceed to kind of

8  get the case trial ready and then ready for trial, which is set

9  for May of next year.  I'm happy to kind of go through some

10  more procedural history and kind of points that I think are

11  important to make.

12        The plaintiffs in the class action matter, which the Court

13  obviously has been following, they did file an amended

14  complaint.  We will be --

15    THE COURT:  Yes.

16    MR. NEIMAN:  -- filing a motion to dismiss of that

17  complaint at the end of January.  Responses would then be due

18  probably in March, I think by agreement of the parties, with a

19  reply then in April.  So then we have trial set here in May,

20  right.

21    THE COURT:  Yeah.

22    MR. NEIMAN:  So something's got to give.  We obviously

23  don't expect a quick ruling on the motion to dismiss.  The last

24  ruling, I think the R&R, report and recommendations, from the

25  magistrate in Austin came about a year later after the case was

1  fully briefed.

2      Look, I'm confident in prevailing on our motion to dismiss

3  arguments.  We don't need to get into any of that now.  But the

4  Court should also be aware that if the case survives a motion

5  to dismiss, it then will have to survive class certification,

6  which is a whole nother process.  And we think that, again, we

7  would prevail there, if we didn't prevail on a motion to

8  dismiss, just because of the unique issues of the case.

9      I remind the Court -- and I know you're aware of this --

10  there's currently no motion to transfer the case.  There's no

11  motion to stay the case.  The parties have withdrawn -- the

12  defendant has withdrew whatever motion they had.  There's no

13  summary judgment that is pending before the Court.  The parties

14  have been deposed.  The key players related to the CryptoZoo,

15  the game, have also all been deposed or produced documents.

16  Expert reports have been exchanged.  Hundreds of thousands of

17  dollars have been spent by both parties in discovery at this

18  point.

19      The only discovery left are depositions remaining to a

20  small group of folks, which we'll call them plaintiff -- or

21  victims in that -- whose victims they are, I guess, is what

22  really is up for debate.  We don't think they're Logan Paul's

23  victims, but they obviously are folks who were involved in the

24  CryptoZoo game.

25      We have identified a couple of individuals to be deposed in

1   response to the defendants identifying some folks.  The folks

2   that we've identified are not members of the class.  The only

3   members of the class that have been identified to be deposed

4   are those that have been identified by the defense.

5      And by the way, we remind the Court again that the

6   defendant in this case is a consultant in the class action

7   case.  So if there was some sort of -- something at odds here,

8   then they could drop those depositions, or the class action

9   lawyers certainly could have shown up to intervene and asked

10   for a stay.  None of that has happened.

11      Look, I think there's some arguments as to the

12   admissibility of these remaining depositions at any eventual

13   defamation trial, but, again, that's for another day as well.

14      The only other open discovery matter -- and, again, I'm

15   stressing these points, Your Honor, because I went back and

16   reread the transcript from the last hearing.  And the Court

17   seemed, like, concerned about there being some runaround on

18   discovery here.

19      The only other discovery -- open discovery issue is the

20   extent in which the journalistic privilege would apply in

21   certain circumstances.  That has nothing to do with the -- with

22   the class action case.

23      And look, I want to again just reiterate, Your Honor, this

24   defamation case was brought prior to the statute of limitations

25   expiring.  Like, it had to have been brought at the time in

which it was brought.  Had the defense thought that there was

significant overlap or that there was a reason to transfer and

brought the motion to transfer the case, like, on month one,

then probably would have been transferred, Your Honor.  But

now, here, we would suffer great prejudice, I believe, as we

are on what I think is pretty close to being trial ready, if we

were like, nope, stop, we all need to pack up and go to another

court or we need to wait.

In the meantime, my client feels strongly that he's been

defamed.  And every day in which there's not resolution here,

piles on to that defamation -- the defamed victim feeling here.

So, like, we want to proceed.

I also think it's important, Your Honor, in a YouTube

video -- and this is the world we live in, sadly.  The

plaintiffs' lawyer in the class action case made a video.  And

in the video he was talking about how -- the amended complaint

and how it benefited from this defamation case.  His direct

quote was, like, the number one source of which is actually

Mr. Paul's defamation lawsuit against Coffeezilla, this was a

huge help.

So, like, they've gotten the benefit of this case.  They

haven't asked for us to be stayed.  If it's delayed or

transferred, I think there would be more judicial resources

expended because we'd all be back here doing this again while

we are kind of sort of ready to proceed.  Our calendars have

1  been cleared.  There's been the costs that have been incurred.

2  And we're ready to go.  Let us go, Your Honor.

3       THE COURT:  Well, you're addressing part of these

4  arguments to the wrong person.  First of all, I ain't the judge

5  who's going to be trying the case.  So I can't tell you the

6  answer on that.  That's going to be Judge Garcia.

7    Second of all, this is a status conference.  I'm not going

8  to consider the arguments, one side or the other.

9    I see in my review -- because I did review, given that I

10  didn't think that y'all had settled.  It looks like there's

11  three motions that are pending.  There's a motion on the

12  depositions.  I think they're the ones to which you referred,

13  sir.  That's Docket -- I'm sorry.  I just had it in front of

14  me.  It's Docket Entry 116 from July, motion to take video

15  depositions of Duarte Campos de Olveira, Martin Campos

16  de Olveira and Kira Krieg.  And then there's a -- there's also

17  a motion by the defense to compel, as I understand it.  And

18  then, finally, there's a motion for leave to designate

19  responsible third parties that is pending.

20    From the plaintiff's perspective, when do you think we'd be

21  ready for hearings on those motions?  I'd like to try to get

22  those matters addressed, or are some of those, from your

23  perspective -- been resolved by this passage of time?

24       MR. NEIMAN:  Well, look, I think we would -- they've

25  been briefed, I believe, right, except for -- there's two of

1  them -- I think the last one has not been briefed.  I believe

2  the other -- go ahead, Andy.  You probably know the substance.

3          THE COURT:  Yeah.  I don't remember if we got all the

4  way through the briefing because I stayed things so that the

5  parties could go through the mediation --

6          MR. PHILLIPS:  Yeah.  Sorry.  I was muted, Your Honor.

7      When you imposed the stay, I guess it was about two months

8  ago, you said, no further briefing on those.  We'll deal with

9  it when the stay is lived.  So opps have not been filed, I

10  believe, to any of those pending motions.  But, you know, we'd

11  be happy to do that relatively quickly and get them heard.

12          THE COURT:  I think there's --

13          MS. SMALL:  Your Honor, may I be heard?

14          THE COURT:  One second, Ms. Small.

15          MS. SMALL:  Certainly.

16          THE COURT:  You certainly may be heard, ma'am.  Don't

17  you worry but -- I want to hear from everybody.

18          MS. SMALL:  Certainly.

19          THE COURT:  But (audio transmission gap) briefing is

20  complete on the deposition motion, but I don't know that the

21  briefing is complete on the others.

22      Ms. Small --

23          MR. PHILLIPS:  That's right.

24          THE COURT:  -- let me hear from -- let me check with

25  you on that.

1          MS. SMALL:  Well, plaintiff's motion to compel was

2     denied, Your Honor, at ECF 143.  You denied it without

3     prejudice for them to refile if they could demonstrate a change

4     in circumstance.  So the only motions that are pending right

5     now, you're correct, Your Honor, are 116, which is fully

6     briefed --

7          THE COURT:  Yeah.

8          MS. SMALL:  -- and then the motion to designate

9     responsible third parties which, Mr. Phillips is correct, is

10    not fully briefed.

11         THE COURT:  The one that -- I wasn't -- the one that I

12    thought I denied without prejudice was 124.  There's another --

13    136, which I thought was y'all's.

14         MS. SMALL:  I'm sorry, Your Honor.  You had mentioned

15    124 earlier when we were talking.  So that's --

16         THE COURT:  No.  I might have misstated.  No, no.

17         MS. SMALL:  Okay.

18         THE COURT:  That one's --

19         MS. SMALL:  Yes.  Okay.

20         THE COURT:  -- are out there are 116, fully briefed;

21    136, your motion, not yet fully briefed; and then 140, also

22    your motion, not fully briefed, I think.

23         MS. SMALL:  Correct.  Okay.

24         THE COURT:  So I need to get briefing --

25         MS. SMALL:  (Inaudible).

1    THE COURT:  So I need to set up briefing schedules for

2  136 and 140 and then set everything for hearing.  And ask y'all

3  to confer.  I know y'all weren't able to mediate the case to a

4  successful conclusion, but perhaps you could confer on some of

5  these matters and get some of them taken off the page.  That

6  would be, of course, very helpful to the Court.  But you know

7  what?  If not, I'll resolve them.

8    Let me talk about that response deadline.  We're coming up

9  on the holidays.  Mr. Nieman, I don't like setting things over

10  the holidays, either for you -- certainly not something where

11  you respond right before Christmas without giving the Christmas

12  break to the other side.  I'm not going to -- I don't want --

13    MR. NEIMAN:  No.  We will --

14    THE COURT:  Yeah.

15    MR. NEIMAN:  And, Your Honor -- and just to be

16  transparent, I think, in wake of the depositions, there may be

17  another motion or two.  The party depositions.  There may be

18  another motion or two that would need to be filed, which

19  couldn't have been filed because of the stay.  So we just want

20  to alert the Court to that.  I don't want to --

21    THE COURT:  So --

22    MR. NEIMAN:  So what I would suggest is --

23    THE COURT:  Yeah.

24    MR. NEIMAN:  -- maybe the parties confer with each

25  other, maybe set kind of a deadline for any and all motions to

be filed, a briefing schedule for whatever needs to be -- needs
to be filed that's currently set.  I'm confident that -- while
we weren't able to mediate, we have been successful in working
through procedural issues --

        THE COURT:  All right.

        MR. NEIMAN:  -- as need be -- that we'll come to some
sort of reasonable, quick determination among the parties,
which we could then submit to the Court for approval.

        THE COURT:  Right.

        MR. NEIMAN:  And, obviously, we're mindful and we
understand that the trial date is controlled by the district
court, not by the -- not by Your Honor.

        THE COURT:  All right.  Well, that's fine.

    What I would suggest then is give y'all a week to give me
those deadlines, deadlines for responding to the motions that
are pending and deadline for the filing of any additional
motions.  Any deadline for filing additional motions would be
without -- sounds like the plaintiff would be filing the
motions.  I'm not sure.  But whatever those motions are, it's
without prejudice -- you can agree to a deadline for filing
them.  That doesn't mean that you've conceded that the -- that
the motions are timely.

    So in other words, they're timely under that deadline, but
if they pass -- if another deadline has passed, so they should
have been filed earlier, either side can make that argument.

1  That's completely fine.  I don't -- so I don't want to, by

2  setting a deadline, somehow prejudice, you know, whether

3  something should have happened earlier or something along those

4  lines.  That could happen on a plaintiff's motion.  It can

5  happen on a defense motion.

6      The other thing that you mentioned is -- I was concerned

7  about the number of disputes in the case, discovery disputes.

8  I will resolve them.  I'm hopeful that the parties' efforts to

9  confer will show good faith attempts to resolve the matters

10 because I'll be looking at them to say, look, there wasn't, to

11 my mind, good faith attempts to resolve the matters, and we

12 don't have a really good faith disagreement.  At this point I'm

13 going to be imposing costs on whoever loses the motion.  I've

14 got to get the case done.

15     And it's got -- and I'm hopeful that by that issue being

16 there -- as, Mr. Nieman, you've already pointed out, there's a

17 lot of money been spent on this case already.  And you don't

18 want to have to spend other case -- and litigate out the issues

19 of costs.  So I'm hopeful that that will allow the parties to

20 confer in good faith and resolve some of the issues.  So that's

21 as far as I'll go with that.  I'm not in any way ascribing bad

22 faith on either side.  This is a well (inaudible) case.  So --

23          MR. NEIMAN:  Yeah.  Your Honor, look, I think there's

24 just some legal issues that we just tend to disagree with.  And

25 that's what the Court's here for, right.  To --

1    THE COURT:  That's my view as well.  That's totally

2  fine.

3     Ms. Small, let me now come back to you, ma'am.  You just

4  mentioned that one issue.  I'm not addressing any of the

5  arguments as to any of the -- of the issues, but I wanted to

6  make sure that I had not, in making these tentative rulings,

7  done anything that would prejudice your client or if there's

8  any concerns that you needed to raise on behalf of defendant.

9     MS. SMALL:  I don't think so.  I think Mr. Nieman's

10  proposal makes a lot of sense.  We agree.  We're ready to

11  proceed with trial on May 4th.  My understanding is that's

12  still -- that order of that trial date's still in place.  We've

13  all cleared our calendars, as Mr. Nieman said.  So --

14     THE COURT:  Yeah.  I think it's --

15     MS. SMALL:  (Inaudible).

16     THE COURT:  I think it's in place, too.  I think it's

17  going to move forward.  That's where we are.

18    All right.  Very well.  So I'll get an order out that sets

19  a deadline for y'all to provide me a joint advisory as to

20  deadlines for responses to the pending motions and any future

21  motions, and then we'll go from there.

22    And what I'll do, as soon as I get those motions and

23  responses, I'll be setting it for a hearing.  I'll put the

24  hearing in as quickly as I can.  This case has got to move

25  quickly, and so I'm going to try to get those matters resolved.

 1      I can't tell you those deadlines, unfortunately, because --
 2    or the date, rather, because my docket is very full right now.
 3    So it's just the nature of the work right now.  Anyway, thank
 4    y'all very much.  That's helpful.  I'll try to get that order
 5    out hopefully today.  And we'll be in recess at this time.
 6          But before we recess, I just wanted to, in a public
 7    setting, get to congratulate Mr. Cedillo for winning the trial
 8    of the -- Trial Lawyer of the Year Award from the
 9    San Antonio -- I never get it right -- Board of Trial
10    Advocates.  So congratulations, sir.
11          MR. CEDILLO:  Well, thank you, Your Honor.  You get
12    old, they start giving you stuff.
13          THE COURT:  Yes.  It's much better than the
14    alternative.  Glad to have you here, sir.  Thank you.
15          MR. CEDILLO:  Thank you, Your Honor.
16          THE COURT:  Congratulations again.
17       We're in recess.
18          MR. CEDILLO:  Thank you, sir.
19    * * *
20       (4:21 p.m.)
21
22
23
24
25

-oOo-

I, court approved transcriber, certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


Date:  12/10/2025    /s/ Chris Poage
                     Approved Transcriber