IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>          *Plaintiff*,<br><br> v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>          *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S MOTION TO PRESERVE
DEPOSITION CONFIDENTIALITY DESIGNATION**

Pursuant to Paragraph 11(a) of the November 15, 2024 Confidentiality and Protective Order ("Protective Order" or "PO") [Dkt. 22] entered in the above-referenced action, Plaintiff Logan Paul moves this Court for an order preserving his designation of certain discovery materials as "Confidential," and in support of this Motion states as follows:

  1. On November 14, 2024, the Parties filed a Joint Motion for Entry of Protective Order [Dkt. 21]. As that Joint Motion reflects, the parties agreed to, and jointly asked the Court to enter, the proposed protective order attached to that Joint Motion.

  2. On November 15, 2024, the Court entered the Protective Order as requested by the Parties.

  3. The Protective Order permits the Parties to designate certain materials exchanged in discovery as "Confidential." (PO ¶ 1.) The Protective Order states that the purpose of allowing for "Confidential" designations is "to ensure that the parties are permitted reasonably necessary uses of such material *in preparation for and in the conduct of trial*," and to protect personal or

1

sensitive information "from use for any purpose *other than prosecuting this litigation*." (PO at 1.)[1]

4. Plaintiff Logan Paul's deposition in this action was taken on September 9, 2025.

5. In accordance with the Protective Order, Plaintiff subsequently designated the transcript of that deposition as "Confidential."

6. On December 9, 2025, counsel for Defendants emailed Plaintiff's counsel to state that Defendants were challenging the designation of Mr. Paul's deposition transcript as "Confidential," necessitating this motion.

7. The Court should affirm Plaintiff's designation of his deposition transcript as "Confidential," for three reasons.

8. **First**, although Paragraph 11 of the Protective Order explicitly requires a party challenging a "Confidential" designation to "first try to resolve the dispute in good faith on an informal basis" before invoking the Protective Order's objection procedure, counsel for Defendants made no such attempt to discuss or resolve the issue before lodging their objection. This blatant failure to comply with the Protective Order is threshold grounds for rejecting Defendants' premature objection to Plaintiff's designation.

9. **Second**, Plaintiff has well-placed concerns about Defendants' use of discovery materials from this case for purposes that have nothing to do with prosecuting or defending the claims at issue in this action. Throughout the course of discovery in this case, Defendant Findeisen has repeatedly provided discovery materials produced by Plaintiff to the FBI—together with false and misleading claims about their substance and import—in an unsuccessful effort to try and goad federal law enforcement into prosecuting Mr. Paul for wholly imagined crimes. That conduct is

---

[1] Emphasis added.

2

not in keeping with the Protective Order's admonishment that materials produced in discovery are to be used for litigating this case and preparing for trial.

10. Additionally, as the Court knows, Defendant Findeisen has been engaged as an expert witness in a class action suit against Plaintiff that also concerns CryptoZoo. Plaintiff has reason to believe that Mr. Findeisen and his counsel have routinely been sharing discovery materials from this case with the class action plaintiffs' counsel—something this Court expressed concern about when it decided to temporarily stay this case, and conduct which, again, constitutes use of discovery materials for purposes other than litigating the claims and defenses in this action. In fact, in a recent YouTube video, the class Plaintiffs' counsel discussed how helpful the information disclosed in the course of this case has been to their ability to amend their complaint in the class action case.

11. ***Third***, underscoring Plaintiff's above concerns, Defendants have not indicated that they have any imminent need to file any portion of Plaintiff's deposition transcript. Nor have they explained how the "Confidential" designation of the transcript otherwise currently impacting their ability to litigate this case. The Court may recall that Defendants previously lodged broad objections to Plaintiff's designation of documents produced in discovery as "Confidential,"—necessitating multiple rounds of briefing and a March 24, 2025 hearing before the Court—only for Defendants to eventually agree in a submission to the Court that "there is no need for the contested designations to be resolved immediately and that ruling on those designated documents can be reserved until such time as one of the Parties actually seeks to utilize one of the documents in this litigation." (Joint Advisory Regarding Contested Confidentiality Designations (Apr. 24, 2025) ¶ 5 [Dkt. 86].)

12.     The present "dispute" appears to be in the same vein.  Again, Defendants never attempted to meet their obligation to confer in good faith about this issue, let alone to articulate any reason why this issue needs to be addressed by the Court now.  If they had, Plaintiff would have explained his concerns about Defendants' utilization of discovery materials and would have been more than willing to discuss the issue in good faith if Defendants had identified some pressing need to file a portion of Plaintiff's deposition transcript as part of a legitimate effort to seek relevant relief from the Court.

## CONCLUSION

Plaintiff requests that the Court grant this Motion and order that Plaintiff's confidentiality designation as to the transcript of his deposition be preserved.

December 23, 2025

*/s/ Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th St NW, Suite 550
Washington, DC 20036
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
NEIMAN MAYS FLOCH & ALMEIDA, PLLC
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@nmfalawfirm.com
Email: jmays@nmfalawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

5

## CERTIFICATE OF SERVICE

I hereby certify that, on December 23, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                                                                  */s/ Andrew C. Phillips*