IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>        *Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>        *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

This Court should deny Defendants' Motion for Leave to Designate Responsible Third Parties (ECF 140). Not only does the Motion fail to identify anyone who might qualify as a responsible third party, but it is months (or even years) late.

**BACKGROUND**

Plaintiff Logan Paul filed this libel action in June 2024 after Defendants repeatedly accused him of perpetrating a financial scam in connection with a troubled blockchain project called CryptoZoo. (Compl. at 1 (ECF 1).) Through this action, Paul seeks damages for the harm *those* false accusations caused his reputation. (*Id.* ¶¶ 163-195.) He does *not* seek damages for harm to his reputation from any *other accusations* besides the ones published by Defendants and identified in his Complaint.

Defendants' Motion alleges that other people and outlets have published statements disparaging Paul. (ECF 140 at 2-12.) Most of those statements have nothing to do with CryptoZoo, and the ones concerning CryptoZoo have nothing to do with Defendants' defamatory accusations about Paul. (*Id.*) Defendants' Motion also does not allege that any of those other

1

statements were the products of tortious misconduct. Despite all that, Defendants move this Court, under Tex. Civ. Prac. & Rem. Code ("TCPRC") § 33.004(a), to designate the publishers of those other statements as responsible third parties in this action. (*Id.* at 14.)

## LEGAL STANDARD AND FRAMEWORK

Chapter 33 of the TCPRC covers the statutory scheme regarding proportionate responsibility for joint tortfeasors. *In re Martin*, 147 S.W.3d 453, 458 (Tex. App. 2004); *City Nat'l Bank of Sulphur Springs v. Smith*, 2016 WL 2586607, at *1 (Tex. App. May 4, 2016). Of particular significance here, TCPRC § 33.004(a) allows defendants to designate "responsible third parties." "A responsible third party is a person or entity not named as a party in the litigation but [who] nevertheless may bear responsibility for the claimant's injury." *New Hampshire Ins. Co. v. Rodriguez*, 569 S.W.3d 275, 298 n.9 (Tex. App. 2019) (citing *In re CVR Energy, Inc.*, 500 S.W.3d 67, 78 (Tex. App. 2016)). Designating a person or entity as a responsible third party enables a defendant to introduce evidence regarding the responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018).

When a defendant moves to designate a person or entity as a responsible third party and the plaintiff objects, it's the plaintiff's burden to show that "(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person [or entity] to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant [still] failed to plead sufficient facts." TCPRC § 33.004(g). A plaintiff can carry that burden in several ways, two of which are especially relevant here.

*First*, the plaintiff can carry his burden by establishing that the defendant failed to plead facts showing that the designated person or entity "caused or contributed to causing in any way the harm for which recovery of damages is sought." TCPRC § 33.011(6). So a court must deny a

2

defendant's motion to designate a person or entity as a responsible third party if the defendant fails to plead that the person or entity caused or contributed to *the specific harm for which the plaintiff seeks to recover*.

***Second***, the plaintiff can carry his burden by establishing that the defendant failed to plead facts showing that the designated person or entity injured the plaintiff "by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." TCPRC § 33.011(6). So a court must deny a defendant's motion to designate a person or entity as a responsible third party if the defendant fails to plead that the person or entity harmed the plaintiff *by negligence, by defective or dangerous products, or by violating some legal standard*. *BCC Merchant Sols., Inc. v. Jet Pay, LLC*, 2015 WL 13118075, at *3 (N.D. Tex. Jan. 15, 2015) (citing and quoting *Ellis v. United States*, 673 F.3d 367, 372 (5th Cir. 2012)).

The defendant also bears certain burdens in connection with a motion for leave to designate responsible third parties. Chief among them, it is the defendant's burden to "disclose a potential responsible third party before expiration of the statute of limitations, if that is possible." *In re Bertrand*, 602 S.W.3d 691, 705 (Tex. App. 2020) (quoting *In re Bustamante*, 510 S.W.3d 732, 736-37 (Tex. App. 2016)); TCPRC § 33.004(d). This timeliness limitation on a defendant's ability to designate responsible third parties is a procedural safeguard designed to prevent a defendant from "belatedly pointing its finger at a time-barred responsible third-party against whom the plaintiff has no possibility of recovery." *In re Dawson*, 550 S.W.3d at 629 (quoting *In re CVR Energy*, 500 S.W.3d at 73). A defendant's failure to timely disclose people or entities as potentially responsible third parties is grounds for denying the defendant leave to designate those people or

entities as potentially responsible third parties. *E.g.*, *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 691 (E.D. Tex. 2014).

## ARGUMENT

Defendants' Motion is due to be denied for at least three reasons. First, Defendants have not pleaded facts showing that the people and entities they seek to designate as responsible third parties (the "Designated Third Parties") contributed to or caused the specific harm for which Paul seeks to recover. Second, Defendants have not pleaded facts showing that the Designated Third Parties harmed Paul by negligence, defective or dangerous products, or by violating some legal standard. And third, Defendants failed to timely disclose to Paul any of the Designated Third Parties. Each of those reasons is an independently sufficient basis for denying the Motion.

**A.    Defendants have not pleaded facts showing that the Designated Third Parties contributed to or caused the specific harm for which Paul seeks to recover.**

To justify designating a person or entity as a responsible third party, a defendant must plead, not just that the person or entity harmed the plaintiff at some point, but that the person or entity is at least partially responsible *for the specific harm for which the plaintiff seeks to recover*. TCPRC § 33.011(6). The specific harm for which Paul seeks to recover is the harm to his reputation *from Defendants' defamatory accusations*. (ECF 1 at ¶¶ 163-195.)

The Motion does not even pretend that the Designated Third Parties contributed to or caused any of the harm from Defendants' defamatory accusations. Instead, the Motion presumes that the harm for which Paul seeks recovery is general loss of reputation. Defendants' theory seems to be that separate statements disparaging Paul all contribute to the same ultimate injury or harm—diminished reputation—so that Defendants may properly designate as responsible third parties *anyone who has ever disparaged Paul*.

4

Not only is that theory facially absurd, it contradicts established law. Far from treating all disparaging statements about a plaintiff as contributing to a single injury or harm, Texas law "treats each alleged defamatory publication as a single transaction **with an independent injury**." *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 587 (Tex. App. 2007) (emphasis added); *see also Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 340 (Tex. App. 2000) ("Each distinct publication of a defamatory statement inflicts an independent injury"). So, for instance, if Abe falsely asserts that Chris is a traitor, and Beth then falsely asserts that Chris is a shoplifter, the law regards those assertions as causing Chris separate and distinct harms, even though both assertions impair Chris's reputation. *See Liberty Lobby, Inc. v. Anderson*, 746 F.2d 1563, 1568 (D.C. Cir. 1984) (Scalia, J.) (rejecting "assumption that one's reputation is a monolith").

Properly characterized, the harm for which Paul seeks damages is the harm caused him by Defendants' defamatory accusations. Because Defendants have not pleaded any facts showing that the Designated Third Parties contributed to or caused *that* harm—as opposed to contributing to or causing other, legally distinct harms to Paul's reputation—their Motion fails to plead facts sufficient to show that the Designated Third Parties can qualify as responsible third parties. On that basis, the Motion must be denied.

**B.     Defendants have not pleaded facts showing that the Designated Third Parties harmed Paul by negligence, defective or dangerous products, or by violating a legal standard.**

To qualify as a responsible third party, a person or entity must have contributed to the plaintiff's injuries either "by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." TCPRC § 33.011(6). Defendants, however, have not pleaded facts showing that the Designated Third Parties injured Paul by any of those means. Instead, their

5

Motion just catalogs instances in which non-parties have disparaged Paul, without regard for whether those disparaging statements were somehow wrongful.

Mere disparaging statements do not, by themselves, constitute negligence or a violation of an applicable legal standard. Something more is required to transform them into tortious misconduct. *See* Robert D. Sack, Libel, Slander, and Related Problems 45-46 (1980) ("There is common agreement that a communication that is merely unflattering, annoying, irking, or embarrassing, or that hurts the plaintiff's feelings, without more, is not actionable."). Defendants, however, do not plead that "something more." Their Motion does not allege any facts to support that the Designated Third Parties acted negligently or violated some applicable legal standard; only that they said unflattering or irksome things about Paul.[1] For that reason, too, the Motion fails to plead facts showing that the Designated Third Parties meet the definition of responsible third parties, which is another reason the Motion must be denied.

C.   **Defendants failed to timely disclose the Designated Third Parties to Paul.**

The Motion's premise appears to be that the Designated Third Parties, by virtue of their own publications disparaging Paul, somehow contributed to the harm arising out of Defendants' defamatory accusations. Assuming that's the theory—and it's impossible to say for certain because the Motion offers nothing by way of explanation—the Motion fails for yet another reason: It's untimely.

A defendant may only designate a person or entity as a responsible third party if the defendant disclosed that person or entity to the plaintiff before the statute of limitations expired on the plaintiff's underlying claim. TCPRC § 33.004(d). The "burden [is] on the defendant to timely disclose potentially responsible third parties or risk forfeiting the ability to designate such persons

---

[1] This case obviously has nothing to do with "any defective or unreasonably dangerous product."

6

as responsible third parties after [a] limitations period has expired." *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 786 (Tex. 2020); *see also Withers*, 13 F. Supp. 3d at 691 (denying defendant's motion for leave to designate responsible third parties because defendant had failed to timely disclose its intent to designate responsible third parties).

The statute of limitations for the latest of Paul's defamation claims in this action expired on January 5, 2025, one year after Defendants published the defamatory accusation. *See* TCPRC § 16.002(a). Defendants, however, waited until September 8, 2025—the day they filed the Motion—to disclose the Designated Third Parties as potentially responsible third parties. That is more than eight months after the statute of limitations expired for the last of Paul's claims against Defendants,[2] and more than 14 months after Paul filed this action. Defendants' Motion isn't just untimely, it's grossly so.

Defendants don't address the timeliness point in their Motion. They just declare, without explanation, that their motion is "timely file[d]." (ECF 140 at 12.) They're wrong, though. Maybe Defendants are mistakenly relying on an old version of Chapter 33, which allowed a defendant to designate responsible third parties even after expiration of the relevant limitations period. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 4.04, 2003 Tex. Gen. Laws 847, 856. Had Defendants conferred with Plaintiff prior to filing their Motion, which they did not, Plaintiff would have clarified for them that Texas repealed that version of Chapter 33 in 2011 and replaced it with one that expressly forbids defendants from adding responsible third parties after expiration of the applicable limitations period. *See* Act of May 30, 2011, 82d Leg., R.S., ch. 203, §§ 5.01-.02, 2011

---

[2] If, instead, the limitations period is calculated from the dates of the Designated Third Parties' own publications (the ones highlighted in the Motion), it expired even earlier, making the Motion even more untimely.

7

Tex. Gen. Laws 757, 759 (codifying the current version of TCPRC § 33.004(d)). Under that operative version of the statute, the Motion must be denied as untimely.

## CONCLUSION

The Court should deny Defendants' Motion for Leave to Designate Responsible Third Parties because it is untimely and because Defendants have not pleaded facts showing that the Designated Third Parties qualify as responsible third parties.

December 24, 2025

/s/ Andrew C. Phillips
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th St NW, Suite 550
Washington, DC 20036
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
NEIMAN MAYS FLOCH & ALMEIDA, PLLC
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@nmfalawfirm.com
Email: jmays@nmfalawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

## CERTIFICATE OF SERVICE

I hereby certify that, on the December 24, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

*/s/ Andrew C. Phillips*
