UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL § § § *Plaintiff,* § § v. § § STEPHEN FINDEISEN and COFFEE § BREAK PRODUCTIONS, LLC, § § *Defendants.* § § | Civil Action No. 5:24-CV-00717 |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO DESIGNATED RESPONSIBLE THIRD PARTIES

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") submit this Reply in Support of their Motion for Leave to Designate Responsible Third Parties (ECF No. 140), and in support respectfully show:

### ARGUMENT AND AUTHORITIES

In his objection to Coffeezilla's motion for leave (ECF No. 157), Logan Paul challenges the sufficiency of Coffeezilla's factual allegations and argues Coffeezilla's designation is untimely. Each of these arguments lacks merit.

**I.   A defendant accused of defamation may designate responsible third parties.**

Paul first argues that because "Texas law treats each alleged defamatory publication as a single transaction with an independent injury," Coffeezilla cannot plead facts showing the responsible third parties contributed to the specific harm Paul alleges was caused by Coffeezilla's statements. ECF No. 157 at 5 (cleaned up). But if Paul were correct, then a defendant could *never* designate a responsible third party for a defamation claim. No authority

supports such a rule, and courts have applied Chapter 33 to defamation claims. *See, e.g., Durant v. Anderson*, No. 02-14-00283-CV, 2020 WL 1295058, at *35, n.58 (Tex. App.—Ft. Worth, Mar. 19, 2020, pet. denied) (affirming jury's assignment of proportionate responsibility for defamation to one defendant at 85%, two defendants at 5% each, and five defendants at 1% each).

To support his argument, Paul relies on two opinions that don't address responsible third parties at all. In *Texas Disposal Systems*, the court of appeals considered whether some of the plaintiff's defamation and business disparagement claims were time-barred. *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 586–87 (Tex. App.—Austin 2007, pet. denied). The court rejected the plaintiff's argument that the time-barred claims "related back" to prior, timely claims because they arose from "new, distinct, or different . . . occurrences." *Id.* at 587. Citing the *Akin* case (which also addressed limitations, not responsible third parties), the court reasoned that *for purposes of limitations*, "each alleged defamatory publication [is] a single transaction with an independent injury." *Id.* (citing *Akin v. Santa Clara Land Co., Ltd.*, 34 S.W.3d 334, 340 (Tex. App.—San Antonio 2000, pet. denied)).

These cases don't support the leap that Paul is making. While each defamatory statement is a single transaction or occurrence for limitations purposes, that doesn't mean a third party cannot cause or contribute to the *harm* alleged.

A "responsible third party" is "any person who is alleged to have caused or contributed to causing in any way the *harm* for which recovery of damages is sought[.]" TEX. CIV. PRAC. & REM. CODE § 33.011(6) (emphasis added). "'Accordingly, defendants only need to plead facts capable of showing how the third-parties they seek to designate as responsible third-

2

parties caused or contributed to [plaintiff's] alleged *injury*, not to their own conduct.'" *Viceroy Petroleum, LP v. Tadlock Pipe & Rentals, Inc.*, No. SA-14-CV-00006-DAE, 2014 WL 5488422, at *4 (W.D. Tex. 2014) (emphasis added) (quoting *PEMEX Exploracion y Produccion v. Murphy Energy Corp.*, 923 F. Supp. 2d 961, 983 (S.D. Tex. 2013)); *see also Croix v. Provident Tr. Group, LLC*, No. 1:19-CV-102-AWA, 2020 WL 3316994, at *2 (W.D. Tex. June 18, 2020) (rejecting argument that responsible third party must be responsible for the same legal claim, as opposed to the same injury) (citing *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 865 (Tex. 2009)).

## II. Coffeezilla pleaded sufficient facts to designate responsible third parties.

Chapter 33 of the Texas Civil Practice and Remedies Code sets a "minimal pleading threshold to be entitled to the relief requested." *Am. Home Assurance Co. v. Medina*, No. 1:21-CV-00126, 2022 WL 1957807, at *2 (W.D. Tex. June 6, 2022); *Martinez v. Davis*, No. EP-16-CV-00156-PRM, 2016 WL 11586186, at *6 (W.D. Tex. Nov. 4, 2016) (compiling authorities applying Texas, rather than federal, pleading standard to motions to designate responsible third parties). "Texas's 'fair notice' pleading standard is not a 'high threshold' as Texas Rule of Civil Procedure 47(a) simply requires notice pleading." *Martinez*, 2016 WL 11586186, at *6 (citing *Muniz v. T.K. Stanley, Inc.*, No. L-06-CV-126, 2007 WL 1100466, at *4 (S.D. Tex. Apr. 11, 2007)).

Coffeezilla has surpassed that standard here.

As an initial matter, Paul ignores his own allegations that his CryptoZoo partners, Eddie Ibanez and Jake Greenbaum, caused him to lose "hundreds of thousands of dollars" through "incompetence and deception." ECF No. 1 ¶ 56; *see also id.* ¶¶ 48–49 ("Greenbaum and Ibanez were con artists. Both men lied about their resumes, knowledge, experience, and

3

intentions. Greenbaum and Ibanez sabotaged the [CryptoZoo] project from within and prevented it from ever realizing Paul's vision."). Paul's pleading also references the class action suit and the crossclaims he brought against Greenbaum and Ibanez. *Id.* ¶¶ 141, 157 ("That is why Paul has filed legal claims [in the class action] against Ibanez and Greenbaum for their deceptive and unethical conduct.").

In the class action suit against him, Paul specifically alleged Ibanez' and Greenbaum's misconduct not only caused him financial harm but also "significant reputational harm." ECF No. 140-30 (Class Action Cross-Claims) ¶ 109. Paul therefore has judicially admitted these parties "caused or contributed" to damaging his reputation—the same harm he alleges in this lawsuit. *See id.* ¶¶ 116, 123 ("As a result of Ibanez's and Greenbaum's fraud, Paul has suffered significant monetary damages as well as reputational harm.").

In very similar circumstances, another federal district court concluded it was "abundantly clear that [the defendant] pleaded sufficient facts concerning [a responsible third party's] alleged responsibility" by attaching the plaintiff's own allegations in a separate lawsuit against that third party. *Estate of Dumas v. Walgreens Co.*, 3:05-CV-2290, 2006 WL 3635426, at *2 (N.D. Tex. Dec. 6, 2006); *see also Eisenstadt v. Tel. Elecs. Corp.*, No. 3:06-CV-1196-O, 2008 WL 4452999, at *3 (N.D. Tex. Sept. 30, 2008) (allowing defendant to designate responsible third party where defendant's motion "cite[d] allegations Plaintiffs made in their own pleadings that suggest that [the third parties] caused or contributed to causing Plaintiffs' damages").

With respect to the media parties, Paul argues Coffeezilla has not shown how their disparagement of Paul was wrongful, claiming "[m]ere disparaging statements do not, by themselves, constitute negligence or a violation of an applicable legal standard." ECF No.

4

157 at 6. Coffeezilla does not allege the media parties made "mere disparaging statements"; rather, Coffeezilla's motion details how multiple major media outlets (*e.g.,* Rolling Stone and the BBC) with much larger audiences than Coffeezilla's published the exact same statements that Paul alleges were defamatory when made by Coffeezilla, such as that "[Paul] promised to refund people who had bought the NFT eggs, but only if they agreed not to sue him[.]" *Compare* ECF No. 140 at 9 (quoting the BBC) *with* ECF No. 1 ¶ 143 ("Once again, Findeisen repeatedly accused Paul of scamming those who bought Egg NFTs or ZOO Tokens . . . , proclaiming, 'Logan Paul is refunding the people he scammed if they promise to stop suing him[.]"). Other stories run by the media regarding Paul's prior scandals with other cryptocurrency are akin to Coffeezilla's statement that Paul is a "serial scammer"—one of the three statements Paul sued for.[1]

If it was defamatory for Coffeezilla to discuss Paul's purported "refund" offer, as Paul's lawsuit claims, then it was equally defamatory for major media outlets to do so. And if Paul is searching for allegations that such conduct is negligent, he need only look at his own complaint.[2] A jury should be allowed to apportion any purported harm to Paul's reputation between Coffeezilla and the other media outlets that reported on the same scheme.

---

[1] Paul also claims many of the media stories "had nothing to do with CryptoZoo," but this misses the mark. Again, when determining whether designation of a responsible third party is appropriate, the focus is on the *harm*, not the conduct underlying the legal claim. *Croix*, 2020 WL 3316994, at *2 (rejecting similar argument and holding "[t]his argument has no basis in the plain language of the statute or Texas law") (citing *Galbraith Eng'g Consultants*, 290 S.W.3d at 865).

[2] Of course, Coffeezilla does not concede that the statements made by the media parties were defamatory, in the same manner he contends his own statements are immune, privileged, or otherwise not actionable. But, as this Court has acknowledged, "a responsible third party may include persons who are not subject to the court's jurisdiction or *who are immune from liability to the claimant.*" *Knight v. Cooper*, No. 5:17-CV-234-OLG, 2017 WL 10841352, at *2 (W.D. Tex. Aug. 31, 2017) (Garcia, J.) (emphasis added).

### III.  Coffeezilla timely disclosed the responsible third parties.

Finally, Paul argues Coffeezilla's motion is untimely because the statute of limitations for defamation has run.

Section 33.004 bars a defendant from designating a responsible third party after expiration of limitations "if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004(d).[3] The "key consideration" is whether the defendant timely complied with his obligations under the Texas Rules of Civil Procedure. *Akins v. Riddell, Inc.*, No. 5:19-CV-121-RWS-CMC, 2021 WL 12137599, at *9 (E.D. Tex. Jan. 13, 2021).

The purpose of the rule is to prevent defendants from ambushing a plaintiff with the identity of third parties and the ability to shift responsibility to them when the plaintiff has no recourse against them because limitations has expired. *Croix*, 2020 WL 3316994, at *3. Accordingly, courts (including those Paul cites) recognize the goal is to achieve "a just and reasonable result." *See, e.g., Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 690 (E.D. Tex. 2014).[4]

---

[3] Section 33.004(a) states: "The motion [to designate responsible third parties] must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." Coffeezilla's motion is therefore timely under this section as well. *See Bueno v. Cott Beverages, Inc.*, No SA-04-CA-24-XR, 2005 WL 647026, at *2 (W.D. Tex. Feb. 8, 2005) (Rodriguez, J.) (holding defendants timely filed motion for leave to designate responsible third party sixty days before trial).

[4] In that case, the court concluded the defendant failed to perform a diligent investigation that would have enabled it to timely designate the responsible third party. But the court "*did not* announce a general rule that all disclosures made after the applicable statute of limitations had expired must be deemed untimely for purposes of § 33.004(d) and emphasized the importance of determining timeliness on a case-by-case basis." *Akins*, 2021 WL 12137599, at *10 (emphasis added) (citing *Withers*, 13 F. Supp. 3d at 691).

6

Notably, Paul does not argue Coffeezilla engaged in any dilatory or stall tactics to game the system or otherwise failed to timely disclose responsible third parties in response to request. Paul does not allege he was unaware of the third parties Coffee seeks to designate or the role those parties played in (allegedly) damaging Paul's reputation. Paul also does not argue he has been unable to seek legal recourse against these third parties as a result of Coffeezilla's purportedly "untimely" designation. To the contrary, Paul already has filed claims against Ibanez and Greenbaum to recover for the "reputational harm" he claims they inflicted. And it is apparent Paul deliberately chose *not* to sue the BBC and other media outlets because he knew those corporate giants can financially withstand prolonged litigation while self-employed Coffeezilla cannot. *See* Exhibit A (PAUL_CZ 00000072–73) (discussing a potential judgment in this case, Paul told a friend: "I imagine coffeezilla would have a hard time paying that.").

Put simply, Paul asks the Court to apply a rule designed to prevent harm that does not exist. In any event, Paul filed suit on June 27, 2024, just days before limitations expired for statements made on June 29–30, 2023. District courts and Texas courts have concluded "[t]he filing of a [complaint] near or after the expiration of the statute of limitations does not prevent a defendant from moving for leave to designate a responsible third party." *In re VC PalmsWestheimer, LLC*, 615 S.W.3d 655, 662 (Tex. App.—Houston [1st Dist.] 2020, orig. proceeding) (allowing designation after limitations where plaintiff filed suit just days before limitations expired, making it "nearly impossible" for defendants to timely designate responsible third parties before limitations); *see also Croix*, 2020 WL 3316994, at *4 (allowing designation after limitations where plaintiff failed to show defendant affirmatively failed to identify responsible third parties in response to discovery request or other disclosure

7

obligation); *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 784 (Tex. 2020) (allowing designation where defendant "did not engage in any dilatory or stall tactics to game the system" and served discovery responses when due). It therefore would not be "a just and reasonable result" to preclude Coffeezilla's timely designation in this case. *See Withers*, 13 F. Supp. 3d at 690.

## PRAYER

For these reasons, Coffeezilla respectfully requests that the Court grant his motion for leave, permit the designation of the responsible third parties identified in that motion, and grant Coffeezilla all other relief to which he may be entitled at law or equity.

Dated: January 9, 2026

        Respectfully submitted,

        **DAVIS & SANTOS, PLLC**

By:   */s/ Caroline Newman Small*
Jason M. Davis
Texas State Bar No. 00793592
E-mail: *jdavis@dslawpc.com*
Caroline Newman Small
Texas State Bar No. 24056037
E-mail: *csmall@dslawpc.com*
Rachel Garza
Texas State Bar No. 24125240
E-mail: *rgarza@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC***

## CERTIFICATE OF SERVICE

I certify that on January 9, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

By: */s/ Caroline Newman Small*
　　Caroline Newman Small