UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| STEPHEN FINDEISEN and COFFEE § | |
| BREAK PRODUCTIONS, LLC, § | Civil Action No. 5:24-CV-00717 |
| § | |
| *Defendants.* § | |
| § | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO PRESERVE DEPOSITION CONFIDENTIALITY DESIGNATION

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") submit this Response to Plaintiff's Motion to Preserve Deposition Confidentiality Designation (ECF No. 155), and in support respectfully show:

### INTRODUCTION

Logan Paul designated his entire deposition "confidential," citing the Court's Confidentiality and Protective Order. That order allows a party to designate as confidential "only such information that the party *in good faith* believes in fact is confidential." ECF No. 22 § 3(a) (emphasis added). Paul has not provided—and, indeed, cannot provide—any good faith basis to keep his entire deposition confidential. Nor has he explained why any specific portions of his deposition are actually "confidential" as that term is defined in the protective order.

In fact, at the same time Paul is insisting Coffeezilla should not be entitled to publicly discuss or disclose Paul's deposition testimony, Paul is litigating this case in the media. As

recently as November 5, 2025, Paul published a video on his YouTube channel explicitly discussing the upcoming trial in this case and his own purported "innocence."[1] That video was viewed over one million times.[2]

Because Paul cannot meet his burden to justify keeping his entire deposition testimony out of the public record, the Court should deny Paul's motion.

## ARGUMENT AND AUTHORITIES

### I.   The Confidentiality and Protective Order

The Court's protective order allows a party to designate as confidential "only such information that the party *in good faith* believes in fact is confidential." ECF No. 22 § 3(a) (emphasis added). Such "confidential" information includes "trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that . . . may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties." *Id.*

This definition of "confidential information" is not simply information that is not generally known to the public. Rather, the protective order is explicitly intended to keep information confidential that if disclosed will cause "financial injury" or "legal liability." *See id.*

The Court concluded entry of a protective order was justified in this case to, among other things, "adequately protect information the parties are entitled to keep confidential"

---

[1] Logan Paul, *They Sued Me And Lost (27 Times)*, YOUTUBE (Nov. 5, 2025), https://www.youtube.com/watch?v=aQIkWlmZi_8, at 3:11–3:15, 3:43–4:01.

[2] *Id.*

and "ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial." *Id.* at preamble. In other words, "to serve the ends of justice," the Court intended to allow the parties to protect certain confidential information while also allowing them to use that confidential information to prepare for trial. *See id.*

## II. Legal standards for confidentiality

The Fifth Circuit encourages district courts to be "ungenerous with their discretion to seal judicial records" both pursuant to protective orders and permanent sealing orders. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418–19 (5th Cir. 2021).[3] Indeed, the Fifth Circuit has admonished "the growing practice of parties agreeing to private discovery and presuming that whatever satisfies the lenient protective-order standard will necessarily satisfy the stringent sealing-order standard." *Id*. at 417–18. Under both standards, "the working presumption is that judicial records should not be sealed" or otherwise kept out of the public record. *Id.* at 419.

When deciding whether information should be kept confidential pursuant to a pretrial protective order, courts apply a "good cause" standard. *Id.* (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985)). "A party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal." *Harris*, 768 F.2d at 683–84. It is only where the party from whom discovery was obtained shows "good cause" for confidentiality that "the presumption of free use dissipates, and the district court can exercise its sound discretion to restrict . . . what use can be made of [the information]

---

[3] "Judicial records belong to the American people; they are public, not private, documents. Certainly, some cases involve sensitive information that, if disclosed, could endanger lives or threaten national security. But increasingly, courts are sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps." *Id.* at 417.

3

once obtained." *Id.* at 684; *see also* FED. R. CIV. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]").

To determine whether good cause supports confidentiality, courts "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (cleaned up). "Good cause" supports keeping information confidential where, for example, disclosure would endanger lives, threaten national security, reveal trade secrets, or unmask confidential informants. *See id.* at 417–19.[4]

A court abuses its discretion if it fails to articulate reasons that would support sealing. *Id.* at 419.

### III. There is no "good cause" to keep Paul's entire deposition testimony confidential.

Paul does not identify any "good cause" for keeping his entire deposition out of the public record, nor does he provide the Court anything that would enable it to perform the required "line-by-line" analysis of good cause. *See Le*, 990 F.3d at 419. Notably, Paul's motion doesn't even reference the "good cause" standard.

Paul instead raises three arguments for confidentiality, none of which have merit.

---

[4] *See also, e.g., Forbes v. San Gabriel Recovery Ranch*, No. 1:21-CV-00851-DII-SH, 2023 WL 3467783, at *2 (W.D. Tex. May 15, 2023) (Hightower, M.J.) (holding personal information about third parties, such as social security numbers, home addresses, and banking information, is entitled to a confidential designation); *Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768, 2015 WL 1758079, at *2–4 (W.D. Tex. Apr. 17, 2015) (Ezra, J.) (holding plaintiff failed to meet burden of showing broad statements about company-wide matters were trade secrets entitled to confidentiality).

### A.   *Paul* failed to confer, but any conference would be futile.

First, Paul argues Coffeezilla's objection to confidentiality should be rejected because the parties did not confer before Coffeezilla raised that objection. The protective order requires the parties to "try to resolve [a dispute about confidentiality designations] in good faith on an informal basis, such as by production of redacted copies." ECF No. 22 § 11(a).

As an initial matter, this motion was brought by Paul, and Paul made no effort whatsoever to confer with Coffeezilla prior to filing it. And it was Paul—not Coffeezilla—who designated his entire deposition "confidential," which designation lacks any good faith basis to begin with. Certainly, Paul's *entire* testimony does not disclose, for example, "trade secrets, confidential or proprietary financial information, . . . [or] personal information that is protected by law[.]" *See* ECF No. 22 § 3(a). Introductions, background questions, discussions of public YouTube videos, and procedural exchanges cannot conceivably subject Paul to "competitive or financial injury" if disclosed. *See id.*

Had Paul designated only portions of his deposition transcript by page and line, then perhaps conference would have been fruitful. But by making a blanket designation that cannot possibly have any support either in the protective order or under Fifth Circuit precedent, and by filing his motion without conferring, Paul incontestably signaled his desire simply to suppress anything depicting him in a less than flattering (*i.e.*, not self-produced) light. The Court should deny his motion for this reason alone.

### B.   There is no basis to shield evidence of crimes from law enforcement.

Paul next argues he has "well-placed concerns" that Coffeezilla might disclose his deposition testimony to the FBI. Notably, Paul fails to mention that on December 1, 2025, his own counsel sent a detailed letter to the FBI making accusations about Coffeezilla and

5

explicitly referencing material obtained in discovery in this case, including e-mails obtained from Coffeezilla and recorded phone calls.[5] Coffeezilla has produced to Paul all his correspondence with law enforcement that concerns Paul (demonstrating Coffeezilla has not provided any "confidential" information to law enforcement). Nevertheless, Paul suggests this is somehow a violation or abuse of the protective order.[6]

Regardless, disclosing information to the FBI is a lawful use of discovery materials and is not prohibited by the protective order. *See Harris*, 768 F.2d at 683–84 ("A party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal.").[7] Arguing the protective order *does* prohibit such use, Paul claims the order "admonish[es] that materials produced in discovery are to be used for litigating this case and preparing for trial." ECF No. 155 ¶ 9.

But the protective order does not restrict the use of discovery materials to preparing for trial. Rather, one of the protective order's stated goals is to allow the parties to use *confidential* materials necessary to prepare for trial while maintaining their confidentiality. *See*

---

[5] *See* PAUL_CZ00017739–PAUL_CZ00017756, attached.

[6] Paul also suggests Coffeezilla is improperly sharing confidential information with counsel in the class action, citing a YouTube video in which class action plaintiffs' counsel claims Paul's defamation case was "helpful" to the class action case. Paul omitted from his motion what class action counsel found so helpful: "This is document 45 . . . this is publicly available. You can go simply pull this from the court's website." *See Logan Paul's 'CryptoZoo Nightmare' IS NOT OVER (Lawsuit Update)*, YOUTUBE (Nov. 18, 2025), https://www.youtube.com/watch?v=IcWoYtSn9vc at 6:49–7:10. Coffeezilla has *not* shared any confidential materials obtained through discovery in this case with counsel for the class action plaintiffs.

[7] Texas law even recognizes immunity and privilege for such disclosure. *See Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015); *see also Clemens v. McNamee*, 608 F. Supp. 2d 811, 823–24 (S.D. Tex. 2009) ("Under Texas law, statements made to government agencies as part of legislative, judicial, or quasi-judicial proceedings are entitled to absolute immunity so long as they are made as part of an ongoing proceeding, they are not unsolicited, and they are made to an agency whose findings need not be approved or ratified by another agency."), *aff'd*, 615 F.3d 374 (5th Cir. 2010).

ECF No. 22 at preamble ("[A] protective order . . . is justified in this matter . . . to adequately protect information the parties are entitled to keep confidential [and] to ensure the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial[.]"). Nothing in the protective order suggests the Court (or the parties) intended to restrict the use or disclosure of non-confidential information. Indeed, the order states it does not afford "blanket" protection for, nor is it intended to protect, materials that are not entitled to protection under "applicable legal principles." *Id.*

The mere fact that Paul comes off poorly in his deposition is no basis to keep the entire transcript confidential. If, for example, Paul was evasive during his deposition or admitted to making misrepresentations (which would support Coffeezilla's defense of truth), that is no basis to keep his deposition hidden from the public. And if Paul's testimony contains evidence that a crime has been committed, not only would that testimony not be confidential under either the protective order or any common-law definition of "confidential," but it would be contrary to the public interest to shield it from law enforcement.

### C. No exigency is required to challenge baseless confidentiality designations.

Finally, Paul suggests there is no basis to challenge the designation of his entire deposition as confidential because Coffeezilla has no "imminent need" to use it and because the confidential designation is not "currently impacting" Coffeezilla's ability to litigate this case. ECF No. 155 ¶ 11. Paul's argument is premised on a made-up standard having no support in the protective order.

Under both Rule 26(c) and the protective order, the burden is strictly on the *designating party* to demonstrate good cause for confidentiality. FED. R. CIV. P. 26(c)(1); ECF No. 22 § 11(a). The objecting party (here, Coffeezilla) has no obligation to demonstrate either an

7

"imminent need" to use the wrongly designated material or any negative impact caused by the improper designation. Paul should not be permitted to improperly hide testimony from the public record and then demand that Coffeezilla prove an exigency requires its disclosure.[8]

### IV. Paul waived confidentiality in any event.

Perhaps most galling about Paul's demand that his entire deposition transcript be kept confidential is the fact that he is simultaneously broadcasting his own version of events to the public in the media.[9]

In a YouTube video published on November 5, 2025 and entitled *"They Sued Me And Lost (27 Times),"* Paul explicitly discusses this case and the related class action case. This is a captioned screenshot from that video[10]:

---

[8] Further, the Court set a deadline of January 9, 2026 to file all motions except pre-trial motions. If nothing else, this deadline itself created an "imminent need" for the Court to hear and resolve the issue or risk waiving it altogether.

[9] Courts have found a diminished privacy interest where the party opposing release is a public figure experienced in dealing with the media. *See, e.g., Constand v. Cosby*, 112 F. Supp. 3d 308, 315–16 (E.D. Pa. 2015) (finding a diminished privacy interest of comedian Bill Cosby where the "*party seeking to use [that privacy interest] as a shield is a public person subject to legitimate public scrutiny*" and *where that party "has freely entered the public square and thrust himself into the vortex of these public issues*") (emphasis added); *Estate of Rosenbaum v. City of New York City*, 1993 U.S. Dist. LEXIS 15908, at *7 (E.D.N.Y. Aug. 13, 1993) (permitting news media to be present at the depositions of city officials where the case was of high public interest, the depositions were of the parties, not of third persons, and *"the parties whose depositions at issue are parties experienced in dealing with the media . . . [and] these parties have themselves already spoken out . . . on a number of occasions to members of the press"*) (emphasis added).

[10] Logan Paul, *They Sued Me And Lost (27 Times)*, YOUTUBE (Nov. 5, 2025), https://www.youtube.com/watch?v=aQIkWlmZi_8 at 3:11–3:15, 3:43–4:01.



Despite claiming he brought this case to "get the truth out there," Paul designated his entire deposition confidential just six days later.[11] In fact, Paul's lawyer appeared in the same video, high-fiving him upon sharing the news that the class action was dismissed:



---

[11] *See* Exhibit A (e-mail from counsel dated November 11, 2025).

9

Paul wants to use the media to "prove his innocence" and rally his fanbase against the "reputational damage" from the "fake narrative that I'm a scammer" while simultaneously asking this Court to suppress *his own sworn testimony* in a case he decided to bring. In fact, Paul told a friend that a good reason to sue Coffeezilla would be to inflict "*public* humiliation."[12]

Meanwhile, while Paul accuses Coffeezilla of weaponizing the media, Coffeezilla's last public comment on this lawsuit was in July 2024 to raise money to fund his defense. Paul and his counsel, in contrast, have spoken to media twice in just the last few months to accuse Coffeezilla of presenting a "fake narrative." Paul's attorney, Jeff Neiman, also provided statements to TMZ regarding the parallel class action lawsuit.[13]

Put simply, Paul is litigating in the press when it suits him and hiding information from public view when it does not. As the Fifth Circuit explained:

> The presumption of openness is Law 101: The public's right of access to judicial records is a fundamental element of the rule of law. . . . Providing public access to judicial records is the duty and responsibility of the Judicial Branch. Why is this important? Because accessibility enhances legitimacy, the assurance that things are on the level.

*Le*, 990 F.3d at 417 (cleaned up).

## CONCLUSION AND PRAYER

Logan Paul is a public figure who sued Coffeezilla for purported defamation. He's currently using his own, wildly popular internet platform to claim he wants "the truth out there." Paul's lawyer discusses Paul's legal victories with TMZ. But Paul asks this Court—without any basis—to shield his entire deposition from the public.

---

[12] *See* Exhibit B (PAUL_CZ00007299–302).

[13] TMZ, *Logan Paul Judge Finalizes CryptoZoo Class Action Dismissal*, https://www.tmz.com/2025/10/30/logan-paul-judge-reaffirms-cryptozoo-lawsuit/.

The Court should deny Paul's motion to preserve confidentiality and order that Paul's deposition transcript and video be treated as public, non-confidential information. Coffeezilla requests all other relief to which he may be entitled at law or in equity.

Dated: January 9, 2026

                                      Respectfully submitted,

                                      **DAVIS & SANTOS, PLLC**

                              By:  */s/ Caroline Newman Small*
                                      Jason M. Davis
                                      Texas State Bar No. 00793592
                                      E-mail: *jdavis@dslawpc.com*
                                      Caroline Newman Small
                                      Texas State Bar No. 24056037
                                      E-mail: *csmall@dslawpc.com*
                                      Rachel Garza
                                      Texas State Bar No. 24125240
                                      E-mail: *rgarza@dslawpc.com*
                                      719 S. Flores Street
                                      San Antonio, Texas 78204
                                      Tel: (210) 853-5882
                                      Fax: (210) 200-8395

                                      ***Attorneys for Defendants Stephen Findeisen***
                                      ***and Coffee Break Productions, LLC***

## CERTIFICATE OF SERVICE

      I certify that on January 9, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

      By: */s/ Caroline Newman Small*
      Caroline Newman Small