IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>                      *Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>                      *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PRESERVE
DEPOSITION CONFIDENTIALITY DESIGNATION**

Plaintiff Logan Paul respectfully submits this reply in support of his December 23, 2025 Motion to Preserve Deposition Confidentiality Designation [Dkt. 155] and in further support of his Motion states as follows:

1. Defendants' Response to Plaintiff's Motion [Dkt. 161] fails to justify their noncompliance with the Protective Order, which alone ought to render Defendants' objections to Plaintiff's designation of his deposition transcript as "Confidential" moot. Defendants further fail to identify any imminent need to publicly file any portion of Plaintiff's deposition transcript, or to otherwise disclose it, ***for purposes of defending the claims at issue in this action***. This omission underscores the concerns underlying Plaintiff's confidentiality designation; namely, Defendants' documented history of utilizing discovery materials produced in this case for purposes that have nothing to do with litigating this case.

2. First, as Plaintiff argued in his Motion, the Protective Order entered in this case required Defendants to meet and confer about any disagreement with a confidentiality designation

1

*before* lodging an objection that required Plaintiff to file a motion to preserve the designation. The Protective Order is unambiguous in that regard:

> In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, *the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information*. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information.

(Confidentiality and Protective Order (Nov. 15, 2024) ¶ 11.a [Dkt. 22].)

3. Defendants made no effort whatsoever to resolve this dispute before lodging their objection; instead, counsel simply sent a one-sentence email declaring that Defendants were formally objecting to the designation of Plaintiff's transcript as Confidential. (Email C. Small to A. Phillips (Dec. 9, 2025) (Ex. A).)

4. Defendants do not meaningfully dispute their noncompliance with the Protective Order. Instead, they strangely try to put their own noncompliance on Plaintiff by arguing that Plaintiff filed his Motion without conferring—ignoring that it was Defendants' improper and untimely objection that *required* Plaintiff to file his Motion to preserve the designation. (*See* Resp. at 5.) Defendants also claim that their noncompliance should be excused because a good-faith effort at meeting and conferring would not have been "fruitful." (*Id.*) But Defendants' professed confidence about that is odd, considering that the parties have in fact been able to resolve previous disputes about confidentiality designations by conferring in good faith. (*See* Mot. ¶ 11; Joint Advisory Regarding Contested Confidentiality Designations (Apr. 24, 2025) ¶ 5 [Dkt. 86].)

5. In sum, the Protective Order plainly required Defendants to confer in good faith before, and as a necessary precondition to, lodging a formal objection under the Protective Order. Defendants indisputably failed to do so. Accordingly, their objection pursuant to Paragraph 11.a

of the Protective Order should be disregarded as a nullity, and Plaintiff's Motion should be granted on that basis alone.

6. Next, Defendants have no answer to Plaintiff's well-placed concerns that Defendants have been utilizing discovery materials in this case for purposes other than litigating this case, and that they would do so with Plaintiff's deposition transcript as well absent a confidentiality designation. Indeed, this was a concern first raised not by Plaintiff ***but by the Court***, which told the parties in October with regard to the pending class action suit in Austin that the Court was "very concerned" about the "prejudicial" effect of discovery materials in this case being laundered to the class action lawyers: "I'm concerned with the team on the Logan Paul side that some of this information would be information that could be used in the other case, even with the protective order." (Hearing Tr. (Oct. 17, 2025) at 5:11-22 [Dkt. 146]) (Ex. B).) Underscoring exactly that concern, Defendants buried a footnote in their Response where they conspicuously did not deny sharing discovery materials from this case with the class action lawyers—asserting only that they have not shared any materials designated "Confidential." (Resp. at 6 n. 6.)

7. Defendants' assertion that Plaintiff has not demonstrated any "good cause" for designating his transcript as Confidential rings hollow in light of the concerns expressed by the Court. (*See* Mot. at 4.) And notwithstanding Defendants' discordant citations to cases involving the heightened standard for sealing of filed judicial records—which is not at issue here—Defendants' own authorities recognize that the standard for designating non-filed materials as Confidential is more "lenient," (Mot. at 3 (quoting *Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418-19 (5th Cir. 2021)), and that a district court has "sound discretion to restrict … what use can be made of [the information] once obtained," (Mot. at 3 (quoting *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).)

8.      Finally, Plaintiff's Motion noted that at no time have Defendants identified any imminent need to file any portion of Plaintiff's transcript for the purpose of seeking some kind of relief in this case. In their Response, Defendants do not state that that they have any need to do so, but simply argue that there is no requirement that they show any such "exigency." (Mot. at 7.) But the lack of any such "exigency" is of course something that the Court can consider within the discretion vested in it under Federal Rule of Civil Procedure 26(c)(1). If the Court is "very concerned" about the "prejudicial" effect of Defendants shuttling discovery materials to the class action lawyers, and the Defendants have not identified *any reason* why they are challenging the designation of Plaintiff's transcript other than that they want to be able to engage in exactly that prejudicial conduct, then that only serves to underscore why Plaintiff's designation should be preserved.

9.      In sum, Plaintiff has been clear from the outset that he would not take issue with Defendants filing relevant portions of Plaintiff's transcript if and when there is a valid reason for them to do so in order to defend this case or seek relief from the Court. And if and when that eventuality comes to pass, the parties can discuss the issue in good faith and hopefully reach agreement on whether the relevant excerpts can or should be filed publicly. That approach is perfectly practical and would help alleviate Plaintiff's and the Court's concerns. That Defendants are unwilling to take that approach strongly suggests that they have an ulterior motive for objecting to the designation of Plaintiff's deposition transcript as Confidential.[1]

## CONCLUSION

---

[1] It is also noteworthy that during the deposition, counsel for Defendants engaged in unusual conduct such as attempting to place oversized printed posters on an easel behind Plaintiff during the questioning. That those posters were out of the view of the witness being questioned, but in view of the camera, again suggests that Defendants intended for some use of Plaintiff's deposition video that has nothing to do with actually litigating this case.

Plaintiff requests that the Court grant his Motion and order that Plaintiff's confidentiality designation as to the transcript of his deposition be preserved.

| | |
|---|---|
| January 23, 2026 | */s/ Andrew C. Phillips* <br> Andrew C. Phillips (*Pro Hac Vice*) <br> Shannon B. Timmann (*Pro Hac Vice*) <br> MEIER WATKINS PHILLIPS PUSCH LLP <br> 1120 20th St NW, Suite 550 <br> Washington, DC 20036 <br> (202) 318-3655 <br> Email: andy.phillips@mwpp.com <br> Email: shannon.timmann@mwpp.com <br><br> Jeffrey A. Neiman (*Pro Hac Vice*) <br> Jason L. Mays (*Pro Hac Vice*) <br> NEIMAN MAYS FLOCH & ALMEIDA, PLLC <br> 100 SE 3rd Ave., Suite 805 <br> Ft. Lauderdale, Florida 33394 <br> Email: jneiman@nmfalawfirm.com <br> Email: jmays@nmfalawfirm.com <br><br> Ricardo G. Cedillo (Texas Bar No. 04043600) <br> DAVIS, CEDILLO & MENDOZA, INC. <br> 755 E. Mulberry Ave., Ste. 250 <br> San Antonio, TX 78212 <br> (210) 822-6666 <br> Email: rcedillo@lawdcm.com <br><br> *Counsel for Plaintiff Logan Paul* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on January 23, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                                                */s/ Andrew C. Phillips*