UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| STEPHEN FINDEISEN and COFFEE § | |
| BREAK PRODUCTIONS, LLC, § | |
| § | Civil Action No. 5:24-CV-00717 |
| *Defendants.* § | |
| § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF LOGAN PAUL'S MOTION TO COMPEL PRODUCTION OF COMMUNICATIONS TO AND FROM HARRY BAGG AND/OR ED LESZCZYNSKI**

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") submit this Response to Plaintiff's Motion to Compel Production of Communications To and From Harry Bagg and/or Ed Leszczynski (ECF No. 160), and in support respectfully show:

### INTRODUCTION

This discovery dispute originated with Paul's Motion to Compel (ECF No. 77), which sought Coffeezilla's privileged internal notes, drafts, and communications concerning some of the YouTube videos at issue. In a negotiated compromise, the parties agreed to a third-party review of all Coffeezilla's privilege material to identify any evidence of actual malice. Out of the more than two terabytes of data reviewed, the review team identified only *eleven* items falling within the defined scope of malice.

Following this review and obviously disappointed with its results, Paul filed another motion to compel seeking specific communications between Coffeezilla and his team which, although provided to the third-party team for review, were not identified as responsive. ECF No. 124. The Court denied this motion to compel because the issues raised in it were resolved by the parties' agreement to employ the third-party review team and because Paul had not met his burden to establish overcome the journalist privilege. ECF No. 146, 61:7–10. The Court's denial was "without prejudice to reconsideration based on new information." ECF No. 143.

Paul does not provide the Court any new information in his motion for reconsideration. *See* ECF No. 160. Instead, Paul's motion rests on the premise that the Court "misapprehended" the scope of third-party review. *See id*. at 1. Paul argues, as he did in the original motion and at the hearing on the same, that the third-party review was limited to direct evidence of malice, not circumstantial evidence which he claims to now seek. This distinction is a fabrication designed to justify another intrusion into Coffeezilla's privileged journalist materials. Indeed, Paul's prior motion to compel, which was resolved by the third-party review team, specifically sought circumstantial evidence of malice.

After agreeing to a third-party review team (whom Paul selected) and being dissatisfied with the results, Paul now attempts to rebrand the third-party review as being solely for direct evidence in hopes to bypass Coffeezilla's journalistic privilege and obtain another bite at the apple.

## ARGUMENT AND AUTHORITIES

**I.   Paul put forth zero new evidence.**

The Court's instructions were clear at the September 11, 2025 hearing. The Court would only entertain reconsideration of Paul's motion to compel if he could provide new information for the Court to consider. *See* ECF Nos. 143; 146 61:3–4. Paul's most recent motion fails to identify *any* new information for the Court to consider. *See* ECF No. 160. All the arguments made in the motion for reconsideration, and bases for the same, were known to Paul at the time of the original motion. Indeed, Paul's counsel argued these same points at the September 11, 2025 hearing. *See* ECF Nos. 146, 29:1–25, 37:1–39:19. For this reason alone, the Court should deny Paul's motion.

**II.   Paul contradicts his prior definition of the evidence he seeks to justify his second bite.**

Paul's central argument is that the Court's denial of Paul's prior motion to compel was "based on a misapprehension of fact concerning the scope of a third-party document review." ECF No. 160 at 1. Paul claims it was narrow and focused only on direct evidence, and that he is now entitled to Coffeezilla's editorial communications as circumstantial evidence of actual malice. *Id.* at 8–9. But this argument directly contradicts Paul's prior motion to compel.

For example, in Paul's Motion to Compel Production of Evidence Relevant to Plaintiff's Good Faith Intentions and Actions (ECF No. 77), Paul sought the exact same category of documents the third party review would later cover: "communications with sources. . . as well as any documents, notes, drafts, or outtakes in Defendants' possession that reflect upon Defendants' understanding . . . as to Paul's good-faith or lack of bad-faith." ECF No. 77 at 1. Paul defined this evidence as the "Malice Evidence." *Id.*

Paul explicitly categorized the Malice Evidence as including circumstantial evidence:

3

" . . . the law authorizes libel plaintiffs 'to prove the defendant's state of mind through *circumstantial evidence*' . . . if Defendants possess communications in which a source affirmed Paul's good faith . . . or if Defendants possess internal documents, notes, drafts, or outtakes reflecting Defendants' awareness of Paul's good faith and lack of fraudulent intent, *such materials would be strong circumstantial evidence of actual malice*."

*Id*. at 5 (emphasis added).

To resolve the motion, the parties agreed to employ the third-party review team. *See* ECF No. 133-3. The parties submitted a joint memorandum (authored by Paul) to the third-party review team with instructions regarding the scope of review and included their motion (ECF No. 77). *Id*. The memorandum specifically instructed the third-party review team to find:

> **Document Review Objectives**
>
> As a result of discussions aimed at resolving the motion to compel without the need for Court to hear and decide the motion, the Parties have agreed to enlist a third-party to review the materials in Defendants' possession and to determine which materials, if any, fall within the scope of what is being sought in Paul's motion to compel.
>
> Thus, the objective of the review is to identify those materials that, in the reviewer's judgment, can be fairly described as "communications with sources who provided information regarding Paul's good-faith intentions, or lack of bad-faith intentions, with respect to CryptoZoo, as well as any documents, notes, drafts, or outtakes in Defendants' possession that reflect upon Defendants' understanding and
>
> MEIER WATKINS PHILLIPS PUSCH LLP                    2

> knowledge as to Paul's good-faith intentions or lack of bad-faith intentions," and to tag any such materials as "Responsive." Any materials that do not fall within that scope should be tagged as "Non-responsive."[1]

*Id*.

4

Now that the review has concluded, Paul fundamentally altered his story. In this motion he claims the review was "***never intended*** to identify and ***did not attempt*** to identify, communications among the editorial team that constitute circumstantial evidence of malice." ECF No. 160 at 10 (emphasis added). Instead, Paul claims that "the review was ***expressly limited*** to attempting to identify ***direct evidence*** of actual malice." *Id*. at 8 (emphasis added). This is disingenuous and simply not true. The third-party review team specifically searched for the Malice Evidence which Paul identified as "circumstantial evidence," and Coffeezilla's editorial communications were included in that search. *See* ECF No. 77 at 1, 5; ECF No. 133-3. Accordingly, Paul is merely relabeling his argument in his attempt to manufacture a reason to revisit his motion. For this reason alone, the Court should deny Paul's motion.

**III.     The "sum and substance" clause includes circumstantial evidence.**

Paul's new characterization of the scope of the third-party review not only contradicts his own motions, but it also contradicts the memorandum (drafted by Paul) supplied to the third-party review team (selected by Paul). Specifically, Paul claims it was a narrow search for "direct evidence" of actual malice that would miss the nuance of circumstantial malice.

To the contrary, the third-party review team was instructed that "[r]esponsive materials will not necessarily include the specific phrases 'good-faith,' 'lack of bad faith,' or lack of 'fraudulent intent.'" ECF No. 133-3. Instead, the review team was charged with exercising judgment to determine if the materials reflected the relevant state of mind of Findeisen "***in sum and substance*** . . . regardless of whether those exact words appear." *Id*. (emphasis added).

If, as Paul hypothesizes, there were editorial communications which possess circumstantial evidence of actual malice, the reviewer looking for the "sum and substance"

5

of Findeisen's understanding would have marked those communications as responsive. The reviewer identified only eleven documents out of the more than two terabytes of items reviewed and did not identify the specific documents Paul now seeks. The fact that a neutral third-party exercising their independent judgment excluded the documents Paul now seeks as containing evidence of malice (in sum or in substance) is conclusive and far from "new" circumstances that warrants reconsideration.

### IV. The third-party review was an agreement to resolve an issue, not a strategy for piecemeal litigation.

Paul argues that the Court improperly treated his withdrawal of his prior motion (ECF No. 77) as waiver. ECF No. 160 at n. 13. He now claims that he withdrew the motion "not because the third-party document review resolved *all* the issues . . . but because it addressed *some* of [the] issues." *Id*. (emphasis in original).

Paul's argument defies the memorandum and logic of compromise. The parties agreed to the third-party review not to partially resolve the motion or to limit the issues in the motion, but expressly "for the purpose of *resolving the pending motion to compel*." ECF No. 133-3 (emphasis added). Coffeezilla agreed to an intrusive review of his privileged materials by the third party specifically to settle the dispute over the Malice Evidence. The agreement to resolve the motion, in its entirety, was also expressly conveyed in the joint memorandum to the third-party team and in Paul's withdrawal filed with the Court. ECF No. 108 ("The parties have resolved the issues raised in the Motion and the Court's adjudication of the Motion is therefore unnecessary."); ECF No. 133-3 ("The document review is being jointly requested by the parties for the purpose of resolving a pending motion to compel filed by Paul.").

If, as Paul now suggests, his intent was not to resolve the motion but to narrow the issues for a more specific attack on Coffeezilla's privileged materials, Coffeezilla would never

6

have agreed to the compromise. The point of the review was to provide a definitive answer regarding the existence of any malice evidence within the privileged corpus. To allow Paul to revive these requests now would render the prior compromise—and the judicial resources spared by the same—meaningless.

V. **Paul is already in possession of the "contemporaneous evidence" he claims he is missing.**

Paul next argues that he has been "deprived of any contemporaneous evidence that bears on [the] supposed evolution in Findeisen's understanding" of Paul's intent. ECF No. 160 at n. 14. Specifically, Paul claims he lacks evidence from the period where Coffeezilla was willing to give Paul the "benefit of the doubt" until Coffeezilla received incriminating documents from a source in late October 2022.

But Paul is already in possession of the evidence he claims to lack. For example, Luciano Schipelliti produced a call he recorded between himself and Findeisen on October 20, 2022, wherein Findeisen states "part of it I think they, in their heads, want to have good intentions but they take on so many projects and so many different ideas... And *I think they end up dropping a bunch of balls and hurting people*." After this call, Coffeezilla came into possession of insider text messages and secret "RULES FOR SELLING," which had a profound impact on Coffeezilla's reporting. This evidence, which has been produced to Paul, is the contemporaneous evidence Paul claims he is missing—the evolution of Findeisen's views upon receiving insider communications and meeting notes.[1]

---

[1] Paul claims ignorance as to Findeisen's evolving frame of mind, but Paul has this and other evidence specifically explaining the shift. After receipt of the insider text messages, Findeisen texted an FBI agent immediately after and stated: "...I have a lot more info on ZOO" and told the public in his initial video series, that receiving these documents "*changed everything.*" *See* www.youtube.com/watch?v=wvzyDg40-yw, at 15:28-15:46.

Paul is not deprived of evidence; he possesses over 50,000 pages produced by Coffeezilla. He simply dislikes the fact that neither the extensive evidence he has obtained, nor the privileged material reviewed by a neutral third party, has revealed any evidence to support his theory of actual malice.

## IV. The evidence which *can* be considered to prove actual malice is insufficient to overcome privilege.

Paul further argues that the Court misunderstood the "law governing how defamation plaintiffs are entitled to prove actual malice." ECF No. 160 at 5–7. The Court did not misunderstand the law governing how a plaintiff can prove actual malice, the law governing how a plaintiff can prove actual malice is irrelevant to whether the Plaintiff has met his burden under Texas Civil Practice & Remedies Code § 22.024 to overcome the journalistic privilege. Plaintiff wholly ignores the burden he has under section 22.024.

The Court correctly applied section 22.024 at the hearing, clearly identifying that Coffeezilla had the burden to assert journalistic privilege, which the Court found he met, and then Paul had the burden to overcome that privilege. ECF No. 146, 60:7–9.

Here, instead of putting forth a basis to overcome his burden, Paul argues that he can use both direct and circumstantial evidence to show actual malice. ECF No. 160 at 5–7. First, that unremarkable point has no bearing on the Section 22.204 elements. Second, even if it did, the Court did consider Paul's argument that both direct and circumstantial evidence may be used to show actual malice. Paul's counsel made this same argument at the hearing and the Court rejected it. *See* ECF Nos. 146, 29:1–25, 37:1–39:19, 61:4–7; 143. The Court also made clear at the hearing that Paul failed to meet his burden to overcome the journalistic privilege asserted by Coffeezilla:

```
4    the viewpoint that the parties took before.  I have not had
5    that basis presented to me and it has to be a basis that meets
6    22.024, subsection four, that the need outweighs the
7    journalistic privilege.  If that was resolved before, I've got
```

*Id.* 61:4–7.

A court may only compel a journalist to produce or disclose information covered by journalistic privilege if the person seeking disclosure "makes a clear and specific showing:"

 a) all reasonable efforts to obtain the information from alternative sources have been exhausted;

 b) the request is not overbroad, unreasonable, or oppressive, and, where appropriate, is limited to verify published information and surrounding circumstances related to its accuracy;

 c) reasonable and timely notice;

 d) the party seeking disclosure's interest in the information outweighs the public interest in gathering and dissemination of news, including journalist's concerns;

 e) the request is not being used to obtain peripheral, nonessential, or speculative information; **_and_**

 f) the information, document, or items is relevant and material to the proper administration of the official proceeding and is essential to the maintenance of a claim or defense of the party seeking it.

Tex. R. Civ. Prac. & Rem Code § 22.024. (emphasis added).

Paul failed to put forth *any* evidence to support any of the elements of section 22.024 in his motion. ECF No. 160. Instead, Paul only argues that he is "entitled to discover defendant's editorial communications," but fails to offer any evidence to meet his burden to overcome Coffeezilla's journalistic privilege. *Id.*

9

Accordingly, for this reason alone, Paul's motion should be denied.

## CONCLUSION AND PRAYER

The Court should deny Paul's Renewed Motion and Motion for Reconsideration of Plaintiff Logan Paul's Motion to Copel Production of Communications To and From Harry Bagg and/or Ed Leszczynski. Coffeezilla requests all other relief to which he may be entitled at law or in equity.

Dated: January 23, 2026

                Respectfully submitted,

                **DAVIS & SANTOS, PLLC**

                By: _/s/Rachel Garza_
                     Jason M. Davis
                     Texas State Bar No. 00793592
                     E-mail: _jdavis@dslawpc.com_
                     Caroline Newman Small
                     Texas State Bar No. 24056037
                     E-mail: _csmall@dslawpc.com_
                     Rachel Garza
                     Texas State Bar No. 24125240
                     E-mail: _rgarza@dslawpc.com_
                     719 S. Flores Street
                     San Antonio, Texas 78204
                     Tel: (210) 853-5882
                     Fax: (210) 200-8395

                     *Attorneys for Defendants Stephen Findeisen and Coffee Break Productions, LLC*

## CERTIFICATE OF SERVICE

I certify that on January 23, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

By: */s/ Rachel Garza*
Rachel Garza