# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                       SAN ANTONIO DIVISION

LOGAN PAUL,                          )
Plaintiff,                           )
                                     ) Case Number
vs.                                  ) SA:24-CV-00717-OLG-HJB
                                     )
STEPHEN FINDEISEN and                )
COFFEE BREAK PRODUCTIONS, LLC,)  San Antonio, Texas
Defendants.                          ) September 11, 2025
*********************************************************
                        MOTIONS HEARING
              BEFORE THE HONORABLE HENRY J. BEMPORAD
                  UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:
FOR THE PLAINTIFF:
Ricardo G. Cedillo
Davis, Cedillo & Mendoza
755 E. Mulberry Avenue, Suite 500
San Antonio, Texas  78212
(210)822-6666; rcedillo@lawdcm.com

Jason L. Mays
Neiman Mays Floch & Almeida, PLLC
One Financial Plaza, 100 SE 3rd Avenue, Unit 805
Fort Lauderdale, Florida  33394
(305)434-4941; jmays@nmfalawfirm.com

Andrew Clay Phillips
Meier Watkins Phillips Pusch, LLP
919 18th Street NW, Suite 650
Washington, DC  20006
(847)951-7093; andy.phillips@mwpp.com


FOR THE DEFENDANT:
Jason Davis
Caroline N. Small
Davis & Santos, P.C.
719 South Flores Street
San Antonio, Texas  78204
(210)853-5882; jdavis@dslawpc.com
```

U.S.D.C. Official Court Reporter
Angela M. Hailey

1  COURT RECORDER:   FTR GOLD

2  TRANSCRIBER:
   Angela M. Hailey, CSR, CRR, RPR, RMR
3  Official Court Reporter, U.S.D.C.
   262 West Nueva Street
4  San Antonio, Texas   78207
   Phone(210)244-5048; angela_hailey@txwd.uscourts.gov
5

6  Proceedings reported by electronic sound recording, transcript
   produced by computer-aided transcription.
7
                        *   *   *   *   *
8

1  the motion without prejudice at this time, and I'll explain
2  why.  The parties did not really argue a lot about the law in
3  this issue, particularly the statutory journalistic privilege.
4  The parties did cite it.  The fact of the matter is there's
5  very little law directly on that privilege.  It was passed, as
6  I understand it, in 2009 and have been very few cases that have
7  interpreted it.  But I think the burdens are clear, there has
8  to be a burden to raise the privilege and then a burden to
9  overcome it.  There are a number of factors, six total factors
10 that the parties have identified, the Court's greatest concern
11 in this case is the issue whether the privilege -- the movant's
12 interest outweighs any interest in the gathering or
13 dissemination of news.  That's Texas Civil Practice and
14 Remedies Code 22.024, subsection four.  That's the thing that
15 I'm thinking about the most and it does tie into the procedural
16 and factual issues that the parties raised.
17         The procedural question is this, the parties attempted
18 to address many of the issues that would be raised by way of
19 journalistic privilege by way of third-party review.  It was
20 reported to me in a motion to withdraw, the original motion to
21 compel, which I think was docket entry 26 which was on this
22 very similar issue that this had been resolved.  I hear
23 Mr. Cedillo's point that maybe that can be changed, but this
24 motion presented to me right now does not show me new things
25 that would require some sort of reconsideration of that.  I'm

1  not saying it's the whole point of a Rule 54 motion for
2  reconsideration because the Court did not rule, it was
3  withdrawn. But there has to be some basis for reconsidering
4  the viewpoint that the parties took before. I have not had
5  that basis presented to me and it has to be a basis that meets
6  22.024, subsection four, that the need outweighs the
7  journalistic privilege. If that was resolved before, I've got
8  to have some significant reason why it hasn't been resolved now
9  and I haven't seen that significant reason here, and that's why
10 the motion is denied without prejudice.
11         Mr. Cedillo has mentioned that things happened at the
12 deposition or other discovery has been obtained that may change
13 the balance of what was done earlier. I don't see that before
14 me sufficiently to overrule, to step back from that position
15 earlier and that means that the burden has not been met by the
16 plaintiff to overcome the privilege in this case. So that's my
17 somewhat convoluted explanation, but the fact of the matter is
18 I'm going to take the privilege seriously and I believe
19 Mr. Findeisen is a journalist in this context, including his
20 team. It's pretty clear from the statute, it applies both to
21 the people who assist him and the editors above him such as
22 there may be, though this is not that particular circumstance
23 and I'm going to need more evidence, more proof before I would
24 reconsider the decision as to those four disputed issues with
25 regard to the communications, I've gathered they're text

1   communications with Mr. Bagg and Mr. Leszczynski.  So I've
2   looked at it very carefully, that appears to me to be the
3   appropriate way to handle it now.
4            I will not require, Mr. Cedillo, for you to rush out
5   and file that motion quickly because I'm going to stay
6   everything for 30 days while the parties move forward.  If
7   after that period of time, we hear that, in fact, Mr. Paul is
8   completely out of that case up in Austin or we hear that he's
9   been brought back in and that y'all are litigating that, I'll
10  need to know about that.  Also we'll have to hear what happened
11  in the mediation, and then if necessary I'll consider that
12  along with the other motions that have been filed.  I'm going
13  to stay proceedings on all those matters so that the parties do
14  not have to spend their resources filing motions and responses
15  to those motions until such time as I hear what's going on in
16  the other case.  And then what I'll do is as soon as I get the
17  advisory, I'll order an advisory and the 30 days will be
18  October 10th.  As soon as I get that advisory, I'm going to be
19  setting it for another status conference.  I'll have everybody
20  in and we're going to talk it all the way through about
21  scheduling for the motion, whatever we have, scheduling for the
22  motions or responses, time to file motions to reconsider if
23  that is necessary, so I think that's the way to handle it.
24           I'm going a little slowly here because I hear,
25  Mr. Cedillo, as if this case is going forward, malice and

```
 1   intent are going to be key, so he's got to get that evidence,
 2   but I'm also hearing that both that there's a journalistic
 3   privilege and that the parties tried to resolve this once.  I'm
 4   going to have to hear what changed, so that's the Court's view.
 5   But I appreciate the parties' presentations.  I hope that the
 6   parties understand that though I've been maybe somewhat
 7   facetious or humerus during the argument, I take the issues
 8   here very seriously and I'm very appreciative of the arguments
 9   that have been made by the parties because I have very good
10   counsel on both sides in this case, makes a big difference to
11   the Court.  When it's a difficult issue, it's that kind of
12   counsel that make the difference, so that's the Court's ruling.
13           Let me go around to see if there's anything further
14   the parties need to address, of course I'll start with
15   plaintiff.
16           MR. PHILLIPS:  Yes, Your Honor.
17           THE COURT:  Yes, sir.
18           MR. PHILLIPS:  Sorry, Mr. Phillips on behalf of the
19   plaintiff.
20           THE COURT:  Mr. Phillips.
21           MR. PHILLIPS:  Mr. Davis and I -- I'll come up to the
22   podium.  Not really argument, more discussion.
23           THE COURT:  I'm happy to have it.  Look, we're here,
24   if there's things I can help move forward, let's find out.
25           MR. PHILLIPS:  Mr. Davis and I were discussing during
```

```
1                       * * * * *
2            I certify that the foregoing is a correct transcript
3    from the electronic sound recording of the proceedings in the
4    above-entitled matter.
5             I further certify that the transcript fees and format
6    comply with those prescribed by the Court and the Judicial
7    Conference of the United States.
8
9
10   Date:
11
12    /s/ Angela M. Hailey
      _____
13   Official Court Reporter
     United States District Court
14   262 West Nueva Street
     San Antonio, Texas  78207
15    (210)244-5048
```

U.S.D.C. Official Court Reporter
Angela M. Hailey