IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| LOGAN PAUL,<br><br>          *Plaintiff*,<br><br> v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>          *Defendants*. | Civil Action No. 5:24-cv-00717 |

## MOTION TO EXCLUDE TESTIMONY OF JAMES C. SPINDLER

  The report of Defendant's expert James C. Spindler is nothing but an extended argument that Plaintiff Logan Paul committed securities fraud—notwithstanding the fact that Paul has never been charged with anything of the sort.[1] Its thrust does not involve applying any specialized knowledge; it is just Spindler opining on what he believes the law is and what he believes select evidence—intelligible to any ordinary person—shows. Defendants' lawyers can, and doubtless will, make these arguments to the jury. They may not, however, do so under the guise of an expert's opinions. *See In re Air Crash Disaster at New Orleans*, 795 F.2d 1230, 1233 (5th Cir. 1986).

  Expert opinions are unique in their potential to impermissibly commandeer jurors' decision-making. "There is a certain mystique about the word 'expert' and once the jury hears of the [expert's] experience and expertise, it might think the witness even more reliable than the judge." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997).[2] Recognizing the special risk that

---

[1] Spindler's expert report is attached hereto as Exhibit A.
[2] *See also, e.g., United States v. Rider*, 94 F.4th 445, 456-57 (5th Cir. 2024) ("testimony 'present[ed] a risk that the jury may give the testimony undue consideration simply because it

1

expert opinions will unduly influence jurors, federal law carefully circumscribes their content. In particular, an expert may not offer legal conclusions, *Reitz v. Woods*, 85 F.4th 780, 788 (5th Cir. 2023); may not opine about facts within the jury's common understanding, *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 206 (5th Cir. 2019); and may not offer an opinion unless it draws on his specialized knowledge, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Because each of Spindler's five "expert" opinions contravenes one or more of those black-letter rules, the Court should exclude his testimony in its entirety.

## LEGAL STANDARD

Federal Rule of Evidence 702 authorizes expert testimony only if the proponent shows that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Three corollaries of Rule 702 are especially relevant here.

***First***, experts may not opine on questions of law or on the legal conclusions to be drawn from evidence. *Reitz*, 85 F.4th at 788; *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020); *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009).[3] Such expert opinions not only

---

[came] from an expert'"); *White v. Estelle*, 554 F. Supp. 851, 858 (S.D. Tex. 1982) ("when this lay opinion is proffered by a witness bearing the title of 'Doctor,' its impact on the jury is much greater than if it were not masquerading as something it is not."); *Washington v. United States*, 390 F.2d 444, 451 (D.C. Cir. 1967) ("It has often been argued that in the guise of an expert, the psychiatrist became the thirteenth juror, and unfortunately the most important one.").

[3] *See, e.g.*, *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (experts "may not testify to the legal implications of conduct"); *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (trial court properly excluded expert testimony because it was "largely on purely legal matters and made up solely of legal conclusions, such as conclusions that the city's actions violated the FHAA"); *In re Air Disaster at Lockerbie Scotland on December 21, 1988*, 37 F.3d 804, 826-27 (2d Cir. 1994) (expert's legal conclusion that airline violated federal regulations should have been excluded); *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 811 (N.D. Tex. 2013) ("Both opinions attribute legal significance to certain facts, which is not helpful to the trier of fact and must be excluded under Rule 702.").

invade the court's province, but are also often "harmful" because of their tendency to improperly influence and needlessly confuse the jury. *Askanase*, 130 F.3d at 673; *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

*Second*, experts' opinions are inadmissible to the extent they concern facts or issues clearly within the jury's common knowledge. *Gowdy*, 925 F.3d at 205 (citing *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962)); *Steinberg v. Indemnity Ins. Co. of N. Am.*, 364 F.2d 266, 274 (5th Cir. 1966). Thus, courts must exclude an expert opinion that merely recites the contents of other evidence, "synthesizes evidence into a narrative form," or offers no more than what the parties' lawyers could offer in argument. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *In re Air Crash Disaster*, 795 F.2d at 1233; *Escalante v. Creekside Logistics, LLC*, No. 5:18-cv-116-OLG, 2019 WL 9135758, at *8 (W.D. Tex. Feb. 12, 2019) (Garcia, J.).[4]

*Third*, experts' opinions are admissible only insofar as they rest on the experts' specialized knowledge. *Daubert*, 509 U.S. at 589.[5] As one court put it: "An expert's opinion is helpful only to the extent the expert draws on some special skill, knowledge, or experience to formulate that opinion; the opinion must be an *expert* opinion (that is, an opinion informed by the witness'

---

[4] *See, e.g.*, *United States v. Hall* 93 F.3d 1337, 1343 (7th Cir. 1996) ("Unless an expert adds something, the expert is at best offering a gratuitous opinion, and at worst is exerting undue influence on the jury"); *Sharkey v. J.P. Morgan Chase & Co.*, 978 F. Supp. 2d 250, 252 (S.D.N.Y. 2013) ("Simply rehashing evidence about which an expert has no personal knowledge is impermissible under Rule 702"); *Allen v. Wyeth*, No. 4:04-cv-507-Y, 2012 WL 13026947, at *2 (N.D. Tex. Jan. 12, 2012) ("this Court is not inclined to allow these experts to simply read from and summarize documents or 'construct a factual narrative based upon record evidence'").

[5] *See, e.g.*, *United States v. Dukagjini*, 326 F.3d 45, 54 (2d Cir. 2003) ("expert testimony should be excluded if the witness is not actually applying expert methodology"); *United States v. Johnson*, 54 F.3d 1150, 1157 (4th Cir. 1995) (expert's opinion must "relat[e] to some 'specialized knowledge' on the expert's part as required under Rule 702"); *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, No. 2:15-cv-512, 2017 WL 1319553, at *10 (E.D. Tex. Apr. 10, 2017) (excluding expert's opinions because they were "not the product of her expertise, but instead simply constitute[d] her assessment of the particular parts of the record on which she has chosen to rely").

3

expertise) rather than simply an opinion broached by an expert." *United States v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991).

## ARGUMENT

Spindler's purported expert opinions are all inadmissible because they offer legal conclusions, opine on facts clearly within the jury's common understanding, and/or do not draw on any specialized knowledge.

**A.   Spindler's first opinion is purely an impermissible legal conclusion.**

Spindler's first opinion is that "[t]he Crypto Zoo tokens are securities, which [Plaintiff Logan] Paul offered to the public in violation of U.S. securities law." Ex. A 4-6; Dep. Tr. 65:7-15.[6] Whether crypto-assets are securities "is a legal conclusion." *In re Bibox Grp. Holdings Ltd. Secs. Litig.*, 534 F. Supp. 3d 326, 340 (S.D.N.Y. 2021); *see also SEC v. Coinbase, Inc.*, 761 F. Supp. 3d 702, 713 (S.D.N.Y. 2025) (issue is a "pure question of law"). Whether conduct amounts to "a violation of federal securities laws is [also] a legal conclusion." *Martone v. Robb*, 2017 WL 3326966, at *4 n.2 (W.D. Tex. Aug. 2, 2017). That type of legal conclusion—concerning the legal implications of different evidence—is not a proper subject of expert opinion. *See Reitz*, 85 F.4th at 788; *Sauceda v. City of San Benito*, 78 F.4th 174, 189 n.10 (5th Cir. 2023); *Renfroe,* 974 F.3d at 598; *Owen*, 698 F.2d at 240. Because Spindler's first opinion amounts to an impermissible legal conclusion, it must be excluded in its entirety. *E.g.*, *Ward v. Tex. Farm Bureau*, 6:19-cv-337, 2024 WL 1339131, at *1 (W.D. Tex. Mar. 28, 2024) (expert prohibited from "testify[ing] on the propriety of FLSA classifications, as those are legal conclusions"; *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006) (expert's contentions that plaintiff's stock sales "were

---

[6] The transcript of Spindler's February 13, 2026 deposition is attached hereto as Exhibit B.

exempt from registration requirements"—while a mixed question of fact and law—were "inadmissible as improper legal opinions").[7]

**B.     Spindler's second and third opinions have no basis in his purported expertise, concern facts clearly within the jury's common knowledge, and are just legal argument.**

Spindler's second opinion is that Paul and other CryptoZoo insiders misrepresented how many CryptoZoo tokens they would issue and how long they would wait before selling their tokens.  Ex. A 6-7.  He rests the opinion on his reading of various documents prepared by and for lay audiences—a whitepaper prepared for the general public, a tweet by Paul, and meeting notes and text messages prepared by and for non-experts.  According to Spindler, that evidence shows "that Paul was aware of and a part of these deceptive misrepresentations and planned manipulative activities."  Ex. A 7.

Similarly, Spindler's third opinion is that "[c]onversations between Paul and other CryptZoo insiders indicate manipulative trading activity."  Ex. A 7-8.  He again rests that opinion exclusively on meeting minutes and text messages, based on which he finds "that Paul and other CryptoZoo insiders engaged in a coordinated effort to inflate the price of $ZOO through coordinated purchases and planned to covertly sell down their interests, contrary to what was publicly represented."  *Id.*

Spindler's second and third opinions are inadmissible for three reasons, each independently sufficient to justify exclusion.

---

[7] At his deposition, Spindler acknowledged that his first opinion is about "laying out what the [legal] standard is" and then "pointing out what [he] see[s] as being the important economic considerations that militate in favor of each of the factors … as to the ultimate conclusion that [he] come[s] to."  Dep. Tr. 121:10-20.  In short, his opinion consists entirely of applying law to facts, which is the jury's constitutional responsibility and exclusive province.  *United States v. Gaudin*, 515 U.S. 506, 514 (1995); *United States v. Johnson*, 718 F.2d 1317, 1318 (5th Cir. 1983) (en banc).

5

### 1. Spindler's second and third opinions are merely legal argument, which is not appropriate expert testimony.

The thrust of Spindler's second and third opinions is that Paul and other CryptoZoo insiders publicly misrepresented their holdings in CryptoZoo tokens, along with their plans to retain those tokens, with the intent of manipulating the tokens' value while they covertly sold their holdings. This is nothing but another legal argument—which Defendants' lawyers can, and surely will, make at trial—that Defendants are trying to smuggle in as evidence via Spindler's testimony. A proffered expert, however, must "bring to the jury more than the lawyers can offer in argument." *In re Air Crash Disaster*, 795 F.2d at 1233. Because Spindler's second and third opinions merely present Defendants' argument about how jurors should interpret certain nontechnical evidence, they must be excluded. *See Orthoflex*, 986 F. Supp. 2d at 798 (expert witness may not be used "merely to present [a party's] trial arguments as expert opinions").[8]

### 2. Spindler's second and third opinions are not informed by specialized knowledge.

Spindler's second and third opinions do not rest on any specialized knowledge, nor does Spindler invoke anything from his academic or professional background to substantiate them. That makes the opinions not expert opinions—*i.e.*, ones informed by expertise—but merely "opinion[s] broached by an expert." *Benson*, 941 F.2d at 604; *see Brass Creekside, LP v. Amguard Ins. Co.*, No. SA-20-cv-00582-OLG, WL 8154020, at *4 (W.D. Tex. Sep. 28, 2021) (Garcia, J.). Such opinions are inadmissible under Rule 702. *See Daubert*, 509 U.S. at 589; *Dukagjini*, 326 F.3d at 54; *Johnson*, 54 F.3d at 1157.

---

[8] *See also, e.g.*, *RLJCS Enters., Inc. v. Pro. Benefit Tr. Multiple Emp. Welfare Benefit Plan & Tr.*, 487 F.3d 494, 498 (7th Cir. 2007) (Easterbrook, C.J.) ("argument about the meaning of trust indentures, contracts, and mutual-to-stock conversions belongs in briefs, not 'expert' reports").

### 3. Spindler's second and third opinions concern facts and issues clearly within the jury's common knowledge.

Spindler's second and third opinions do not illuminate any aspect of the record that the jury might otherwise misunderstand. It does not take an expert, for example, to understand nontechnical materials—like whitepapers drafted for members of the public, tweets, meeting minutes, and personal text messages—prepared by and for laypeople. *See United States v. Krout*, 66 F.3d 1420, 1433 (5th Cir. 1995). Nor does it take an expert to determine whether such materials are inconsistent with other non-technical materials; jurors decide that for themselves all the time. *E.g.*, *United States v. Allen*, 76 F.3d 1348 (5th Cir. 1996) (jury's guilty verdict justified because defendants' stories contradicted their earlier statements). And "[i]f the question is one for which the layman is competent to determine for himself, the opinion testimony is excluded." *Steinberg*, 364 F.2d at 274. Because Spindler merely reads the non-technical materials that were provided to him and offers an opinion, this testimony is not "helpful to the trier of fact" and is inadmissible. *See Amin-Akbari v. City of Austin, Tex.*, 52 F. Supp. 3d 830, 846 (W.D. Tex. 2014) (excluding expert testimony where officer "merely quot[ed] from documentary evidence and point[ed] out that some evidence is contradictory").

Spindler's second and third opinions are also inadmissible as bare inferences about Paul's state of mind—*e.g.*, what Paul was aware of or intended. He admitted as much at his deposition. Dep. Tr. 131:18-22. And the Fifth Circuit has repeatedly affirmed that experts' opinions about a party's state of mind should be excluded, since experts are no better situated than jurors to answer such fact-specific questions. *E.g., Salas,* 980 F.2d 299; *United States v. Sanchez-Hernandez*, 507 F.3d 826, 832 (5th Cir. 2007); *see also Ward*, 2024 WL 1339131, at *1 (expert "cannot provide legal conclusions on willfulness"); *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 546

(S.D.N.Y. 2004) (opinions about state of mind lack a "basis in any relevant body of knowledge or expertise," so that they "would not be admissible if given by any witness—lay or expert").

### C. Spindler's fourth opinion is a mix of legal conclusions and interpretation of ordinary, non-technical communications.

Spindler's fourth opinion has two parts. First, he opines that "[t]he available evidence suggests that Paul participated in prior manipulative schemes involving $FUCKELON and SFI [crypto-assets]." Ex. A 8. Second, he opines that Paul's alleged participation in "prior manipulative schemes … would constitute manipulative trading practices" as a matter of federal law, and that "the undisclosed receipt of compensation to hype a security is a violation of U.S. securities law." Ex. A 11.

The first part of Spindler's fourth opinion is inadmissible because it has nothing to do with his expertise; "[t]he available evidence" on which it relies is readily understandable by ordinary jurors, and Spindler's conclusion amounts to arguing what in fact occurred on specific occasions. The second part of his fourth opinion is inadmissible because it states pure legal conclusions.

#### 1. The first part of Spindler's fourth opinion is inadmissible for several reasons.

Nothing in the first part of Spindler's fourth opinion rests on his purported expertise, so there is no basis for his offering an expert opinion on it. Instead, that part of Spindler's fourth opinion consists almost exclusively of Spinder compiling and quoting text messages whose meaning is clear on their faces—which is another reason the opinion is inadmissible. *See United States v. Krout*, 66 F.3d at 1433; *Amin-Akbari*, 52 F. Supp. 3d at 846.

To the extent the first part of Spindler's fourth opinion goes beyond simply rehashing evidence, it is only to argue about what the evidence shows. *See* Dep. Tr. 214:4-13, 215:1-3. As discussed above, expert opinions are not vehicles for argument, particularly when that argument does not depend on any specialized knowledge. *In re Air Crash Disaster*, 795 F.2d at 1233; *see*

8

*also Askanase*, 130 F.3d at 673 (expert may not opine on the legal implications of evidence). As another district court explained in a thoughtful decision, while "it is usually proper for an expert to explain custom and practice to a jury," when "it comes to what actually occurred in the specific case at hand, an expert should be allowed to state what happened only as to those specific aspects as to which his specialized knowledge and training and lab work are critical to the analysis." *SEC v. Daifotis*, No. 11-cv-00137-WHA, 2012 WL 2051193, at *1 (N.D. Cal. June 7, 2012). Spindler's purported expertise is not critical to his analysis of whether Paul in fact participated in prior manipulative schemes; that analysis rests exclusively on the plain meaning of clear, non-technical text messages that jurors can examine for themselves. Dep. Tr. 214:14-25 ("[T]hey say very clearly what they're trying to do."). Accordingly, the first part of Spindler's fourth opinion is inadmissible.

### 2. The second part of Spindler's fourth opinion is inadmissible because it expresses impermissible legal conclusions.

The second part of Spindler's fourth opinion contains a pair of inadmissible legal conclusions. First, Spindler asserts that Paul's alleged participation in "prior manipulative schemes … would constitute manipulative trading practices." Ex. A 11. Whether conduct constitutes manipulation or manipulative trading practices under the securities laws is a legal conclusion that an expert may not offer as opinion. *E.g.*, *United States v. Scop*, 846 F.2d 135, 138-40 (2d Cir. 1988) (excluding expert's opinions that defendant engaged in a "manipulative and fraudulent scheme" in sale of securities, on ground that the "opinions were legal conclusions that were highly prejudicial"); *SEC v. Badian*, 822 F. Supp. 2d 352, 357-58 (S.D.N.Y. 2011) (expert's testimony about whether defendant complied with federal securities laws was inadmissible legal conclusion); *see also* Dep. Tr. 124:7-9 (acknowledging that manipulative trading is a legal concept).

9

Next, Spindler asserts that "the undisclosed receipt of compensation to hype a security is a violation of U.S. securities law." Ex. A 11. Spindler does not even attempt to frame that assertion as an opinion; it is simply an instruction about what the law is, which is exclusively the Court's province. *See Askanase*, 130 F.3d at 673; *Ayon v. Austin Indep. Sch. Dist.*, No. A-21-cv-00298-RP, 2023 WL 2428281, at *2 (W.D. Tex. Mar. 9, 2023). So this part of Spindler's fourth opinion is, like the rest of his opinions, inadmissible.

D.  **Spindler's fifth opinion should be excluded because it is an impermissible legal conclusion.**

Spindler's fifth and final opinion is that "Paul's offer of recission would not obviate his misdeeds or potential legal exposure." Ex. A 11. Once more, experts may not "testify to the legal implications of conduct." *Montgomery*, 898 F.2d at 1541; *see also Good Shepherd Manor Found.*, 323 F.3d at 564; *In re Air Disaster*, 37 F.3d at 826-27. Spindler's fifth opinion is nothing more than his view of the legal implications of Paul's buy-back plan—i.e., it is a pure conclusion of law. Accordingly, Spindler's fifth opinion must be excluded. *Reitz*, 85 F.4th at 788; *Renfroe*, 974 F.3d at 598; *Ward*, 2024 WL 1339131, at *1.

## CONCLUSION

When a defendant proffers an expert who "merely advances legal arguments defendant's counsel could readily argue and asserts legal conclusions the trier of fact is more than capable of reaching on its own," the proper course is to exclude the expert's testimony. *E.g.*, *Jackson v. Cnty. of Bexar*, No. 5:07-cv-928, 2010 WL 11602104, at *2 (W.D. Tex. Jan. 26, 2010). The Court should follow that course here and exclude the entirety of Professor Spindler's testimony.

February 27, 2026                                       */s/ Andrew C. Phillips*
                                                         Andrew C. Phillips (*Pro Hac Vice*)
                                                         Shannon B. Timmann (*Pro Hac Vice*)
                                                         MEIER WATKINS PHILLIPS PUSCH LLP

1120 20th Street NW, Suite 550
Washington, DC 20036
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
NEIMAN MAYS FLOCH & ALMEIDA PLLC
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@nmfalawfirm.com
Email: jmays@nmfalawfirm.com

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on the February 27, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

      */s/ Andrew C. Phillips*