UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LOGAN PAUL                                §
                                          §
        *Plaintiff,*                      §
                                          §
v.                                        §
                                          §
STEPHEN FINDEISEN and COFFEE              §
BREAK PRODUCTIONS, LLC,                   §
                                          §        Civil Action No. 5:24-CV-00717
        *Defendants.*                     §
                                          §
                                          §

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE
TESTIMONY OF JAMES C. SPINDLER

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Coffeezilla") submit this Response to Plaintiff's Motion to Exclude Testimony of James C. Spindler (ECF No. 172), and in support respectfully show:

INTRODUCTION

Plaintiff Logan Paul filed this lawsuit alleging Coffeezilla's statements that CryptoZoo is a "scam" and that Logan Paul is a "serial scammer" are defamatory.  ECF No. 1 ¶¶ 165, 176, 187. This Court has defined the term "scam" as "a fraudulent or deceptive act or operation." ECF No. 74, p. 10; *see also* ECF No. 106. Among other defenses, Coffeezilla asserts the long-recognized defenses of truth and substantial truth. ECF No. 28, p. 18 ¶¶ 13–14, 16–17. Paul does not challenge the legitimacy of these defenses or that they are well-pled.

Instead, Paul asks this Court to exclude the testimony of Coffeezilla's expert, Prof. James C. Spindler, who opines that CryptoZoo was an investment scheme, that it was an

offering of an unregistered security, that Paul's coordinated trading inflated prices at investors' expense, and that Paul engaged in a pattern of attempting to manipulate cryptocurrency markets.[1] Paul argues Prof. Spindler should not be allowed to testify at trial because his opinions constitute improper legal conclusions and are within the common knowledge of jurors.

These arguments are without merit. Paul chose to publicly litigate the issue of whether CryptoZoo is a "scam" and whether Paul is a "serial scammer" when he filed this lawsuit. The consequence of that choice is that Coffeezilla is entitled to a full and fair defense of his statements—including putting on expert testimony to assist the jury in determining whether Coffeezilla's statements were true or substantially true. As explained below, there is no danger of Prof. Spindler invading the Court's province or telling the jury how to reach its verdict because this is a defamation case, not a securities case. Accordingly, Paul's Motion should be denied.

## ARGUMENT AND AUTHORITIES

### I.    Legal Standard.

Whether an expert's testimony is admissible is governed by Federal Rule of Evidence 702. Rule 702 "provides that, where specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, 'a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise.'" *Sw. Airlines Co. v. Liberty Ins. Underwriters Inc.*, No. 3:19-CV-2218-E, 2025 WL

---

[1] Paul incorrectly characterizes Prof. Spindler's expert report as "an extended argument that [Paul] committed securities fraud." ECF No. 172 p. 1. Prof. Spindler's report does not mention "securities fraud." *See generally*, ECF No. 172-1. Paul's lawyer confronted Prof. Spindler on this point at his deposition, asking "does that conduct constitute securities fraud, in your opinion?" Prof. Spindler unequivocally responded, "I am not offering that opinion." **Exhibit A**, Deposition of Prof. Spindler, 125:12–14.

3456286, at *2 (N.D. Tex. Dec. 2, 2024) (quoting Fed. R. Evid. 702). A trial court's "'rejection of expert testimony is the exception rather than the rule.'" *Holcombe v. United States*, No. SA-18-CV-555-XR, 2021 WL 4888337 at *2 (W.D. Tex. March 5, 2021) (quoting Fed. R. Evid. 702, Adv. Comm. Notes (2000)).

The policy behind the rule prohibiting expert witnesses from rendering conclusions of law is "because doing so usurps the role of the trial judge in instructing the jury on the law." *Sw. Airlines Co.*, 2025 WL 3456286, at *3. Where this concern is not at play, and where the expert is not "merely instruct[ing] the jury what result to reach," the rule does not apply. *See id.* at *2; *see also #1 Fan Co., LLC v. Pepco Licensed Prods., Inc.*, No. SA-09-CA-1029-FB, 2011 WL 13269153, at *5, n. 59 (W.D. Tex. Apr. 8, 2011); *McGowan v. S. Methodist Univ.*, No. 3:18-CV-00141-N, 2024 WL 946954, at *9 (N.D. Tex. March. 4, 2024) (expert testimony permissible so long as it does not "invade the province of the jury"). For example, Rule 704 permits experts to opine on legal issues based on their experience and industry customs and standards. *Sw. Airlines Co*, 2025 WL 3456286, at *2–3. Indeed, courts routinely permit experts to explain complex legal issues or regulatory schemes to the jury. *See, e.g., United States v. Abdallah*, 629 F.Supp.2d 699, 750 (S.D. Tex. April 29, 2009) (Medicare); *Retractable Techs., Inc. v. Abbott Lab'ys, Inc.*, No. 5:05-CV-157 (DF), 2010 WL 11531352, at *3 (E.D. Tex. June 18, 2010) (OSHA rules and regulations); *In re Vioxx Prods. Liab. Litig.*, 401 F. Supp. 2d 565, 595 (E.D. La. 2005) (FDA's regulatory scheme); *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, No. CIV.A. 398CV2996D, 2002 WL 1751381, at *34 (N.D. Tex. Apr. 4, 2002) (patent claim construction).

**II.    Coffeezilla is entitled to put on evidence, including expert testimony, negating falsity and in support of his defenses of truth and substantial truth.**

Although Coffeezilla does not have the burden of proving the truth or substantial truth of his statements,[2] he is still entitled to put on evidence in support of his defenses as well as evidence that would negate falsity. *Austin v. Inet Techs., Inc.*, 118 S.W.3d 491, 496 (Tex. App.—Dallas 2003, no pet.) ("[T]ruth, even substantial truth, is a complete defense to defamation."); *see also* Tex. Civ. Prac. & Rem. Code § 73.005. Such defensive evidence can include expert testimony. *See David Rafes, Inc. v. Huml*, No. 01-08-00856-CV, 2009 WL 3491043, at *6 (Tex. App.—Houston [1st Dist.] Oct. 29, 2009, no pet.) (noting the jury should hear all the evidence, "including the evidence from dueling experts regarding the accuracy of the [alleged defamatory] statements"). Paul invites the Court to chip away at Coffeezilla's evidence of his defenses—the Court should deny this invitation.[3] The fact that the "truth" of Coffezilla's statements involves issues surrounding securities fraud is of Paul's own making—he chose the statements to sue on, not Coffeezilla.

In support of his argument, Paul cites unremarkable cases that state the general proposition that experts cannot offer conclusions of law. *See* ECF No. 172 p. 4–5. But, as explained above, the policy behind the general rule discussed in those cases is to prevent the

---

[2] "Proving falsity in a public-figure defamation case is the plaintiff's burden of proof." *Hearst Corp. v. Skeen*, 159 S.W.3d 633, n. 1 (Tex. 2005).

[3] Paul's goal is plainly to prevent Coffeezilla from presenting any evidence supporting the truth of the challenged statements. At Coffeezilla's deposition, Paul's counsel asked whether he was "an attorney" and whether he had a " . . . basis for [his] belief that [CryptoZoo NFTs and tokens] are unregistered securities"—the clear implication being that Coffezilla, as a journalist, was unqualified to make securities determinations. **Exhibit B**, Deposition of Stephen Findeisen, 89:3–4, 11–13. Coffezilla testified as to his belief that the *Howey* test applies, stating: "CryptoZoo, in my view, meets those four parts." *Id*. at 89:9–10. Paul's counsel responds, "You're not an attorney, right?" and "You can't identify for me any government entity or court that has said these are unregistered securities?" *Id*. at 89:11–12, 90:22–24. Paul wants to discredit Coffezilla because he is not a lawyer and exclude Prof. Spindler because he is. This is improper. *See #1 Fan Co., LLC*, 2011 WL 13269153, at *3 ("[N]o authority precludes a lawyer from rendering a proper expert opinion.").

4

expert from telling the jury "how its verdict should read." *Am. Can! v. Arch Ins. Co.*, 597 F. Supp. 3d 1038, 1046 (N.D. Tex. 2022). That concern is not present here, but it was in the cases relied upon by Paul.

For example, Paul cites *Reitz v. Woods* for the proposition that a legal conclusion is not a proper subject of an expert opinion. *See* ECF No. 172 p. 4. In *Reitz*, the plaintiff, Reitz, was arrested and charged with making a false report. *Reitz v. Woods*, 85 F.4th 780, 784 (5th Cir. 2023). After the charges were dropped, Reitz sued the individuals involved in his arrest and prosecution alleging Fourth and First Amendment claims. *Id*. at 784–856. The Fifth Circuit excluded Reitz's expert who "proffered a primer on relevant precedent from the Fourth Amendment protections and probable cause determinations to First Amendment retaliation claims and criminal trial practice." *Id*. at 788. These opinions were excluded because they invaded the court's province. *Id*.[4] Danger in invading the court's province is not present here because the areas of Prof. Spindler's opinions—securities, economics, and markets—are not the areas on which the Court instruct the jury. *See id*. ("the court excluded the [expert opinion] as an attempt to 'supply . . . the law . . . Reitz seeks'").

Similarly, Paul relies on *Berckeley Inv. Grp., Ltd. v. Colkitt*. ECF No. 172 p. 4–5. In *Berckeley*, the court refused to allow expert testimony regarding whether the defendant complied with federal securities law, but it did permit the expert to testify on the "customs and practices in the securities industry at the time the parties entered into the Agreement." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006). But a key distinction

---

[4] Paul also cites *Ward v. Bureau* in an attempt to exclude Prof. Spindler's first opinion as an impermissible legal conclusion. ECF No. 172 p. 4. Again, the opinions that warranted exclusion in *Ward* are distinguishable from Prof. Spindler's. *Ward* involved an FLSA case where the expert was offering legal conclusions on willfulness—the court excluded the testimony because it is an "explanation of law for the Court to provide." *Ward v. Bureau*, No. 6:19-CV-00337-DTG, 2024 WL 1339131, at *1 (W.D. Tex. Mar. 28, 2024).

between *Berckeley* and this case cannot be ignored. In *Berckeley*, the defendant was sued for violating federal securities law—therefore, whether or not the defendant complied with those laws was ***exactly*** what the jury was slated to decide. *See id*. at 198, 217–18.

Here, the jury will not be asked whether CryptoZoo was a security, whether Paul committed securities fraud, or whether Paul manipulated the market. Instead, the jury will be asked whether the statements made were false at the time they were made. *See* Texas Pattern Jury Charges—Business, Consumer, Insurance, and Employment PJC 110.4 (2024).[5] Prof. Spindler is not offering legal opinions or argument on what constitutes defamation, falsity, or substantial truth. Even Prof. Spindler's opinions that touch on legal concepts are not at issue for the jury to decide, therefore, they cannot be grounds to exclude him.[6] *See McGowan*, 2024 WL 946954, at *9; *Sw. Airlines Co*, 2025 WL 3456286, at *2; *Wooten v. Collin Cnty., Tex.*, No. 4:18-CV-380, 2021 WL 5834437, at *3 (E.D. Tex. Dec. 9, 2021) (quoting *United States v. Fogg*, 652 F.2d 551, 556–57 (5th Cir. 1981)).

Prof. Spindler's opinions include an analysis of the *Howey* test, which is used to determine whether an agreement is an investment contract and therefore a security. *BKK Sols., LLC v. Sensiva Health, LLC*, No. CV 22-2165, 2023 WL 11884719, at *4 (E.D. La. Mar. 1,

---

[5] The instructions explain to the jury that "'false' means that a statement is neither true nor substantially true." *See* Texas Pattern Jury Charges—Business, Consumer, Insurance, and Employment PJC 110.4 (2024). "A statement is 'substantially true' if, in the mind of the average person, it is no more damaging to the person affected by it than a literally true statement would have been." *Id*.

[6] The cases Paul relies on to claim that Prof. Spindler's opinions are legal argument are inapposite. *Ofrthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 798 (N.D. Tex. 2013) (stating it is improper for an expert to "forgo his own independent analysis and rely exclusively on what an interested party tells him"); *In re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230, 1233 (5th Cir. 1986) (acknowledging the concern that experts should not tell the jury how to render its verdict and comparing the language of the jury charge to the substance of the experts testimony).

2023) (citing *Sec. & Exch. Comm'n v. Arcturus Corp.*, 928 F.3d 400, 409 (5th Cir. 2019)).[7] Even when securities fraud is the ultimate legal question for the jury, courts routinely rely on experts in analyzing the *Howey* test. *See, e.g., U.S. Sec. & Exch. Comm'n v. Grybniak*, No. 20-CV-327(EK)(MMH), 2024 WL 4287222, at *2 (E.D.N.Y. Sept. 24, 2024) (relying on expert reports to conclude that cryptocurrency offering was a security contract under the *Howey* test); *Sec. & Exch. Comm'n v. Terraform Labs Pte. Ltd.*, 708 F. Supp. 3d 450, 463 (S.D.N.Y. 2023) (denying motion to exclude SEC's experts in crypto-asset enforcement case); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2023 WL 5670711, at *1 (S.D.N.Y. Mar. 6, 2023) (permitting SEC and defense expert witnesses to testify at trial in digital asset case); *see also S.E.C. v. Merch. Cap., LLC*, 483 F.3d 747, 755, 769–70 (11th Cir. 2007) (relying on SEC's expert in determining whether general partnership constituted a security contract under *Howey* and its progeny). There is no danger in allowing Prof. Spindler to offer his opinions to the jury, who will not be asked to answer any questions regarding securities or market manipulation.[8]

### III.   The concepts underlying this case are complex and need expert explanation.

Paul's most revealing argument is that Prof. Spindler is merely "reading text messages" that any juror can interpret. Not only does this oversimplify Prof. Spindler's opinions, but the notion that a juror does not need expert guidance in this context is

---

[7] The *Howey* test is a mixed question of law and fact, and therefore appropriate for experts to opine on. *Sec. & Exch. Comm'n v. Binance Holdings Ltd.*, 738 F. Supp. 3d 20, 55 (D.D.C. 2024) ("Whether a particular digital asset at the time of its offer and sale satisfies the *Howey* test depends on the specific facts and circumstances."); *see also Holland v. CryptoZoo Inc.,* No. 1:23-CV-00110-ADA-RCG, 2025 WL 2492970, at *25–26 (W.D. Tex. Aug. 14, 2025), report and recommendation adopted, No. 1:23-CV-00110-ADA-RCG, 2025 WL 3028689 (W.D. Tex. Oct. 29, 2025 (stating that the *Howey* test involves a "case-by-case approach" requiring the courts to look at "the economic reality" and "the totality of the circumstances" to determine if an investment contract exists).

[8] Paul has designated Chris Davis, also a lawyer, as a rebuttal expert to Prof. Spindler. Certainly, to the extent Prof. Spindler's testimony is excluded or limited, so to would be Mr. Davis's.

inaccurate. Prof. Spindler explains what evidence means in the context of cryptocurrency and complex securities regulations. As already mentioned, experts routinely testify regarding market manipulation schemes, cryptocurrency, and blockchain technology. *See BP Am., Inc. v. FERC*, 52 F.4th 204, 220 (5th Cir. 2022) (relying on expert testimony to determine whether the petitioner engaged in market manipulation); *U.S. Sec. & Exch. Comm'n v. Balina*, No. 1-22-CV-00950-DAE, 2023 WL 8040767, at *3–5 (W.D. Tex. Nov. 20, 2023) (denying a motion to exclude the SEC's expert who would provide testimony on cryptocurrency and blockchain technology, among other things); *Ramirez v. Defendant "1"*, No. 25-CV-01576-GGG-DPC, 2025 WL 3567183, at *2 (E.D. La. Aug. 28, 2025) (using an expert to provide forensic analysis and trace cryptocurrency from stolen Bitcoin).

Prof. Spindler explained in his deposition that: "[I]f somebody says the term, pump and dump, and you're a layman on a jury that has no experience with financial markets whatsoever, I'm not sure you would understand what a pump and dump is. And I don't know that you would understand the mechanics of how it's supposed to work or the markets in which these things are known to be . . . predatory." Ex. A, 213:14–21. Understanding the scheme "[r]equires an understanding of how markets work, how a thinly traded security, or thinly traded token, like SFI would be susceptible to this type of thing." *Id*. at 215:21–25, 216:1–3. Prof. Spindler's expertise is critical to explaining to the jurors how the facts of this case intersect with established cryptocurrency principles and security regulations—any suggestion otherwise is a ploy to exclude evidence to support Coffeezilla's defenses.

Furthermore, Paul's challenge to Prof. Spindler's fifth opinion regarding Paul's partial buyback is disingenuous at best. Paul's own expert, Kevin Madura opines that the CryptoZoo blockchain transactions are "consistent with how I would expect a buyback program to be

executed." **Exhibit C**, Madura's Report ¶100. Madura goes even further—he weighs in on what a buyback *implies*: "For many cryptocurrency projects the notion of a buyback is uncommon; for projects known to be *scams*, buybacks are exceedingly rare if they happen at all." Ex. C, ¶ 101. This demonstrates that Paul too needs expert testimony to explain his position regarding the significance of actions at issue in this case.

Finally, Paul himself has acknowledged—multiple times in this proceeding—that even he is not sophisticated enough to understand crypto. *See, e.g.,* ECF No. 1, Compl. ¶¶ 4, 40, 47. Paul designated his own expert report to opine on crypto and blockchain demonstrates this on its face, and his expert's report even explicitly acknowledges that *Paul himself*—a direct participant in the project—"was not in a position to properly evaluate the accuracy or substance of various technical claims made by Greenbaum or Ibanez" in "contemporaneous communications between Paul and the CryptoZoo team." *See* Ex. C, ¶55.

## IV.    Alternatively, the Court should limit, not exclude, Prof. Spindler's testimony.

"The presence of impermissible legal conclusions in an expert's report is not a sufficient basis to strike the entirety of his testimony*." McGowan*, 2024 WL 946954, at *8 (citing *Am. Can!*, 597 F. Supp. 3d at 1047). Thus, to the extent the Court finds that any of Prof. Spindler's opinions are improper, the proper remedy is to limit his testimony accordingly, not throw the baby out with the bathwater.[9]

### CONCLUSION AND PRAYER

For these reasons, the Court should deny Paul's Motion to Exclude Testimony of James C. Spindler. Coffeezilla requests all other relief to which he may be entitled at law or in equity.

---

[9] Paul's own case also supports this outcome. *See Berckeley Inv. Group, Ltd.*, 455 F.3d at 218.

Dated: March 20, 2026

Respectfully submitted,

**DAVIS & SANTOS, PLLC**


By:  */s/ Rachel Garza*
    Jason M. Davis
    Texas State Bar No. 00793592
    E-mail: *jdavis@dslawpc.com*
    Caroline Newman Small
    Texas State Bar No. 24056037
    E-mail: *csmall@dslawpc.com*
    Rachel Garza
    Texas State Bar No. 24125240
    E-mail: *rgarza@dslawpc.com*
    719 S. Flores Street
    San Antonio, Texas 78204
    Tel: (210) 853-5882
    Fax: (210) 200-8395

    ***Attorneys for Defendants Stephen Findeisen***
    ***and Coffee Break Productions, LLC***

10

## CERTIFICATE OF SERVICE

I certify that on March 20, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

By: */s/ Rachel Garza*
Rachel Garza