**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **LOGAN PAUL,**<br><br>    *Plaintiff,*<br><br>**v.**<br><br>**STEPHEN FINDEISEN AND<br>COFFEE BREAK PRODUCTIONS, LLC<br>d/b/a COFFEEZILLA,**<br><br>    *Defendants.* | **Civil Action No.:  5:24-cv-00717** |

**DEFENDANTS' MOTION FOR LEAVE TO PERMIT WITNESS TO APPEAR
REMOTELY FOR HEARING**

TO THE HONORABLE COURT:

Defendants Stephen Findeisen and Coffee Break Productions, LLC d/b/a Coffeezilla (jointly, "Findeisen") file this Motion for Leave to Permit Witness to Appear Remotely for Hearing, and in support would respectfully show:

1.    On February 27, 2026, Plaintiff Logan Paul filed a Motion to Exclude Testimony of James C. Spinder (the "Spindler Motion"). ECF No. 172. Defendants filed their response March 20, 2026. ECF No. 177. Plaintiff filed his reply in support of the Spindler Motion April 3, 2026. ECF No. 184.

2.    Per this Court's Second Order Resetting In-Person Hearing (ECF No. 186), a hearing on the Spindler Motion is currently set for June 8, 2026, at 1:30 p.m.

3.    Findeisen respectfully requests leave to permit Prof. James C. Spindler to testify, if needed, at the hearing remotely via Zoom. Prof. Spinder was available to attend the previously scheduled hearing on May 15 in-person. However, on June 8 he will be in Alaska

1

on a pre-scheduled vacation. Prof. Spindler is available and willing to appear remotely should his testimony be necessary for the hearing.[1]

4.      Findeisen seeks this relief not for purposes of delay, but so that Prof. Spindler can be available to address any of the Court's concerns at the hearing and otherwise participate as may be necessary for Findeisen, as the proponent of Prof. Spindler's testimony, to carry his burden to show the admissibility of the same.

**CERTIFICATE OF CONFERENCE**

5.      Counsel for Findeisen conferred with Counsel for Plaintiff regarding the relief requested, and Plaintiff is opposed on the grounds that the June 8 hearing is not evidentiary. While the Court's notice of hearing is silent as to whether it is evidentiary or not, the local rules do not require advance notice either way. And *Daubert* hearings are typically evidentiary. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir. 2007) ("A *Daubert* hearing is not a discovery proceeding but an evidentiary hearing designed to screen expert testimony.").[2]

---

[1] Counsel is aware of the Court's preference for non-hybrid hearings. *See Fact Sheet for Judge Henry J. Bemporad,* No. 21. Certainly, to the extent the Court would prefer to convert the entire hearing to Zoom or some other remote platform to avoid a hybrid hearing, Findeisen does not object.

[2] As the Fifth Circuit has noted:

[P]rocedurally, *Daubert* instructs us that the district court must determine admissibility under Rule 702 by following the directions provided in Rule 104(a). Rule 104(a) requires the judge to conduct preliminary fact-finding and to make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

Thus, the party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions are based on the scientific method, and, therefore, are reliable. This requires some objective, independent validation of the expert's methodology. The expert's assurances that he has utilized generally accepted scientific methodology is [*sic*] insufficient. The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable.

*In re H & M Oil & Gas, LLC*, 511 B.R. 408, 420 (Bankr. N.D. Tex. 2014) (citing *Moore v. Ashland Chemical, Inc.,* 151 F.3d 269, 276 (5th Cir.1998) (*en banc*)).

6.      Regardless, to the extent Plaintiff has an objection to the very expert he is challenging to testify at the hearing, the Court should still grant this motion to allow Prof. Spindler to *appear* at the hearing. It can subsequently determine whether he should be permitted to testify.

### PRAYER

For these reasons, Findeisen respectfully requests that the Court grant his motion for leave and permit Prof. James C. Spindler to testify remotely via Zoom at the June 8, 2026 hearing on Plaintiff's Motion to Exclude Testimony of James C. Spinder.

Dated: June 3, 2026.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ Caroline Newman Small*
    Jason M. Davis
    Texas State Bar No. 00793592
    Email: jdavis@dslawpc.com
    Caroline Newman Small
    Texas State Bar No. 24056037
    Email: csmall@dslawpc.com
    Rachel Garza
    Texas State Bar No. 24125240
    Email: rgarza@dslawpc.com
    719 S. Flores Street
    San Antonio, Texas 78204
    Tel: (210) 853-5882
    Fax: (210) 200-8395

    *Attorneys for Defendants Stephen Findeisen*
    *and Coffee Break Productions, LLC d/b/a*
    *Coffeezilla*

3

## **CERTIFICATE OF SERVICE**

I certify that on June 3, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Caroline Newman Small*
Caroline Newman Small