**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

**SAN ANTONIO DIVISION**

| | |
|---|---|
| LOGAN PAUL,<br><br>     *Plaintiff*,<br><br>v.<br><br>STEPHEN FINDEISEN AND COFFEE BREAK PRODUCTIONS LLC D/B/A COFFEEZILLA,<br><br>     *Defendants*. | Civil Action No. 5:24-cv-00717 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO PERMITT WITNESS TO APPEAR REMOTELY FOR HEARING**

TO THE HONORABLE COURT:

Plaintiff Logan Paul files this Opposition to Defendants' Motion for Leave to Permit Witness to Appear Remotely for Hearing [Dkt. 187], and in support respectfully shows:

1.      In March 2025, Defendants disclosed as a testifying expert James C. Spindler, a Professor of Corporate and Securities Law at the University of Texas School of Law.  (Defs' Designation of Testifying Experts (Mar. 18, 2025) [Dkt. 65].)

2.      Plaintiff took the deposition of law Professor Spindler on February 13, 2026.  (Pl.'s Mot. to Exclude Testimony of James C. Spindler (Feb. 27, 2026) [Dkt. 172] ("Mot. to Exclude.").)

3.      Pursuant to the applicable scheduling order, Plaintiff filed its Motion to Exclude Professor Spindler's testimony on February 27, 2026.

4.      The grounds for Plaintiff's Motion to Exclude are straightforward.  Plaintiff argues that Professor Spindler's report sets forth opinions that are pure, impermissible legal conclusions, and/or "opinions" that merely sought to make Professor Spindler a human highlighter of record

1

evidence that is well within a jury's common understanding and does not require expert opinion. (*See generally* Mot. to Exclude; *id*. at Ex. A ("Report of James C. Spindler.").)

5.     The Court originally set Plaintiff's Motion to Exclude for hearing on April 9, 2026. [Order Setting In-Person Hearing [Dkt. 179].)

6.     The Court subsequently postponed the hearing at Defendants' request [Dkt. 183] and scheduled it for May 15, 2026, [Dkt. 183], and then ultimately reset the Motion to Exclude for an in-person hearing on June 8, 2026 [Dkt. 186].)

7.     On June 3, 2026—just two business days before the scheduled hearing on the Motion to Exclude—counsel for Defendants emailed Plaintiff's counsel to state that Defendants intend to call Professor Spindler to testify live at the hearing on the Motion to Exclude, and that despite the hearing specifically being noticed as in-person, they anticipate Professor Spindler appearing "by Zoom."  (June 3, 2026 Email C. Small to A. Phillips re "Hearing on Mot. to Exclude Spindler.") (Ex. A).)

8.     Counsel for Plaintiff responded by email to oppose the belated request, noting that it did not allow Plaintiff or the Court sufficient time to prepare for an evidentiary hearing, and that, given the narrow grounds of the dispute over the admissibility of Professor Spindler's testimony, there appears to be no purpose served by potential testimony from Professor Spindler at the hearing. (*Id*.)

9.     That same day, Defendants filed their Motion for Leave to permit Professor Spindler to testify by remote means at the in-person hearing.

10.     The Court should deny Defendants' request, for several reasons.

11.     First, Defendants' request is absurdly belated and smacks of gamesmanship.  The June 8, 2026 hearing has been scheduled for weeks (and for weeks before it was rescheduled), yet

Defendants for some reason elected to wait until just days before the hearing to announce to Plaintiff and the Court that they plan to call Professor Spindler as a witness. The only possible reason for doing so was to preclude Plaintiff from having a reasonable opportunity to prepare for a cross-examination. To underscore that point, Defendants' Motion for Leave offers no indication of the purpose or expected subject matter of Professor Spindler's testimony.

12.    Nor is there any conceivable purpose for Professor Spindler to testify live (remotely) at the hearing. As noted above and as set forth in Plaintiff's Motion to Exclude, Plaintiff's grounds for excluding Professor Spindler as an expert are that the opinions set forth in his report are clearly impermissible legal conclusions, and that they otherwise serve merely to highlight record evidence that is well-within a jury's common understanding.

13.    The Court is fully capable of considering those legal arguments, and there is nothing that Professor Spindler could offer in remote testimony that could aid the Court in adjudicating them. *See, e.g., Saudi v. S/T Marine Atl.*, 159 F. Supp. 2d 512, 517-18 (S.D. Tex. 2001) (recognizing that a district court is not required to hold an evidentiary hearing on a challenge to an expert's testimony, particularly if there is a "sufficient record consisting of depositions" to allow the court to decide the issue); *In re Actos Prods. Liab. Litig.*, 2014 WL 60324, *19 (W.D. La. Jan. 7, 2014) (denying a request to hear live testimony from an expert at a motion to exclude hearing where the briefing, expert reports, and depositions "did not illustrate a need for live testimony, which would not be likely to contribute to any greater understanding of the nature of the dispute….").

14.    This is not a case where there is a factual dispute about an expert's credentials or qualifications, or the reliability of some novel scientific method an expert is applying. Plaintiff asserts that Professor Spindler's own report makes clear that Professor Spindler is being offered

to testify to impermissible legal conclusions and to highlight record evidence that the jury does not need an expert to understand.

15.    Given the context of this straightforward challenge to the expert testimony Defendants have proffered, there is no purpose to be served by Professor Spindler testifying as a witness at the upcoming hearing.  And it is inappropriate and inequitable, both for Plaintiff and the Court, for Defendants to raise the issue just days before the hearing.

16.    The Court should deny Defendants' Motion for Leave.  If, during or after the June 8 hearing, the Court determines that it needs to hear from Professor Spindler in order to determine whether the opinions in his report constitute impermissible legal conclusions, then a properly noticed evidentiary hearing can be scheduled.  Alternatively, if the Court believes Professor Spindler's testimony should be heard at the hearing on the Motion to Exclude, then the hearing should be rescheduled to a later date to allow Plaintiff (and the Court) a reasonable opportunity to prepare for an examination of Professor Spindler, in person.

June 3, 2025

/s/ *Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Mark Thomson (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th St NW, Suite 550
Washington, DC 20036
(202) 318-3655
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com
Email: mark.thomson@mwpp.com

Jeffrey A. Neiman (*Pro Hac Vice*)
Jason L. Mays (*Pro Hac Vice*)
NEIMAN MAYS FLOCH & ALMEIDA, PLLC
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Email: jneiman@nmfalawfirm.com
Email: jmays@nmfalawfirm.com

4

5

Ricardo G. Cedillo (Texas Bar No. 04043600)
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, TX 78212
(210) 822-6666
Email: rcedillo@lawdcm.com

*Counsel for Plaintiff Logan Paul*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 3, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ *Andrew C. Phillips*